UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS | : CASE NO. 301 CV 2402 (AWT)<br>:<br>: |
| vs. | :<br>: |
| SEA RAY BOATS, INC. | : OCTOBER 20, 2003 |

## MOTION FOR ORDER PURSUANT TO RULE 37

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Sea Ray Boats, Inc. ("Sea Ray") hereby moves for an order refusing to allow Plaintiffs Peter D. Mains and Lori M. Mains to introduce expert testimony from Thomas Greaves, Anthony Knowles, Thomas Wycander, Bruce Pfund, and David Pascoe unless, within (10) ten days of the Court's order, Plaintiffs produce complete reports by each of these retained expert witnesses. These reports must comply with Rule 26, which requires (among other things) that each retained expert set forth his qualifications, the compensation to be paid for his services, and a listing of other cases in which he has testified as an expert within the previous four years. See Fed. R. Civ. P. 26(a)(2)(B).

The requested order is just because Plaintiffs have already failed to comply with Magistrate Judge Martinez's order, dated September 23, 2003, granting Sea Ray's motion to compel and

**TELEPHONIC CONFERENCE IS REQUESTED**

ordering Plaintiffs to provide complete Rule 26 reports from each of their retained experts. Although Magistrate Judge Martinez's order gave Plaintiffs ten (10) days to comply, the Court amended the scheduling order to require, among other things, that Plaintiffs provide complete expert reports by October 15, 2003. Plaintiffs have not complied with either of these deadlines.[1]

Undersigned counsel states that he has contacted opposing counsel by letter regarding Plaintiffs' failure to comply with Magistrate Judge Martinez's order, in a good faith effort to eliminate or reduce the area of controversy. Counsel requested that Plaintiffs' expert reports be provided by the close of business on October 17, 2003, but received no response or explanation for the failure to provide these reports. An affidavit of counsel and memorandum of law are submitted herewith in further support of this motion.

WHEREFORE, Sea Ray respectfully requests that the Court enter an order refusing to allow Plaintiffs Peter D. Mains and Lori M. Mains to introduce expert testimony from Thomas Greaves, Anthony Knowles, Thomas Wycander, Bruce Pfund, and David Pascoe unless, within ten

---

[1] Plaintiffs did produce a report by Thomas Wicander, which was received by counsel for Sea Ray on October 16, 2003, and a report by Bruce Pfund, which was received by counsel for Sea Ray on October 20, 2003. These reports still fail to comply with Rule 26 because they do not set forth the respective experts' qualifications, the exhibits they intend to use as a summary or in support of their opinions, the compensation they are to be paid for their services, or a listing of the other cases in which they have testified as an expert in the past four years.

(10) days of the Court's order, Plaintiffs produce complete reports, complying with Rule 26, by each of these retained expert witnesses.

DEFENDANT SEA RAY BOATS, INC.

By: *[signature]*
Maxwell Branson, Esq. (ct 20925)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Phone: (860) 275 -0100
Fax: (860) 275-0343

## CERTIFICATION

THIS IS TO CERTIFY that, on this date, a copy of the foregoing was mailed by first class mail, postage prepaid, to:

John L. Senning, Esq.
Senning & Rieder
16 Saybrook Rd.
Essex, CT  06426

Edward T. Lynch, Jr., Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
PO Box 2950
New Britain, CT  06050-2950

*[signature]*
Maxwell Branson