

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS | : CASE NO. 301 CV 2402 (AWT)<br>:<br>: |
| vs. | :<br>: |
| SEA RAY BOATS, INC. | : OCTOBER 20, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR ORDER PURSUANT TO RULE 37

Defendant Sea Ray Boats, Inc., ("Sea Ray") submits this memorandum of law in support of its motion for an order refusing to allow Plaintiffs Peter D. Mains and Lori M. Mains to introduce expert testimony from Thomas Greaves, Anthony Knowles, Thomas Wycander, Bruce Pfund, and David Pascoe unless, within (10) ten days of the Court's order, Plaintiffs produce complete reports by each of these retained expert witnesses.

Plaintiffs failed to comply with the original July 15, 2003 deadline for providing complete Rule 26 reports from each of their retained experts. Plaintiffs then failed to comply with Magistrate Judge Martinez's order, dated September 23, 2003, which granted Sea Ray's motion to compel and ordered Plaintiffs to provide these reports. Although Magistrate Judge Martinez's order gave Plaintiffs ten (10) days to comply, the Court amended the scheduling order to require, among other things, that Plaintiffs provide complete expert reports by October 15, 2003. Plaintiffs

have not complied with either of these deadlines.[2] Sea Ray is entitled to complete reports from each of Plaintiffs' retained experts, and cannot begin taking their depositions unless and until these reports are produced. See Fed. R. Civ. P. 26(b)(4)(A) ("If a report from the expert is required under subdivision (a)(2)(B), the deposition [of the expert] shall not be conducted until after the report is provided.").

Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part:

**(b)    Failure to Comply With Order.**

. . . .

(2)    *Sanctions by Court in Which Action Is Pending.* If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule [providing for a Motion for Order Compelling Disclosure or Discovery] . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . .

---

[2] Plaintiffs did produce a report by Thomas Wicander, which was received by counsel for Sea Ray on October 16, 2003, and a report by Bruce Pfund, which was received by counsel for Sea Ray on October 20, 2003. These reports still fail to comply with Rule 26 because they do not set forth the respective experts' qualifications, the exhibits they intend to use as a summary or in support of their opinions, the compensation they are to be paid for their services, or a listing of the other cases in which they have testified as an expert in the past four years.

Fed. R. Civ. P. 37(b). "[F]ailure to comply with the court's scheduling order or local rules is clearly grounds for precluding certain expert testimony." <u>Fund Comm'n Serv., II, Inc. v. Westpac Banking Co.</u>, 93 Civ. 8298 (KTD) (RLE), 1996 U.S. Dist. LEXIS 11937, at *15 (S.D.N.Y., Aug. 15, 1996).

It would be just to enter an order refusing to allow Plaintiffs to introduce expert testimony from their retained expert witnesses unless, within (10) ten days of the Court's order, Plaintiffs produce complete reports by each of these experts. Apart from the fact that these reports are clearly required by the Rules themselves, Plaintiffs have had adequate notice, in the form of Magistrate Judge Martinez's order dated September 23, 2003 and the Modified Scheduling Order approved by the Court on September 17, 2003, that these reports are to be provided promptly. Especially given that Plaintiffs did not oppose Sea Ray's motion to compel, Plaintiffs have had adequate time to contact their experts and make sure that these reports were provided in a timely manner. Moreover, the scheduling order in this case has already been amended once to allow Sea Ray enough time to depose Plaintiffs' experts, if the required reports were provided no later than October 15, 2003. If Sea Ray is to have adequate time to depose these experts under the existing scheduling order, Plaintiffs must provide these expert reports expeditiously.

WHEREFORE, Sea Ray respectfully requests that the Court enter an order refusing to allow Plaintiffs Peter D. Mains and Lori M. Mains to introduce expert testimony from Thomas

Greaves, Anthony Knowles, Thomas Wycander, Bruce Pfund, and David Pascoe unless, within ten (10) days of the Court's order, Plaintiffs produce complete reports, complying with Rule 26, by each of these retained expert witnesses.

DEFENDANT SEA RAY BOATS, INC.

By: _____
Maxwell Branson, Esq. (ct 20925)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Phone: (860) 275 -0100
Fax: (860) 275-0343

## CERTIFICATION

THIS IS TO CERTIFY that, on this date, a copy of the foregoing was mailed by first class mail, postage prepaid, to:

John L. Senning, Esq.
Senning & Rieder
16 Saybrook Rd.
Essex, CT  06426

Edward T. Lynch, Jr., Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
PO Box 2950
New Britain, CT  06050-2950

_____
Maxwell Branson