UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS | : CASE NO. 301 CV 2402 (AWT)<br>:<br>: |
| Plaintiffs, | :<br>: |
| vs. | :<br>: |
| SEA RAY BOATS, INC. | :<br>: |
| Defendants. | : MARCH 21, 2003 |

## SEA RAY'S OBJECTIONS AND ANSWERS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Please state your full name, including any maiden and/or married names, aliases, or nicknames; dates of birth; home and business addresses for the past 10 years; social security number; and driver's license number.

ANSWER: Sea Ray's full name and address is Sea Ray Division of Brunswick Corporation, Sea Ray Boulevard, Knoxville, Tennessee, 37914. The remainder of this interrogatory is not applicable to Sea Ray.

2. Identify all personnel of the Defendant and/or its agents who came to have any knowledge or information concerning the 1998 33' Sea Ray Model 330 DA Power boat Hull Identification Number SERT3801C898 (the "subject boat") prior to the order of same by the Plaintiffs and, for each person identified, describe the nature and subject matter of such information or knowledge.

ANSWER: Sea Ray believes that its employees Frank Owsianiak and David Marlow have knowledge or information concerning the subject boat prior to its order by Plaintiffs. In addition, some of Sea Ray's employees at Sea Ray's corporate headquarters and manufacturing facility in Knoxville, Tennessee may have worked on the subject boat or observed its condition.

3. Identify all personnel of the Defendant and/or its agents, who have come to have any knowledge or information concerning the condition of the subject boat subsequent to the ordering of same by the Plaintiffs and, for each person identified, describe the nature and subject matter of such information or knowledge.

ANSWER: Sea Ray believes that the following personnel have knowledge or information of some or all of Plaintiffs' numerous complaints regarding the condition of the subject boat, and of Sea Ray's efforts to satisfy Plaintiffs' expectations concerning the condition of the subject boat: David Wade, David Marlow, Todd Stooksbury, Greg Wilson, Nancy Luster, Blake Moore (f/k/a Pearl Moore), Todd Sharp, Shawn Stubblefield, David ("Doc") Staley, and Darlene McDowell. In addition, some or all of Sea Ray's employees at Sea Ray's factory in Knoxville, Tennessee may have worked on the subject boat or observed its condition.

4. Identify all persons who have come to have any knowledge or information concerning structural problems including, but not limited to, hull lamination / delamination and hull core moisture or saturation issues pertaining to the hull of the subject boat and, for each person identified, describe the nature and subject matter of such information or knowledge.

ANSWER: See Sea Ray's answer to interrogatory 3.

5. Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy the

subject boat's engines and/or exhaust systems and/or other mechanical features relating to its use or operation and for each person identified, describe the nature and subject matter of such information or knowledge.

ANSWER:   See Sea Ray's answer to interrogatory 3.

6.   Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with other Sea Ray Boats of the same or similar model as the subject boat identified in the Complaint and, for each person identified, describe the nature and subject matter of such information or knowledge.

OBJECTION
AND ANSWER:   Sea Ray objects to interrogatories 6-11 on the grounds that they are overly broad and unduly burdensome. Sea Ray's records regarding consumer service have been kept on its CRMS system since approximately 1999. Information contained on this system may be searched via computer word searches. Searching records kept prior to the implementation of the CRMS system would involve a lengthy search through voluminous paper records, which are not organized according to specific complaints. Moreover, the CRMS search results do not reflect whether Sea Ray repaired or remedied any alleged problems, and do not reflect persons likely to be knowledgable about any such efforts. Sea Ray also objects on the grounds that the term "same or similar model" is vague and confusing; notwithstanding said objection Sea Ray has limited the CRMS search results for hull related issues to the 310DA, 330DA, 340DA, 330EC, 340AJ, and 370EC (provided however, the 330EC, 340AJ, and 370EC are not similar in terms of engine placement in that the engines are located in center of the boat whereas the engines are further aft in the subject boat and other included models which would affect noise at the helm station and potentially other issues). Sea Ray further objects on the grounds that to the extent information on an alleged

"problem" that has either not been an issue on the subject vessel or has been adequately addressed by Sea Ray (or any other person or entity) such request is irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence.

Sea Ray also objects to producing this information, which is confidential and proprietary, in the absence of a suitable confidentiality agreement and/or protective order. A proposed Stipulation Regarding Confidentiality has been submitted to Plaintiffs on this date.

Subject to and without waiving the above objection, Sea Ray has run computer word searches of consumer service records kept on its CRMS system to find the information requested by interrogatories 6-11. A list of persons (i.e. boat owners) identified as a result of these searches, along with corresponding years, models, H.I.N.'s, and complaints will be produced upon execution of a suitable protective order. To the extent Plaintiffs reasonably request additional information concerning any of these specific persons, Sea Ray will make a reasonable search of its records for the requested information. For each individual boat identified, various Sea Ray customer service personnel, dealership employees or persons employed at independent repair facilities may have knowledge; these person would be different for each individual boat, and it would be unduly burdensome to discover the names of such persons or the nature and the extent of knowledge each person has.

7.  Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with engines, and/or exhaust systems of the same model as originally installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

OBJECTION
AND ANSWER:    See objection and answer to interrogatory 6. The CRMS system is not capable of running a search limited to a specific engine type. Nevertheless,

-4-

      the information to be produced in response to interrogatory 6 should encompass all engine types installed on the same or similar model boats.

  8.  Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with engines, and/or exhaust systems of the same model as subsequently installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

OBJECTION
AND ANSWER:  See objection and answer to interrogatory 6. The CRMS system is not capable of running a search limited to a specific engine type. Nevertheless, the information to be produced in response to interrogatory 6 should encompass all engine types installed on the same or similar model boats.

  9.  Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any water ingestion and/or moisture ingestion and/or engine internal condensation problems with engines of the same model and/or exhaust systems of the same design or manufacture originally installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

OBJECTION
AND ANSWER:  See objection and answer to interrogatory 6. The CRMS system is not capable of running a search limited to a specific engine type or exhaust system. Nevertheless, the information to be produced in response to interrogatory 6 should encompass all engine types installed on the same or similar model boats.

10. Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any water ingestion and/or moisture ingestion and/or engine internal condensation problems with engines of the same model and/or exhaust systems of the same design or manufacture subsequently installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

OBJECTION
AND ANSWER:   See objection and answer to interrogatory 6. The CRMS system is not capable of running a search limited to a specific engine type or exhaust system. Nevertheless, the information to be produced in response to interrogatory 6 should encompass all engine types installed on the same or similar model boats.

11. With respect to any person identified above in response to Interrogatories 6-10 who is or was a retail purchaser of a Sea Ray boat or a consumer who purchased a Sea Ray boat, identify the year, model and H.I.N. of the boat, the nature of the problem allegedly or reportedly encountered and stating for each such problem:

(a) The date the particular problem was first discovered or determined by the retail purchaser or consumer; if known;
(b) the date it was first brought to the attention of the Defendant and/or its agents;
(c) how it was brought to the attention of the Defendant or its agents, including the identity of the person to whom it was reported;
(d) whether or not the item was repaired and/or the problem resolved;
(e) whether or not the item was under warranty at the time it was reported;

(f) when and how it was resolved and/or repaired, including the identity of the person, persons or entity who performed such repairs or accomplished such resolution;

(g) if it was not resolved and/or repaired, why not and the identity of the person who was responsible for making any decision with respect thereto;

(h) an itemized list of all costs and expenses incurred as a result of making such repair and/or resolution.

OBJECTION
AND ANSWER:   See objection and answer to interrogatory 6. Sea Ray also objects to subsections (a), (b), (c), (f), (g), and (h) on the grounds that they call for information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissable evidence.

12. To the extent not already identified above, identify all consumer complaints, law suits or arbitration proceedings made, asserted or brought against the Defendant since 1996 with respect to any of the following topics pertaining to Sea Ray boats:

(a) hull laminate problems;
(b) hull core moisture saturation problems;
(c) engine exhaust resonance problems;
(d) engine exhaust system problems other than exhaust resonance;
(e) engine internal moisture ingestion problems other than manifold problems;
(f) engine internal water ingestion problems;
(g) engine hydro locking problems;
(h) engine manifold moisture / condensation problems
(i) engine manifold problems resulting from water ingestion
(j) hull and/or deck structural problems.

OBJECTION
AND ANSWER:   Sea Ray objects to this interrogatory insofar as it requests information pertaining to all models of Sea Ray boats. This request calls for information

-7-

that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissable evidence. There are no additional consumer complaints other than those to be identified upon execution of a suitable protective order. There have been no such law suits or arbitration proceedings brought against Sea Ray.

13. With respect to each consumer complaint, lawsuit, or arbitration proceeding identified above in Interrogatory 12, state in detail for each, the result or outcome of same.

OBJECTION
AND ANSWER:    See objection and answer to interrogatory 12.

14. State the full factual basis for any claim or claims made by the Defendant alleging that the Plaintiffs and/or their agents were or are in any way responsible for the defects, deficiencies or otherwise conditions of the subject boat for which complaint is made against the Defendant.

ANSWER:    Sea Ray reserves the right to assert any and all evidence available to it regarding its affirmative defenses at trial. Sea Ray asserts that Plaintiffs are responsible, in whole or in part, for the defects, deficiencies, and/or condition alleged in their complaint because Plaintiffs failed to remove the manifold drain plugs and failed to run the engines while flushing the engines with fresh water.

15. Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners regarding problems experienced with engine failures due to water ingestion and/or exhaust system design or type.

ANSWER:    None.

-8-

16. Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners regarding problems experienced with Baltek core water / moisture saturation in Sea Ray boats constructed since 1996.

ANSWER: None.

17. Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners regarding insufficient core materials in cockpit floor areas of Sea Ray boats constructed since 1996.

ANSWER: None.

DEFENDANT, SEA RAY DIVISION OF
BRUNSWICK CORPORATION

By: _____
Maxwell Branson (ct#20925)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Phone: (860) 275-0100
Fax: (860) 275-0343
mbranson@dbh.com
Its Attorney

## CERTIFICATION

THIS IS TO CERTIFY that, on this date, a copy of the foregoing was mailed by first class mail, postage prepaid, to:

John L. Senning, Esq.
Senning & Rieder
16 Saybrook Rd.
Essex, CT  06426

Edward T. Lynch, Jr., Esq.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
PO Box 2950
New Britain, CT  06050-2950

                                                                                  _____
                                                                                  Maxwell Branson