UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and | : CASE NO. 301 CV 2402 (AWT) |
| LORI M. MAINS | : |
| | : |
| Plaintiffs, | : |
| vs. | : |
| | : |
| SEA RAY BOATS, INC. | : |
| | : |
| Defendant. | : JUNE 30, 2006 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCLOSURE OR DISCOVERY**

This is a Memorandum in Support of Plaintiffs' Motion for Order Compelling Disclosure or Discovery in this matter with respect to the Defendant's responses to the Plaintiffs' First Set of Interrogatories.

The Plaintiffs served their First Set of Interrogatories on the Defendant in this action on or about December 23, 2002. On or about March 21, 2003, the Defendant served Plaintiffs with its Objections and Answers to Plaintiffs' First Set of Interrogatories. In its response, a copy of which is annexed to this Motion as Exhibit A, the Defendant, <u>inter alia</u>, objected to Interrogatories 6 – 11 on the grounds that they were overly broad and unduly burdensome. The Defendant

further contended that the consumer records kept on its CRMS system did not "reflect whether Sea Ray repaired or remedied any alleged problems" and did not "reflect persons likely to be knowledgeable about any such efforts."

    The Plaintiff accepted the Defendants representation in this regard as accurate and not evasive, assuming them to be true and accordingly did not pursue further inquiry regarding the completeness and accuracy of the responses interposed as to Interrogatories 6-11.  Only recently has it come to the Plaintiffs' knowledge that the Defendant has for some years been a member of the American Society for Quality ("ASQ"), a national standards body of the International Organization for Standardization ("ISO").  As a member of the ASQ, the Defendant is subject to the strict protocols and prescriptions required by the ISO for record keeping and the monitoring of consumer complaints, from time of filing with the member by a product consumer through the point of final resolution.  As a member of the ASQ, Defendant would have to have maintained a complete and detailed file pertaining to each and every consumer complaint made to it with respect to its products.  Furthermore, as such ASQ member the Defendant is required to appoint a specific individual employed by it to act as a "Management Representative" with the responsibility for fully establishing, documenting,

implementing and maintaining a quality management system. Acting in the capacity of such Management Representative for the Defendant, detailed records are required to be kept and maintained with respect to "post purchase" problems encountered by consumers with respect to its products. Such records are to include records pertaining to production and servicing of ASQ member products.

It is the Plaintiffs' contention that the information sought by way of its Interrogatories 6 – 12 could have readily been provided by the Defendant at the time of its December, 2002 initial response as well as at the time of its April 20, 2003 supplemental response. This is so since the Defendant by reason of its ASQ/ISO membership was required to keep and maintain records of such problems in an organized readily accessible manner including detailed reports pertaining to consumer complaints and problems with its products. Since the Plaintiffs were not aware until recently of the Defendant's ASQ/ISO membership and the record keeping/reporting protocols required pursuant to same, they had no reason not to believe that the Defendant's responses were anything but true and accurate. Accordingly, now that it is known that the Defendant was required to keep specific detailed records with respect to exhaust resonance/resonance reversion/water ingestion problems in an organized accessible fashion, the Plaintiffs seek an order

of this Court directing the Defendant to provide full and accurate response to Interrogatories 6 – 11 and to allow Plaintiffs a reasonable period of time after receiving such compliance in which to request documents pertaining to same.

With respect to Interrogatory 12, the Plaintiff specifically requested the identification of "all consumer complaints, law suits or arbitration proceedings made, asserted or brought against the Defendant since 1996…" with respect to ten (10) specific topics including but not limited to hull/hull core problems, engine exhaust resonance problems, engine internal moisture ingestion problems, engine internal water ingestion problems, etc.  In its Objection and Response to same the Defendant expressly sated "There are no additional consumer complaints other than those to be identified upon execution of a suitable protective order.  <u>There have been no such law suits or arbitration proceedings brought against Sea Ray</u>." Emphasis added.

In its Supplemental Response to Interrogatories dated April 20, 2003, the Defendant stated in pertinent part:  "Pursuant to the Parties' Stipulation Regarding Confidentiality, Defendant Sea Ray Boats, Inc. ("Sea Ray") hereby submits the attached confidential documents in response to Plaintiffs' Interrogatories No. 6-11."  Attached as "Schedule A" the Defendant provided a list containing Hull

4

Identification Numbers, Model Year/Model, boat owner names and type of complaints allegedly made against Sea Ray.  Although this list was represented as being a complete and accurate response to Plaintiffs' Interrogatories 6 – 11 including responses regarding "water ingestion" problems, the Plaintiff recently became aware of a number of additional Sea Ray boats which were not disclosed by Defendant but which experienced "water ingestion" problems and were serviced with respect to same through a Sea Ray authorized dealer and as such should have been known to the Defendant and disclosed accordingly to the Plaintiffs.  These Sea Ray boats and owners were not identified in the Defendant's Supplemental Response to Interrogatories served on the Plaintiffs in April, 2003 and therefore not fully made known to the Plaintiffs' counsel until recently through collateral sources. The Plaintiffs provided documentation to the Defendant regarding these additional Sea Ray boats with water ingestion problems similar to the Plaintiffs in or about April of this year and requested then and on further occasions since then that the Defendant further supplement its responses to Interrogatories # 6 – 11 with respect to same.  To date, the Defendant has refused to do so.  Since these additional Sea Ray boats and their owners are located in the Connecticut region and are more readily accessible than other boat owners

5

identified in the Defendant's Supplemental Response of April, 2003, the Plaintiffs' request that this Court order the Defendant to make full and complete disclosure of these additional complaints regarding water ingestion and to allow Plaintiffs a reasonable time following Defendant's compliance with respect to same in which to seek additional discovery.

With respect to the Defendant's Objection and Response to Interrogatory 12 and the express representation by the Defendant in response thereto that "there have been no such law suits or arbitration proceedings brought against Sea Ray", the Plaintiffs, through their counsel, only recently became aware of the existence of at least three (3) separate lawsuits in the states of Ohio, California and Georgia involving "water ingestion" problems similar to that experienced by the Plaintiffs in this action as well as at least one law suit in Florida involving hull/hull core problems.  The Defendant was placed on notice of the Plaintiffs' awareness of these lawsuits and has been requested on repeated occasions to supplement its prior discovery responses and representations accordingly as required under the Federal Rules of Court Procedure, Rule 37.  In spite of such requests, the Defendant has failed and otherwise refused to do so.

The Defendant itself well knows and has known for some time which model Sea Ray boats and which particular make and size of engine are problematic with respect to "water ingestion" / "resonance reversion". This is clearly established by the Defendant's own publication of numerous documents over a period of time since 2001 including but not limited to Infogram #02-07 dated October 11, 2001 (attached hereto as Exhibit A) ( Bates Nos. PSDR071-PSDR74) as well as Sea Ray's sister corporation MerCruiser Mercury Marine in its Service Bulletins nos. 2001-10 (June 2001) and 2001-13 (August 2001) (attached hereto as Exhibits B and C)  (Bates No. PSDR058 – PDR066).  These documents only recently became known and available to Plaintiffs' counsel through collateral sources.

The Defendant's refusal to provide full and complete disclosure with respect to "water ingestion" related problems experienced with Sea Ray boats has been purportedly based on the claim that there are many possible causes for "water ingestion" occurring. It is the Plaintiff's position that the terms "water ingestion", "exhaust reversion", "resonance reversion" and "water intrusion" have all become and been synonymous terms essentially used interchangeably in the marine industry for some time over the past few years and that "water ingestion" with respect to Sea Ray boats has been endemic to certain particular model boats having

7

certain particular engines through collateral sources.  These documents have been well known to the Defendant for years and it is clearly evident to Sea Ray which model Sea Ray boats and engines are problematic in regard to "water ingestion" problem.

On the basis of the forgoing, the Plaintiffs respectfully request that this Court order the Defendant to provide full, accurate and complete responses to Plaintiffs Interrogatories Nos. 6 – 11 and 12 and to allow Plaintiffs a reasonable period of time following Defendant's compliance with same in which to seek additional discovery with respect to same.  Having only just received the Defendant's Supplemental Disclosure of Expert Witness identifying the witness the Defendant expects to call at trial, the Plaintiffs further request that this court allow the Plaintiffs a reasonable period of time in which to conduct discovery as to such identified witness as the Plaintiffs deem appropriate.

    Respectfully Submitted,
**THE PLAINTIFFS**
**PETER D. MAINS and**
**LORI M. MAINS**
BY:  /s/ John L. Senning
ct05807
The Essex Law Group
18 Saybrook Road,
Essex, CT  06426

Phone:  (860) 767-2618  
Fax:  (860)767-2740  
Email:  jlssealaw@aol.com  
Their attorney

10