## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PETER D. MAINS and** | :   **CASE NO.  301 CV 2402 (AWT)** |
| **LORI M. MAINS** | : |
| | : |
|     **Plaintiffs,** | : |
| **vs.** | : |
| | : |
| **SEA RAY BOATS, INC.** | : |
| | : |
|     **Defendant.** | :   **AUGUST 1, 2006** |

### MEMORANDUM IN SUPPORT
### OF
### <u>MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL</u>

This is a Memorandum in Support of the Plaintiffs' Motion for Leave to File

Document Under Seal Pursuant to Local Rule 5(d) pertaining to the Plaintiffs' Motion for

Order Compelling Disclosure or Discovery Pursuant to F.R.C.P. Rules 37 and 26(e).

The document sought to be filed under seal pertains to Schedule A of Exhibit C to

said Motion for Order Compelling Disclosure or Discovery which Schedule the

Defendants submitted to the Plaintiffs as an attachment to the Defendants Supplemental

Response to Interrogatories identifying same as "Confidential Material" in accordance

with the parties prior execution of a "Stipulation Regarding Confidentiality" as part of a

dispute and/or objection regarding the Defendants responses to Plaintiffs' discovery

requests.

Schedule A to Exhibit C is a list of consumers who have made complaints to Sea

Ray concerning certain specified models of Sea Ray boats.  Thus, the Defendant contends

that Exhibit C constitutes a list of customers who have purchased particular models of

Sea Ray boats.  Defendant Sea Ray regards this information as confidential, and that this information affords Sea Ray an actual or potential economic advantage over other boat manufacturers that may wish to target consumers interested in boats having particular dimensions or characteristics.  Therefore Sea Ray contends that this constitutes a trade secret.  *See* Restatement (3d) Unfair Competition § 39 ("A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others."); *id.* § 42 cmt. f ("The general rules that govern trade secrets are applicable to the protection of information relating to the identity and requirements of customers. Customer identities and related customer information can be a company's most valuable asset and may represent a considerable investment of resources. . . ."); *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1176-77 (2d Cir. 1993) ("Compilations of information, traditionally viewed and protected under trade secret law, are items like customer and supplier lists and pricing and cost information.")

Other federal Courts have permitted or required that lists of customers be filed under seal.  *See, e.g.*, *SizeWise Rentals, Inc. v. Mediq/PRN Life Support Servs.*, 87 F. Supp. 2d 1194, 1201 (D. Kan. 2000) ("Exhibit A shall remain under seal in order to keep the parties' customer list confidential."); *Bijan Designer for Men v. Katzman*, No. 96 Civ. 7345, 1997 U.S. Dist. LEXIS 1190 *4 (S.D.N.Y. Feb. 7, 1997)(noting that, while the Court's Opinion would be unsealed, "plaintiff's customer lists -- which form the gravamen of plaintiff's trade secret argument -- remain under seal"); *Staff Builders of Philadelphia, Inc. v. Koschitzki*, No. No. 88-6103, 1989 U.S. Dist. LEXIS 9566 (E.D. Pa. Aug. 10, 1989)(customer lists "shall be filed under court seal and impounded").

For the forgoing reasons and those set forth in the accompanying Affidavit in Support of Motion to File Document Under Seal, it is respectfully urged that the Court grant said Motion.

**THE PLAINTIFFS**
**PETER D. MAINS and**
**LORI M. MAINS**


/s/ John L. Senning
ct05807
The Essex Law Group
18 Saybrook Road,
Essex, CT  06426
Phone:  (860) 767-2618
Fax:  (860)767-2740
Email:  jlssealaw@aol.com
Their Attorney