UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : | |
| v. | : | |
| SEA RAY BOATS, INC. | : | |
| Defendant. | : | AUGUST 4, 2006 |

**DEFENDANT'S MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL**

Defendant, Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray"), hereby joins Plaintiffs' motion for leave to file under seal the document referred to in Plaintiffs' Motion as Schedule A to Exhibit C ("Schedule A").[1]

As set forth in the attached Affidavit of Rebecca Bentley, Schedule A constitutes a computer-generated list of consumers who have purchased particular models of Sea Ray boats and have made complaints to Sea Ray concerning those boats. (Aff. of R. Bentley ("Bentley Aff.") ¶¶ 4, 5, 7.) Sea Ray treats information pertaining to consumers who have purchased its products, and especially lists of such consumers, as confidential. (Id. ¶ 6.) Access to the database from which this list was generated is restricted to employees of Sea Ray and of the Brunswick Boat Group, who are required to maintain the confidentiality of information contained on that database. (Id. ¶ 8, 9.) Employees of other divisions of the Brunswick Boat

---

[1] Sea Ray does not subscribe to all statements made by Plaintiffs in support of their Motion for Leave to File Document Under Seal. Specifically, Sea Ray denies that it has asserted that Schedule A constitutes a complete list of consumers who have had, or have claimed to have, problems with particular models of Sea Ray boats relating to water ingestion or resonance reversion. Sea Ray will explain its position regarding this issue more fully in its opposition to Plaintiffs' motion to compel.

**ORAL ARGUMENT NOT REQUESTED**

Group, including other divisions that manufacture boats or boat components, are not permitted to access Sea Ray's CRMS. (Id. ¶ 8.)

The information reflected in Schedule A affords Sea Ray an economic advantage over other boat manufacturers that may wish to target consumers interested in boats having particular dimensions or characteristics. (Id. ¶ 11.) Many individuals who have purchased Sea Ray boats subsequently purchase other Sea Ray boats. (Id. ¶ 10.) Often, those consumers wish to "upgrade" to a boat that is larger, has more features, or is otherwise considered more desirable. (Id. ¶ 10.) If Schedule A were publicized, Sea Ray's competitors would be able to use Schedule A to target individuals with a known interest in boats having particular dimensions or characteristics and who may be interested in purchasing another boat in the future. (Id. ¶ 11.) Moreover, because Schedule A is a list of consumers who have made complaints regarding Sea Ray boats, it could afford Sea Ray's competitors the ability to target individuals known or assumed to be unhappy with their current Sea Ray boat before Sea Ray has full opportunity to resolve the customer's concerns. (Id. ¶ 11.)

Because the information in Schedule A is treated as confidential by Sea Ray, and that information affords Sea Ray an actual or potential economic advantage over its competitors, Sea Ray respectfully requests that the Court grant Plaintiff's Motion for leave to file that document under seal. In the alternative, Sea Ray requests that the Court require that the names of individuals included in Schedule A be redacted before that document is filed with the Court.

        DEFENDANT, SEA RAY BOATS, INC.

By    /s/ Daniel J. Foster
James H. Rotondo (ct05173)
jhrotondo@dbh.com
Daniel J. Foster (ct24975)
djfoster@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100
(860) 275-0343 fax

## CERTIFICATION OF SERVICE

I hereby certify that on **August 4, 2006** a copy of foregoing **Motion to Permit Plaintiffs to File Under Seal** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Daniel J. Foster
        Daniel J. Foster (ct24975)