# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 301 CV 2402 (AWT) |
| Plaintiffs, | : |
| vs. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : AUGUST 1, 2006 |

## PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCLOSURE OR DISCOVERY

    The Plaintiffs, Peter D. Mains and Lori M. Mains, in this action, by their attorney John L. Senning, hereby move pursuant to F.R.C.P. Rule 37 that this Court order the Defendant Sea Ray Boats, Inc. to make a full and complete disclosure, answers or responses to the Plaintiffs First Set of Interrogatories previously served upon the Defendant on or about December 23, 2002 and/or pursuant to F.R.C.P. Rule 26(e) to supplement same with information that may have been acquired or come to be known to the Defendant but not disclosed to the

ORAL ARGUMENT REQUESTED

TESTIMONY NOT REQUIRED

Plaintiffs since the date of the Defendant's initial and/or supplemental responses. Plaintiffs also move that this Court allow the Plaintiffs a reasonable period of time in which to conduct discovery with respect to such disclosure, answers and responses and/or supplements to same. The Plaintiffs also move that this Court allow the Plaintiffs a reasonable period of time in which to conduct discovery with respect to the Supplemental Disclosure regarding Defendant's Rule 26(a)(2) expert testimony only just recently disclosed and submitted to Plaintiffs on or about July 12, 2006.

      The basis of this motion is that the Plaintiffs have reason to believe, upon information and belief recently made known to the Plaintiffs, that the Responses to and Supplemental Responses to Interrogatories 6-11 of the Plaintiffs First Set of Interrogatories as made by the Defendant were not complete and did not then reflect all of the Sea Ray boats and/or boat owners who had or experienced exhaust system problems and/or problems related to "water ingestion" which would be within the scope of the referenced interrogatories. A copy of Sea Ray's Objection and Answers to Plaintiffs First Set of Interrogatories is attached hereto as Exhibit A.

In addition Plaintiffs have reason to believe, upon information and belief recently obtained, that the Defendant's Response to Interrogatory 12 was evasive or incomplete in numerous respects and/or that since the date of the Defendant's response to same, the Defendants have come into possession and/or knowledge of additional information regarding the subject of said Interrogatory which additional or corrective information has not otherwise been made known to the Plaintiffs.

Specifically, Interrogatory 12 stated:

"12.   To the extent not already identified above, identify all consumer complaints, law suits or arbitration proceedings made, asserted or brought against the Defendant since 1996 with respect to any of the following topics pertaining to Sea Ray boats:
   a)   hull laminate problems;
   b)   hull core moisture saturation problems;
   c)   engine exhaust resonance problems;
   d)   engine exhaust system problems other than exhaust resonance;
   e)   engine internal moisture ingestion problems other than manifold problems;
   f)   engine internal water ingestion problems;
   g)   engine hydro locking problems;
   h)   engine manifold moisture / condensation problems
   i)   engine manifold problems resulting from water ingestion
   j)   hull and/or deck structural problems."

The Defendant, in its Objections and Answers to Plaintiff's First Set of Interrogatories dated March 21, 2003, responded to Interrogatory 12 as follows:

3

"OBJECTION AND ANSWER:  Sea Ray objects to this interrogatory insofar as it requests information pertaining to all models of Sea Ray boats.  This request calls for information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.  <u>There are no additional consumer complaints other than those to be identified upon execution of a suitable protective.  There have been no such law suits or arbitration proceedings brought against Sea Ray</u>."  (Emphasis added.)

Following the parties agreement upon the terms and provisions of Stipulation Regarding Confidentiality (a copy of which is attached hereto as Exhibit B) and in response to further inquiry on behalf of the Plaintiffs, Defendant's counsel represented that there were no such law suits or arbitration proceedings and no consumer complaints other than those identified in its Supplemental Response to Interrogatories dated April 20, 2003, a copy of which is attached hereto as Exhibit C.  Subsequently, the Plaintiffs, over the course of this litigation proceeding, repeatedly questioned the Defendant's counsel regarding the existence of any law suits and/or arbitration proceedings pertaining to Sea Ray boats and any of the topics or categories (a) – (j) as listed in Interrogatory 12 and were advised that the Defendant was not involved in any law suits or arbitration proceedings pertaining to same.

The Plaintiffs and/or their counsel recently came to be aware of the existence of law suits in the states of Ohio, California, Georgia and Florida which

4

they have reasons to believe involved or pertained to certain subject matter topics or categories listed in Interrogatory 12.  Plaintiffs' counsel notified Defendant's counsel of the awareness of such legal actions in or about early March, 2006 and requested that the Defendant correct its previous responses to Interrogatories 12, 13, and 14 and/or supplement same to provide full and complete responses.  The responses to such requests by Defendant's counsel have been repeated refusals to do so on the basis that any other law suits do not pertain to the same model Sea Ray boat as the Plaintiff's boat, the specific boat in question.  The Defendant's counsel has also refused to supplement Defendant's response regarding consumer complaints claiming that their can be many causes for "water ingestion" problems and that the Plaintiffs' Interrogatories were not specific enough to require the Defendant to responds to same.  As indicated in the Memorandum in Support of this Motion, the matter of "water ingestion" with respect to Sea Ray boats has been found to be endemic to various models of Sea Ray boats and not merely limited to the particular model in question in this case.  While this fact has only come to be known recently by the Plaintiffs, it has been apparently well known to Defendant Sea Ray for a number of years.  Without being provided with full, complete and accurate response to said Interrogatories, the Plaintiffs have been prejudiced to the

5

extent of not having knowledge or information regarding certain defects or deficiencies in other Sea Ray boats of similar design and construction and/or the existence of other litigation or arbitration proceedings which would have likely provided the Plaintiffs with information and knowledge to assist them in the pursuance of this action.

In seeking the Defendant's compliance with the above stated disclosure requirements, the Plaintiff also has requested on a number of occasions that the Defendant provide Rule 26 (a) (2) disclosure reports pertaining to the experts Defendant intends to call upon for testimony in this matter. The Defendant has only recently in July, 2006 provided the Plaintiffs with a Supplemental Disclosure regarding expert testimony in the form of a report as expressly prescribed by Rule 26 (a) (2) indicating which of its experts it retained the Defendant intends to rely upon. Not having received Defendant's Rule 26(a)(2) report until mid July, 2006 and not knowing which expert Defendant intended to rely upon at trial until then, the Plaintiffs should be entitled a reasonable time now to conduct discovery regarding such expert who was not disclosed until July, 2006.

As attorney for the movants, the undersigned certifies that he has conferred and communicated in writing with counsel for the Defendant ad has requested the

6

Defendants disclosure and supplemental discovery responses without full compliance.

WHEREFORE, the Plaintiffs respectfully urge that this Court order the Defendants to make full and complete disclosures, answers and responses to the Plaintiffs First Set of Interrogatories and allow Plaintiff a reasonable period of time after such compliance by the Defendant in which to conduct limited discovery including but not limited to submitting Requests for Production with respect to same.

                               **THE PLAINTIFFS**
                               **PETER D. MAINS and**
                               **LORI M. MAINS**

                               /s/ John L. Senning
                               ct05807
                               The Essex Law Group
                               18 Saybrook Road,
                               Essex, CT  06426
                               Phone:  (860) 767-2618
                               Fax:  (860)767-2740
                               Email:  jlssealaw@aol.com
                               Their Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PETER D. MAINS** and **LORI M. MAINS** | : CASE NO. 301 CV 2402 (AWT) |
|       **Plaintiffs,** | : |
| vs. | : |
| **SEA RAY BOATS, INC.** | : |
|       **Defendant.** | : AUGUST 3, 2006 |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2006, a copy of foregoing Plaintiffs' Motion for Order Compelling Disclosure or Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' CMECF system.

                                                                      _____
                                                          /s/John L. Senning