UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PETER D. MAINS** and **LORI M. MAINS**  Plaintiffs,  vs.  **SEA RAY BOATS, INC.**  Defendants. | : CASE NO. 301 CV 2402 (AWT) :  :  :  :  :  :  :  :  : |

**STIPULATION REGARDING CONFIDENTIALITY**

It is hereby stipulated that:

1. Defendant Sea Ray Division of Brunswick Corporation ("Sea Ray") will designate certain information and/or material, which will be produced in response to Plaintiffs Peter D. Mains and Lori M. Mains's discovery requests, which Sea Ray deems confidential, as "Confidential" by written notice identifying the confidential document, or other information, or by affixing to the first page of such material a legend, such as "Confidential," "Confidential Document," "Confidential Material," or words of similar import.

2. Documents so marked or identified and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Stipulation. "Confidential Material" shall be interpreted to include any and all copies, excerpts, summaries, or other renderings of material or information designated as "Confidential."

3. No Confidential Material may be disclosed by Plaintiffs or their counsel to any person other than (a) attorneys for the parties; (b) secretaries, paralegals, assistants, and other employees of the attorneys assisting in the prosecution or defense of this case; (c) the parties themselves; (d) consultants and experts retained for the purpose of assisting in the prosecution or defense of this case; and (e) the Court, unless disclosure is required by any party to enforce this agreement against the other party.

4. Any document not designated as Confidential Material shall not be covered by this Stipulation, provided, however, that inadvertent production of any document without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such document, and the producing party may within 30 days after discovery of the inadvertent production designate the same as "Confidential." Disclosure to any party or non-party of such material prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Stipulation.

5. If either Plaintiff believes that documents which have been designated "Confidential" should not be so designated, Plaintiffs may request a ruling from the Court as to whether the documents in question should be designated as "Confidential."

6. Before counsel for Plaintiffs makes any disclosure of Confidential Material to any person described in paragraph 3(d) (i.e. consultants or experts) in accordance with this Stipulation, counsel for Plaintiff shall first obtain an agreement in writing (in the form attached

hereto as Exhibit A) from the person to whom disclosure is to be made ("Confidant") reciting that the Confidant has read a copy of this Stipulation and agrees to be bound by its provisions.

7.   Counsel for Plaintiffs shall ensure that all persons described in 3(b) (i.e. employees) and/or 3(c) (i.e. the parties) understand the terms and conditions of this Stipulation and will abide by those terms and conditions.

8.   No Confidential Material shall be disclosed or used for any purpose whatsoever other than for the prosecution or defense of the litigation of this action and shall not be disclosed or used by anyone in connection with any other action or for any other purpose.

9.   No Confidential Material shall be filed in the public record of this action. The parties explicitly agree that it is necessary to file Confidential Material under seal to preserve the right of Sea Ray to maintain confidentiality of its proprietary information, and that this right overrides the public's interest in viewing such materials. The Plaintiffs will not oppose a motion pursuant to Local Rule 5(d) to file Confidential Materials under seal; however, Plaintiffs may challenge the designation of documents filed under seal with the Court as "confidential" as previously set forth in paragraph 6.

| | |
|---|---|
| THE PLAINTIFFS, PETER D. MAINS and LORI M. MAINS<br><br>By: _____<br>John L. Senning, Esq.<br>Senning & Rieder<br>16 Saybrook Road<br>Essex, CT 06426<br>Their Attorney<br><br>2/3/04 | DEFENDANT, SEA RAY DIVISION OF BRUNSWICK CORPORATION<br><br>By: _____<br>Maxwell Branson (ct#20925)<br>Day, Berry & Howard LLP<br>CityPlace I<br>Hartford, Connecticut 06103-3499<br>Its Attorney<br><br>3/1/04 |

4