```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

PETER D. MAINS and              :
LORI M. MAINS,                  :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:01CV2402(RNC)
                                :
SEA RAY BOATS, INC.,            :
                                :
     Defendant.                 :
```

RULING ON PLAINTIFFS' MOTION TO COMPEL

In 2001, the plaintiffs, Peter and Lori Mains, commenced this diversity action against the defendant, the Sea Ray Division of Brunswick Corporation, arising from the plaintiffs' purchase of a Sea Ray boat in 1998. The complaint alleges, inter alia, violation of the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572m et seq. and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. Pending before the court is the plaintiffs' motion to compel. (Doc. #67.) The plaintiffs seek: (1) an order compelling the defendant to supplement its response to interrogatories 6 - 12; (2) additional time in which to pursue further factual discovery; and (3) additional time in which to conduct expert discovery. The court has carefully considered the record and the arguments made by counsel, both in their papers and during oral argument. For the reasons set forth below, the plaintiffs' motion is granted in part and denied in part.

I.  Discussion

   A.  Interrogatories

The plaintiffs challenge the defendant's responses to interrogatories the plaintiff propounded in December 2002. Specifically, the plaintiffs allege that they "have reason to believe" that the defendant's responses to interrogatories 6 - 11 are incomplete. (Doc. #67 at 2.) In general, these interrogatories requested identification of customer complaints of certain problems in Sea Ray boats of the same or similar model as the plaintiffs' boat.[1]

In its initial response on March 21, 2003, the defendant objected to interrogatories 6 - 11 on the grounds that they are overly broad and unduly burdensome. The defendant explained that as of 1999, it maintains consumer service records on a computer system. The information contained on this system can be retrieved by word searches and the defendant set forth the limits on searches that could be conducted on the computer system.[2] As for records preceding the computer system, the defendant explains that searching such records would involve a lengthy hunt through voluminous paper records which are not organized according to

---

[1] The plaintiffs' boat was a 1998 Sea Ray model 330 DA.

[2] For example, the defendant's computer system cannot be searched by engine or exhaust type. (Smith Aff. ¶11.)

specific complaints.[3]  The defendant offered to conduct a computer search of Sea Ray boat models 310DA, 330DA, 340DA, 330EC, 340AJ and 370EC.  After the parties entered into a stipulation regarding confidentiality, on April 20, 2004,[4] the defendant served a supplemental response to interrogatories 6 - 11 based on the results of its computer search that included a list of approximately 133 complaints.[5]

The plaintiffs thereafter did not conduct any discovery regarding the complaints the defendant had disclosed.  In fact, the plaintiffs did not serve any requests for production or conduct any depositions before the May 30, 2004 deadline for conducting discovery terminated.

More than two years after having received the responses to their interrogatories, the plaintiffs filed the instant motion.  The plaintiffs contend that the defendant should be compelled to

---

[3] Sea Ray has submitted evidence that it maintains thousands of paper files pertaining to consumer complaints, most of which are housed in warehouses in several locations in Tennessee and Florida. (Bentley Aff. ¶10.)  The files are organized by the customer's last name and not by the type of complaint that the customer made.  (Id. at ¶11.)  According to the defendant, there is no efficient way in which those files can be searched to identify those consumers who have made particular kinds of complaints regarding particular models of boats.  (Id. at ¶12.)

[4] The defendant clarified that its supplemental response dated April 20, 2003 is misdated.  The correct date is April 20, 2004. See doc. #80 at 2 fn. 2.

[5] The plaintiffs do not contest the parameters of the computer search conducted by the defendant.

provide additional responses to interrogatories 6 - 11 because, contrary to its earlier representations, the defendant in fact does maintain records of consumer complaints. The plaintiffs claim that in late 2005 they discovered that the defendant is a member of the American Society for Quality ("ASQ"), a national standards body of the International Organization for Standardization. They contend that as a member of the ASQ, the defendant is required to maintain detailed files regarding consumer complaints in a readily accessible manner. (Doc. #67 at 2-3.) The plaintiffs assert that the information they sought in interrogatories 6 - 11 "could have readily been provided by the defendants." They seek an order directing the defendant "to provide full and accurate responses to interrogatories 6 - 11 and to allow plaintiffs a reasonable period of time after receiving such compliance in which to request documents pertaining to the same."[6] (Doc. #67 at 4.)

The defendant objects and maintains that its responses were complete. (Doc. #80 at 5.) The defendant argues that the ASQ "imposes no such record keeping requirement on its members" and there is therefore no basis for the plaintiffs' claims regarding Sea Ray's consumer complaint records. (Doc. #80 at 7.) As support for its argument, the defendant, during oral argument, proffered an email exchange in which an ASQ customer service representative

---

[6]The plaintiffs sole challenge to the adequacy of the defendant's interrogatory responses is based on the defendant's ASQ membership and its alleged attendant record keeping requirements.

4

stated that the ASQ does not impose on its members any particular standards for maintaining records of customer complaints. (Tr. 9/20/06 at 62.)

The plaintiffs' motion to compel responses to interrogatories 6 - 11 is granted in part as follows: Within 10 days of this order, the defendant shall set forth under oath a description of its consumer complaint record keeping including specifically any record keeping requirements resulting from/attendant to its certification by ASQ. If it has a record keeping requirement as a result of its membership, the defendant shall supplement its responses to interrogatories 6 - 11.

The plaintiffs also move to compel the defendant to supplement its response to interrogatory 12. Interrogatory 12 requests that the defendant identify, to the extent not already identified in interrogatories 6 - 11, all consumer complaints, law suits or arbitration proceedings brought against the defendant since 1996 with respect to certain enumerated problems. In its initial response in December 2003, the defendant objected that the request sought information as to all Sea Ray models and therefore sought information that was irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, the defendant responded that, as to the model of the plaintiffs' boat, there were no additional consumer complaints other than those already identified and no law suits or arbitration

5

proceedings. After the plaintiffs filed this motion, the defendant supplemented its response to interrogatory 12 and provided information concerning lawsuits involving claims relating to exhaust resonance, engine water ingestion and/or hull core moisture problems in Sea Ray boats for model years 1996 to the present for models 310DA, 330DA, 340DA, 330EC, 340AJ and 370EC – the same models to which it had provided information in response to interrogatory 6. (Doc. #80 at 4.) The defendant states that it did this to be consistent with its previous supplemental response to interrogatories 6 - 11, despite its contention that information as to models other than the plaintiffs' is not relevant. (Doc. #80 at 4; tr. 9/20/06 at 42.) As a result of its supplemental disclosure, the defendant argues that the motion to compel as to interrogatory 12 is moot. The plaintiffs appear to agree. During oral argument, the plaintiffs stated that, in light of the defendant's supplemental response, their sole request as to this interrogatory is additional time in which to conduct discovery. (Doc. #81 at 11; tr. 9/20/06 at 29-30.)[7] They seek an opportunity to try to obtain the identity of the experts in the other cases, to speak with counsel in those cases and/or to review their discovery

---

[7]During oral argument, plaintiffs' counsel stated that as to interrogatory 12, "[n]ow [Sea Ray has] disclosed and all we're asking at this point is a reasonable opportunity to consider what discovery is appropriate, and whether or not we can get any additional information from those cases or from those experts that would help the plaintiffs' case." (Tr. 9/20/06 at 29-30.)

6

materials.  (Tr. 9/20/06 at 39-40.)  The plaintiffs' motion to compel a response to interrogatory 12 is denied as moot.  The plaintiffs' request for additional time is granted as follows.  The plaintiffs may have 60 days from the date of this ruling in which to conduct the limited discovery the plaintiffs' counsel described during oral argument.

   B.   Expert Discovery

   The plaintiffs seek additional time in which to depose the defendant's expert.  The following background is necessary in order to place in context the plaintiffs' request.

   In July 2004, the plaintiffs' boat was inspected by two experts retained by the defendant, Mr. Davis and Mr. Starczowski of the Davis Consulting Group.[8]  In October 2004, the defendant provided the plaintiffs with a copy of the final written inspection report, which both Mr. Davis and Mr. Starczowski signed.  The defendant also provided the plaintiff with the experts' curricula vitae.  (Doc. #80 at 11 fn. 9.)

   On July 12, 2006, the defendant produced a supplemental expert disclosure concerning Mr. Davis.  (Doc. #80-3.)  The disclosure consisted of (1) an additional copy of the inspection report, (2) an updated curriculum vitae for Mr. Davis that included a list of cases in which he has provided expert testimony and

---

   [8]The plaintiff, Peter Mains, and his attorney were present during the inspection.

(3) information concerning the rates Mr. Davis charged for his services and the total fees Sea Ray paid Mr. Davis to date.

The plaintiffs now assert that the defendant's expert disclosure – the October 2004 report - did not comply with Fed. R. Civ. P. 26(a)(2). They contend that the report was deficient because it was signed by both experts and did not specify which of the two marine surveyors' "expertise was being applied to a particular condition of the vessel being commented upon, whose opinion was being expressed or upon whose conclusions the statements were formed." (Doc. #81 at 17.) The plaintiffs complain that because both individuals signed the report, they could not tell which expert the defendant really intended to use. As a result, they did not know which expert to depose. They decided not to depose either individual and maintain that they waited quietly for the defendant to make a disclosure that complied with Rule 26(a)(2). The plaintiffs argue that because they did not receive the supplemental expert disclosure until July 2006 (and did not know until then upon which of the experts the defendant intended to rely) they "should be entitled [to] a reasonable time now to conduct discovery regarding such expert who was not disclosed until July, 2006." (Doc. #67 at 6.)

The defendant responds that there was no reason for the plaintiffs' failure to conduct expert discovery. The plaintiffs, the defendant correctly points out, simply could have noticed the

8

experts' depositions and inquired about their opinions. Moreover, the defendant notes that there was no written communication between October 2004 and June 2006 with respect to any alleged deficiencies in the defendant's expert disclosures. (Tr. 9/20/06 at 15.)

The plaintiffs have not demonstrated sufficient cause to warrant an extension of time. As of October 2004, the plaintiffs knew the identity of the two individuals disclosed by the defendant as experts. There was no obstacle to the plaintiffs commencing discovery yet they failed to take any action. See tr. 9/20/06 at 12. The request for additional time in which to conduct expert discovery is denied.

SO ORDERED at Hartford, Connecticut this 3rd day of November, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge