UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER D. MAINS and          :   CASE NO.  301 CV 2402 (AWT)
LORI M. MAINS             :
                           :
            Plaintiffs,     :
v.                        :
                           :
SEA RAY BOATS, INC.       :
                           :
            Defendant.     :   NOVEMBER 16, 2006

## **AFFIDAVIT OF PATRICK SMITH**

I, Patrick Smith, being first duly sworn, depose and say that:

1.    I am over eighteen years of age and understand and believe in the obligations of an oath.

2.    I make this affidavit based on my own personal knowledge.

3.    I am a Customer Service Manager employed by the Sea Ray division of Brunswick Boat Group, Inc. ("BBG").  I have worked in Sea Ray's Customer Service department since 1998.  I have been in my current position since April of this year.

4.    Sea Ray maintains a computerized database known as the Customer Relationship Management System ("CRMS").  Sea Ray began using CRMS in approximately February of 1999.

5.    I am personally familiar with CRMS.   I began using CRMS in the course of my employment in 1999, and  use CRMS on a daily basis in the course of my employment.

6.    Under some circumstances, when Sea Ray receives complaints from customers concerning Sea Ray boats, Sea Ray personnel enter information into CRMS.  Typically, entries are made when the customer's complaint cannot be resolved quickly.

7. CRMS contains information in seven fields, namely (a) the date of records entry, (b) the identity of the dealer from which the boat was purchased, (c) the model number and model year of the boat, (d) the plant at which the boat was manufactured, (e) the "priority," or severity, of the problem complained of, (f) the type of problem complained of, and (g) any narrative description.

8. Sea Ray personnel entering information about a customer complaint into CRMS must identify the problem complained of by choosing a category and description from a finite and pre-existing list.

9. None of the fields in CRMS identifies the type of engine or the type of exhaust system with which the particular boat at issue is equipped.

10. Sea Ray personnel entering information about a customer complaint into CRMS do not routinely identify the type of engine or the type of exhaust system with which the particular boat at issue is equipped.

11. Because none of the fields in CRMS identifies the type of engine or the type of exhaust system with which the particular boat at issue is equipped, and CRMS users do not routinely identify the type of engine or the type of exhaust system with which the particular boat at issue is equipped, CRMS cannot be searched by engine or exhaust system type.

12. On some occasions, customers complain of problems with Sea Ray boats to Sea Ray dealers rather than to Sea Ray itself. On some occasions when a customer complains to a dealer of problems with engines on Sea Ray boats that were manufactured by the Mercury Marine Group ("Mercury Marine"), the dealer will then contact Mercury Marine. On those occasions, Mercury Marine may or may not contact Sea Ray.

-2-

13.    On some occasions when Mercury Marine contacts Sea Ray concerning such complaints, Sea Ray will address a warranty item concerning a part or system of the boat that was not manufactured by Mercury Marine.

14.    When Sea Ray learns of a customer complaint through Mercury Marine, and not through notification by the customer, there will typically be no entry made into CRMS reflecting any action taken by Sea Ray in response to that complaint.

15.    In addition to CRMS, Sea Ray has some access to a computerized database known as MercNet, which contains information relating to individual boat engines manufactured by Mercury Marine and used in Sea Ray boats. Sea Ray can obtain information through MercNet only by entering the serial number of a particular engine.

16.    Other than CRMS and MercNet, Sea Ray does not have access to any computerized database of customer complaints or of problems associated with individual Sea Ray boats or their components.

17.    I understand that a question has been raised as to whether the American Society for Quality ("ASQ") imposes on Sea Ray requirements relating to Sea Ray's retention of records of consumer complaints.

18.    I am not aware that Sea Ray is a member of ASQ. If Sea Ray were a member of ASQ, and membership in that group imposed an obligation on Sea Ray either to alter its record keeping regarding consumer complaints in some fashion or to conform to requirements of ASQ, I would be aware of ASQ and any such obligations or requirements as part of my regular job responsibilities.

19. Sea Ray has no record keeping requirement relating to consumer complaints that is a result of, or is attendant to, any relationship between Sea Ray and ASQ, if such a relationship exists

_____
Patrick Smith

Subscribed and sworn to before me this *15th* day of November, 2006.

_____

Notary Public
My Commission Expires:

MY COMMISSION EXPIRES:
January 3, 2010

VIOLA O. HODGE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
KNOX COUNTY