UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : | |
| v. | : | |
| SEA RAY BOATS, INC. | : | |
| Defendant. | : | JANUARY 17, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO FOR PROTECTIVE ORDER AND FOR SANCTIONS**

Defendant, Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray"), respectfully submits this Memorandum of Law in support it its Motion for Protective Order. Pursuant to Rule 26(c)(1), Sea Ray requests that this Court enter an order that certain discovery requested by Plaintiffs' counsel by e-mail on January 3, 2007, not be allowed, because (1) these new discovery requests constitute an improper attempt to circumvent the Court's ruling on the Plaintiff's prior Motion to Compel, (2) it exceeds the limited scope of additional discovery permitted by this Court, (3) the newly served Interrogatories are impermissibly numerous, (4) the discovery is untimely, and (5) "service" of the discovery was improper.[1]

After the close of discovery, by Order dated November 3, 2006 (the "Order"), this Court permitted Plaintiffs to conduct certain limited discovery within sixty days of the date of the Order. Sixty-one days later, Plaintiffs counsel sent to counsel for Sea Ray an e-mail to which

---

[1] Even if the subject matter, timing, numerosity, and manner of service of these discovery requests were otherwise permissible, each of the Plaintiffs' Interrogatories and Requests for Production would be subject to various objections, including, but not limited to, the fact that they are unduly broad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible information. Sea Ray reserves its right to interpose specific objections to each of the Plaintiffs' individual discovery requests.

**ORAL ARGUMENT IS REQUESTED**

were attached Interrogatories, Requests for Production, and a Request for Admission. None of the Plaintiffs' Requests for Production is even arguably within the limited scope of discovery permitted by the Order, nor is the Plaintiffs' Request for Admission. Although Plaintiffs had previously served more than twenty-five Interrogatories, including discrete subparts, counsel's e-mail of January 3, 2007 included forty-three separate Interrogatories, at most two of which were even partly within the scope of additional discovery permitted by the Court.

For these reasons, and the additional reasons set forth below, Sea Ray respectfully requests an Order that all of the Plaintiffs' discovery dated January 3, 2007, not be permitted. Sea Ray further requests that it be awarded its costs associated with preparing and filing this Motion.

**I.    INTRODUCTION**

Plaintiffs brought this action on December 21, 2001, seeking damages in connection with the purchase of a recreational boat in 1998. Discovery closed approximately two and a half years later, on May 30, 2004.

Following the completion of discovery, this case sat dormant for well over a year until the Court issued an Order on February 1, 2006, requiring the parties to submit a joint trial memorandum by April 3, 2006. Plaintiffs moved for extension of that deadline so that the parties might explore settlement at a court-supervised settlement conference. (Docket No. 50.) The Court granted the Plaintiffs' motion and extended that deadline until June 5, 2006. After an unsuccessful settlement conference, the Plaintiffs again moved for an extension of the Court's deadline for the filing of the joint trial memorandum on June 2, 2006. (Docket No. 58.) Over Sea Ray's objection, that deadline was again extended until September 8, 2006. The Court further Ordered that any Motion to Compel be filed by June 30, 2006.

The Plaintiffs filed a Motion to Compel on June 30, 2006, seeking, inter alia, a further response to interrogatories regarding alleged problems relating to exhaust systems and engine water ingestion on Sea Ray boats and an interrogatory seeking information about other law suits that had been brought against Sea Ray. The Plaintiffs attached to that Motion documents that were designated as confidential and subject to a protective order. Accordingly, the Court Ordered the Plaintiffs to re-file the same Motion with the pertinent attachments filed under seal. Notwithstanding the Court's Order, the Plaintiffs filed a new and different Motion to Compel, seeking different and additional relief, on August 3, 2006.

On August 15, 2006, the Plaintiffs moved for a third extension of time for the filing of the joint trial memorandum. (Docket No. 75.) That motion was granted. Although no new deadline was set at that time, the Court subsequently ordered on December 26, 2006 that the parties submit the joint trial memorandum by January 29, 2007.

On September 20, 2006, the Court heard oral argument on the Plaintiffs' Motion to Compel.[2] At oral argument, the Plaintiffs conceded that Sea Ray's supplemental response to their interrogatory concerning other law suits had rendered their motion to compel a further response to that interrogatory moot. Order at 6 & n.7. The Plaintiffs requested, however, that they be given further time in which to conduct additional investigation or discovery relating to

---

[2] The night before oral argument was held, the Plaintiffs electronically filed an untimely Reply to Sea Ray's objection to their Motion to Compel. That Reply did not comply with Local Rule 7(d), because (a) it was filed twenty days after Sea Ray filed its objection, rather than within ten days as required by the Rule, (b) it was twenty pages in length, although the Rule limits reply briefs to ten pages, and (c) it was not "strictly confined to a discussion of matters raised in the responsive brief" and did not "contain references to the pages of the responsive brief to which reply is being made." See Reply (Sept. 19, 2006).

experts disclosed in, and discovery produced in, those other law suits.[3] Specifically, Plaintiffs' counsel stated that he was

> entitled to know who their experts were, to be able to contact those experts, to be able to talk to the lawyer of that case, to get information from him, to the extent that he isn't bound by some confidentiality agreement, at least to benefit from his work product with respect to the case.

Tr. (Sept. 20, 2006) at 38:8-14.

The Court noted that "you don't need Sea Ray to talk to the lawyers in the other cases," and that the Plaintiffs had been aware of the identities of those other lawyers for nearly a month.[4] Id. at 38:16-21. In response, Plaintiffs' counsel asserted that the Plaintiffs might be unable to obtain the information sought from those other lawyers if they had signed confidentiality agreements. Id. at 38:23 – 39:2. Plaintiffs' counsel represented that they would conduct any further investigation and discovery regarding prior lawsuits "on an **expedited basis**, so that if we needed anything more from Sea Ray -- Because we may only be able to get it from Sea Ray." Id. at 40:14-17 (emphasis added).

On November 3, 2006, the Court issued its ruling on the Plaintiffs' Motion to Compel. The Order states, in pertinent part, that "[t]he plaintiffs may have 60 days from the date of this

---

[3] The Court clarified on the record the scope of discovery that the Plaintiffs were seeking:

> THE COURT: . . . . So, you want a list of the experts from those cases. You want to be able to talk to counsel, and you want to look at discovery from the other lawsuits.
>
> MR. SENNING: Correct.

Tr. (Sept. 20, 2006) at 40:8-12.

[4] After Plaintiffs' counsel indicated that he had not been aware of the identities of those other counsel "until July 17," the Court noted "[w]ell, that was two months ago," to which Plaintiffs' counsel responded, "[c]orrect." Id. at 38:19-21. Plaintiffs' counsel may have been mistaken as to this date, because Sea Ray served the pertinent Supplemental Responses identifying those other counsel on August 23, 2006.

-4-

ruling in which to conduct the limited discovery the plaintiffs' counsel described during oral argument." <u>Order</u> at 7.

At 4:27 p.m. on January 3, 2007, Plaintiffs' counsel sent three sets of discovery requests to counsel for Sea Ray by e-mail. <u>See</u> <u>Affidavit of James H. Rotondo</u> ("<u>Rotondo Aff.</u>") at ¶¶ 4-7.[5] This discovery consists of eight Requests for Production, forty-three Interrogatories, and one Request to Admit. <u>See</u> Ex. B-D to <u>Rotondo Aff.</u> By letter to plaintiffs' counsel dated January 8, 2007, the undersigned requested that the Plaintiffs withdraw all of those discovery requests. <u>See</u> Ex. F to <u>Rotondo Aff.</u> Plaintiffs' counsel has not responded to that letter. <u>Rotondo Aff.</u> ¶ 11.

## II. **ARGUMENT**

### A. **Plaintiffs' January 3, 2007, Discovery Requests Constitute An Improper Attempt to Circumvent the Court's Denial of Their Motion to Compel**

There is no reason for which the Plaintiffs could not have issued <u>any</u> of their discovery requests dated January 3, 2007, prior to the close of discovery in May of 2004. In fact, almost all of the Plaintiffs' most recent Interrogatories seek further information on the same subjects addressed in their First Set of Interrogatories dated December 23, 2002. To the extent that the Court has already denied Plaintiffs' Motion to Compel a further response to those Interrogatories, however, additional Interrogatories on the same subjects constitute an improper attempt to circumvent the Court's Order on that prior Motion.

Plaintiffs' Motion to Compel of June 30, 2006 (as well as their Motion to Compel of August 3, 2006) sought, inter alia, a further response to interrogatories 6-12 of their First Set of Interrogatories dated December 23, 2002. Those interrogatories principally concerned alleged problems, including consumer complaints and law suits, relating to exhaust systems and engine

---

[5] A copy of this Affidavit is attached hereto as Exhibit 1.

water ingestion on Sea Ray boats. See Ex. E to Rotondo Aff. In response to Interrogatories 6-12, Sea Ray produced a list of approximately one hundred thirty-three (133) complaints made by consumers concerning Sea Ray boats. (Ex. C to Pls.' Mot. to Compel, June 30, 2006.) Sea Ray also subsequently identified four law suits regarding Sea Ray boats.

Plaintiffs' motion to compel a further response to interrogatory 12 was denied as moot. Order at 12. The Court granted the Plaintiffs' motion to compel a further response to interrogatories 6-11 only insofar as it ordered Sea Ray to submit a sworn statement confirming that it was not subject to any records keeping requirement relating to consumer complaints as an alleged result of its membership in the American Society for Quality. Order at 5.[6] Except to that limited extent, the Plaintiffs' motion to compel a further response to interrogatories 6-11 was denied.

Notwithstanding this, most of the Plaintiffs' Interrogatories dated January 3, 2007, request further information on these same subjects. Almost all of those Interrogatories ask Sea Ray to identify documents relating to exhaust systems, including documents relating to alleged "defects" in, and consumer complaints concerning, those systems. See Ex. E to Rotondo Aff., Interrogatories 1-7, 9, 11 -14, 16, 18, 20-28, 30-40, 42-43. A majority also ask Sea Ray to identify documents concerning engine water ingestion, including consumer complaints relating to engine water ingestion. See id., Interrogatories 1, 2, 9-14, 22, 23, 27-38. Notwithstanding Sea Ray's prior identification of other consumer complaints made against it, twelve of those Interrogatories seek further information specifically relating to warranty claims made against Sea Ray. See id., Interrogatories 11-14, 29, 30, and 33-38.

---

[6] Sea Ray complied with that Order on November 17, 2006.

Having failed to convince the Court to order Sea Ray to provide a further response to its Interrogatories, Plaintiffs should not be permitted to obtain this information through additional, untimely Interrogatories.

### B. Plaintiffs' January 3, 2007, Discovery Requests Are Outside of the Limited Scope of Additional Discovery Permitted by the Court's Order

In their June 30, 2006 Motion to Compel, the Plaintiffs requested, inter alia, "further time in which to conduct factual discovery." Order at 1. The Court, however, did not grant the broad relief sought by the Plaintiffs. Instead, the Court's Order permitted them to conduct only "the limited discovery the plaintiff's counsel described during oral argument." Order at 7. The scope of the discovery permitted is therefore limited to – at most – the identities of experts in other lawsuits previously identified by Sea Ray, and discovery provided in those other cases. Id. at 6-7.

The Plaintiffs have blatantly disregarded the Court's Order. Indeed, not one of their discovery requests concern the identities of experts disclosed in prior litigation involving Sea Ray. Nor have Plaintiffs requested that Sea Ray produce documents that were produced in any prior litigation.[7] Instead, they have attempted to reopen discovery altogether by serving exceedingly broad discovery that is not within the scope of the Court's Order. None of the Plaintiffs' Requests for Production are even arguably within the scope of the Court's Order, nor is their Request for Admission. Accordingly, Sea Ray should not be required to respond to any of those Requests.

Even if the Courts Order's order is construed in its broadest possible terms, which is unwarranted here both because of the language of the order and the Plaintiffs' conduct, only two

---

[7] Two of Plaintiffs' forty-three Interrogatories ask Sea Ray to identify documents produced in connection with other litigation. See Ex. B to Rotondo Aff., Interrogatories 31, 32. None of their Requests for Production refer to any such documents.

of the Plaintiffs' forty-three Interrogatories are even arguably within the scope of the Court's Order. The Plaintiffs' Interrogatories, however, are facially invalid because they exceed the limit imposed by Fed. R. Civ. P. 33 (a).

### C. Plaintiffs Have Improperly Served More Than Twenty-Five Interrogatories in Violation of Rule 33 (a)

Rule 33(a) provides protection against the type of abusive and unduly burdensome discovery served by plaintiffs here by limiting the number of Interrogatories that may be served on a party to twenty-five, including all discrete subparts. Fed. R. Civ. P. 33 (a). This limit may be exceeded only with leave of the Court upon a showing of good cause. Id. Here, the Plaintiffs have not sought leave to serve more than twenty-five Interrogatories on Sea Ray, and cannot demonstrate good cause for their abusive and untimely discovery. Nonetheless, and despite having already served more than twenty-five Interrogatories previously,[8] Plaintiffs have now provided to Sea Ray's counsel an additional forty-three.

Under Rule 33 (a), Sea Ray is simply not required to respond to any of the Plaintiffs' excessively numerous Interrogatories, either by answering those Interrogatories or by interposing objections specific to each Interrogatory. This would be true even if the Plaintiffs had not previously served twenty-five Interrogatories, because there is no basis in the Rules under which Sea Ray could identify the twenty-five to which it might otherwise be required to respond. In fact, as set forth above, Plaintiffs have already served more than twenty-five Interrogatories, including all discrete subparts, against Sea Ray. Accordingly, Sea Ray should not be required to respond to any of the Plaintiffs' additional Interrogatories.

---

[8] See Ex. E to Rotondo Aff.

### D.  **Plaintiffs' January 3, 2007 Discovery Requests Are Untimely**

####   1.  The Discovery Requests Were Not Served Within Sixty Days of the Court's Order of November 3, 2006

The Court's Order permitted the Plaintiffs "60 days from the date of [that] ruling in which to conduct the limited discovery the plaintiffs' counsel described during oral argument." Order at 7. The discovery at issue was sent by e-mail at 4:27 p.m. on January 3, 2007, sixty-one days after the Court's Order. Even if this discovery had been properly served on that date,[9] it would have been untimely under the Court's Order. See Fed. R. Civ. P. 6 (a)(for periods of eleven days or greater, all intermediate days are counted).

####   2.  Discovery Served on the Last Day of a Discovery Period Is Not Timely

The Plaintiffs may have incorrectly assumed that any period of two months equals sixty days, notwithstanding the fact that most months (including December) have thirty-one days. Such an error would not justify their failure to serve any discovery within the sixty-day period permitted by the Court. "As the Supreme Court held . . . 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" Hartford Steam Boiler Inspection & Ins. Co. v. Southeastern Refractories, Inc., 212 F.R.D. 62, 65 (D. Conn. 2003)(quoting Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993).) Even if the sixty day period permitted by the Court's Order had extended until January 3, 2007, however, the disputed discovery would still not have been timely.

The Court's Order expressly provided the plaintiffs sixty days from the date of the Order in which to conduct – not serve – the additional discovery permitted by the Order. Order at 7.

---

[9] As set forth infra at Part II.E, the disputed discovery has not been properly served upon Sea Ray.

Discovery served on the last day of a discovery period is not timely because it does not permit the responding party sufficient time in which to respond.

> Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed. Fitzgibbon v. Sanyo Securities America, 1994 U.S. Dist. LEXIS 8386, 1994 WL 281928 (S.D.N.Y. 1994); Lastre v. Leonard, 1990 U.S. Dist. LEXIS 3191, 1990 WL 37658 (N.D. Ill. 1990); Beller v. Credit Alliance Corporation, 106 F.R.D. 557 (N.D. Ga. 1985).

Gavenda v. Orleans County, 182 F.R.D. 17, 20 (W.D.N.Y. 1997)(granting protective order where "[t]he discovery process . . . languished until almost the very end of the discovery period" because "[a]llowing document demands to be served at the very end of the discovery period would impermissibly extend the discovery period as defined by [the Court].")

"The Federal Rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(3), 34(b). Therefore, requests must be served at least thirty days prior to a completion of discovery deadline." Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003)(requests served on last day of discovery period not timely); see also, e.g., Hollar v. Commer. Bag Co., No. 5:05CV66, 2006 U.S. Dist. LEXIS 50566 (D.W.V. July 24, 2006)(same); Smith v. Principal Casualty Ins. Co., 131 F.R.D. 104, 105 (S.D. Miss. 1990)(interrogatories not timely when served six days before close of discovery); Northern Ind. Pub. Serv. Co. v. Colorado Westmoreland, Inc., 112 F.R.D. 423, 424 (N.D. Ind. 1986), aff'd mem., 845 F.2d 1024 (7th Cir. 1986)(plaintiff need not respond to interrogatories served on last day of discovery period); 7-33 Moore's Federal Practice - Civil § 33.41 ("When the court has established a discovery deadline, a party must serve interrogatories in sufficient time to permit the responding party the 30-day response time allowed under Rule 33 . . . before the discovery cut-off date." (citations omitted).)

Accordingly, even if the sixty-day discovery period provided by the Court's Order were construed as extending for sixty-one days, which it should not be, the Plaintiffs' discovery requests would all be untimely, because they were not served sufficiently in advance of the close of the extended discovery period to permit Sea Ray time in which to respond to those requests.

        3.       There is No Justification for Plaintiffs' Untimeliness

At oral argument on the Plaintiffs' Motion to Compel, Plaintiffs' counsel represented that the additional discovery he requested would be conducted "***on an expedited basis***." Tr. (Sept. 20, 2006) at 40:14-15 (emphasis added). Indeed, as the Court noted at the time, there was no reason for which the Plaintiffs could not have undertaken the factual investigation they purported to need before the hearing.

The Plaintiffs represented that they required additional time to investigate lawsuits identified by Sea Ray in its Supplemental Response to their First Set of Interrogatories. Specifically, Plaintiffs' counsel stated that

> I am entitled to know who their experts were, to be able to contact those experts, to be able to talk to the lawyer of that case, to get information from him, to the extent that he isn't bound by some confidentiality agreement, at least to benefit from his work product with respect to the case.

Tr. (Sept. 20, 2006) at 38:8-14. As the Court noted, and Plaintiffs' counsel conceded, the Plaintiffs could have sought that information from other counsel well before oral argument:

> THE COURT: Well, you don't need Sea Ray to talk to the lawyers in the other cases.
>
> MR. SENNING: I did -- I know, but I don't -- I didn't even know who they were until July 17th.[10]
>
> THE COURT: Well, that was two months ago.
>
> MR. SENNING: Correct.

---

[10] See supra note 4.

<u>Id.</u> at 38:16 - 39:2.

Plaintiffs' counsel argued nonetheless that additional discovery from Sea Ray might be necessary if the Plaintiffs were unable to obtain the information they sought from counsel in other cases:

> MR. SENNING: So now we're here asking for the time to be able to conduct that discovery if we need to, or to get that information from Sea Ray -- If those people signed confidentiality agreements, I can't get that from them.
>
> . . . .
>
> THE COURT: . . . . So, you want a list of the experts from those cases. You want to be able to talk to counsel, and you want to look at discovery from the other lawsuits.
>
> MR. SENNING: Correct.
>
> THE COURT: All right.
>
> MR. SENNING: And we would do that on an expedited basis, so that if we needed anything more from Sea Ray -- Because we may only be able to get it from Sea Ray.

<u>Id.</u> at 38:23-39:2; 40:8-17.

Even after the Court reminded Plaintiffs' counsel on September 20, 2006, that the Plaintiffs "don't need Sea Ray to talk to the lawyers in the other cases," and that he could have contacted other counsel even prior to the oral argument, more than six weeks passed before the Court entered its Order granting them a further sixty days in which to conduct the discovery they requested. Those six weeks alone were more than adequate time for the Plaintiffs to determine if counsel from other cases would be able to provide the information that Plaintiffs sought.

Finally, even if the Plaintiffs' apparent failure to contact counsel from other cases between Sea Ray's supplemental disclosure and the Court's Order of November 3, 2006, were somehow excusable, the sixty-day period provided by that Order was more than enough time for

the Plaintiffs to (a) request that counsel from those other cases identify experts and provide discovery materials, and (b) if necessary, request that information from Sea Ray.

    4.    **This Discovery Would Result in Further Unwarranted Delay of the Joint Trial Memorandum**

In addition to being sent sixty-one days after the Court's Order, the disputed discovery was sent more than a week after the Court's Order of December 26, 2006, directing that the parties submit their Joint Trial Memorandum by January 29, 2007. Even if the Plaintiffs' discovery requests of January 3, 2007, were otherwise timely, Sea Ray would not be required to respond or object to those discovery requests until Friday, February 2, 2007, four days after the Joint Trial Memorandum is to be filed. Accordingly, if this discovery were permitted, Sea Ray anticipates that the Plaintiffs will seek a fourth extension of time in which to file that Joint Trial Memorandum. No such further delay is warranted in this case, particularly because there is no justification for the Plaintiffs' failure to serve any discovery requests in a timely manner.

    E.    **Plaintiffs' January 3, 2007, Discovery Requests Were Not Properly Served Upon Sea Ray**

The disputed discovery requests were sent by e-mail only. Rotondo Aff. ¶ 4, 8. No paper copy has been provided. Id. ¶ 8. That "service" is improper because Sea Ray did not consent in writing to service by electronic means. See Fed. R. Civ. P. 5 (b)(2)(D)(electronic service only permitted with written permission of receiving party); see also L. R. Civ. P. 5 (f)(permitting service by facsimile only if "service of a typewritten copy of the identical pleading is made simultaneously by regular mail.") "Service" of that discovery is defective for the additional reason that it bears no certificate of service as required by Fed. R. Civ. P. 5(d) and L. R. Civ. P. 5 (b). See Ex. B-D to Rotondo Aff.

### III.  **CONCLUSION**

This Court has afforded the Plaintiffs more than adequate time in which to conduct discovery in this case.  The Plaintiffs had nearly two and a half years in which to conduct discovery before the close of discovery on May 30, 2004.  After they failed to pursue discovery with reasonable diligence during that period, the Court granted them an extension of time until June 30, 2006 – more than two years after the close of discovery – in which to file a Motion to Compel.  Finally, when the Plaintiffs claimed in their Motion to Compel that they needed additional time in which to seek information relating to other law suits from counsel in those other cases, the Court permitted them yet another additional sixty days in which to conduct certain limited discovery relating to those other cases.

The Plaintiffs have not complied in any respect with the Court's Order permitting additional discovery.  The discovery sent on January 3, 2007 was untimely under that Order by any standard, and so far exceeds the limited scope of discovery permitted by that Order that it appears to constitute a willful disregard of that Order.  For these reasons, and the additional reasons set forth above, Sea Ray respectfully requests that this Court enter an Order pursuant to Rule 26(c)(1) that that discovery not be had, and that the Plaintiffs be required to reimburse Sea ray for its costs associated with this Motion.

        DEFENDANT, SEA RAY BOATS, INC.

By    /s/ James H. Rotondo
      James H. Rotondo (ct05173)
      jhrotondo@daypitney.com
      Daniel J. Foster (ct24975)
      djfoster@daypitney.com
      Day Pitney LLP
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100
      (860) 275-0343 fax

## CERTIFICATION

      I hereby certify that on this date a copy of foregoing **Memorandum of Law in Support of Defendant's Motion for Protective Order** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Daniel J. Foster
      Daniel J. Foster (ct24975)