UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER D. MAINS and LORI M. MAINS     :   CASE NO. 3:01cv2402 (AWT)

           Plaintiffs,                :

v.                                     :

SEA RAY BOATS, INC.                     :

           Defendant.           :   JANUARY 17, 2007

## <u>AFFIDAVIT OF JAMES H. ROTONDO</u>

I, James H. Rotondo, being first duly sworn, depose and say that:

1.    I am over eighteen years of age and understand and believe in the obligations of an oath.

2.    I am an attorney with the law firm of Day Pitney LLP, and represent the Defendant, Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") in this action.

3.    I make this affidavit based on my own personal knowledge and my review of documents provided by the Plaintiffs in this case.

4.    On January 3, 2007, at approximately 4:27 p.m., I received an e-mail message from the e-mail address JLSSEALAW@aol.com, which I know to be the e-mail address of Attorney John L. Senning, counsel for the Plaintiffs in this matter. The e-mail message also states that it was sent by Attorney Senning. A true and accurate copy of that e-mail is attached hereto as Exhibit A.

5.    Three documents were attached to that e-mail. The first of those three attachments was entitled "PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT." A true and accurate copy of that document is attached hereto as Exhibit B.

6.    The second document attached to that e-mail was entitled "PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT."  A true and accurate copy of that document is attached hereto as Exhibit C.

7.    The third document attached to that e-mail was entitled "PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT."  Although they are described as the Plaintiffs' second set of Requests for Production, these Requests for Production are in fact the first set of such Requests that Plaintiffs have served in this case.  A true and accurate copy of that document is attached hereto as Exhibit D.

8.    I have not received paper copies of Exhibits B, C, or D.

9.    A true and accurate copy of the Plaintiffs' first set of Interrogatories dated December 23, 2002, is attached hereto as Exhibit E.

10.    On Monday, January 8, 2007, I caused to be sent to Attorney Senning by e-mail and regular mail a letter in which I (a) asserted that the discovery attached hereto as Exhibits B, C, and D were improper, (b) explained the reasons for which that discovery was improper, (c) requested that Attorney Senning withdraw those discovery requests, and (d) asked that he respond to my letter by Friday, January 12, 2007.  A true and accurate copy of my letter to Attorney Senning of January 8, 2007, is attached hereto as Exhibit F.

11.    As of this date, I have received no response to my letter of January 12, 2007.

James H. Rotondo

Subscribed and sworn to before me this ___ day of January, 2007.

_____
Commissioner of the Superior Court

-2-

# EXHIBIT A

**Rotondo, James H.**

| | |
|---|---|
| **From:** | JLSSEALAW@aol.com |
| **Sent:** | Wednesday, January 03, 2007 4:27 PM |
| **To:** | Rotondo, James H. |
| **Subject:** | Mains vs. Sea Ray, Inc. |

Dear Attorney Rotondo,

    Attached please find Discovery Requests for the above referenced matter.

John L. Senning, Esq.
The Essex Law Group
16 Saybrook Road
Essex, CT  06426
860-767-2618
860-767-2740 (fax)

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **PETER D. MAINS and** | : | **CASE NO. 301 CV 2402 (AWT)** |
| **LORI M. MAINS** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| | : | |
| **SEA RAY BOATS, INC.** | : | |
| | : | |
| **Defendant.** | : | **JANUARY 3, 2007** |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT**

PROPOUNDING PARTY:      Plaintiff PETER D. MAINS
                        and LORI M. MAINS

RESPONDING PARTY:       Defendant SEA RAY BOATS, INC.

SET NUMBER:             One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs PETER D. MAINS and LORI M. MAINS, (hereinafter collectively referred to as "Plaintiffs") request that Responding Party answer in writing and under oath, this first set of specially prepared interrogatories within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions apply to these Requests for Production of Documents:

(a)      In responding to these discovery requests, you are required to identify in your responses all documents available to you, your employees, your operating divisions, agents, representatives, surveyors, consultants, underwriters, affiliates and attorneys.

(b)    The word "you" as used herein refers to Sea Ray Boats, Inc., its employees, agents, representatives, divisions, parent entities, affiliates, underwriters, attorneys, engineers, surveyors, and accountants, past and present, and each of them.

(c)    The term "Complaint" means the Complaint filed by Plaintiff in this lawsuit on December 21, 2001.

(d)    The term "Vessel" shall mean and refer to the M/Y MAIN SQUEEZE, her engines, masts, anchors, cables, rigging, tackle, apparel, furniture and all necessaries thereto appertaining, a 1998 Sea Ray Sundancer Model 330A, identified by Hull Identification Number SERT3801C898, equipped with two marine engines, and documented under the laws of the United States.

(e)    The term "documents" is used herein in its customary broad sense, and means any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings or computer tapes or disks) of any kind of description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers, books, accounts, letters, models, photographs, drawings, blueprints, engineering drawings, calculations, correspondence, telegrams, cables, telex messages, memoranda, notes, work papers, routing slips, intra and interdepartmental communications, communications to, between, or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings or of other meetings, affidavits, electronic mail, statements, summaries, opinions, court pleadings, studies, analyses, forecasts, evaluations, contracts, agreements, invoices, notebooks, ledgers, journals, books or records of accounts,

summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, warranty cards, warranty records, warranty claims, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expenses accounts, lists, tabulations, charts, graphs, maps, surveys, sounds recordings, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilm, microfiche, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, regardless of their author or origin.

(f)    If you claim that the attorney-client privilege or any other privilege is applicable to any document which is sought by these discovery request, the substance of that document need not be disclosed in your answers to these Requests for Production of Documents, but you shall, with respect to that document:

(1) State the date of the document;

(2) Identify each author of the document;

(3) Identify each other person who prepared or participated in the preparation of the document;

(4) Identify each person who received the document;

(5) Identify each person from whom the document was received;

(6) State the present location of the document and all copies thereof;

(7) Identify each person having custody or control of the document and all copies thereof;

(8) State the subject of the document and such other information as will allow your claim of privilege to be adjudicated;

(g)     As used in these requests, "pertaining to" shall mean constituting, consisting of, relating to, referring to evidencing, supporting, contradicting, reflecting, or resulting from the matter specified; including in each instance documents now or previously attached or appended to or used in the preparation of, any document called for by each request.

(h)     Any writing responsive to any of the following request to produce and which has already been produced in the course of this litigation need not be produced again in accordance with this notice.

(i)     The term "identify," when referring to a natural person, shall mean to state that individual's full name, present or last known work address, home address, telephone number, and job title. When referring to a document as defined at paragraph (e) herein, "identify" shall mean to state the type of document, its title or subject matter, date, author, signatory, every recipient of the document or copy thereof, and the present location of the document and every copy.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

Identify all documents pertaining to the construction, design, structural, or other defects or problems of any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, any and all construction, design, structural or other defects related to the exhaust system, including but not limited to the exhaust risers, exhaust hoses, exhaust

4

pipes, manifolds, through hull exhaust trunks, and salt water or cooling water ingestion and contamination of the installed marine engines.

INTERROGATORY NO. 2:

Identify all documents pertaining to the construction, design, structural, or other defects or problems of any MerCruiser V6 or V8 marine engine designed for inboard installation on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, any and all construction, design, structural or other defects related to the exhaust system, including but not limited to the exhaust risers, exhaust hoses, exhaust pipes, manifolds, through hull exhaust trunks, and salt water or cooling water ingestion and contamination of the installed marine engines.

INTERROGATORY NO. 3:

Identify all documents pertaining to the design, design specifications, construction, installation, layout or manufacturer of any exhaust system intended for use on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, documents pertaining to the design, installation, operation, or evaluation of the exhaust risers, exhaust hoses, exhaust pipes, manifolds, through hull exhaust trunks, and raw water or cooling water systems.

INTERROGATORY NO. 4:

Identify all documents pertaining to the design, design specifications, construction, installation, layout or manufacturer of any exhaust system intended for use with MerCruiser V6 or V8 marine engines designed for inboard installation on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to,

documents pertaining to the exhaust risers, exhaust hoses, exhaust pipes, manifolds, through hull exhaust trunks, and raw water or cooling water systems.

INTERROGATORY NO. 5:

Identify all documents pertaining to the installation of any MerCruiser V6 or V8 marine engine on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, service bulletins or directives, exhaust system installation directions, procedures or practices, directions intended for the installation of exhaust elbows or exhaust elbow riser kits, factory manuals or dealer installation manuals.

INTERROGATORY NO. 6:

Identify all documents pertaining to the design, design specifications, construction, installation, layout or manufacturer of any exhaust system intended for use with MerCruiser V6 or V8 marine engines designed for inboard installation on board any recreational marine vessel since 1981, including, but not limited to, documents pertaining to the exhaust risers, exhaust hoses, exhaust pipes, manifolds, through hull exhaust trunks, and raw water or cooling water systems.

INTERROGATORY NO. 7:

Identify all documents related to the recommended drop (continuous downward slope from the horizontal) of the exhaust hoses or pipes installed on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, documents pertaining to maximum or minimum exhaust riser height for exhaust systems installed on board such vessels.

INTERROGATORY NO. 8:

Identify all documents related to the recommended drop (continuous downward slope from the horizontal) of the exhaust hoses or pipes intended for use with MerCruiser V6 or V8 marine engines designed for inboard installation on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, documents pertaining to maximum or minimum exhaust riser height, recommended practices or guidelines related to maximum or minimum exhaust riser height.

INTERROGATORY NO. 9:

Identify all documents related to the ingestion of salt or cooling water into marine engines installed on board any Sea Ray Sundancer or Sun Sport motor yacht manufactured by you, including, but not limited to, documents which relate or refer to the design, design specifications, construction or installation of the exhaust system, including but not limited to, the exhaust risers, hoses, pipes, trunks, bellows or the propensity of salt water intrusion or ingestion through any of these sources.

INTERROGATORY NO. 10:

Identify all documents, including, but not limited to, MerCruiser Dealer Service Bulletins or Sea Ray Dealer Service Bulletins (whether designated for warranty or service purposes) related to the prevention, or propensity, of ingestion of salt or cooling water into MerCruiser V6 or V8 engines installed on board any Sea Ray Sundancer or Sun Sport motor yacht, including, but not limited to, the design, design specifications, construction, installation or manufacturer of the exhaust risers, exhaust hoses or pipes, bellows, elbow trough kits, internal shutters or external flappers.

INTERROGATORY NO. 11:

Identify all documents pertaining to any warranty claims or work performed, including but not limited to, any work orders, invoices, repair specifications, service bulletins, service directives, recalls, or service advisories, where a claim was related to the ingestion of salt or cooling water through the exhaust system on any Sea Ray Sundancer or Sun Sport motor yacht or where a warranty claim was denied on any basis due to salt water ingestion or intrusion.

INTERROGATORY NO. 12:

Identify all documents pertaining to any warranty claims or work performed, including, but not limited to, any work orders, invoices, repair specifications, service bulletins, service directives, recalls, or service advisories, where a claim was related to the ingestion of salt or cooling water through the exhaust system on any MerCruiser V6 or V8 engine installed on board any Sea Ray vessel or where a warranty claim was denied on any basis due to salt water ingestion or intrusion.

INTERROGATORY NO. 13:

Identify all documents sufficient to disclose the identity of all owners of any Sea Ray Sundancer or Sun Sport motor yacht who initiated a warranty claim or commenced civil litigation related to the ingestion or intrusion of salt or cooling water through the exhaust system.

INTERROGATORY NO. 14:

Identify all documents sufficient to disclose the identity of all owners of any Sea Ray vessel on which a MerCruiser V6 or V8 engine is/was installed who initiated a

warranty claim or commenced civil litigation related to the ingestion or intrusion of salt or cooling water through the exhaust system.

INTERROGATORY NO. 15:

Identify all documents that constitute, refer or relate to any communications between you and any owner of the Vessel, including, but not limited to, all documents that constitute, refer or relate to any communications between you and Peter D. Mains or Lori M. Mains, their agents or attorneys.

INTERROGATORY NO. 16:

Identify all documents that refer or relate to the Vessel, including, but not limited to, all surveys, inspection reports, assessor reports or appraisals, including, but not limited to, any measurements of the drop (continuous downward slope from the horizontal) of the attendant exhaust system.

INTERROGATORY NO. 17:

Identify all documents pertaining to the design specifications, construction, manufacture or operation of the Vessel, including, but not limited to, any repair or warranty work done to or requested for the Vessel.

INTERROGATORY NO. 18:

Identify all documents pertaining to the design specifications, construction, manufacture or installation of the marine engines and exhaust system on board the Vessel.

INTERROGATORY NO. 19:

Identify all documents pertaining to whether the Vessel was not built, manufactured or constructed to design specifications, including, but not limited to, any

modifications that may have occurred subsequent to the initial commissioning of the Vessel.

INTERROGATORY NO. 20:

Identify all documents that constitute or refer or relate to any communication between you and any engine manufacturer pertaining to the installation of any exhaust system on board any Sea Ray Sundancer or Sun Sport motor yacht since 1984.

INTERROGATORY NO. 21:

Identify all documents that constitute or refer or relate to any communication between you and any engine manufacturer pertaining to the installation of any exhaust system intended for use with MerCruiser V6 or V8 engines installed on board any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 22:

Identify all documents that constitute, refer or relate to any complaints made by any owner of a Sea Ray Sundancer or Sun Sport motor yacht referring or relating to the ingestion of sea or cooling water through the exhaust system.

INTERROGATOR NO. 23:

Identify all documents that constitute, refer or relate to any complaints made by any owner of any Sea Ray vessel in which a MerCruiser V6 or V8 engine is/was installed referring or relating to the ingestion of sea or cooling water through the exhaust system.

INTERROGATORY NO. 24:

Identify all documents that refer or relate to any modifications made to the exhaust systems fitted to any Sea Ray Sundancer or Sun Sport motor yacht, including

but not limited to design specifications, equipment modifications, installation recommendations or after market exhaust systems.

INTERROGATORY NO. 25:

Identify all documents that refer or relate to any modifications made to the exhaust systems fitted to any MerCruiser V6 or V8 engine installed on board any Sea Ray vessel, including but not limited to design specifications, equipment modifications, installation recommendations or after market exhaust systems.

INTERROGATORY NO. 26:

Identify all persons who are employed by you, including all agents, consultants, naval architects, marine surveyors, and engineers with responsibility for the design specifications, design, engineering, installation or manufacture of the exhaust system of all V6 or V8 marine engines installed on board any Sea Ray vessel, including, but not limited to, supervising engineers, design engineers, project managers, platform managers, and supervising naval architects.

INTERROGATORY NO. 27:

Any documents that refer to or relate to any complaints made by any owner of a Sea Ray Sundancer or Sun Sport motor yacht referring or relating to the ingestion of sea or cooling water through the exhaust system or any raw or cooling water system.

INTERROGATORY NO. 28:

Any documents that refer to or relate to any complaints made by any owner of a any Sea Ray vessel on board which a MerCruiser V6 or V8 engine is/was installed referring or relating to the ingestion of sea or cooling water through the exhaust system or any raw or cooling water system.

INTERROGATORY NO. 29:

Identify all documents pertaining to an analysis, survey or review of warranty claims made that refer or relate to any complaints regarding the ingestion of sea or cooling water into marine engines installed on board any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 30:

Identify all documents pertaining to an analysis, survey or review of warranty claims made that refer or relate to any complaints regarding the ingestion of sea or cooling water through an exhaust system attached to a MerCruiser V6 or V8 marine engine installed on board any Sea Ray vessel.

INTERROGATORY NO. 31:

Identify all documents produced pursuant to any discovery request in any litigation occurring within the last five years pertaining to the ingestion or intrusion of salt water through exhaust systems installed on board vessels built by you.

INTERROGATORY NO. 32:

Identify all documents produced pursuant to any discovery request in any litigation occurring within the last five years pertaining to the ingestion or intrusion of salt water into MerCruiser engines through the intake manifold, bellows, exhaust hoses, exhaust pipes, carburetor, or exhaust system.

INTERROGATORY NO. 33:

Identify the number of claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to the ingestion or

intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system of MerCruiser V6 or V8 marine engines installed on board any Sea Ray Vessel.

INTERROGATORY NO. 34:

Identify the number of claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to the ingestion or intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system on board any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 35:

Identify the person(s) responsible for assessing, analyzing or processing claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to the ingestion or intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system of MerCruiser V6 or V8 marine engines installed on board any Sea Ray vessel.

INTERROGATORY NO. 36:

Identify the person(s) responsible for assessing, analyzing or processing claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to the ingestion or intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system of any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 37:

Identify the vessel owners who presented claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to

the ingestion or intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system of any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 38:

Identify the vessel owners who presented claims, including, but not limited to, warranty claims, consumer litigation actions, and claims that were denied, pertaining to the ingestion or intrusion of salt water through the intake manifold, bellows, carburetor, or exhaust system of MerCruiser V6 or V8 marine engines installed on board any Sea Ray vessel.

INTERROGATORY NO. 39:

Identify all documents, including, but not limited to, industry standards and practices, American Yacht and Boat Council Recommended Standards and Practices, Society of Naval Architects and Marine Engineers Guidelines that you relied upon, considered, reviewed or were aware of when creating the design specifications, designing, installing or manufacturing the intake manifold, bellows, exhaust risers, or exhaust system of MerCruiser V6 or V8 marine engines installed on board any Sea Ray vessel.

INTERROGATORY NO. 40:

Identify all documents, including, but not limited to, industry standards and practices, American Yacht and Boat Council Recommended Standards and Practices, Society of Naval Architects and Marine Engineers Guidelines that you relied upon, considered, reviewed or were aware of when creating the design specifications, designing, installing or manufacturing the intake manifold, bellows, exhaust risers, or exhaust system of any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 41:

Identify the maximum and minimum recommended drop (continuous downward slope from the horizontal) of the exhaust hoses or pipes intended for use with MerCruiser V6 or V8 marine engines installed on board any Sea Ray vessel.

INTERROGATORY NO. 42:

Identify the maximum and minimum recommended drop (continuous downward slope from the horizontal) of the exhaust hoses or pipes intended for use with marine engine exhaust systems on board any Sea Ray Sundancer or Sun Sport motor yacht.

INTERROGATORY NO. 43:

Identify the entity or entities responsible for the manufacture of the Vessel, including, but not limited to, the entity or the entities responsible for the installation of the marine engines and exhaust system on board the Vessel.

> THE PLAINTIFFS
> PETER D. MAINS and
> LORI M. MAINS
>
> /s/ John L. Senning
> ct05807
> The Essex Law Group
> 18 Saybrook Road,
> Essex, CT 06426
> Phone: (860) 767-2618
> Fax:    (860) 767-2740
> Email: jlssealaw@aol.com
> Their Attorney

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and | : | CASE NO. 301 CV 2402 (AWT) |
| LORI M. MAINS | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | JANUARY 3, 2007 |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

PROPOUNDING PARTY:          Plaintiff PETER D. MAINS
                                                  and LORI M. MAINS

RESPONDING PARTY:           Defendant SEA RAY BOATS, INC.

SET NUMBER:                       One

Plaintiffs PETER D. MAINS and LORI M. MAINS, (hereinafter collectively referred to as "Plaintiffs"), hereby request that Defendant Sea Ray Boats, Inc., respond to these Requests for Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions and instructions apply to these Requests for Admissions:

(a)     The word "you" as used herein refers to Sea Ray Boats, Inc., your employees, agents, representatives, affiliates, underwriters, attorneys, engineers, surveyors, and accountants, past and present, and each of them.

1

(b)    The term "Complaint" means the Complaint filed by Plaintiff in this lawsuit on December 21, 2001.

(c)    The term "Vessel" shall mean and refer to the M/Y MAIN SQUEEZE, her engines, masts, anchors, cables, rigging, tackle, apparel, furniture and all necessaries thereto appertaining, a 1998 Sea Ray 330 DA motor yacht, identified by Hull Identification Number SERT3801C898, equipped with two marine engines, and documented under the laws of the United States..

## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

The original of the documents produced by YOU in this action, are genuine.


THE PLAINTIFFS
PETER D. MAINS and
LORI M. MAINS

/s/ John L. Senning
ct05807
The Essex Law Group
18 Saybrook Road,
Essex, CT 06426
Phone: (860) 767-2618
Fax:    (860) 767-2740
Email: jlssealaw@aol.com
Their Attorney

2

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **PETER D. MAINS and** | : | **CASE NO. 301 CV 2402 (AWT)** |
| **LORI M. MAINS** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| | : | |
| **SEA RAY BOATS, INC.** | : | |
| | : | |
| **Defendant.** | : | **JANUARY 3, 2007** |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

PROPOUNDING PARTY:        Plaintiff PETER D. MAINS
and LORI M. MAINS

RESPONDING PARTY:        Defendant SEA RAY BOATS, INC.

SET NUMBER:        Two

Plaintiffs PETER D. MAINS and LORI M. MAINS (hereinafter collectively referred to as "Plaintiffs"), propound the following Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that responding party respond in writing and under oath, to the following requests, and produce the following documents and other tangible things within thirty (30) days of the service of these requests at the offices of Plaintiff's counsel of record.

In responding and producing documents pursuant to this Demand, Responding Party is required to furnish all information and writings in the possession of its agents, employees, attorneys or representatives and all other persons acting on its behalf and at its request, and not only such documents as are in its immediate possession.

Any comment or notation appearing on any document requested herein which is not a part of the original text and any draft or preliminary form of any document

1

requested herein is to be considered a separate document and is to be separately produced.

If any document falling within a category of documents identified in this Demand is withheld on any basis, such as a claim of privilege or work product, Responding Party is to identify each document by providing the following information:

1. Its nature and brief description of its subject matter;

2. Its title and any date appearing hereon;

3. The date it was prepared;

4. The identities of all persons (other than clerical personnel) responsible for its preparation.

5. The identities of all persons who signed it;

6. The number of pages;

7. The name, employer and position of each addressee or recipient hereof; and

8. The name and address of the present (or last known) custodian hereof.

The identification must be sufficient to enable the document to be identified in any subsequent motion which may be brought to compel its production or challenge the assertion of any such privilege.

Further, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Responding Party is further requested, and required, to submit within thirty (30) days after service of this demand, a separate written response, subscribed by Responding Party under oath, identifying the documents and tangible things within Responding Party's possession, custody, or control. The identified documents or tangible things shall bear the same number, and be in the same sequence as the responding category in the Demand, and shall be accompanied by a separate statement. A representation of inability to comply requires an affirmation that a diligent search and a reasonable inquiry has been made, and must specify the reason for inability to comply, and the name and addresses of any person believed to have possession or control of that item or category of item. An

2

objection to compliance requires identification of the objectionable item with particularity, and the specific grounds for the objection, including the particular nature of any privilege invoked. The attorney for Responding Party shall sign any responses that contain an objection.

Failure to timely respond, absent written confirmation of an extension, may result in a waiver of objections and a motion to compel with sanctions.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to these Requests for Production of Documents:

(a)    In responding to these discovery requests, you are required to include in your responses all documents available to you, your employees, your operating divisions, agents, representatives, surveyors, consultants, underwriters, affiliates and attorneys.

(b)    The word "you" as used herein refers to Sea Ray Boats, Inc., your employees, agents, representatives, affiliates, underwriters, attorneys, engineers, surveyors, and accountants, past and present, and each of them.

(c)    The term "Complaint" means the Complaint filed by Plaintiff in this lawsuit on December 21, 2001.

(d)    The term "Vessel" shall mean and refer to the M/Y MAIN SQUEEZE, her engines, masts, anchors, cables, rigging, tackle, apparel, furniture and all necessaries thereto appertaining, a 1998 Sea Ray Model 330DA, identified by Hull Identification Number SERT3801C898, equipped with two marine engines, and documented under the laws of the United States.

3

(e)    The phrase "Water Ingestion Team" shall mean those individuals designated by Sea Ray Boats and Mercury Marine to deal with the issue of water ingestion prior to the distribution of Sea Ray InfoGram No. 02-07.

(f)    The term "documents" is used herein in its customary broad sense, and means any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings or computer tapes or disks) of any kind of description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers, books, accounts, letters, models, photographs, drawings, blueprints, engineering drawings, calculations, correspondence, telegrams, cables, telex messages, memoranda, notes, work papers, routing slips, intra and interdepartmental communications, communications to, between, or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings or of other meetings, affidavits, electronic mail, statements, summaries, opinions, court pleadings, studies, analyses, forecasts, evaluations, contracts, agreements, invoices, notebooks, ledgers, journals, books or records of accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, warranty cards, warranty records, warranty claims, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expenses accounts, lists, tabulations, charts, graphs, maps, surveys, sounds recordings, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilm,

microfiche, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, regardless of their author or origin.

(g)    If you claim that the attorney-client privilege or any other privilege is applicable to any document which is sought by these discovery request, the substance of that document need not be disclosed in your answers to these Requests for Production of Documents, but you shall, with respect to that document:

(1) State the date of the document;

(2) Identify each author of the document;

(3) Identify each other person who prepared or participated in the preparation of the document;

(4) Identify each person who received the document;

(5) Identify each person from whom the document was received;

(6) State the present location of the document and all copies thereof;

(7) Identify each person having custody or control of the document and all copies thereof;

(8) State the subject of the document and such other information as will allow your claim of privilege to be adjudicated;

(h)    As used in these requests, "pertaining to" shall mean constituting, consisting of, relating to, referring to evidencing, supporting, contradicting, reflecting, or resulting from the matter specified; including in each instance documents now or previously attached or appended to or used in the preparation of, any document called for by each request.

5

(i)     Any writing responsive to any of the following request to produce and which has already been produced in the course of this litigation need not be produced again in accordance with this notice.

(j)     The term "identify," when referring to a natural person, shall mean to state that individual's full name, present or last known work address, home address, telephone number, and job title.  When referring to a document as defined at paragraph (e) herein, "identify" shall mean to state the type of document, its title or subject matter, date, author, signatory, every recipient of the document or copy thereof, and the present location of the document and every copy.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 1:

All documents relating to the "extensive investigation and testing" of the exhaust configuration on vessels equipped with inboard engines as discussed in Sea Ray InfoGram No. 02-07 including, but not limited to, test results, internal memoranda, engineering evaluations, and electronic communications.

REQUEST FOR PRODUCTION NO. 2:

All documents relating to the "numerous reports of water ingestion in salt water applications" as described in Sea Ray InfoGram No. 02-07.

REQUEST FOR PRODUCTION NO. 3:

All documents pertaining to the role of the collector style exhaust system in water ingestion incidents for inboard engine applications on vessels manufactured by Sea Ray.

6

REQUEST FOR PRODUCTION NO. 4:

All documents related to the decision to include more detailed instructions and specifications on the Engine Exhaust Layout (gas) Drawing No. 07-711 (SR 000116).

REQUEST FOR PRODUCTION NO. 5:

All documents that refer or relate to communications between members of the water ingestion team related to the issue of water ingestion in inboard engine applications on vessels manufactured by Sea Ray.

REQUEST FOR PRODUCTION NO. 6:

All documents that relate to the contents of Diagram "1A" contained in Sea Ray InfoGram No. 02-07, including, but not limited to, the basis for the minimum angles contained therein for use with the collector style exhaust system.

REQUEST FOR PRODUCTION NO. 7:

All documents that refer or relate to the decision to include 1999 to 2001 model year boats in the program referred to in Sea Ray InfoGram No. 02-07.

REQUEST FOR PRODUCTION NO. 8:

All documents that constitute, refer or relate to any communications between you and MerCruiser regarding water ingestion.

THE PLAINTIFFS
PETER D. MAINS and
LORI M. MAINS
/s/ John L. Senning
ct05807
The Essex Law Group
18 Saybrook Road,
Essex, CT 06426
Phone: (860) 767-2618
Fax:    (860) 767-2740
Email: jlssealaw@aol.com
Their Attorney

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PETER D. MAINS and : CASE NO. 301 CV 2402 (AWT)
LORI M. MAINS :
 :
            Plaintiffs, :
 :
vs. :
 :
SEA RAY BOATS, INC. :
 :
            Defendants. : DECEMBER 23, 2002

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT SEA RAY BOATS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Peter D. Mains and Lori M. Mains, request that Defendant Sea Ray Boats, Inc. answer the following interrogatories separately and fully in writing under oath within thirty (30) days. The Plaintiffs refer Defendant to the definitions contained in Local Rule 39, which are incorporated herein by reference.

1.     Please state your full name, including any maiden and/or married names, aliases, or nicknames; dates of birth; home and business addresses for the past 10 years; social security number; and driver's license number.

RESPONSE:

2.      Identify all personnel of the Defendant and/or its agents who came to have any knowledge or information concerning the 1998 33' Sea Ray Model 330 DA Power boat Hull Identification Number SERT3801C898 (the "subject boat") prior to the order of same by the Plaintiffs and, for each person identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

3.      Identify all personnel of the Defendant and/or its agents, who have come to have any knowledge or information concerning the condition of the subject boat subsequent to the ordering of same by the Plaintiffs and, for each person identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

-2-

4.    Identify all persons who have come to have any knowledge or information concerning structural problems including, but not limited to, hull lamination / delamination and hull core moisture or saturation issues pertaining to the hull of the subject boat and, for each person identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

5.    Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and /or its agents to repair or remedy the subject boat's engines and /or exhaust systems and / or other mechanical features relating to its use or operation and for each person identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

6.    Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with other Sea Ray Boats of the same or similar

model as the subject boat identified in the Complaint and, for each person identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

7.    Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with engines, and/or exhaust systems of the same model as originally installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

8.    Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any engine exhaust system resonance problems with engines, and/or exhaust systems of the same model as subsequently installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

9.      Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any water ingestion and/or moisture ingestion and/or engine internal condensation problems with engines of the same model and/or exhaust systems of the same design or manufacture originally installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

10.      Identify all persons who have come to have any knowledge or information concerning efforts by or on behalf of the Defendant and/or its agents to repair or remedy any water ingestion and/or moisture ingestion and/or engine internal condensation problems with engines of the same model and/or exhaust systems of the same design or manufacture subsequently installed in the subject boat identified in the Complaint and, for each person so identified, describe the nature and subject matter of such information or knowledge.

RESPONSE:

11.     With respect to any person identified above in response to Interrogatories 6 - 10 who is or was a retail purchaser of a Sea Ray boat or a consumer who purchased a Sea Ray boat, identify the year, model and H.I.N. of the boat, the nature of the problem allegedly or reportedly encountered and stating for each such problem:

a)      The date the particular problem was first discovered or determined by the retail purchaser or consumer; if known;

b)      the date it was first brought to the attention of the Defendant and/or its agents;

c)      how it was brought to the attention of the Defendant or its agents, including the identity of the person to whom it was reported;

d)      whether or not the item was repaired and/or the problem resolved;

e)      whether or not the item was under warranty at the time it was reported;

f)      when and how it was resolved and/or repaired, including the identity of the person, persons or entity who performed such repairs or accomplished such resolution;

g)      if it was not resolved and/or repaired, why not and the identity of the person who was responsible for making any decision with respect thereto;

h)      an itemized list of all costs and expenses incurred as a result of making such repair and/or resolution.

-6-

RESPONSE:

.

12.    To the extent not already identified above, identify all consumer complaints, law

suits or arbitration proceedings made, asserted or brought against the Defendant since 1996 with

respect to any of the following topics pertaining to Sea Ray boats:

a)    hull laminate problems;

b)    hull core moisture saturation problems;

c)    engine exhaust resonance problems;

d)    engine exhaust system problems other than exhaust resonance;

e)    engine internal moisture ingestion problems other than manifold problems;

f)    engine internal water ingestion problems;

g)    engine hydro locking problems;

h)    engine manifold moisture / condensation problems

i)    engine manifold problems resulting from water ingestion

j)    hull and/or deck structural problems

RESPONSE:

13.    With respect to each consumer complaint, lawsuit, or arbitration proceeding identified above in Interrogatory 12, state in detail for each, the result or outcome of same.

RESPONSE:

14.     State the full factual basis for any claim or claims made by the Defendant alleging that the

Plaintiffs and/or their agents were or are in any way responsible for the defects, deficiencies or

otherwise conditions of the subject boat for which complaint is made against the Defendant.

RESPONSE:

15.     Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners

regarding problems experienced with engine failures due to water ingestion and/or exhaust

system design or type.

RESPONSE:

16.     Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners

regarding problems experienced with Baltek core water / moisture saturation in Sea Ray boats

constructed since 1996.

RESPONSE:

17.    Identify any recall notices issued by the Defendant or its agents to Sea Ray boat owners

regarding insufficient core materials in cockpit floor areas of Sea Ray boats constructed since

1996.

RESPONSE:

THE PLAINTIFFS
Peter D. Mains
Lori M. Mains

By _____
John L. Senning of
Senning & Rieder
16 Saybrook Road
Essex, CT  06426
Federal Bar #ct05807
Their Attorneys

-10-

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that, on this date, a copy of the foregoing was mailed by first class mail, postage prepaid, to:

Maxwell Branson, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Dated:  December  23, 2002

John L. Senning

**STATE OF TENNESSEE** )
: 
**COUNTY OF KNOX** )


W. Allen McDonald, being first duly sworn, on oath deposes and says that he is the Assistant General Counsel for the Sea Ray Boats, Inc., Defendant; that he has read the foregoing Sea Ray's Objections and Answers to Plaintiff's First Set of Interrogatories and knows the contents thereof; that said responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the corporation upon which he has relied; that the responses set forth h erein, s ubject t o i nadvertent o r u ndiscovered errors, a re b ased o n a nd t herefore n ecessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the responses; that consequently the Sea Ray Boats, Inc. reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein the said responses are true to the best of his information and belief.



_W. All. GM Donald_
W. Allen McDonald
Assistant General Counsel



Subscribed and sworn to before me this
the _14_ day of _March_, 2003.

_Anna Sbill_
Notary Public in and for Knox County, Tennessee

My Commission Expires: _3/4/05_

# EXHIBIT F

# DAY PITNEY LLP

JAMES H. ROTONDO
Attorney at Law
T: (860) 275 0197
E: JHRotondo@DayPitney.com

January 8, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

John L. Senning, Esq.
The Essex Law Group
16 Saybrook Road
Essex, CT 06426

     Re:    Mains v. Sea Ray

Dear Attorney Senning:

     We are writing to request that you withdraw all of the discovery requests that you sent by e-mail on the afternoon of January 3, 2007. For the reasons set forth below, all of that discovery is untimely and is otherwise improper. If you do not withdraw all of your discovery requests by Friday, January 12, 2007, we will move for a protective order and will seek to recover all costs that Sea Ray incurs associated with moving for a protective order and any other response to that discovery.

     First, the Court's order of November 3, 2006, granted plaintiffs sixty days "in which to conduct the limited discovery the plaintiffs' counsel described during oral argument." Order, Nov. 3, 2006 ("Order") at 7 (emphasis added). Plaintiffs' discovery requests were not served within that sixty-day period. Although you represented to the Court that you would conduct discovery on an expedited basis, you waited until 4:27 p.m. on January 3, 2007, sixty-one days after the date of the Order, to send those discovery requests by e-mail. Accordingly, all of those discovery requests are untimely.

     Second, Sea Ray has not consented in writing to accept service of discovery electronically, and therefore plaintiffs have not effected service of the discovery upon Sea Ray.

     Third, even if they had been served sixty days after the Court's Order, those discovery requests would still have been untimely. After noting that there was no reason for which you could not have sought the information you claimed to need from third parties during the two months prior to the hearing (to say nothing of the ten and a half weeks between the hearing on your Motion to Compel and the Court's Order), the Court granted you sixty days in which to "conduct" – not serve – the limited discovery permitted by the Order. Order at 7. This is

City Place I  Hartford, CT  06103
T: (860) 275 0100  F: (860) 275 0343  W: DayPitney.com

NEW YORK  NEW JERSEY  CONNECTICUT  BOSTON  WASHINGTON, DC

# DAY PITNEY LLP

John L. Senning, Esq.
January 8, 2007
Page 2

consistent with the standard practice that discovery deadlines indicate the period in which discovery must be completed, not propounded.  See Form 26(f) (V)(F)(2).  Discovery requests filed on the last day of a discovery period are not timely because they do not permit time for a response.  This is particularly significant in this case, because you served the discovery requests in question a full week after the Court ordered the parties to submit the Joint Trial Memorandum on January 29, 2007.  Sea Ray's objections or responses would not be due until after that date.

Since the Court allowed an additional discovery period of sixty days to conduct limited discovery, plaintiffs could have served any otherwise proper discovery requests more than thirty days before the end of that period, so that Sea Ray would have at least the thirty-day period of time for its response provided by Rules 33 (b)(3), 34 (b), and 36 (a).  Despite your representation to the Court that you would perform any such discovery "on an expedited basis," you elected not to do so.

Fourth, in addition to being untimely, this discovery is outside of the scope of the Order.  The Order permits only "the limited discovery the plaintiff's counsel described during oral argument."  Order at 7.  The scope of the discovery permitted is therefore limited to – at most – the identities of experts in other lawsuits brought against Sea Ray since 1996 involving Sea Ray boats of models 310DA, 330DA, 340DA, 330EC, 340AJ, and 370EC, and that concern claims relating to alleged exhaust resonance, engine water ingestion, or hull core moisture problems, and discovery provided in those other cases.  Id. at 6-7.

Your Requests for Production and Request to Admit are not even arguably within the scope of the Court's Order.  We note further that, although you have captioned them your "Second Set of Requests for Production," these Requests for Production are in fact the first set of such Requests that you have served.  See Order at 3.

Only two of the forty-three Interrogatories attached to you e-mail of January 3 are even arguably within the scope of the Court's order.  Moreover, that entire set of Interrogatories is defective for the additional reason that the Federal Rules of Civil Procedure permit a party to serve no more than a total of twenty-five Interrogatories "including all discrete subparts."  Fed. R. Civ. P. 33 (a).  As noted above, you have submitted a total of forty-three interrogatories on January 3, 2007.  The twenty-five interrogatory limit includes the Interrogatories that you served on or about December 23, 2002.  We note that your earlier set of Interrogatories, including all discrete subparts, numbered more than twenty-five.  Accordingly, we object to responding to your second set of Interrogatories on this additional basis as well.

Fifth, these discovery requests are also objectionable on numerous other grounds, including, but not limited to, the fact that each of these Interrogatories and Requests for Production is unduly broad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Furthermore, many of the Interrogatories sent on

## DAY PITNEY LLP

John L. Senning, Esq.
January 8, 2007
Page 3

January 3, 2007, seek information that was also sought in your prior Interrogatories. Sea Ray interposed objections and otherwise responded to those prior Interrogatories. To the extent that you moved to compel a further response to those prior Interrogatories, your motion was denied, except that Sea Ray was required to submit an affidavit concerning its record keeping practices, including any records keeping requirements imposed on Sea Ray by the American Society for Quality. To the extent that you did not move to compel a further response to those prior Interrogatories, any additional Interrogatories seeking information that you previously requested constitute an improper attempt to circumvent the Court's deadline for the filing of any Motion to Compel.

Please confirm no later than January 12, 2007, that you will withdraw all of the discovery requests attached to your e-mail of January 3, 2007.

Very truly yours,

James H Rotondo

James H. Rotondo

cc:    Daniel J. Foster (via e-mail)