UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PETER D. MAINS and** | : CASE NO. 301 CV 2402 (AWT) |
| **LORI M. MAINS** | : |
| | : |
| **Plaintiffs,** | : |
| vs. | : |
| | : |
| **SEA RAY BOATS, INC.** | : |
| | : |
| **Defendant.** | : FEBRUARY 7, 2007 |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR PROTECTIVE ORDER AND FOR SANTIONS

The Plaintiffs Peter D. Mains and Lori M. Mains respectfully submit this Memorandum of Law in opposition to the Defendants Motion for Protective Order dated January 17, 2007 in which the Defendant, Sea Ray Division of Brunswick Corporation (designated in the Complaint as "Sea Ray Boats, Inc.") (herein after referred to as "Sea Ray") objected to certain discovery requested by Plaintiffs served on Defendant's counsel on January 3, 2007. The basis of Defendant Sea Ray's motion seeking an order of the Court that the discovery requested by Plaintiffs not be allowed was its contention that: the new discovery requests were improper; the discovery requests exceeded the limited scope of additional discovery permitted by this Court pursuant to its Order dated November 3, 2006; the Interrogatories served were impermissibly numerous; the discovery was untimely; and that "service" of the discovery was improper.

For the reasons set forth below, the Plaintiffs respectfully contend that the matter and need for the discovery sought by their interrogatories, production requests and request for

ORAL ARGUMENT REQUESTED

admission as served on the Defendant did not exceed the scope of the additional discovery permitted by the Court by its ruling and Order of November 3, 2006; that the number of Interrogatories served inadvertently exceeded the number permitted pursuant to F.R.C.P. Rule 33(a), and by written notice to Defendant's counsel the number of same has been reduced to twenty-five (25); that the discovery as served was not untimely; and that service of the discovery as made was not improper.

I.  INTRODUCTION

On September 20, 2006, the Court heard oral argument on the Plaintiffs' Motion to Compel originally dated June 30, 2006 and subsequently refiled substantially the same Motion to Compel dated August 3, 2006. Prior to the hearing on the Plaintiffs' Motion to Compel, on August 23, 2006 the Defendant's served with Plaintiffs' Supplemental Responses which purported to identify four (4) lawsuits against Sea Ray which involved substantially the same issues regarding water intrusion in certain Sea Ray boats.

At the hearing before the Court on September 20, 2006 on the Plaintiffs' Motion to Compel, Plaintiffs' counsel conceded that by reason of such disclosure on the part of the Defendant, that portion of the Plaintiffs' Motion to Compel seeking the disclosure and identification of any other such legal action was essentially moot. However, Plaintiffs' counsel argued that by reason of the expiration of the previously set discovery period on May 30, 2004, the Defendants ultimate disclosure of such legal actions more than two (2) years later, after expressly denying the existence of same in Defendants previous discovery responses, essentially

rendered such disclosure meaningless without a further opportunity to conduct new discovery with respect to same. Accordingly, Plaintiffs' counsel requested that the Plaintiffs be given time in which to conduct additional investigation and/or discovery relating to experts disclosed and discovery produced in the four other law suits only recently disclosed by the Defendant. In the course of oral argument Plaintiffs' counsel indicated that, if the Court saw fit to grant the motion as sought, the further investigation and discovery would be conducted on an expedited basis so that if the Plaintiffs were unable to obtain such information as requested from the attorneys representing the plaintiffs in those actions, they then would seek same from Sea Ray. See. Tr. (Sept. 20, 2006) at p. 40. Plaintiffs' counsel further noted to the Court that the Plaintiffs might be unable to obtain the information Plaintiffs would be seeking from the lawyers for the plaintiffs in the other cases if they or their clients were subject to confidentially agreements. Id. At 38:23-39:2. Although Defendants' counsel was present during the Plaintiffs' counsel's discourse regarding the possible adverse impact on any such investigation and discovery efforts by reason of confidentially/nondisclosure agreements, no mention was made by Defendant's counsel that such agreements were standard procedure for Sea Ray in all such cases and by reason of same any efforts on the part of the Plaintiffs in this case to obtain such information and discovery from the lawyers and/or parties in any of the other cases would essentially be fruitless.

Subsequent to the Court's hearing on the Plaintiffs' Motion \to Compel on September 20, 2006, and before the Courts ruling and Order on November 3, 2006, Plaintiffs' counsel renewed efforts to contact lawyers involved in the other cases finally disclosed by Sea Ray in late August,

2006 and attempted to initiate further contacts regarding the possibility of obtaining information and discovery materials. However, without any indication of the Courts ultimate ruling on the pending Motion to Compel and whether any such discovery would even be permitted by the Court, such efforts were necessarily limited.

Subsequent to the Courts ruling and Order on November 3, 2006 further efforts were undertaken to pursue such contacts. Of the lawyers representing the Plaintiffs in the four (4) cases disclosed by the Defendants, including those to whom a copy of the Courts ruling and Order was provided and who were even willing to consider responding to requests for or questions regarding information and discovery obtained, any such responses were extremely slow in coming, usually only after repeated efforts and universally advising that such requests would need to be further reviewed and considered at some length by both the attorney and the client before responding.

With the intervention of the Thanksgiving, Christmas and New Year holidays all within the sixty (60) day period, the effective business days actually available for pursuance during that period amounted approximately thirty-five (35) days.

Although every effort was made to impress upon all parties contacted the time extingencies involved by reason of the Court imposed 60 day period, the responses to repeated requests for even mere confirmation of a willingness to consider the releasing and providing of any information or the barest of discovery production were universally of a vague and uncertain nature. This was so even to the extent that Plaintiffs' counsel was unable to determine from

anyone the exact nature of any legal restriction or impediment alluded to only generally by all respondents as the reason for not responding.

As a result of the apparent "road bocks" Sea Ray seemed to have imposed on all of the plaintiffs and/or their counsel in the other Sea Ray cases with whom the Plaintiffs' counsel in this case was able to confer, it became evident after more than a few weeks of effort that no substantial information or discovery materials would be able to be obtained or be forthcoming from any of the plaintiffs or their lawyers involved in the cases ultimately disclosed by Sea Ray.

Under such circumstances, with the possible need to have to seek such discovery from Sea Ray directly having been brought up in oral argument on Plaintiffs' Motion to Compel, and without any prohibition or prescriptions having been set forth in the Courts ruling and Order of November 3, 2006, with respect to pursuing discovery against Sea Ray, Plaintiffs had no other course of action available by which to seek such discovery other than Sea Ray directly. While such further Interrogatories, Requests for Production and Requests for Admission, were in preparation well before the Christmas Holiday, they were withheld from finalization and service during that period in the hope that some information and discovery production might yet be forthcoming from at least one of the plaintiffs of plaintiffs' attorneys involved in the disclosed cases. When no such information or materials were received before the New Year holiday, Plaintiffs' counsel had no alternative but to seek such information and discovery as would have been sought elsewhere, from Sea Ray instead.

II. ARGUMENT

    1. <u>Plaintiffs January 3, 2007 Discovery Requests Do Not Constitute An Improper Attempt to Circumvent the Courts Denial of their Motion to Compel.</u>

The Defendant's attempt to link the discovery requests of January 3, 2007 with the Plaintiffs' First set of Interrogatories dated December 23, 2002 is disingenuous at best. The Defendants ultimate responses, answers and objections to those Interrogatories were accepted by the Plaintiffs in good faith as being accurate, complete and true, when in fact the Defendant had reason to know at that time, or at least subsequent thereto, that they were not and failed to correct or otherwise supplement its responses until more than two (2) years after the close of discovery.

In the Court's ruling and Order of November 3, 2006, while the Court denied the Plaintiffs' Motion to Compel a further response to Interrogatory 12 of Plaintiffs' First Set of Interrogatories as moot, it granted the Plaintiffs' Motion to Compel a further response to Interrogatories 6-11 by ordering Sea Ray to submit a sworn statement affirming that it was not subject to any record keeping requirements regarding consumer complaints by reason of its membership in or certification by the American Society for Quality. The Defendant was ordered to submit that sworn statement within ten (10) days of the November 3, 2006 date of the Court Order, but failed to do so until November 17, 2006.

The Defendant failed to timely comply with the Courts Order of November 3, 2006 and essentially blocked any possibility of the Plaintiffs success in obtaining information and discovery materials with respect to the other four (4) "water ingestion" cases against Sea Ray by reason of the Defendants well known practice of securing "confidentially/nondisclosure

agreements" from Plaintiffs and their lawyers in those cases. As a result, the Plaintiffs herein had no alternative but to seek such information from the Defendant as it expressly indicated it might have to in the September 20, 2006 explanation to the Court of its intended scope of discovery and course of action. Id. At 40:14-17

Having failed to timely comply with the Courts Order of November 3, 2006 and having, sub rosa, blocked and impeded the ability of the Plaintiffs to obtain any information or discovery materials from the plaintiffs in any of the other four (4) "water intrusion" related cases against it, the Defendant should not now be permitted to deny the Plaintiffs the only other avenue of access to obtaining the information and discovery materials the Court authorized them to seek.

B.  Plaintiffs' January 3, 2007 Discovery Requests are Not Outside of The Limited Scope of Additional Discovery Permitted by the Courts Order of November 5, 2006

Pursuant to the Courts Order of November 3, 2006 the Court permitted the Plaintiffs to conduct "… the limited discovery of the Plaintiffs' counsel described during oral argument." Order at 7. The scope of such discovery as described by Plaintiffs' counsel during oral argument was both general and specific in nature and included the opportunity to not only learn the identifies of the experts in the other cases finally disclosed and identified by Sea Ray, but also to be able to talk to the lawyers involved in those cases, to get information from those lawyers regarding those cases and to benefit from their work product with respect to those cases. Id. At 38:8-14

Having essentially been denied the opportunity to obtain any such discovery information from the plaintiffs or their lawyers in any of the four (4) identified cases, by reason of some unidentified proscription imposed upon them by the Defendant, the Plaintiffs herein should be entitled to seek such information from the Defendant directly, just as it was indicated during oral argument on September 20, 2006 that Plaintiffs might have to do in the event that the Defendants imposed some form of confidentially agreement. Id. At 38:8-14  In such event, such discovery would necessarily involve obtaining essentially the same information and discovery materials as would have been requested of the plaintiffs and their lawyers involved in the other identified cases.  The fact that the Plaintiffs' Second Set of Interrogatories seek only, for the most part, the identification of certain items, documents, etc. and not their production at this time was intended to limit the extent of response required of the Defendant and leave to the Plaintiffs to determine which of the identified items would be significant enough to merit its production.

As a result of the Plaintiffs further investigation efforts since September, 2006 the Plaintiffs' Second Set of Interrogatories, as now propounded, are substantially different and significantly narrower in scope and more specific in nearly all aspects than Plaintiffs' First Set of Interrogatories.  The Interrogatories now at issue have narrowed the models of Sea Ray boats in question to only two (2) specific models, i.e. the Sundancer and Sun Sport models.  The Interrogatories have similarly narrowed the types of engines in question which were installed in Sea Ray boats to two (2) specific types, i.e. MerCruiser V6 and MerCruiser V8 engines installed in the two models of Sea Ray boats.  Consequently, contrary to the Defendant's assertions, the

Interrogatories now propounded are far from being broad and over reaching, but rather are significantly narrower and more specific than Plaintiffs' previous Interrogatories. More importantly, the information being sought by same from Sea Ray is exactly what Plaintiffs would have sought from the plaintiffs and/or their attorneys in the four (4) identified legal actions but for the inability to obtain same solely due to the restrictions imposed upon them by the Defendant herein. Having imposed such stringent restrictions upon the plaintiffs and the attorneys involved in the other four (4) actions so as to prevent the Plaintiffs herein from being able to obtain such information, the Defendant should not be permitted to deny the Plaintiffs from obtaining the same information from it.

C.  Plaintiffs have Reduced the Number of Interrogatories

In order to comply with the limitations on the number of Interrogatories to be served pursuant to F.R.C.P. 33(2) the Plaintiffs have advised the Defendants counsel in writing that the number of Interrogatories deemed to have been propounded by the Interrogatores served on the Defendant shall be considered reduced to twenty-five (25) by the withdrawal of Interrogatories Nos. 3, 4, 6, 7, 9, 11, 13, 15, 16, 17, 18, 20, 22, 24, 27, 29, 37 & 41. A copy of that written notification is attached hereto as Exhibit A.

D.  Plaintiffs' January 3, 2007 Discovery Request Were Not Untimely

1.  The Courts ruling and Order of November 3, 2006 provided the Plaintiffs' 60 days from the date of that ruling and Order in which "to conduct the limited discovery which Plaintiffs' counsel described during "oral argument." Order at 7. The Plaintiffs' reading and

interpretation of the computation of the period of time prescribed pursuant to F.R.C.P. 6 (a) ran from the date following the date of the ruling and Order and ended on January 3, 2007 not on January 2, 2007 due to the closure of the Courts and federal systems on January 2, 2007 in recognition of the death of President Gerald Ford. The paralegal for the Plaintiffs' counsel handling the filing of Court papers and pleadings and the service of pleadings and discovery therefore interpretated the expiration of the period as being extended to January 3, 2007 when the Court Clerk was unable to be contacted regarding the computation period on January 2, 2007 and Plaintiffs' counsel was unavailable while returning from out of state travel. The confluence of legal holidays during the Christmas and New Year periods as well as the closing of the Court system contributed to any inaccurately as to the expiration date of the 60 day period and, if determined to have been January 2, 2007 instead of January 3, 2007 as believed, would constitute excusable neglect or mistake under the circumstances.

    2.  <u>Discovery Served on the Last Day in which to Conduct Discovery is Not Untimely.</u>

The Defendant contents that the Plaintiffs' discovery requests served on the last day of a discovery period were not timely. The Order of the Court issued in November 3, 2006 provided a prescribed period in which to conduct such additional discovery as permitted thereby. The Order did not make any provision regarding a time period in which to "serve" any discovery requests. If the Defendant's contention was to be accepted, it would mean that any discovery permitted by the November 3, 2006 Order of the Court would have to have been served by December 3, 2006 in order to have any responses made before the expiration of the

thirty (30) day response period and the expiration of the sixty (60) day period prescribed by the Courts Order.

The Defendant contends that pursuant to Fed. R. Civ. P 33 (b)(3) & 34 (b) requests for Interrogatories and Requests for Production must be served at least thirty (30) days prior to the completion of the discovery deadline. While the Plaintiffs do not dispute the application of that Rule in the normal course of discovery proceedings, its application in the context of a discovery period of only 60 days would effectively cut the period in half for any determination by the Plaintiff as to whether such discovery of the Defendant was or would be necessary.

Within the effective working period between November 6, 2006 and December 3, 2006 substantially reduced it was not possible for the Plaintiffs to determine to any meaningful degree the extent of response that might be forthcoming from the efforts to contact and obtain discovery information from the plaintiffs or the plaintiffs attorneys in the cases finally identified by the Defendant. Although contacts and communications had been made by that date and well beforehand, the extent of any response and/or the lack thereof could not have possibly been determined by the Plaintiffs to the degree that the need to serve such discovery requests, as ultimately determined to be necessary, could have been made by as early as December 3, 2006 – the date the Defendant contends should have been the last date of service in this instance.

While the Defendant has cited various cases and annotations in support of its contention, it is submitted that those authorities only have relevance to the expiration of extended regular discovery periods and not such periods as prescribed in limited discovery period such as that in

the instant case. Furthermore, the Plaintiffs need to pursue discovery in this instance against the Defendant was largely, if not solely, due to the Defendant's own undertakings in obliging other plaintiffs and their attorneys to be bounded to nondisclosure agreements which the Defendant knew or should have known on September 20, 2006 would severely impact, if not totally impede, the Plaintiffs' ability to obtain the information and discovery material the Defendant knew Plaintiffs would be seeking.

        3.     <u>Plaintiffs Efforts to Seek Additional Discovery Were Not Untimely</u>

As the record clearly reflects, the Plaintiffs requested information regarding any other legal actions or arbitrations proceedings involving similar defects or deficiencies against the Defendant in the Plaintiffs First Set of Interrogatories. However, the Defendant failed to disclose, acknowledge or identify any such proceedings until more than two and one-half (2-1/2) years after the close of discovery and until after the Plaintiffs were forced to file a Motion to Compel on June 30, 2006. The Defendant finally identified such legal actions on or about August 23, 2006 less than 30 days before the September 20, 2006 hearing on Plaintiffs Motion to Compel.

While Plaintiffs initiated efforts to locate and ascertain the plaintiffs and their attorneys in those cases subsequent to August 23, 2006, the little information provided by the Defendant and the shortness of the effective working period during that time did not permit the undertaking of any substantial factual investigation until after the September 20, 2006 hearing. The lack of responsiveness on the part of the attorneys for the plaintiffs in those instances where contact was

able to be made as summarized above, made it extremely difficult, if not impossible, to anticipate the degree to which any responses to such requests would be provided, if at all.

The efforts of the Defendant to impede the ability of the Plaintiffs to obtain meaningful discovery as a result of the Defendants delay of over 2-1/2 years in disclosing the existence of other cases similar to the Plaintiffs and the Defendants requirement of non-disclosure/confidentially agreements thereby prohibiting the disclosure or the providing of any information about such cases, is the sole reason why Plaintiffs are in the position of having to now seek discovery directly from the Defendant. Such conduct on the part of the Defendant can not and should not be shifted to the Plaintiffs in the form of an allegation of "untimeliness". If the Plaintiffs had had the correct and accurate responses to their initial interrogatories and had the existence of the other similar cases been made known then (more than two years ago), the Plaintiffs would not have had need to seek the intervention of this Court by way of the Motion to Compel or the propounding of these additional Interrogatories Requests for Production and Request for Admission at this time.

    4.    <u>Plaintiffs Requested Discovery Would Not Result in any Unwarranted Delay of the Joint Trial Memorandum</u>

The Courts granting of the 60 day period in which to conduct additional discovery must inherently have anticipated that the conducting of such discovery might result in additional evidence or materials being required to be produced. If a Joint Trial Memorandum were to be prepared at any point, it is certainly possible and often contemplated that the same might be supplemented or amended to allow for the addition or deletion of evidence or matters

contained therein. The Courts Order of December 26, 2006 regarding the submission of a Joint Trial Memorandum had no bearing on the Plaintiffs' timing of their further discovery requests. As indicated above, the need for additional interrogatories and production requests was beginning to be anticipated earlier in December, 2006 when the lack of any substantive response from any of the named attorneys involved in the other identified cases was beginning to become increasingly apparent.

    E.    <u>Plaintiffs' January 3, 2007 Discovery Requests Were Effectively Served Upon Sea Ray.</u>

The Plaintiffs' counsel and Paralegal staff were of the belief that all aspects of electronic service applied to this case. Due to the time constraints of the expiration of the 60 day period, effort was made to place the Defendant in receipt of the Discovery Requests as expeditiously as possible. Had the Plaintiff elected to transmit them by regular first class mail via the U.S. Postal Service on January 2, 2006, due to the closure of all federal offices that day it is doubtful that the discovery requests would have been received by the Defendant until January 4 or 5, 2007 and which would likely have been claimed by the Defendant to contribute further evidence of untimeliness. As such, the Defendant received the Discovery Requests sooner than had they been mailed on January 2, 2007 or even as early as December 29, 2007 due to the intervention of the New Year holiday. The copy of the discovery requests photocopied and then scanned in the computer had a Certificate of Service annexed to it as required by Fed. R. Civ. P. 5(d) and L.R. Civ. P 5 (b) and no reason is known as to why it did not transmit, if in fact it did not.

CONCLUSION

The Plaintiff would have been provided with adequate time in which to conduct discovery in this case had the Defendant's responses to the Plaintiffs' First Set of Interrogatories been full, complete and accurate when provided more than two (2) years ago. The Plaintiffs' relied on the Defendant's responses in good faith as being true, accurate and complete. The Defendant had an on going duty pursuant to Fed R. Civ. P. 26 (e) to supplement same. Despite repeated inquiries by Plaintiffs' counsel of Defendant's counsel over the ensuing months and years as to the continued accuracy of same, the Defendant failed and otherwise neglected to either correct its initial responses or supplement them notwithstanding Plaintiffs' counsels specific and repeated both oral and written requests that Defendant abide by the continuing obligation to supplement such discovery responses.

As the Defendant failed and refused to make any Supplemental Disclosure regarding the existence and identification of four (4) other similar lawsuits crucially relevant to this instant case until August 23, 2006, the Plaintiffs can hardly be taken to task for their inability to pursue any discovery with respect to same until their existence was finally made known. Then, once existence was finally disclosed and the Plaintiffs were permitted a 60 day period in which to pursue certain discovery with respect to same, any such meaningful efforts were "road blocked" and impeded by virtue of such plaintiffs and their attorneys apparently being bound to nondisclosure/confidentially agreements of some undisclosed nature, so that no meaningful discussion of any facts or legal aspects of the cases or the obtaining of any discovery materials or

information could be had regardless of the efforts able to be undertaken by the Plaintiffs herein during the 60 day period of before hand. It is for those reasons, and those reasons <u>only,</u> that the Plaintiffs' present discovery requests were required to be pursued directly as to Defendant Sea Ray.

For the reasons set forth above and as affirmed in the affidavit in support of this Memorandum in Opposition, the Plaintiffs respectfully request that this Court deny the Defendants Motion for A Protective Order and for any order pursuant to Rule 26(c)(1) for costs pertaining to same.

          **THE PLAINTIFFS**
          **PETER D. MAINS and**
          **LORI M. MAINS**

          <u>s/ John L. Senning</u>
          John L. Senning
          ct05807
          The Essex Law Group
          18 Saybrook Road,
          Essex, CT  06426
          Phone:  (860) 767-2618
          Fax:  (860)767-2740
          Email:  <u>jlssealaw@aol.com</u>
          Their Attorney