UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and<br>LORI M. MAINS | : | CASE NO.: 301 CV 2402 (AWT) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| SEA RAY BOATS, INC. | : | FEBRUARY 7, 2007 |
| | : | |
| Defendant. | | |

STATE OF CONNECTICUT )
                     .ss:   ESSEX
COUNTY OF MIDDLESEX )

**AFFIDAVIT OF JOHN L. SENNING IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

**I, JOHN L. SENNING,** being duly sworn, do depose and say:

1. I am over the age of eighteen years and understand the obligation of an oath.

2. I am the attorney for the Plaintiffs, Peter D. Mains and Lori M. Mains in this action.

3. I make this Affidavit based upon my personal knowledge, my review of the documents provided by the Plaintiffs and the Defendant in this case and the investigative efforts undertaken on behalf of the Plaintiffs both prior to and subsequent to this Courts Order and ruling dated November 3, 2006 with respect to the Plaintiffs' Motion to Compel.

4. On September 20, 2006 the Court heard oral argument on the Plaintiffs' Motion to Compel dated June 20, 2006 and refiled and redated August 3, 2006.

5. Subsequent to the September 20, 2006 and prior to the Courts' November 3, 2006 ruling and Order with respect to same efforts were undertaken to locate and contact the plaintiffs and/or the attorneys for the plaintiffs in the four (4) legal actions against the Defendant involving similar defects and deficiencies in Sea Ray boats.

6. These four cases were only identified by the Defendant by way of Supplemental Responses dated August 23, 2006 served in response to the Plaintiffs' First Set of Interrogatories dated March 21, 2003, more than three and one-half (3-1/2) years before.

7. The Defendant's Supplemental Responses dated August 23, 2006 were not served until more than two months after Plaintiffs' filing of its June 30, 2006 Motion to Compel.

8. The efforts under taken subsequent to September 20, 2006 and renewed after the Courts November 3, 2006 ruling and Order authorizing further limited discovery involved efforts to locate the plaintiffs and/or the attorneys for the plaintiffs in the four (4) legal actions identified by the Defendant as well as efforts to identify and locate experts used by the plaintiffs in those cases.

9. The efforts undertaken in regard to the above were universally met with reluctance or delayed responses, no responses or refusals to discuss the cases at all.

10. The extent and nature of any response to inquires made on behalf of the Plaintiffs were not enhanced or improved even when a copy of this Courts ruling and Order of November 3, 2006 was provided to the party contacted.

11.   While no respondent would or was willing to disclose the exact nature of the reason for the refusal to respond and/or to provide any disclosure regarding experts used or discovery obtained in a particular case, the inference was that the plaintiffs and their attorneys in those cases were prohibited for making any disclosures or conducting any discussions regarding same due to restrictions imposed by the Defendant Sea Ray by way of nondisclosure agreements and/or confidentially agreements.

12.   In a number of instances repeated contacts were made with respondents indicating that the request for information regarding experts and discovery production would have to be cleared with other counsel and/or clients and that no time frame for accomplishing same would be provided.

13.   With the intervention of the Thanksgiving, Christmas and New Years holidays and attendant reduction in actual business work days, the effective business work days between November 3 and the expiration of the 60 day period provided for in the Courts November 3, 2006 Order was reduced to nearly one-half.

14.   In anticipation that the efforts to obtain some information regarding experts and discovery regarding any of the four (4) cases identified by the Defendant might fail to yield any meaningful information of benefit to the Plaintiffs in the instant case, efforts were undertaken prior to December 22, 2006 to develop a further discovery requests which might have to be served upon the Defendant as a consequence of same.

15.   Efforts to obtain some form of information regarding experts and discovery production regarding the other legal actions disclosed by the Defendant continued to be made

and the possibility of receiving something of benefit from one or two sources before the expiration of the 60 day period supported the Plaintiffs' decision not to serve such discovery requests on the Defendant until it was virtually certain that nothing in that regard would be forthcoming.

16. The Plaintiffs' Second Set of Interrogatories as drafted are substantially narrower and more specific than the Plaintiffs First Set of Interrogatories as a result of the Plaintiffs' ability to focus the inquiry on two (2) specific models of problematic Sea Ray boats as well as two specific types of marine engines installed in same, which Plaintiffs were able to identify as a result of further investigative efforts during the period since September 20, 2006.

17. The information sought in the Plaintiffs' Second Set of Interrogatories now propounded to the Defendant seek essentially the same information as was sought to be obtained from the plaintiffs and/or plaintiffs' attorneys in the four (4) cases identified by the Defendant and, but for the prohibition against any such disclosure as imposed by the Defendant itself, would likely have readily been obtainable by the Plaintiffs herein within a reasonable period of time.

18. The efforts now undertaken to seek such information, directly from the Defendant are in no way intended, directly or indirectly, to circumvent the denial of any aspect to the Plaintiffs' prior Motion to Compel; but rather have been in furtherance of that positions portion of the Motion which was granted. The transcript of the September 20, 2006 hearing on said Motion clearly reflects the Plaintiffs' expressed intention to seek such information form the Defendant should it not be able to be otherwise obtained from the plaintiffs or their attorneys

involved in the four (4) other cases finally identified by the Defendant. Had the Defendant not imposed such apparent non-disclosure/confidentially restrictions upon such plaintiffs and their attorneys or had the Defendant authorized them to release such information in this instance, the Interrogatories now at issue would not have been necessary.

19. Under the circumstances presented by virtue of the restrictions on disclosure imposed by the Defendant, the Plaintiffs were necessarily required and had just cause to serve the Defendant with Interrogatories seeking the same information and disclosure as was sought in the course of the efforts pursued after November 3, 2006.

20. The Plaintiffs propounding of more than the number of Interrogatories prescribed pursuant to Fed. R. Civ. P. 33 (a) was inadvertent and unintentional as that limitation was oversighted in the final preparation of same. The Plaintiffs have reduced the number of Interrogatories to twenty-five (25) by giving notice by the Defendant of the specific withdrawal of certain Interrogatories to reduce same to conform to Fed. R. Civ. P. 33 (a)'s prescriptions.

21. The computation of the expiration of the 60 day period permitted by the Court in its November 3, 2006 Order was ultimately determined to be January 2, 2007. However, with the Courts closure that date and the mistaken assumption on the part of Plaintiffs' counsel's Paralegal that the Interrogatories were to be filed via the electronic filing system rather than by direct email and/or the U.S. Postal Service resulted in the date of January 3, 2007 being believed to be the expiration date.

22. As a result of the ultimate email transmittal of the Plaintiffs' discovery requests directly to the Defendant, the Defendant was placed in receipt of same at least a day or two days

earlier than had the Interrogatories been placed in the U.S. Mail at any time between December 30, 2006 and January 2, 2007 due to the absence of mail service and delivery during the New Year holiday period and the closure of federal offices and services on January 2, 2007. As a result, the Defendant was not prejudiced by the date of receipt of service and any delay beyond January 2, 2007 was inadvertent and unintended by Plaintiffs.

23. The preparation and finalization of the Interrogatories, Request for Production and Request for Admissions included a Certification of Service and the reason for its failure to be received by the Defendant as part of the service is unknown.

24. Paper copies of the Second Set of Interrogatories, Request for Production and Request for Admission have been or will be mailed by First Class Mail to the Defendant.

Signed and dated this February 7, 2007.

/s/ John L. Senning
John L. Senning

Subscribed and
Sworn to before me this
7th day of January, 2007

S/ Susan N. Sinnott
Susan N. Sinnott
Notary Public
My Commission Expires: 06/30/2010