UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | FEBRUARY 19, 2007 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO FOR PROTECTIVE ORDER AND FOR SANCTIONS**

Defendant, Sea Ray Division of Brunswick Corporation (improperly designated in the

Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray"), respectfully submits this Reply to the

Plaintiffs' Memorandum of Law in Opposition to Sea Ray's Motion for Protective Order and for

Sanctions dated January 17, 2007.   A careful reading of the Plaintiffs' opposition demonstrates

that their claims have absolutely no merit, that they failed to serve the discovery in a timely

fashion, and that they have no one to blame but themselves for failing to comply with this

Court's orders. Accordingly, Sea Ray's Motion for Protective Order should be granted and costs

assessed against the Plaintiffs.

**I.    The Plaintiffs Are Responsible for Their Own Failure to Comply with the Order**

The Plaintiffs' Opposition consists primarily of an effort to blame Sea Ray for the

Plaintiffs' own failure to comply with the reasonable limitations imposed by the Court's Order

of November 3, 2006 ("Order").  At the hearing on their Motion to Compel, the Plaintiffs

expressly represented to the Court that they would conduct discovery promptly and without

delay.  See Tr. (Sept. 20, 2006) at 40:14-15 (representing that any discovery efforts would be

made "*on an expedited basis*")(emphasis added); see also id. at 45:1-4 ("So, as soon as I can get

the Court's permission, if the Court . . . sees fit to grant it, we will *diligently*, *and without any*

*lapse of time*, pursue those recourses.")(emphasis added). The Plaintiffs alone are responsible for their failure to do so.

    A.    <u>Non-Disclosure Agreements in Other Cases Do Not Justify the Plaintiffs' Failure to Comply with the Court's Order</u>

Plaintiffs' attempt to blame non-disclosure agreements in the four other cases for their own failure to serve discovery in accordance with the Court's Order is wildly disingenuous. First, Plaintiffs are speculating that the reason that the other plaintiffs and their counsel have not cooperated with them was because of these non-disclosure agreements.[1] Based on that speculation, Plaintiffs then indignantly accuse Sea Ray of setting up "road blocks" after November 3, 2006 to prevent them from conducting discovery. <u>Opp'n</u> at 5 (emphasis added).[2]

The Plaintiffs asserted that such nondisclosure agreements were in place at the time of the hearing on their Motion to Compel. <u>See, e.g.</u>, Tr. at 37:12-16 (" . . . I was hearing things about other cases, but you couldn't get any information about them very well from other people, because Sea Ray had gotten half of the other people to sign confidentiality agreements, so they can't even talk to you.").[3] Indeed, Plaintiffs' counsel represented to the Court it was for this very reason that that the Plaintiffs sought permission to serve additional discovery requests on

---

[1] Mr. Senning admits in his affidavit that he merely "infer[red]" that this was the reason for which counsel from those other cases provided only limited cooperation. <u>See</u> <u>Aff.</u> of J. Senning ¶ 11.

[2] <u>See also</u> <u>id.</u> at 12 (asserting that Sea Ray "knew or should have known" at the time of the hearing on their motion to compel that nondisclosure agreements in those other cases "would severely impact, if not totally impede, the Plaintiff's ability to obtain the information and discovery material" that they intended to seek); <u>id.</u> at 15 (asserting that Sea Ray "road blocked" Plaintiffs' discovery efforts by imposing nondisclosure agreements in other cases).

[3] <u>See also</u> <u>id.</u> at 40:18-22 ("I've talked to one lawyer in particular, and he said, 'You know, I might be able to share my work product but,' he said, 'I'm bound by this confidentiality agreement.'"); <u>id.</u> at 44:14-17 ("I have spoken with more than one other counsel, but I'm telling you, these guys probably have one and a half of their arms tied behind them with the confidentiality agreement.")

Sea Ray.[4]  That such agreements were in place was the reason for which the additional sixty-day discovery period was granted.  That same fact therefore does not justify the Plaintiffs' failure to abide by the Court's Order within that period.

As the Court pointed out to counsel at the hearing on their Motion to Compel, there was no impediment to the Plaintiffs' contacting those four other counsel directly at any time.  See Tr. at 38:16-21.  Nonetheless, more than two months after Sea Ray identified both the plaintiffs and the plaintiffs' counsel in the four other cases on August 23, 2006,[5] the Court permitted the Plaintiffs yet another sixty days in which to seek information from those other counsel, or, failing that, from Sea Ray.  Order at 7.  The Plaintiffs have offered no justification for the fact they allegedly took over four months to contact those four counsel and to ascertain whether those counsel would provide information pertaining to those fours cases.

    B.    Sea Ray's Compliance with the Court's Order Was Timely

Plaintiffs accuse Sea Ray of failing to timely comply with that same Order, which also directed Sea Ray to "set forth under oath a description of its consumer complaints record keeping including specifically any record keeping requirements resulting from/ attendant to its certification by ASQ" within ten days of the Order.  Opp'n at 6-7; Order at 5.  Plaintiffs' accusation is both false and irrelevant.  Sea Ray's November 17, 2006, compliance with the Court's Order was timely under the plain language of Rule 6 (a).  Fed. R. Civ. P. 6 (a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.")

---

[4] See id. at 44: 18-22 ("So, unless we have access directly, to those records, and . . . we're allowed to provide discovery requests directly to Sea Ray, going to the other people may not be a viable solution" due to the nondisclosure agreements).

[5] See Ex. F to Aff. of J. Rotondo, attached to Sea Ray's Opposition to Motion to Compel (Aug. 30, 2006) (identifying plaintiffs and their counsel).

More importantly, the affidavits submitted by Sea Ray concerning its own record keeping practices could not have had any effect on the Plaintiffs' obligation to file discovery in a timely manner. The two topics are completely unrelated.

C.    Sea Ray's Response to Interrogatory 12 Was Accurate and Complete

The Plaintiffs repeatedly assert that Sea Ray's initial response to Interrogatory 12 of their First Set of Interrogatories was not "accurate, complete and true" because that initial response did not identify law suits that had been brought against Sea Ray involving models of boats other than the Plaintiffs' model. See Opp'n at 6; id. at 12. This, too, is both false and irrelevant.

As the Plaintiffs have flatly admitted, both in their Reply to Sea Ray's Opposition to Motion to Compel filed,[6] and at oral argument on their Motion to Compel,[7] they were aware

---

[6] See Sur Reply to Defendant's Opposition to Motion to Compel at 5-6:

> Throughout the discovery process between December, 2002 and May, 2004 [Sea Ray] consistently maintained that it was only required to respond to discovery pertaining to problems involving Sea Ray model 330DA boats and that discovery regarding other Sea Ray model power boats was inappropriate and/or irrelevant as different models were dissimilar to Plaintiffs' boat. . . .

> In response to . . . Interrogatory 12, Sea Ray objected to same on the basis that it requested information pertaining to all models of Sea Ray boats and that it called for information that was "irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence."

[7] See Tr. (Sept. 20, 2006) at 25:3-16:

> THE COURT:   What is it that Sea Ray didn't tell you?

> MR. SENNING:   They were trying to limit the discovery to 330 DA models, - -

> THE COURT:   Right.

> MR. SENNING:   - - and indicating that anything else was irrelevant, and they
>           didn't - -

> THE COURT:   Yes.

> MR. SENNING:   - -  have to respond to it.

during the discovery period that Sea Ray had limited its initial response to that Interrogatory to boats of model 330DA.  There have been no other suits brought against Sea Ray alleging the pertinent problems that involve model 330DA boats.  <u>See</u> Response to Interrogatory 12; <u>see also</u> <u>Def.'s Opp'n to Mot. to Compel</u> at 4-5.  Accordingly, subject to its objections, Sea Ray's initial response to Interrogatory 12 was indeed full, complete, and accurate.

Moreover, as is made abundantly clear by the Plaintiffs' Motion to Compel, the transcript of the September 20, 2006 hearing, and the Order, the Court was aware that Sea Ray had not identified the other four lawsuits concerning which it permitted discovery until after the Plaintiffs filed their Motion to Compel.  For that reason, the Court permitted the Plaintiffs an additional sixty days to complete certain limited discovery relating to those other suits.  That same fact therefore cannot justify the Plaintiffs' disregard of the limitations imposed by the Court.

## II.      **Plaintiffs' January 3 Discovery Requests Are Not Within The Scope of the Order**

The sole basis for the Plaintiffs' claim that they should be permitted to conduct further fact discovery years after discovery closed in May of 2004 was that Sea Ray identified four other lawsuits relating to different models of Sea Ray boats only after the Plaintiffs filed their Motion to Compel on June 30, 2006.  <u>See</u> Opp'n at 2-3.  Accordingly, the discovery permitted by the Court's Order is explicitly limited to discovery ***about those four other suits***.  <u>See</u> <u>Order</u> at 7 (permitting Plaintiffs to conduct "the limited discovery the plaintiff's counsel described during oral argument."); <u>Tr.</u> at 40:8-12 (confirming that Plaintiffs' counsel was requesting "a list of the

THE COURT:   Right, and they - -

MR. SENNING:   I had no knowledge - -

THE COURT:   They told you that in their response?

MR. SENNING:   Correct.

experts from those cases. . . .  to be able to talk to counsel, and . . . to look at discovery from the other lawsuits"). Any discovery that did not specifically concern those four suits is outside the scope of the Order, because any other discovery could and should have been requested prior to the close of discovery in May of 2004.

The Plaintiffs now claim that, because they were allegedly unable to obtain the information they sought from counsel in those other cases, they are entitled to obtain from Sea Ray any "information and discovery materials [that] ***would have been requested*** of the plaintiffs and their lawyers involved in the other identified cases." Opp'n at 8 (emphasis added).  In other words, the Plaintiffs assert that they are entitled not only to materials actually provided during discovery in those other cases, but also to any other information that the Plaintiffs ***could have requested*** from plaintiffs or counsel in those other cases, regardless of whether those other individuals ever had the information the Plaintiffs now seek, and even if it had nothing to do with those other cases.

In effect, the Plaintiffs claim that the Order permits them to conduct unlimited discovery. The Order does not permit this, and the Plaintiffs are not entitled to reopen discovery in this case merely by asserting that they hoped that those other individuals actually had, and would provide, information that the Plaintiffs could have sought from Sea Ray before the close of discovery.

III.    **Plaintiffs' January 3 Interrogatories Are Still Impermissibly Numerous**

The Plaintiffs claim that, as of February 7, 2007, their Interrogatories dated January 3 are no longer impermissibly numerous, because on that date they withdrew eighteen (18) of those forty-three (43) Interrogatories.  See Fed. R. Civ. P. 33 (a) (limiting parties to twenty-five Interrogatories, "including all discrete subparts").  This action was too little and too late.

The Plaintiffs' reduction to twenty-five new Interrogatories is too little because, as counsel for Sea Ray noted to Plaintiffs' counsel by letter of January 8, 2007, Plaintiffs were

permitted to serve only a <u>total</u> of twenty-five Interrogatories, "including all discrete subparts,"
and including the Interrogatories served by them on or about December 23, 2002. <u>See</u> Ex. F to
<u>Rotondo Aff.</u> at 2.[8] The Plaintiffs' position that they their prior Interrogatories do not count
toward this total of twenty-five would mean that they may serve an unlimited number of
Interrogatories, provided only that those Interrogatories are served in separate batches of twenty-
five. This is contrary to the plain meaning of Rule 33 (a) and defies common sense.

This reduction also comes far too late. Even if the Plaintiffs had been entitled to serve
twenty-five more Interrogatories, which they were not, they failed to identify those twenty-five
until February 7. This was more than a month after the extended discovery period permitted by
the Court's Order had expired, and a full thirty days after counsel for Sea Ray requested in
writing that those Interrogatories be withdrawn on the grounds, inter alia, that they were
impermissibly numerous. Thus, even if the Plaintiffs had been entitled to serve an additional
twenty-five Interrogatories, they failed to do so in a timely manner.

Moreover, the Interrogatories and Requests for Production are wildly outside the scope
of discovery allowed by the Court's Order.

## IV.    <u>Plaintiffs' January 3 Discovery Requests Were Not Timely</u>

The Plaintiffs assert that the discovery period permitted by the Court's Order should be
extended to January 3 because the Court was closed on January 2 in recognition of the death of
President Ford. <u>Opp'n</u> at 10. Closure of the Court, however, would not have prevented <u>service</u>
of discovery requests upon Sea Ray, because those discovery requests would not have been filed
with the Court in any event. Similarly, the fact that "the Court Clerk was unavailable to be

---

[8] A copy of that Affidavit is attached to Sea Ray's <u>Motion for Protective Order and for
Sanctions</u> as Exhibit 1.

contacted regarding the computation period on January 2" is also irrelevant because those discovery requests could have been served on that date without prior consultation with the Clerk.

Indeed, in explaining why their discovery requests did not correspond with the Order, the Plaintiffs admit that they never intended to comply with that sixty-day deadline in the first place:

> The fact that the Plaintiffs' Second Set of Interrogatories seek only, for the most part, identification of certain items, documents, etc. and not their production at this time was intended to limit the extent of response required of the Defendant and leave to the Plaintiffs to determine which of the identified items would be significant enough to merit its production.

Id. at 8.  Thus, the Plaintiffs admit that they intended to serve still more Requests for Production after receiving responses to the discovery that they served on January 3.

Moreover, the Plaintiffs admit that Interrogatories and Requests for Production "must be served at least thirty (30) days prior to the completion of the discovery deadline" to be considered timely.  Opp'n at 11.  The Plaintiffs maintain, however, that this principle does not apply to discovery periods of sixty days.  Id.  The Plaintiffs cite no authority for this claim.

Thus, under the Plaintiffs' reasoning, an Order granting an additional sixty day discovery period actually grants an additional ninety day period.  If the Court had intended to grant the Plaintiffs ninety days in which to conduct further discovery, the Court would have said so.

Finally, the Plaintiffs deny that their e-mailing of discovery requests less than thirty days prior to the deadline for submission of the Joint Trial Memorandum would result in unwarranted delay of the latter, because "[t]he Court[']s granting of the 60 day period in which to conduct additional discovery must inherently have anticipated that . . . such discovery might result in additional evidence or materials being required to be produced." Id. at 13.  In fact, the Court's imposition of that sixty-day deadline required and anticipated that any such production would be made **by January 2**, well in advance of the filing of the Joint Trial Memorandum.

**V.    The Plaintiffs Concede That They Still Have Not Properly Served Their January 3 Discovery Requests**

In his Affidavit of February 7, 2007,[9] Plaintiffs' counsel states that "[p]aper copies of the Second Set of Interrogatories, Request[s] for Production and Request for Admission have been *or will be* mailed by First Class Mail to the Defendant." Aff. of J. Senning ¶ 24 (emphasis added). Even assuming that possible future events – which cannot reflect personal knowledge – are proper subjects for an affidavit, this statement amounts to a concession that the Plaintiffs had failed to properly serve their January 3, 2007 discovery requests at least as of February 7.[10]

**VI.    Conclusion**

For the foregoing reasons, and those set forth in its Motion for Protective Order and for Sanctions, Sea Ray respectfully requests that that Motion be granted in its entirety.

DEFENDANT, SEA RAY BOATS, INC.

By _____/s/ Daniel J. Foster_____
      James H. Rotondo (ct05173)
      jhrotondo@daypitney.com
      Daniel J. Foster (ct24975)
      djfoster@daypitney.com
      Day Pitney LLP
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100
      (860) 275-0343 fax

---

[9] While the Affidavit is dated February 7, 2007, it also purports to have been witnessed by a Notary Public, whose signature and seal do not appear, on January 7, 2007. Because the Affidavit states that it was drafted in response to Sea Ray's Motion, which was filed on January 17, Sea Ray concludes that the Affidavit was "signed" by the affiant on February 7, 2007.

[10] In fact, counsel for Sea Ray still has not been served with copies of the Plaintiffs' January 3 discovery requests.

**<u>CERTIFICATION</u>**

I hereby certify that on this date a copy of foregoing **Reply Memorandum in Further Support of Defendant's Motion for Protective Order and for Sanctions** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel  J. Foster
Daniel J. Foster (ct24975)
