JOINT TRIAL MEMORANDUM – EXHIBIT H

PLAINTIFFS' PARTIAL CONCURRENCE WITH PROPOSED JURY INSTRUCTIONS AND OBJECTIONS THERETO

The Plaintiffs' partially concur with the proposed Jury Instructions set forth by the Defendant in Exhibit G to the Joint Trial Memorandum, with and subject to the following Objections:

**Objection #1.** The Plaintiffs' object to the last sentence of the proposed jury instruction on page 4 regarding "Product Liability" in that it does not expressly include or make reference to a "danger of injury…" to the product itself. Connecticut General Statutes § 52-572m (d) in defining "Harm" expressly provides that" 'Harm' includes damage to property including the product itself…." See, Hurley v. Heart Physicians, P.C., 278 Connecticut General Statutes305, 325, 898 A.2d 777 (2006).

**Objection #2.** The Plaintiffs' object to the last sentence of the Defendant's proposed Jury Instructions on page 6 regarding "Strict Product's Liability: Unreasonably Dangerous Defect" in that the last sentence of the paragraph does not include or make reference to the danger of injury to the product itself. See, Connecticut General Statutes § 52-572m (d); Id.

**Objection #3.** The Plaintiffs' object to the text of the second sentence of the second paragraph, page 9, of the proposed Jury Instructions regarding "HARM CAUSED BY A PRODUCT" in that Plaintiffs' may be awarded damages for a "deficiency" where that "deficiency" causes damage to the product itself. See, Connecticut General Statutes § 52-572m (d); Id.

**Objection #4.** The Plaintiffs' object to the text of the proposed Jury Instructions regarding "NEGLIGENCE", page 11, in that the same fails to set forth the other claims of negligence on the part of the Defendant as set forth in paragraph 58 of Count II of the Complaint with respect to the Defendant:

- Failing to perform a proper inspection of the boat;
- Failing to follow the prevailing standards of the industry in undertaking inspection, repair and refurbishing the boat;
- Failing to properly instruct, warn and inform Plaintiffs' of the repairs and changes made to the boat; and
- Failing to properly secure and safeguard the boat while in its possession.

**Objection #5.** The Plaintiffs' object to the text of the last sentence of the proposed Jury Instructions regarding "REVOCATION OF ACCEPTANCE", page 13, as written and propose instead to add after "…from Sea Ray," on the next to the last line "or an entity acting as an agent for Sea Ray."

The Plaintiffs' request for said additional text and language is based upon the allegation in their Complaint that Surfside 3 was acting as an agent for Sea Ray in the negotiations, representations and sale of the 1998 replacement boat to the Plaintiffs'. See, Complaint, Count III.

**Objection #6.** The Plaintiffs' do not object to the form and content of the proceeding paragraph regarding "substantial change" and the proposed instructions regarding same. However, Plaintiffs' propose the following as an additional instruction regarding substantial change and notice of revocation:

The Plaintiffs' claim that the boat did not go through or undergo any "substantial change" not caused by the product's own defects before they gave notice of revocation. The Plaintiffs' claim that if the boat underwent any substantial change in its condition not caused by the product's own defects any such change was after the time the Plaintiffs' gave notice of revocation. If you find that at the time the Plaintiffs' gave notice of revocation of their acceptance of the boat it had not yet undergone a substantial change in its condition not caused by the product itself, you must find for the Plaintiffs' on their count for revocation of acceptance."

    Respectfully Submitted,

    The Plaintiffs'
    Peter D. Mains and
    Lori M. Mains

    By: _____
        John L. Senning, Esq.
        16 Saybrook Road
        Essex, CT 06426