UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS<br><br>         Plaintiffs,<br>v.<br><br>SEA RAY BOATS, INC.<br><br>         Defendant. | :   CASE NO.  301 CV 2402 (AWT)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   MAY 29, 2007 |

**AFFIDAVIT OF DANIEL J. FOSTER IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE RELATING TO EXHIBIT "A" TO COMPLAINT**

I, Daniel J. Foster, being first duly sworn, depose and say that:

1. I am over eighteen years of age and understand and believe in the obligations of an oath.

2. I am an attorney with Day Pitney LLP, which represents the Defendant in this action.

3. I make this affidavit based on my own personal knowledge and upon review of Day Pitney LLP's files pertaining to this case, which files are maintained by Day Pitney in the ordinary course of its business.

4. The pages attached hereto as Exhibit A are true and accurate copies of pages of the transcript of the deposition of Lori M. Mains, which was taken on August 1, 2003.

_____
Daniel J. Foster

Subscribed and sworn to before me this 29th day of May, 2007.

_____

Notary Public
My Commission Expires:        L. H. BUTTON
                              NOTARY PUBLIC
                              MY COMMISSION EXPIRES MAR. 31, 2009

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * *
                                          *    CASE NO.
PETER D. MAINS and                        *    301 CV 2402 (AWT)
LORI M. MAINS,                            *
          PLAINTIFFS,                     *
                                          *
VS.                                       *
                                          *
SEA RAY BOATS, INC.,                      *
          DEFENDANT.                      *
                                          *
* * * * * * * * * * * * * * *

COPY

---------------------------------------------------
                DEPOSITION OF:  LORI MAINS
---------------------------------------------------

     Taken before Irene A. Janazzo, Registered
Professional Reporter, Lic./Reg. No. 00085, and
Notary Public in and for the State of Connecticut,
pursuant to the Federal Rules of Civil Procedure,
at the offices of Day, Berry & Howard, LLP,
CityPlace I, Hartford, Connecticut, on August 1,
2003, commencing at 10:39 a.m.


            BRANDON SMITH REPORTING SERVICE, LLC
                      44 Capitol Avenue
                     Hartford, CT  06106
                     Tel:  (860) 549-1850
                     Fax:  (860) 549-1537

Mains vs Sea Ray Boats, Inc.

8/1/2003

Lori Mains

Page 75

1  Q  Okay.
2  A  Obviously things changed because of the
3     hydrolocking.
4  Q  This is probably just my own misunderstanding,
5     but I thought that the plan was for you to
6     leave the boat there so that the repairs could
7     be done. Is that not the case?
8  A  I'm not sure on that.
9  Q  In any case, you were at work for the --
10 A  On Monday, June 11th.
11 Q  -- for the June 11th phone call. And you said
12    you took those notes down using shorthand in
13    your office?
14 A  Yes.
15 Q  Can I just see Exhibit 44 for one second. Was
16    that the technique that you used for taking the
17    notes that are in Exhibits 45, 46 and 47?
18 A  Yes.
19 Q  Okay. And for each of those calls, were you in
20    your office at work?
21 A  Yes. I believe I was in my office at work.
22 Q  Exhibit 34, this is a copy of the release dated
23    October 31st, 2000, I think. Is there a reason
24    why you signed that document as opposed to your
25    husband?

Page 76

```
 1    A    I would say yes.  Because I work in an office,
 2         I have access to notary publics.  Peter works
 3         on construction sites.  He doesn't have access
 4         to that without getting into his vehicle and
 5         going to a location with a notary public.  It's
 6         easier for me to do it.
 7    Q    And I take it you discussed the changes that
 8         you made to the document with your husband
 9         before you signed it?
10    A    Yes.
11    Q    And did you think that Sea Ray was trying to
12         trick you in some way with this document -- I
13         take it you think Sea Ray was doing something
14         unfair with this document; is that right?
15    A    My recollection of this document before I made
16         some edits to it was Peter and I had a
17         conference call with Alan McDonald at Sea Ray,
18         and we said, "Our interpretation of this
19         settlement and release is to get us to sign off
20         on your work before we even see the final work
21         product after it's done, and we will have no
22         recourse beyond that," and he said, "No, that's
23         not really what this is saying.  What this
24         really is saying is that you need to be sure
25         you remove all your personal property from the
```

Mains vs Sea Ray Boats, Inc.

8/1/2003                                                              Lori Mains

Page 77

```
1        boat."
2                And I said, "Well, if I find areas on
3        here that I feel need to be edited, I'm going
4        to make the edits and initial them." He said,
5        "Yes, feel free to do that. If there's
6        anything that you've done to it that we are in
7        disagreement with, we'll let you know."
8    Q   Okay. And I take it you didn't consult with
9        anyone at Otis Elevators or, I'm sorry,
10       wherever it was where you were working about
11       this document at the time?
12   A   September of 2001, I was working at Mintz &
13       Hoke, and, again --
14   Q   That's the advertising agency, correct?
15   A   Yes. No one knows of our legal action against
16       Sea Ray except our attorney and Tom Wicander
17       and a few other people, but family and work
18       people have no idea what's happening. So I
19       didn't go over this with anybody at work.
20   Q   Why haven't you told anybody about this
21       lawsuit?
22   A   Human nature is you tell somebody something,
23       and then every time you see that person, the
24       first topic of conversation is, "How are you
25       doing with your lawsuit," and "do you feel you
```

Brandon Smith Reporting Service

1         CERTIFICATE OF REPORTER

2         I, Irene A. Janazzo, a Notary Public duly
3  commissioned and qualified in and for the State of
4  Connecticut, do hereby certify that pursuant to
5  notice, there came before me, on the 1st day of
6  August, 2003, the following named person, to wit:
7  LORI M. MAINS, who was by me duly sworn to testify to
8  the truth and nothing but the truth; that she was
9  thereupon carefully examined upon her oath and her
10 examination reduced to writing under my supervision;
11 that this deposition is a true record of the
12 testimony given by the witness.

13         I further certify that I am neither
14 attorney nor counsel for, nor related to, nor
15 employed by any of the parties to the action in which
16 this deposition is taken and further that I am not a
17 relative or employee of any attorney or counsel
18 employed by the parties hereto, or financially
19 interested in the action.

20         IN WITNESS THEREOF, I have hereunto set my
21 hand and affixed my seal this 11th day of August,
22 2003.

23         *Irene A Janazzo*
24         Irene A. Janazzo, RMR, LSR
           Notary Public, Lic. No. 00085
25 My commission expires: December 31, 2003