UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and | : CASE NO. 301 CV 2402 (AWT) |
| LORI M. MAINS | : |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| SEA RAY BOATS, INC. | : |
| | : |
| Defendant. | : MAY 29, 2007 |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF COMPLAINTS BY OTHER CONSUMERS**

I.   **INTRODUCTION**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this motion in limine to exclude evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by them. In addition, Sea Ray seeks an order of this Court prohibiting plaintiffs' counsel from inquiring regarding these complaints in his examination and cross examination of witnesses.

There is no evidence that any other complaints concern alleged problems that were substantially similar to those complained of by the Plaintiffs. The proposed testimony of Russell Rackcliffe expressly concerns boats of a different model, and different model years, that Plaintiffs' boat. Accordingly, such evidence is irrelevant, or, in the alternative, any minimal relevance that it may have is substantially outweighed by its prejudicial impact. Fed. R. Evid. 402, 403. Moreover, any statement concerning other alleged complaints, other than those allegedly experienced by Mr. Rackcliffe, constitutes inadmissible hearsay. Fed. R. Evid. 802.

Nor is such evidence admissible as evidence that Sea Ray had notice of other consumer complaints at the time that it sold the boat that was subsequently purchased by Plaintiffs. Any claim that Sea Ray's actions relating to the sale or purchase of that boat constituted an unfair practice is barred by the pertinent statute of limitations. Moreover, even if claims relating to the purchase or sale of the boat were not time-barred, evidence of other complaints or alleged problems with Sea Ray boats could not be admissible to show notice of such complaints or problems unless Plaintiffs could establish Sea Ray received notice of any such complaint before the Plaintiffs purchased the boat that is the subject of this action. Plaintiffs cannot make this showing.

## II.    FACTUAL BACKGROUND

On or about May 21, 1998, Plaintiffs purchased a boat manufactured by Sea Ray (the "boat"). Compl. ¶ 5. In their Complaint, the Plaintiffs assert that the boat's engines were damaged because Plaintiffs used an improper procedure to flush the engines. Id. Count 1 ¶¶ 38-47, 51; Count 2 ¶¶ 59-61. In addition, the Plaintiffs allege that the boat is defective and unreasonably dangerous because, inter alia, it was subject to "<u>instantaneous</u> water ingestion with resulting hydro-locking." Id. Count 1 ¶ 60(b)(emphasis added). Plaintiffs have since suggested that this "instantaneous" water ingestion occurs as a result of water entering the engine through its exhaust system. Plaintiffs now seek to introduce evidence of complaints or problems involving other boats manufactured by Sea Ray, including evidence of water ingestion in the engines of other Sea Ray boats.

### III. ARGUMENT

#### A. There is No Evidence That The Other Alleged Complaints were "Substantially Similar" to the Plaintiffs' Claims in this Case

There is no evidence that any other alleged complaints or problems with Sea Ray boats arose under circumstances substantially similar to those complained of by the Plaintiffs. Indeed, Mr. Rackcliffe's alleged problems admittedly concerned boats of a different model, and different model years, than Plaintiffs' boat.

Moreover, water may be present in a boat's engines for many different reasons. See Aff. of David Marlowe (attached hereto as Exhibit 1). There is no evidence that any water ingestion experienced in any other alleged case was caused by improper flushing, by ingestion through the exhaust system, or by other circumstances. Accordingly, evidence of those complaints is irrelevant. Cameron v. Otto Bock Orthopedic Indus., 43 F.3d 14, 16-17 (1st Cir. 1994)("The reports of other incidents would be probative evidence of the existence of a design defect only if the incidents occurred under circumstances substantially similar to those surrounding [the plaintiff's] accident.").

The burden of establishing "substantial similarity" rests squarely on the Plaintiffs. Black v. M & W Gear Co., 269 F.3d 1220, 1227 (10th Cir. 2001)("Before evidence of other accidents is admissible for any purpose . . . the party seeking its admission must show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court."); Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir. 1993)("For [evidence of other incidents] to be admissible, the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar."); Hardy v. Chemetron Corp., 870 F.2d 1007, 1009 (5th Cir. 1989) (upholding trial court's refusal to admit evidence of other incidents because there was a "total lack of evidence on the

crucial question of substantial similarity"); Lewy v. Remington Arms Co., 836 F.2d 1104, 1109 (8th Cir. 1988) (noting that plaintiff's counsel "failed to lay an adequate foundation" to establish that other incidents were substantially similar).

Because Plaintiffs cannot meet this burden of showing that other incidents of which they propose to introduce evidence arose under conditions that are substantially similar to those alleged by the Plaintiffs, that evidence should be excluded.

### B. Evidence of Other Alleged Complaints is Hearsay

With the exception of the proposed testimony of Russell Rackcliffe, the disputed evidence is hearsay at at least one level.[1] That hearsay conforms to no exception to the hearsay rule. See Fed. R. Evid. 802; Cameron v. Otto Bock Orthopedic Indus., 43 F.3d at 16 (reports of other complaints relating to prosthetic devices was hearsay).

Admission of this evidence would deny Sea Ray the opportunity to question the declarants – i.e., the consumers who have made purportedly similar complaints or the individuals who diagnosed any problems – concerning the true circumstances and extent of their alleged problems. For example, in the case of problems purportedly caused by ingestion of water into a boat's engines, Sea Ray would be unable to ascertain through cross-examination what actual evidence of ingestion prompted the complaint, whether any water ingestion that did occur was the result of improper flushing, whether any water was ingested through the boat's exhaust system, whether the engines were properly dewatered after ingestion, etc. In the case of other

---

[1] To the extent that a witness claims to have learned of an alleged complaint or an alleged problem with a Sea Ray Boat from any source other than being directly informed by a person with personal knowledge, the disputed evidence would constitute hearsay at at least two levels. Hearsay within hearsay is admissible only if "each part of the combined statements conforms with an exception to the hearsay rule provided in [the Rules of Evidence]." See Fed. R. Evid. 802, 805.

alleged problems that might be purportedly similar to those complained of by the plaintiffs, Sea Ray would be unable to ascertain the true extent of those problems, if any, whether those problems were merely cosmetic, and whether those problems were the result of normal wear and consistent with a particular boat's age.  In short, if evidence concerning other complaints or other problems with Sea Ray boats were admitted, Sea Ray would suffer all of the prejudice that the hearsay rule is intended to avoid.

      **C.**     **The Disputed Evidence Is Not Admissible as Evidence of Notice to Sea Ray of Other Complaints**

The rule under which Plaintiffs "must present a factual foundation for the court to determine that the other accidents were 'substantially similar' to the accident at issue. . . . applies irrespective of whether the proponent attempts to introduce evidence of other accidents as proof of an alleged design defect, causation, or notice of a defect." Buckman v. Bombardier Corp., 893 F. Supp. at 552 (emphasis added).  Even if Plaintiffs could establish substantial similarity, evidence of Mr. Rackcliffe's alleged boat problems cannot be relevant to any issue of notice to Sea Ray, because Mr. Rackcliffe purportedly purchase his first Sea Ray boat after Plaintiffs purchased the subject vessel in or around May of 1998.  Similarly, Plaintiffs cannot establish that Sea Ray was aware of any other alleged complaints or boat problems before the date of the Plaintiffs' purchase.

### D. The Probative Value of Other Complaints is Substantially Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury

Even where evidence of other incidents or complaints has some relevance, such evidence must still be excluded as unduly prejudicial where the plaintiff cannot establish a substantial similarity:

> Evidence of other accidents is highly prejudicial. Therefore, it is well settled that, before evidence of other accidents can be admitted into evidence, plaintiff must present a factual foundation for the court to determine that the other accidents were "substantially similar" to the accident at issue. . . . This rule applies irrespective of whether the proponent attempts to introduce evidence of other accidents as proof of an alleged design defect, causation, or notice of a defect.

Buckman v. Bombardier Corp., 893 F. Supp. 547, 552 (E.D.N.C. 1995)(citations omitted).

Evidence of other incidents would be substantially more prejudicial than probative in this case because evidence of other complaints is "highly prejudicial," Buckman v. Bombardier Corp., 893 F. Supp. at 552, and Plaintiffs cannot establish substantial similarity.. See, e.g., Nakajima v. General Motors Corp., 857 F. Supp. 100, 103 n.6 (D.D.C. 1994) (probative value outweighed by danger of unfair prejudice, confusion of the issues, and misleading the jury); J.B. Hunt Transport, Inc. v. General Motors Corp., 243 F.3d 441, 445 (8th Cir. 2001) ("'admitting similar-incident evidence . . . threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative'") (quoting Drabick, 997 F.2d at 508). Indeed, "[e]ven when substantial identity of the circumstances is proven . . . the trial judge . . . must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility" of such evidence. McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981).

Admission of evidence of other complaints in this case would result in unfair prejudice to Sea Ray, because the jury may improperly infer from the mere existence of these other

-6-

complaints that Sea Ray is liable, even in the absence of competent proof relating to this case. Moreover, the jury may improperly inflate the amount of damages they award based on the existence of other, unproven claims.  See, e.g., Drabik, 997 F.2d at 509 (admission of evidence of other accidents was reversible error because unfair prejudice created by its admission was "manifest").

## IV.     CONCLUSION

For the reasons stated above, Sea Ray respectfully requests that the Court exclude all evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by them.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.

By ___/s/ Daniel J. Foster___
    James H. Rotondo (ct05173)
    Daniel J. Foster (ct 24975)
    Day Pitney LLP
    CityPlace I
    Hartford, Connecticut  06103-3499
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Its Attorney

## CERTIFICATION

   I hereby certify that on this date a copy of foregoing **Defendant's Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                     /s/ Daniel J. Foster
                    Daniel J. Foster (ct24975)