UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and | : | CASE NO.  301 CV 2402 (AWT) |
| LORI M. MAINS | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | MAY 29, 2007 |

**DEFENDANT'S MOTION IN LIMINE**
**TO PRECLUDE CUMULATIVE EXPERT TESTIMONY**

## I.     INTRODUCTION

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the

Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this motion in limine to

preclude Plaintiffs from introducing the testimony of four different experts on the condition of

the boat that is the subject of this action.  As set forth below, the testimony of four different

experts on the same subject would be cumulative, would cause undue delay and waste of time,

and would be unduly prejudicial.  Accordingly, Sea Ray respectfully submits that, under Fed. R.

Evid. 403, Plaintiffs should be permitted to introduce the testimony of, at most, two of these four

experts.

## II.     FACTUAL BACKGROUND

On or about May 21, 1998, Plaintiffs purchased a boat manufactured by Sea Ray (the

"boat").  Compl. ¶ 5.  Plaintiffs allege that the boat was defective within the meaning of the

Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m et seq., and that the boat was

further damaged as a result of Sea Ray's alleged negligence.  Plaintiffs initially disclosed five

experts to testify as to the condition of the boat.  Subsequently, Plaintiffs indicated to Sea Ray

through counsel that they would not produce the testimony of one of the five experts, David

Pascoe.

Plaintiff's expert Thomas Wicander, has offered opinions concerning the condition of the

boat's engines, and is not the subject of this motion.  All three of the Plaintiffs' other proposed

experts have offered opinions on the condition of the non-mechanical components of the boat. [1]

Plaintiff's expert Thomas P. Greaves, a marine surveyor, has offered opinions as to the

general condition of the boat.  Report of Thomas P. Greaves ("Greaves Report") at 1 (attached

hereto as Ex. 1) ("The survey was conducted for the purpose of ascertaining and reporting upon

the general condition of the vessel and to make recommendations upon the findings."); id. at 1-3

(inspection categories include "GENERAL," TOPSIDES," "BOTTOM," "DECKS,"

"INTYERIOR," "ENGINE," "ELECTRICAL," "FUEL SYTEM," "FIRE EXTINGUISHERS,"

and "VENTILATION").

Plaintiff's expert Anthony Knowles, another marine surveyor, has also offered opinions

as to the boat's general condition, and has not limited his opinions to any particular feature or

features of the boat.  See Report of Anthony Knowles ("Knowles Report") ¶¶ A-X (attached

hereto as Ex. 2).

Plaintiff's expert Bruce Pfund limited his inspection to the boat's composite construction.

See Report of Bruce Pfund at 2 (attached hereto as Ex. 3).  His opinions are cumulative of those

of Mr. Greaves and Mr. Knowles.  See Greaves Report at 1, 2 (inspection included, inter alia,

"TOPSIDES," "BOTTOM," and "DECKS"); Knowles Report ¶¶ A, I (describing "moisture

---

[1] The report of Thomas P. Greaves describes the installation of the engines, but notes that "engines were inspected by yard  mechanic at Pilots Point Marina." Report of Thomas P. Greaves at 3.

content . . . in the foredeck," "voids in the cabin top," and cracks in the hull allegedly resulting from "the stress generated by lifting the boat by the [towing] rings").

III.    **ARGUMENT**

The testimony of two of the three marine surveyors regarding the same subject should be excluded under Fed. R. Evid. 403, because testimony by more than one would be needlessly cumulative and would cause undue delay and waste of time.  See, e.g., In re Air Disaster at Lockerbie Scotland, 37 F.3d 804, 824 (1994)("the trial court . . . may, in its discretion, refuse to entertain expert testimony it thinks unhelpful, cumulative, confusing to the jury, or more prejudicial than probative.")(emphasis added)(citing 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence P 702[02], at 702-18 to -20 (1993)); F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1258 (2d Cir. 1987) (District Court's exclusion of proffered expert testimony was proper because that testimony would have been cumulative).

Plaintiffs are not entitled to present three expert witnesses on the condition of the same parts of the boat.  While they are entitled to present the testimony of a mechanical expert with respect to the Boat's engines as well as the testimony of a another expert with respect to the boat's general condition, there is no justification for permitting the Plaintiffs to introduce the testimony of three experts on the boat's general condition.  Moreover, permitting the Plaintiffs to do so would be unfairly prejudicial, because it may lead the jury to decide contested issues based on the number of witnesses offered.

IV.    **CONCLUSION**

For the foregoing reasons, Sea Ray respectfully requests that the Court preclude Plaintiffs from introducing the testimony more than one of the three marine surveyors identified by them as potential expert witnesses.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.


By    /s/ Daniel J. Foster
        James H. Rotondo (ct05173)
        Daniel J. Foster (ct 24975)
        Day Pitney LLP
        CityPlace I
        Hartford, Connecticut  06103-3499
        Phone: (860) 275 -0100
        Fax: (860) 275-0343
        Its Attorney


## CERTIFICATION

I hereby certify that on this date a copy of foregoing **Defendant's Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel  J. Foster
Daniel J. Foster (ct24975)