UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and | : | CASE NO.  301 CV 2402 (AWT) |
| LORI M. MAINS | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | MAY 29, 2007 |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF SEA RAY'S ALLEGED CONDUCT IN CONNECTION
WITH THE SALE AND PURCHASE OF THE SUBJECT BOAT**

**I.   INTRODUCTION**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this motion in limine to exclude evidence of any alleged misrepresentation or other alleged unfair trade practice that Sea Ray allegedly engaged in prior to December 21, 1998, including any evidence of any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the boat that is the subject of this action (the "Boat").  Any claim that Sea Ray's conduct prior to December 21, 1998, including any conduct relating to the sale or purchase of the Boat, constituted an unfair trade practice is barred by the pertinent statute of limitations. Therefore, any evidence of alleged unfair trade practices before December 21, 1998 are irrelevant and would only serve to confuse the jury.

**II.   FACTUAL BACKGROUND**

Plaintiffs brought this action on December 21, 2001.  See Compl.  According to their Complaint, Plaintiffs purchased the Boat on May 21, 1998 from a dealer known as Surfside 3.

Compl. ¶ 5. In their Complaint, the Plaintiffs allege that Sea Ray committed unfair trade practices by, inter alia, "engaging in immoral, unethical conduct, and/or unscrupulous practices with respect to commitments, assurances and obligations arising out of or relating to the sale and repair of the Boat." Id. Count 4 ¶ 63(b)(emphasis added). In response to an Interrogatory, Plaintiffs state that they were "induced to accept delivery of the subject boat" by, inter alia, a statement by a Sea Ray employee that "[t]he 1998 vessel will be watched over carefully during the manufacturing process." See Ex. G to Affidavit of James H. Rotondo, attached as Ex. 2 to Defendant's Opposition to Motion to Compel , Aug. 30, 2006 (Pls.' Response to Interrogatory 8 (Dec. 20, 2002)).

### III.   ARGUMENT

#### A.   The Plaintiffs' CUTPA Claim is Time-Barred Insofar as it Relates to Sea Ray's Conduct Relating to the Sale or Purchase of the Boat

If Sea Ray engaged in any unfair trade practice, which is expressly denied, the pertinent statute of limitations would preclude recovery for any alleged unfair trade practice committed more than three years before the Plaintiffs filed their complaint in the instant action on December 21, 2001. See Conn. Gen. Stat. § 42-110g (f); Fichera v. Mine Hill Corp., 207 Conn. 204, 541 A.2d 472, 475-76 (1988)(limitations period runs from date of occurrence, not discovery, of alleged unfair trade practice); Avon Meadow Condo. Ass'n v. Bank of Boston Conn., 719 A.2d 66, 73, 50 Conn. App. 688 (1998); petition for review denied, 247 Conn. 946, 723 A.2d 320 (1998)(statute of limitations for CUTPA claims is jurisdictional). Because Plaintiffs cannot recover for an allegedly unfair trade practice that occurred prior to December 21, 1998, any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the Boat in May of 1998 is inadmissible as evidence of a CUTPA violation.

**B.     Sea Ray's Alleged Unfair Trade Practices are Irrelevant to Plaintiffs' Other Causes of Action**

Nor is any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the Boat relevant to Plaintiffs' other causes of action.  Such alleged misconduct is irrelevant to the issue of whether any alleged deficiency in the Boat renders the Boat defective and unreasonably dangerous within the meaning of the Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m et seq.  Nor is Sea Ray's alleged misconduct concerning the sale or purchase of the Boat pertinent to whether Sea Ray was negligent in any of the ways alleged by Plaintiffs' complaint, including allegedly failing to provide updated instructions for flushing of the engines following replacement of the exhaust system, failing to properly supervise repairs, or failing to perform repairs in a workmanlike manner.  See Compl. Count 2.

**IV.     CONCLUSION**

For the reasons stated above, Sea Ray respectfully requests that the Court exclude all evidence of any alleged misrepresentation or other alleged unfair trade practice that Sea Ray allegedly engaged in prior to December 21, 1998, including any evidence of any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the Boat.

        Respectfully submitted,

        DEFENDANT,
        SEA RAY BOATS, INC.


By    /s/ Daniel J. Foster
        James H. Rotondo (ct05173)
        Daniel J. Foster (ct 24975)
        Day Pitney LLP
        CityPlace I
        Hartford, Connecticut  06103-3499
        Phone: (860) 275 -0100
        Fax: (860) 275-0343
        Its Attorney


## CERTIFICATION

     I hereby certify that on this date a copy of foregoing **Defendant's Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Daniel J. Foster
        Daniel J. Foster (ct24975)