UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER D. MAINS and              :
LORI M. MAINS,                  :
                                :
    Plaintiffs,                 :
                                :
    v.                          :      CASE NO. 3:01CV2402(AWT)
                                :
SEA RAY BOATS, INC.,            :
                                :
    Defendant.                  :

RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND FOR SANCTIONS

Pending before the court is the defendant's motion for protective order and for sanctions.  (Doc. #88.)

I. Background

The following background is set forth to place in context the pending motion.  On November 3, 2006, the court ruled on the plaintiffs' motion to compel.  The order stated in relevant part:

> During oral argument, the plaintiffs stated that, in light of the defendant's supplemental response, their sole request as to this interrogatory is additional time in which to conduct discovery.  (Doc. #81 at 11; tr. 9/20/06 at 29-30.)  They seek an opportunity to try to obtain the identity of the experts in the other cases, to speak with counsel in those cases and/or to review their discovery materials. (Tr. 9/20/06 at 39-40.)  The plaintiffs' motion to compel a response to interrogatory 12 is denied as moot.  The plaintiffs' request for additional time is granted as follows. The plaintiffs may have 60 days from the date of this ruling in which to conduct the limited discovery the plaintiffs' counsel described during oral argument. The request for additional time in which to conduct expert discovery is denied.

Doc. #85, Order at 6-7.

On January 3, 2007, sixty one days after the court's ruling, plaintiffs' counsel sent defense counsel an email to which was attached forty three interrogatories, eight requests for production and one request for admission. Shortly thereafter, the defendant notified the plaintiffs that the discovery requests were deficient and requested that plaintiffs withdraw them. (Doc. #88, ex. F.)

Thereafter, the defendant filed the instant motion. The defendant argues that the discovery is improper on numerous grounds and seeks an order that the discovery not be allowed.

II. <u>Legal Standard</u>

Fed. R. Civ. P. 26(c), provides in relevant part, that:

> Upon motion by a party or by the person from whom discovery is sought. . . for good cause shown, the court in which the action is pending . . .may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had . . . . .
> The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

III. <u>Discussion</u>

The defendant argues that the requests were untimely. The court agrees. The court's order gave the plaintiffs sixty days in which to conduct discovery. The plaintiffs did not serve the requests sufficiently in advance of the close of the discovery deadline to permit the defendant time in which to respond. <u>See</u> 7 James Wm. Moore et al., Moore's Federal Practice § 33.41[5] (3d ed.

2006). ("When the court has established a discovery deadline, a party must serve interrogatories in sufficient time to permit the responding party the 30 day response time allowed under Rule 33.")[1]

The discovery requests suffer from other deficiencies. It is undisputed that the plaintiffs served more than twenty-five interrogatories in violation of Fed. R. Civ. P. 33(a). The discovery requests also were not served properly. The plaintiffs sent the requests by email only. This is improper because the defendant did not consent in writing to service by electronic means. See Fed. R. Civ. P. 5(b)(2)(D)(electronic service only permitted with written permission of receiving party).

Finally, the requests are beyond the limited scope of additional discovery permitted by the court's order. In its November 3, 2006 order, the court permitted the plaintiffs to conduct only the discovery articulated during oral argument – the identity of the experts in the four cases disclosed by the defendant and discovery in those cases. The requests seek information far afield from the scope of the court's order. Accordingly, for these reasons, the defendant's motion for a protective order is granted.

---

[1]Plaintiffs argue that the court's order "did not make any provision regarding a time period in which to serve" the requests. Doc. #92 at 10. Even if the order is construed as permitting the plaintiffs to propound discovery within sixty days, the discovery is still untimely because the plaintiffs served their requests after sixty days had passed.

The defendants seek fees and costs they incurred in the making of this motion. Rule 26(c) expressly provides that Fed. R. Civ. P. 37(a)(4) is applicable to motions for a protective order. Pursuant to Rule 37(a)(4)(A), a party who successfully brings a discovery motion may be awarded

> the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Rule 37(a)(4) "presumptively requires every loser to make good the victor's costs." Rickels v. City of South Bend, Ind., 33 F.3d 785, 786 (7th Cir. 1994) (affirming an award of costs to defendant whose motion for a protective order was granted). 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2035 at 487 (2d. ed. 1994) ("[T]he court has discretion under Rules 26(c) and 37(a)(4) to require the losing party on a motion for a protective order to pay the expenses incurred in relation to the motion.") The non-movant may avoid such an award if the non-movant shows that its position was substantially justified or that an award of expenses would otherwise be unjust. Fed. R. Civ. P. 37(a)(4)(A); see Rickels, 33 F.3d at 786 ("A loser may avoid payment by establishing that his position was substantially justified.")

Under the circumstances of this case, the court concludes that the defendant is entitled to reasonable fees pursuant to Fed. R. Civ. P. 37(a)(4). The defendant may serve and file by June 29,

4

2007, an affidavit setting forth with specificity the expenses incurred in preparing the motion for protective order. The plaintiffs may serve and file an opposition to the amount of the expenses within twenty-one days thereafter.

    SO ORDERED at Hartford, Connecticut this 8th day of June, 2007.

```
          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge
```