# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : JUNE 22, 2007 |

**AFFIDAVIT OF JAMES H. ROTONDO IN SUPPORT OF DEFENDANT'S STATEMENT IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS**

I, James H. Rotondo, being first duly sworn, depose and say that:

1. I am over eighteen years of age and understand and believe in the obligations of an oath.

2. I am an attorney with the law firm of Day Pitney LLP, and represent the Defendant, Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") in this action.

3. I make this affidavit based on my own personal knowledge and a review of records maintained by Day Pitney LLP in the ordinary course of its business.

4. On Monday, January 8, 2007, I caused to be sent to Plaintiffs' counsel Attorney John L. Senning, by e-mail and regular mail, a letter in which I (a) asserted that certain discovery responses that Attorney Senning sent to me by e-mail on January 3, 2007, were improper, (b) explained the reasons for which that discovery was improper, (c) requested that Attorney Senning withdraw those discovery requests, and (d) asked that he respond to my letter by Friday, January 12, 2007. A true and accurate copy of my letter to Attorney Senning of January 8, 2007, is attached hereto as Exhibit A.

5.  As of January 17, 2007, when Sea Ray filed its Motion for Protective Order and for Sanctions, I had received no response of any kind to my letter of January 8, 2007.

6.  Plaintiffs did not respond in any manner to my letter of January 8, 2007 until February 7, 2007, on which date Plaintiffs, through counsel, (a) provided a letter withdrawing eighteen of the forty-three disputed Interrogatories, and (b) and served their Memorandum in Opposition to Sea Ray's Motion for Protective Order and for Sanctions. Plaintiffs attached a true and accurate copy of their letter of February 2, 2007, as Exhibit A to that Memorandum in Opposition.

7.  I spent 2.4 hours performing legal services, for which Sea Ray was billed at a rate of $400.00 per hour, in connection with the preparation of Sea Ray's Motion for Protective Order and for Sanctions and Sea' Ray's Reply to the Plaintiffs' Memorandum in Opposition to that Motion. The time that I spent in connection with these tasks is set forth in Exhibit B hereto.

8.  The total amount of time described in the preceding paragraph, and in Exhibit B hereto, only includes time directly related to the preparation of Sea Ray's Motion for Protective Order and for Sanctions and Sea Ray's Reply to the Plaintiffs' Memorandum in Opposition to that Motion. It does not include the time spent in preparing the letter of January 8, 2007.

_____
James H. Rotondo

Subscribed and sworn to before me this 22nd day of June, 2007.

_____
Notary Public
My Commission Expires:

L. H. BUTTON
NOTARY PUBLIC
MY COMMISSION EXPIRES MAR. 31, 2009

# EXHIBIT A

# DAY PITNEY LLP

JAMES H. ROTONDO
Attorney at Law
T: (860) 275 0197
E: JHRotondo@DayPitney.com

January 8, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

John L. Senning, Esq.
The Essex Law Group
16 Saybrook Road
Essex, CT 06426

Re:   Mains v. Sea Ray

Dear Attorney Senning:

    We are writing to request that you withdraw all of the discovery requests that you sent by e-mail on the afternoon of January 3, 2007. For the reasons set forth below, all of that discovery is untimely and is otherwise improper. If you do not withdraw all of your discovery requests by Friday, January 12, 2007, we will move for a protective order and will seek to recover all costs that Sea Ray incurs associated with moving for a protective order and any other response to that discovery.

    First, the Court's order of November 3, 2006, granted plaintiffs sixty days "in which to conduct the limited discovery the plaintiffs' counsel described during oral argument." Order, Nov. 3, 2006 ("Order") at 7 (emphasis added). Plaintiffs' discovery requests were not served within that sixty-day period. Although you represented to the Court that you would conduct discovery on an expedited basis, you waited until 4:27 p.m. on January 3, 2007, sixty-one days after the date of the Order, to send those discovery requests by e-mail. Accordingly, all of those discovery requests are untimely.

    Second, Sea Ray has not consented in writing to accept service of discovery electronically, and therefore plaintiffs have not effected service of the discovery upon Sea Ray.

    Third, even if they had been served sixty days after the Court's Order, those discovery requests would still have been untimely. After noting that there was no reason for which you could not have sought the information you claimed to need from third parties during the two months prior to the hearing (to say nothing of the ten and a half weeks between the hearing on your Motion to Compel and the Court's Order), the Court granted you sixty days in which to "conduct" – not serve – the limited discovery permitted by the Order. Order at 7. This is

City Place I   Hartford, CT 06103
T: (860) 275 0100   F: (860) 275 0343   W: DayPitney.com

NEW YORK   NEW JERSEY   CONNECTICUT   BOSTON   WASHINGTON, DC

DAY PITNEY LLP

John L. Senning, Esq.
January 8, 2007
Page 2

consistent with the standard practice that discovery deadlines indicate the period in which discovery must be completed, not propounded. See Form 26(f) (V)(F)(2). Discovery requests filed on the last day of a discovery period are not timely because they do not permit time for a response. This is particularly significant in this case, because you served the discovery requests in question a full week after the Court ordered the parties to submit the Joint Trial Memorandum on January 29, 2007. Sea Ray's objections or responses would not be due until after that date.

Since the Court allowed an additional discovery period of sixty days to conduct limited discovery, plaintiffs could have served any otherwise proper discovery requests more than thirty days before the end of that period, so that Sea Ray would have at least the thirty-day period of time for its response provided by Rules 33 (b)(3), 34 (b), and 36 (a). Despite your representation to the Court that you would perform any such discovery "on an expedited basis," you elected not to do so.

Fourth, in addition to being untimely, this discovery is outside of the scope of the Order. The Order permits only "the limited discovery the plaintiff's counsel described during oral argument." Order at 7. The scope of the discovery permitted is therefore limited to – at most – the identities of experts in other lawsuits brought against Sea Ray since 1996 involving Sea Ray boats of models 310DA, 330DA, 340DA, 330EC, 340AJ, and 370EC, and that concern claims relating to alleged exhaust resonance, engine water ingestion, or hull core moisture problems, and discovery provided in those other cases. Id. at 6-7.

Your Requests for Production and Request to Admit are not even arguably within the scope of the Court's Order. We note further that, although you have captioned them your "Second Set of Requests for Production," these Requests for Production are in fact the first set of such Requests that you have served. See Order at 3.

Only two of the forty-three Interrogatories attached to you e-mail of January 3 are even arguably within the scope of the Court's order. Moreover, that entire set of Interrogatories is defective for the additional reason that the Federal Rules of Civil Procedure permit a party to serve no more than a total of twenty-five Interrogatories "including all discrete subparts." Fed. R. Civ. P. 33 (a). As noted above, you have submitted a total of forty-three interrogatories on January 3, 2007. The twenty-five interrogatory limit includes the Interrogatories that you served on or about December 23, 2002. We note that your earlier set of Interrogatories, including all discrete subparts, numbered more than twenty-five. Accordingly, we object to responding to your second set of Interrogatories on this additional basis as well.

Fifth, these discovery requests are also objectionable on numerous other grounds, including, but not limited to, the fact that each of these Interrogatories and Requests for Production is unduly broad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible information. Furthermore, many of the Interrogatories sent on

DAY PITNEY LLP

John L. Senning, Esq.
January 8, 2007
Page 3

January 3, 2007, seek information that was also sought in your prior Interrogatories. Sea Ray interposed objections and otherwise responded to those prior Interrogatories. To the extent that you moved to compel a further response to those prior Interrogatories, your motion was denied, except that Sea Ray was required to submit an affidavit concerning its record keeping practices, including any records keeping requirements imposed on Sea Ray by the American Society for Quality. To the extent that you did not move to compel a further response to those prior Interrogatories, any additional Interrogatories seeking information that you previously requested constitute an improper attempt to circumvent the Court's deadline for the filing of any Motion to Compel.

Please confirm no later than January 12, 2007, that you will withdraw all of the discovery requests attached to your e-mail of January 3, 2007.

Very truly yours,

James H. Rotondo

cc:  Daniel J. Foster (via e-mail)

# EXHIBIT B

## MAINS V. SEA RAY
## BILLING RELATED TO MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS

| Date | Name | Description | Hours |
|---|---|---|---|
| 01/16/2007 | Rotondo, J. | Revisions to brief | 1.1 |
| 02/08/2007 | Rotondo, J. | Review of opposition to protective order | 0.5 |
| 02/15/2007 | Rotondo, J. | Revisions to reply memorandum | 0.8 |

**Total:**   2.4 hours @ $400 =  $960.00