## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS, | : |
| | : CIVIL ACTION NO: |
| Plaintiffs, | : |
| | : 301-cv-2402 (AWT) |
| v. | : |
| | : June 29, 2007 |
| SEA RAY BOATS, INC., | : |
| | : |
| Defendant. | : |

### OBJECTION TO DEFENDANT'S MOTION TO
### EXCLUDE EVIDENCE OF CONSUMER COMPLAINTS

Plaintiffs Peter D. Mains and Lori M. Mains hereby object to Defendant's Motion in Limine to Exclude Evidence of Consumer Complaints, dated May 29, 2007, for the reasons set forth in their Memorandum of Law in Opposition, filed contemporaneously herewith.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

                                          THE PLAINTIFFS, PETER D. MAINS and
                                          LORI M. MAINS

                                          Respectfully submitted,

BY:    */s/ John L. Senning*
            John L. Senning, Esq. (ct 05807)
            31 North Main Street
            Essex, CT 06426
            Tel: (860) 767-2618
            Fax: (860) 767-2740
            Email: jlssealaw@aol.com
            Their Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SEA RAY BOATS, INC.,<br><br>　　　　Defendant. | :<br>:　CIVIL ACTION NO:<br>:<br>:　301-cv-2402 (AWT)<br>:<br>:<br>:　June 29, 2007<br>:<br>:<br>: |

### ORDER

The foregoing Objection to Motion to Exclude Evidence of Consumer Complaints having been heard, it is hereby ORDERED

_____
SUSTAINED/ DENIED

By the Court.

Date: _____

_____
The Honorable Alvin W. Thompson
United States District Court, District of Connecticut

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS,<br><br>    Plaintiffs,<br><br>v.<br><br>SEA RAY BOATS, INC.,<br><br>    Defendant. | :<br>:  CIVIL ACTION NO:<br>:<br>:  301-cv-2402 (AWT)<br>:<br>:<br>:  June 29, 2007<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION**
**TO MOTION TO EXCLUDE EVIDENCE OF CONSUMER COMPLAINTS**

**I.   INTRODUCTION**

Expert Marine Mechanic Thomas Wicander personally serviced and/or supervised the service of the boat engines of approximately 27 Sea Ray customers. These boat engines had the same or substantially similar exhaust systems and engines as the Plaintiffs' Boat, and suffered water ingestion, the same or substantially the same problem as Plaintiffs. Wicander's expert testimony is direct evidence of the defect in the Plaintiffs' Boat's exhaust system, Sea Ray's notice of the defect, the magnitude of the danger of the defect, and the cause of the damage to Plaintiffs' Boat. Evidence based on personal knowledge falls outside the prohibition against hearsay. Fed. R. Evid. 801(c).

The consumer complaints made to Wicander are also admissible to prove notice, as Wicander will also testify that the exhaust systems of the approximately 27 other Sea Ray

- 1 -

customers were substantially similar to Plaintiffs'; such evidence also is not hearsay within the meaning of Rule 801(c). Accordingly, the evidence of the consumer complaints is admissible.

## II.  ARGUMENT

### A.  Expert Marine Mechanic Thomas Wicander personally serviced approximately 27 boat engines with the same exhaust system as the Plaintiffs'.

Certified MercCruiser Mechanic Wicander, also a Sea Ray Factory trained marine mechanic, has personal knowledge of approximately 27 other Sea Ray boat engines with the same exhaust system as the Plaintiffs'. See Affidavit of Thomas Wicander, 6/29/07 (attached hereto as "Exhibit A."). His expert testimony is direct, relevant evidence of the existence of the exhaust system's design defect, the damage the design defect causes, the Defendant's ability to correct the defect, the magnitude of the danger of the defect, and the product's lack of safety for intended uses. See Olson v. Ford Motor Co., 410 F.Supp.2d 855, 862 (D.N.D. 2006) (citing Lovett v. Union Pacific Railroad Co., 201 F.3d 1074, 1081 (8th Cir. 2000).

### A.  Wicander's expert testimony, based on personal knowledge, is not hearsay.

Testimony based on personal knowledge is not hearsay by definition. Fed. R. Evid. 801(c).[1]

---

[1] Regardless, an expert's opinion can be based on inadmissible hearsay if it is "of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject." Rule 703.

Expert analysis is often based on reported information rather than firsthand knowledge, and that is no bar to its admissibility. See United States v. Mulder, 273 F.3d 91, 102 (2d Cir. 2001); Katt v. City of New York, 151 F.Supp.2d 313, 356 n. 36 (S.D.N.Y. 2001). Moreover, any claim that an expert's assumptions or opinions are unfounded goes to the weight rather than the admissibility of the evidence. See Boucher v. United States Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir.1996).

### B. The 27 Consumer Complaints are not hearsay when used to prove Defendant's notice of the defect in the Boat's exhaust system.

"To be sure, an out of court statement offered not for the truth of the matter asserted, but merely to show that the defendant was on notice of a danger, is not hearsay." George v. Celotex Corp., 914 F.2d 26, 30 (2nd Cir. 1990); Olson, 410 F.Supp.2d 855, 862 (Evidence of customer complaints "does not run afoul of Rule 801(c) because such evidence is not offered for the truth of the matter asserted and is therefore not hearsay"); Guild v. General Motors Corp., 53 F.Supp.2d 363, 368 (W.D.N.Y.1999) (holding evidence of customer complaints admissible to show notice); see also Lewy v. Remington Arms Co., Inc., 836 F.2d 1104, 1108-09 (8th Cir. 1988) (same).

The customer complaints are not hearsay when used to establish Sea Ray's notice of the defective exhaust system. Rule 801(c). Accordingly, the evidence is admissible. Moreover, Defendant's hearsay objection is not applicable to the consumer complaints to the extent they are used to show notice or a basis for imposing punitive damages. Webb v. Fuller Brush Co., 378 F.2d 500, 502 (3d Cir.1967).

### C. The consumer complaints about the defective exhaust system meet the "substantial similarity requirement."

"Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design." Bellinger v. Deere & Co., 881 F.Supp. 813, 817 (N.D.N.Y. 1995); accord Jackson v. Firestone, 788 F.2d 1070, 1082 (5th Cir. 1986).

Wicander personally serviced or supervised the servicing of the engine exhaust systems

of the approximately 27 other Sea Ray consumers. He can testify that these systems were the same or substantially similar to the Plaintiffs' (contrary to Defendant's assertion of the lack of evidence of substantial similarity. Defendant's Motion, p. 3). Wicander will also testify that the exhaust system on Russell Rackcliffe's boat engines was substantially similar to Plaintiffs', despite the fact the boat was a different model and year (and despite Defendant's assertion to the contrary). Accordingly, all the consumer complaints are admissible to prove Defendant had notice of the design defect.[2]

### D. The probative value of the consumer complaints is not "substantially outweighed" by <u>unfair</u> prejudice.

"To be excluded under Rule 403, evidence must be more than damaging to party's case; it must be <u>unfairly</u> prejudicial." 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5215 n.14 (West 2007) (citing <u>Koloda v. General Motors</u>, 716 F.2d 373, 378 (6th Cir. 1983)) (emphasis added).

Defendant makes a blanket assertion that <u>any</u> evidence of consumer complaints is too prejudicial to be admitted. Defendant's Motion, p. 6. Of course, consumer complaints of design defects are admissible to establish notice when they meet the substantial similarity requirement. Jackson, 788 F.2d at 1082; Bellinger, 881 F.Supp. at 817; McCormick on Evidence, § 200 (West

---

[2] **Regardless, the substantial similarity requirement is lower when used to show notice.** The relaxed requirement of substantial similarity is based on the following: the complaint called the dangerous condition to Defendant's attention, and triggered the corresponding continuing duty to warn. McCormick on Evidence, § 200 (West 6th Ed. 2006). In such cases, "the similarity in the circumstances of the accident <u>can be considerably less</u> than that which is demanded when the same evidence is used for one of the other valid purposes." <u>Id.</u> (emphasis added). Indeed, when the issue of notice is involved, "only marginal similarity may be required." Paul R. Rice, Best Kept Secrets of Evidence Law 36 (Anderson Press 2001) (citing Jackson, 788 F.2d at 1082).

- 4 -

Ed. 2007). "Logical inferences from proof are not the sort of "unfair prejudice" that Rule 403 is designed to limit." Federal Practice and Procedure § 5215 n.14 (citing U.S. v. Dazzo, 672 F.2d 284, 288 (2nd Cir. 1982)).

### III. CONCLUSION

For the aforementioned reasons, the Court should deny Defendant's Motion.

>     Respectfully submitted,
>
>     THE PLAINTIFFS,
>     PETER D. MAINS and LORI M. MAINS

BY:    /s/ John L. Senning
       John L. Senning, Esq. (ct 05807)
       31 North Main Street
       Essex, CT  06426
       Tel:  (860) 767-2618
       Fax:  (860) 767-2740
       Email:  jlssealaw@aol.com
       Their Attorney

## CERTIFICATION

I hereby certify that on **June 29, 2007**, a copy of the foregoing **OBJECTION** and accompanying **MEMORANDUM OF LAW** were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the CM/ECF System.

/s/ John L. Senning
John L. Senning, Esq. (ct 05807)