UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS, et al, | : | |
| | | CIVIL ACTION NO: |
| Plaintiffs, | : | 301-cv-2402 (AWT) |
| v. | : | |
| | | June 29, 2007 |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | |

**OBJECTION TO EXCLUDE EVIDENCE**
**RELATING TO EXHIBIT "A" OF THE COMPLAINT**

Plaintiffs Peter D. Mains and Lori M. Mains hereby object to Defendant's Motion in Limine to Exclude Evidence Relating to Exhibit "A" of the Complaint, dated May 29, 2007, for the reasons set forth in their Memorandum of Law in Support, filed contemporaneously herewith.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

                            Respectfully submitted,

                            THE PLAINTIFFS, PETER D. MAINS and
                            LORI M. MAINS

BY:     /s/ *John L. Senning*
                John L. Senning, Esq. (ct 05807)
                31 North Main Street
                Essex, CT  06426
                Tel: (860) 767-2618
                Fax: (860) 767-2740
                Email: jlssealaw@aol.com
                Their Attorney

- 2 -

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS, | : | CIVIL ACTION NO: 301-cv-2402(AWT) |
| Plaintiffs | : | |
| v. | : | June 29, 2007 |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | |

### **ORDER**

The foregoing Objection to Motion to Exclude Evidence Relating to Exhibit "A" of the Complaint having been heard, it is hereby ORDERED

SUSTAINED/ DENIED

By the Court.

Date: _____

_____
The Honorable Alvin W. Thompson

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS,<br><br>      Plaintiffs,<br><br>v.<br><br>SEA RAY BOATS, INC.,<br><br>      Defendant. | CIVIL ACTION NO:<br>301-cv-2402 (AWT)<br><br><br><br>June 29, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF EXHIBIT "A"**

**I.   INTRODUCTION**

On or about September 26, 2000, Defendant Sea Ray attempted to have Plaintiffs execute a "Waiver and Release" form (the "Release") releasing it from liability prior to performing any repairs on Plaintiffs' vessel (the "Boat"), which is the subject of this action. In its Motion in Limine dated May 29, 2007, Defendant seeks to exclude the Release and the evidence surrounding its execution based on various theories: the Release is inadmissible as a matter of law, the Release does not meet the elements required for a CUTPA violation (Plaintiffs have suffered neither an "ascertainable loss" nor shown unavoidable injury), and finally, the evidence is inadmissible under Rule 408 of the Federal Rules of Evidence. Plaintiffs object for the following reasons.

## II. ARGUMENT

**A. Plaintiffs' CUTPA claim is not based on contract law, and does not involve a question of contract interpretation.**

Plaintiffs contend that Sea Ray engaged in immoral and unethical conduct, and unconscionable and/or unscrupulous practices by demanding that Plaintiffs sign exhibit "A" to obtain promised repairs before performing the repairs; by misrepresenting and/or distorting the purpose of Exhibit "A;" and by misrepresenting the scope of Exhibit "A" in violation of CUTPA.

Whether the release had the purported effect under contract law is simply not relevant. Instead, Plaintiffs contend it was the act of seeking a wavier of liability prior to making any repairs that constituted the CUTPA claim. Accordingly, Defendant's contract law arguments regarding the effect of the release are misplaced.

**B. Ascertainable loss and injury avoidance requirement.**

Defendant disingenuously asserts that each fact alleged in Count IV of the Complaint constitutes a separate and distinct CUTPA violation. Consequently, they assert each "violation" resulted in an "ascertainable loss" and an unavoidable injury, citing Collins v. Anthem Health Plans, Inc., 275 Conn. 309, 334-335, 880 A.2d 106, 120 (Conn. 2005) (detailing elements of CUTPA).

Defendants entire course of conduct constitute a single CUTPA violation. Sea Ray's immoral and unethical conduct, and/or unscrupulous practices included, *inter alia*, attempts to obtain concessions from the Plaintiffs in the form of the Release prior to performing any repairs. This fact along with the other facts detailed in the Complaint constitute the CUTPA violation.

Complaint, Count IV. It is therefore not necessary for Plaintiff to show that alleged fact resulted in an "ascertainable loss" and unavoidable injury. Plaintiffs' pecuniary and other losses are manifest in <u>all</u> the facts contained Count IV.

### B. Evidence relating to the Release is admissible, as it is not offered to show "liability for, invalidity of, or amount of a claim" in violation of Rule 408.[1]

Rule 408 excludes evidence when the only relevance is to liability or amount of damages:

> Rule 408 is not an absolute ban on the admissibility of evidence that falls within its scope. Evidence of offers or acceptances of compromise (and "likewise" statements made in compromise negotiations) are only inadmissible 'to prove liability for or invalidity of the claim or its amount." If offered for some other purpose, the evidence is admissible.

Wright and Graham, 23 Fed. Prac. & Proc. Evid. § 5308 (West 2007).

Rule 408(b) specifically permits evidence of the Release and its surrounding circumstances. "This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)). Rule 408(b). Plaintiffs offer the Release and evidence surrounding Sea Ray's conduct during the Release to establish the CUTPA violation; this

---

[1] Rule 408 provides:

(a) Prohibited Uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

- 3 -

evidence is not relevant to showing the liability of the repairs or the amount in question. Accordingly, the evidence is not within the scope of Rule 408 or the policy considerations surrounding the rule, and should be admitted.

### III. CONCLUSION

For the aforementioned reasons, the Court should deny Defendant's motion.

Respectfully submitted,

THE PLAINTIFFS,
PETER D. MAINS and LORI MAINS

BY: __/s/ John L. Senning__
John L. Senning, Esq. (ct 05807)
31 North Main Street
Essex, CT  06426
Tel: (860) 767-2618
Fax: (860) 767-2740
Email: jlssealaw@aol.com
Their Attorney

## CERTIFICATION

I hereby certify that on **June 29, 2007**, a copy of the foregoing **OBJECTION** and accompanying **MEMORANDUM OF LAW IN SUPPORT** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the CM/ECF System.

BY:     */s/ John L. Senning*
            John L. Senning, Esq. (ct 05807)