UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and <br> LORI M. MAINS, | : <br> :    CIVIL ACTION NO: <br>       301-cv-2402 (AWT) |
|      Plaintiffs, | : |
| v. | : <br>    June 29, 2007 |
| SEA RAY BOATS, INC., | : |
|      Defendant. | : |

## OBJECTION TO MOTION TO EXCLUDE EVIDENCE OF
## SEA RAY'S CONDUCT REGARDING THE SALE AND PURCHASE OF THE BOAT

Plaintiffs Peter D. Mains and Lori M. Mains hereby object to Defendant's Motion in Limine to Exclude Evidence of Sea Ray's Conduct, dated May 29, 2007, for the reasons set forth in their Memorandum of Law in Support filed contemporaneously herewith.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

                                           THE PLAINTIFFS, PETER D. MAINS and
                                           LORI M. MAINS

                                             Respectfully submitted,

BY:      */s/ John L. Senning*
                                            John L. Senning, Esq. (ct 05807)
                                            31 North Main Street
                                            Essex, CT  06426
                                            Tel:  (860) 767-2618
                                            Fax:  (860) 767-2740
                                            Email: jlssealaw@aol.com
                                            Their Attorney

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS, | : <br> : CIVIL ACTION NO: <br> 301-cv-2402(AWT) |
| Plaintiffs | : |
| v. | : |
| | June 29, 2007 |
| SEA RAY BOATS, INC., | : |
| Defendant. | : |

## **ORDER**

The foregoing Objection to Motion to Exclude Evidence of Sea Ray's Conduct having been heard, it is hereby ORDERED

SUSTAINED/ DENIED

By the Court.

Date: _____


_____
The Honorable Alvin W. Thompson

- 1 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and : | |
| LORI M. MAINS, : | CIVIL ACTION NO: |
| : | 301-cv-2402 (AWT) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | June 29, 2007 |
| SEA RAY BOATS, INC., : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO EXCLUDE EVIDENCE OF SEA RAY'S CONDUCT DURING THE SALE AND PURCHASE OF THE BOAT**

**I.   INTRODUCTION**

Plaintiffs brought this action on December 21, 2001. Defendant Sea Ray seeks to exclude any evidence of unfair trade practices that occurred more than three years prior to the filing the Complaint. Specifically, Defendant seeks to exclude evidence relating to the sale of the Boat that occurred in May 1998 based on the relevant statute of limitation, Conn. Gen. Stat. § 42-110g(f). This evidence would include Plaintiffs' statement that they were "induced to accept delivery of the boat" by the statement of a Sea Ray employee that "[t]he 1998 vessel would be watched over carefully during the manufacturing process." Defendant's Motion, p. 2.

**II.   ARGUMENT**

   **A.   The statute of limitations is a defense, not a rule of evidence.**

Defendant simply misstates the law of statutes of limitation, which has no bearing on the admissibility of evidence. "A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events

- 1 -

during the period." Fitzgerald v. Henderson, 251 F.3d 345, 365 (2nd Cir. 2001); Sir Speedy, Inc., v. L & P Graphics, Inc., 957 F.2d 1033, 1038 (2nd Cir. 1991). The Court of Appeals explained:

> A statute of limitations is a statute of repose, whose function is to bar stale claims, i.e., claims asserted after evidence has been lost, memories have faded, and witnesses have disappeared. American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974). As to a timely claim, such a statute does not operate to bar the use of a document that predates the commencement of the limitations period but that is relevant to events during the period.

Sir Speedy, 957 F.2d at 1038.

The statute of limitation is no bar to Plaintiffs' testimony that they were "induced to accept delivery of the boat by a Sea Ray employee that the vessel would be watched over carefully during the manufacturing process." Any evidence relating to the May 1998 sale of the Boat and the representations Sea Ray's made at the time is relevant evidence to Count IV, the CUTPA claim and should be admitted. Any "suggestion that the evidence is too old goes to its relevance and to its weight. Any question as to the weight to be accorded [relevant evidence] is a matter for the jury." Id.

### III. CONCLUSION

For the aforementioned reasons, the Court should sustain Plaintiffs' objection.

                              THE PLAINTIFFS,
                              PETER D. MAINS and LORI M. MAINS

                              Respectfully submitted,


BY:      /s/ John L. Senning
         John L. Senning, Esq. (ct 05807)
         31 North Main Street
         Essex, CT  06426
         Tel: (860) 767-2618
         Fax: (860) 767-2740
         Email: jlssealaw@aol.com
         Their Attorney

## CERTIFICATION

      I hereby certify that on **June 29, 2007**, a copy of the foregoing **OBJECTION** and accompanying **MEMORANDUM OF LAW IN SUPPORT** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the CM/ECF System.

      BY:       */s/ John L. Senning*
                  John L. Senning, Esq. (ct 05807)