UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS,<br><br>      Plaintiffs,<br><br>v.<br><br>SEA RAY BOATS, INC.,<br><br>      Defendant. | :<br>:  CIVIL ACTION NO:<br>:  301-cv-2402 (AWT)<br>:<br>:<br>:<br>:  June 29, 2007<br>:<br>:<br>: |

## PLAINTIFFS' OBJECTION TO
## MOTION TO PRECLUDE EXPERT TESTIMONY

Plaintiffs Peter D. Mains and Lori M. Mains hereby object to Defendant's Motion in Limine to Preclude Expert Testimony, dated March 29, 2007, for the reasons set forth in their Memorandum of Law in Support, filed contemporaneously herewith.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

                                THE PLAINTIFFS, PETER D. MAINS and
                                LORI M. MAINS

                                Respectfully submitted,

BY:    */s/ John L. Senning*
                                John L. Senning, Esq. (ct 05807)
                                31 North Main Street
                                Essex, CT 06426
                                Tel: (860) 767-2618
                                Fax: (860) 767-2740
                                Email: jlssealaw@aol.com
                                Their Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS, | : : | CIVIL ACTION NO: 301-cv-2402(AWT) |
| Plaintiffs | : | |
| v. | : | |
| SEA RAY BOATS, INC., | : | June 29, 2007 |
| Defendant. | : | |

### ORDER

The foregoing Objection to Motion to Preclude Expert Testimony having been heard, it is hereby ORDERED

SUSTAINED/ DENIED

Date: _____

By the Court.

_____
The Honorable Alvin W. Thompson
U.S. District Court, District of Connecticut

1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and <br> LORI M. MAINS, <br><br> Plaintiffs <br><br> v. <br><br> SEA RAY BOATS, INC., <br><br> Defendant. | : <br> :    CIVIL ACTION NO: <br> :    301-cv-2402(AWT) <br> : <br> : <br> :    June 29, 2007 <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
TO MOTION TO PRECLUDE EXPERT TESTIMONY**

I. **INTRODUCTION**

Plaintiffs object to the Motion to Exclude the Expert Testimony on the following grounds. First, the testimony from Plaintiffs' three experts on the condition of the Boat is not cumulative. Each expert will testify regarding different aspects of the Boat's condition at different times; each expert is necessary to establish the chronology of the Boat's condition. Second, even if the experts duplicate certain aspects of each others testimony, the corroboration of one expert's conclusion is not needless or an undue waste of time under Rule 403.

1

## II. ARGUMENT

### A. The expert evidence is not cumulative.

The Court has discretion to exclude "needless presentation of cumulative evidence." "Cumulative evidence" is "additional evidence of the same character as existing evidence that supports a fact established by the existing evidence," especially evidence that "does not need further support." Black's Law Dictionary (West 1999).

Each expert will offer opinions on <u>different</u> aspects of the Boat's condition. Such testimony is not "additional evidence" supporting "existing evidence."

Marine surveyor Thomas Greaves will show that "numerous structural defects and deficiencies were present in the Boat," and that the manner Sea Ray had installed the engine exhaust system was inconsistent with MercCruiser's recommended specifications. Complaint, ¶ 52. Greaves will also testify that any damages to the Boat were not the result of major grounding as of June 2001. Neither Pfund nor Knowles will duplicate this testimony.

Pfund will testify how Sea Ray further damaged the Boat by using the bow and stern towing eyes to lift the Boat during service, which the owner's manual prohibits. This occurred after inspections of both Greaves' and Knowles. This testimony is not "cumulative" within the meaning of Rule 403.

In addition, each expert's testimony establishes an important timeline that will demonstrate how Sea Ray's negligence caused further damage to the Boat, which is relevant to both the negligence and CUTPA claims. Knowles will testify regarding the

2

moisture content of the Boat's hull in November 2001; he also will testify how the Boat's stanchions were damaged while the Boat was at Defendant's factory from November 2000 to April 2001.[1]

Pfund's testimony will expand on Knowles' report by documenting how the elevated moisture in the core Knowles found "gradually migrated outward through the adjacent core material," and how "this process would have been accelerated by the high temperature developed under the shrinkwrap cover" since 2001.

Each expert is necessary to establish this chronology. Accordingly, their testimony is not cumulative, and therefore cannot be excluded under Rule 403.

**B.    The presentation of corroborating evidence is not needless, and would not cause undue delay.**

Rule 403 does not prohibit cumulative evidence per se; rather, it is the "needless presentation" of such evidence that should be avoided. Olson v. Ford Motor Co., 411 F.Supp.2d 1149 (D. N.D. 2006) (quoting 22A Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5220 (1978)).

To the extent that each expert will duplicate the other's testimony, the presentation of this evidence is not "needless" under Rule 403. A certain amount of corroboration helps to establish the validity of each expert's conclusion. Id. (allowing three experts to testify on same subject).

---

[1] Plaintiffs had the Boat shrinkwrapped in late 2000 to ship the Boat to Defendant's factory. The Boat was for a substantial period of time with the shrinkwrap. Water ponded on the top of the shrinkwrap between the windshield and the bow for a period of time, which stressed and eventually damaged the stanchions.

3

## III. CONCLUSION

The Rules favor liberal admissibility of relevant evidence. See <u>Amorgianos v. National R.R. Passenger Corp.</u>, 303 F.3d 256, 267 (2nd Cir. 2002). For the reasons discussed above, the Court should exercise its discretion and admit this evidence.

        Respectfully submitted,

        THE PLAINTIFFS,
        PETER D. MAINS and LORI M. MAINS

BY:     */s/ John L. Senning*
        John L. Senning, Esq. (ct 05807)
        31 North Main Street
        Essex, CT 06426
        Tel: (860) 767-2618
        Fax: (860) 767-2740
        Email: jlssealaw@aol.com
        Their Attorney

## CERTIFICATION

I hereby certify that on **June 29, 2007**, a copy of the foregoing **OBJECTION** and accompanying **MEMORANDUM OF LAW** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the CM/ECF System.

BY:     /s/ John L. Senning
         John L. Senning, Esq. (ct 05807)