UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : JULY 16, 2007 |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE
<u>EVIDENCE OF COMPLAINTS BY OTHER CONSUMERS</u>**

**I.      INTRODUCTION**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this Reply Memorandum in further support of its motion in limine to exclude evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by them.  In addition, Sea Ray seeks an order of this Court prohibiting plaintiffs' counsel from inquiring regarding these complaints in his examination and cross examination of witnesses.

The Plaintiffs' Objection to Sea Ray's motion argues only that their expert, Mr. Thomas Wicander, should be able to testify with respect to water ingestion problems affecting Sea Ray boats that he has personally observed.  Accordingly, the Plaintiffs have not objected to Sea Ray's motion to the extent that it seeks to preclude (a) evidence of <u>complaints made by consumers</u>, as opposed to evidence of boat problems about which complaints may have been made, or (b) evidence of alleged boat problems that were not personally observed by a witness who will testify at trial.  Sea Ray therefore respectfully submits that, to the extent that the Plaintiffs have not objected to its motion, that motion should be granted as unopposed.

The Plaintiffs assert that Mr. Wicander's alleged familiarity with incidents of water ingestion in other Sea Ray boats should be admitted because it tends to support certain opinions as to which he was never disclosed as an expert. The Plaintiffs further assert that evidence of incidents with which Mr. Wicander is familiar, and those allegedly experienced by Mr. Russell Rackcliffe, are allegedly relevant to whether Sea Ray had notice of such problems. For the reasons set forth below, Sea Ray respectfully submits that the Plaintiffs' arguments should be rejected and that the disputed evidence should be precluded.

## II.    ARGUMENT

### A.    The Plaintiffs' Objection Seeks to Improperly Expand the Scope of Mr. Wicander's Expert Testimony

In their Objection, the Plaintiffs argue that Mr. Wicander should be permitted to testify about other problems that he has allegedly observed in Sea Ray boats because, inter alia,

> [h]is expert testimony is direct, relevant evidence of the existence of the exhaust system's design defect, the damage the design defect causes, the Defendant's ability to correct the defect, the magnitude of the danger of the defect, and the product's lack of safety for intended uses.

Pls.' Obj. at 4. Mr. Wicander, however, has not been disclosed as an expert, or offered an opinion, on any of these subjects.

Mr. Wicander's report of October 7, 2003, states that "[i]t is my opinion that both engines have ingested water over a period of time prior to the hydro locking on or about June 9, 2001. No single ingestion could have caused the damage present. Both engines need to be replaced." See Report of Thomas Wicander at 3.[1] Mr. Wicander never offered any opinion that the boat or its exhaust system suffered from any design defect, that any alleged "defect" could have been

---

[1] A copy of Mr. Wicander's report, and the Plaintiffs' accompanying disclosure of him as an expert, is attached hereto as Exhibit A.

corrected, or that any alleged "defect" rendered the boat dangerous or unsafe.[2]  In fact, Mr. Wicander has never identified any alleged defect in the design of the boat or its components. Accordingly, Mr. Wicander may not properly testify with respect to any of the opinions to which the Plaintiffs now claim the disputed evidence is relevant.  See, e.g., Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 95 Civ. 8833 (RPP), 2000 U.S. Dist. LEXIS 4075, *4 (S.D.N.Y. Apr. 3, 2000)[3] (limiting testimony of expert witness to opinions set forth in the expert's report); In re Omeprazole Patent Litig., MDL Docket No. 1291, 2002 U.S. Dist. LEXIS 3225, *16-17 (S.D.N.Y. Feb. 26, 2002)(precluding two experts from testifying in a patent infringement trial with respect to opinions not previously disclosed in expert reports, but disclosed on the eve of the expert's direct testimony); see also Doe v. Johnson, 52 F.3d 1448, 1464 (7th Cir. 1995) (affirming exclusion of portions of an expert's opinion testimony formed after that expert's deposition because it was not disclosed before trial, despite appellant's contention that appellee could have obtained the opinions by asking the proper questions at deposition).

> **B.    There is No Evidence that Sea Ray Had Notice of Any of the Twenty-Seven Problems Allegedly Observed by Mr. Wicander**

Even if the Plaintiffs had properly disclosed Mr. Wicander's new opinions, they should not be admitted for any reason, and particularly not on the issue of "notice," as Plaintiffs argue. There is no evidence that Sea Ray was notified of any of those alleged problems.  Mr. Wicander testified that he did not notify Sea Ray of repairs that he made to Sea Ray boats.  To the contrary,

---

[2] At his deposition, Mr. Wicander did testify that, after the boat's engines became hydrolocked in June of 2001 "it was a safety concern of ours that the boat was not operable at the time." Dep. of T. Wicander, Feb. 12, 2004, at 50:22-24 (pertinent pages attached hereto as Exhibit B).  At no time has Mr. Wicander opined that the design of the boat, as opposed to the fact that its engines were not operating in June of 2001, rendered the boat unsafe or unreasonably dangerous.

[3] Copies of unpublished decisions are attached hereto as Exhibit C.

he testified that it was his practice to notify a dealer named the Bassett Boat Company, which he purportedly understood would in turn notify Sea Ray *or* the engine manufacturer, MerCruiser:

> Q . . . . Do[es Sea Ray] send a representative out?
> A No. I am subcontracted by Bassett Boat to do these repairs. So I send my findings to Bassett Boat Company. Mark usually confirms -- Mark Varone usually confirms the findings, and then he contacts Sea Ray or MerCruiser, whichever, or both.

Dep. of T. Wicander, Feb. 12, 2004, at 118: 10-17.

Moreover, even if notice to Sea Ray of alleged problems with other boats could be established, any limited relevance that evidence of such notice might have would not suffice to overcome the "highly prejudicial" impact of evidence of other incidents. See, e.g., Buckman v. Bombardier Corp., 893 F. Supp. 547, 552 (E.D.N.C. 1995)("Evidence of other accidents is highly prejudicial.")(citations omitted). Notice of other alleged incidents could not be relevant unless Sea Ray had such notice prior to the time at which the Plaintiffs purchased the boat that is the subject of this action. Even notice received prior to that time could not be relevant to the Plaintiffs' CUTPA claim, due to the three year statute of limitations.[4] Nor could it be relevant to whether Sea Ray is liable under the Connecticut Product Liability Act, which is based on strict liability, to whether Sea Ray was negligent in any of the ways alleged in the Plaintiffs' Complaint, or to whether the Plaintiffs are entitled to revoke their acceptance of the boat. Accordingly, the probative value of any evidence of alleged notice to Sea Ray would be

---

[4] If Sea Ray engaged in any unfair trade practice, which is expressly denied, the pertinent statute of limitations would preclude recovery for any alleged unfair trade practice committed more than three years before the Plaintiffs filed their complaint in the instant action on December 21, 2001. See Conn. Gen. Stat. § 42-110g (f); Fichera v. Mine Hill Corp., 207 Conn. 204, 541 A.2d 472, 475-76 (1988)(limitations period runs from date of occurrence, not discovery, of alleged unfair trade practice); Avon Meadow Condo. Ass'n v. Bank of Boston Conn., 719 A.2d 66, 73, 50 Conn. App. 688 (1998); petition for review denied, 247 Conn. 946, 723 A.2d 320 (1998)(statute of limitations for CUTPA claims is jurisdictional).

substantially outweighed by the prejudicial impact of the evidence of other alleged incidents. See Fed. R. Evid. 403.

### C. Evidence of Any Alleged Boat Problems Experienced by Mr. Russell Rackcliffe Is Inadmissible

#### 1. Sea Ray Could Not Have Had Notice of Any Alleged Problem with Mr. Rackcliffe's Boats At Any Pertinent Time

The sole basis upon which the Plaintiffs object that they should be permitted to introduce evidence of boat problems allegedly experienced by Mr. Russell Rackcliffe is that such evidence is "admissible to prove [Sea Ray] had notice of the design defect." Pls.' Obj. at 4. As noted in Sea Ray's Motion in Limine, however, "[e]ven if Plaintiffs could establish substantial similarity, evidence of Mr. Rackcliffe's alleged boat problems cannot be relevant to any issue of notice to Sea Ray, because Mr. Rackcliffe purportedly purchase[d] his first Sea Ray boat after Plaintiffs purchased the subject vessel in or around May of 1998." Mot. in Limine at 5.

#### 2. The Plaintiffs Cannot Establish Substantial Similarity Between Any Alleged Water Ingestion Suffered by the Plaintiffs and by Mr. Rackcliffe

The Plaintiffs assert that "[Mr.] Wicander will also testify that the exhaust system on Russell Rackcliffs' boat engine was substantially similar to Plaintiffs' . . . ." Pls.' Obj. at 4. Even assuming that Mr. Wicander would otherwise be able to establish this, which is expressly denied, this alleged similarity between the Plaintiffs' boat and Mr. Rackcliffe's would not establish the reason for which any boat owned by Mr. Rackcliffe allegedly suffered from water ingestion. As Mr. Wicander admits in his Affidavit, "there can be a number of possible causes of 'water ingestion.'" Affidavit of Thomas Wicander ¶ 7. Mr. Wicander has never offered an opinion as to the cause of any water ingestion that allegedly occurred on any boat owned by Mr.

Rackcliffe.[5]  Because Mr. Rackcliffe has not been disclosed as an expert on any subject, he is not qualified to offer any opinion as to the cause of any engine problems he claims to have experienced.

> D. **Any Probative Value of the Plaintiffs' Efforts to Show Substantial Similarity Would Be Substantially Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues, Misleading the Jury, and Waste of Time**

Even if Mr. Wicander could show that each of the other incidents about which he proposes to testify was substantially similar to the case at bar, which is expressly denied, evidence of such incidents should be excluded because it would give rise to side trials on issues having little or no relevance to the Plaintiffs' claims.  See Fed. R. Evid. 403; McKinnon v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981) ("Even when substantial identity of the circumstances is proven . . . the trial judge . . . must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility" of such evidence).

In his Affidavit in support of the Plaintiffs' Objection, Mr. Wicander concedes that "there can be a number of possible causes of 'water ingestion.'"  Affidavit of Thomas Wicander ¶ 7. Nonetheless, Mr. Wicander maintains that all of the twenty seven instances of water ingestion in Sea Ray boats about which he proposes to testify were caused by "substantially the same defective exhaust system/ engine design/ installation as found in Plaintiffs' boat." Id. ¶ 7.  Even assuming that Mr. Wicander had actually identified an alleged "defect" in the "exhaust system/ engine design/ installation" of the Plaintiffs' boat, which he has not, whether each of these other

---

[5] Indeed, although Mr. Wicander has offered the opinion that the Plaintiffs' boat suffered water ingestion "over a period of time prior to the hydro locking" because "[n]o single ingestion could have caused the damage" that he allegedly observed when he inspected the Plaintiffs' boat, he does not claim to have made any such inspection of any boat owned by Mr. Rackcliffe.  See Report of Thomas Wicander at 3.

alleged incidents was in fact the result of any such alleged defect would require a side trial as to each such incident.

Moreover, the fact that engine water ingestion occurs for many reasons also illustrates that the alleged fact that Mr. Wicander is familiar with twenty-seven other such occurrences with Sea Ray boats is unremarkable and has little, if any, probative value. The most that evidence of Mr. Wicander's alleged prior experience with other Sea Ray boats could tend to show is that, in his experience, Sea Ray boats suffer from a higher incidence of water ingestion than other boats. Even this is more that Mr. Wicander has ever claimed. If Mr. Wicander were permitted to make such a claim at this late date, however, that claim also would require that the jury be subjected to trial on a collateral issue having little if any relevance to the Plaintiffs' claims.

### III. CONCLUSION

For the reasons stated above, and those set forth in its Motion in Limine, Sea Ray respectfully requests that the Court exclude all evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by them.

Respectfully submitted,

DEFENDANT, SEA RAY BOATS, INC.

By     /s/ Daniel J. Foster
    James H. Rotondo (ct05173)
    jhrotondo@daypitney.com
    Daniel J. Foster (ct24975)
    djfoster@daypitney.com
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    (860) 275-0100
    (860) 275-0343 fax
    Its Attorneys

## **CERTIFICATION**

      I hereby certify that on this date a copy of foregoing **Defendant's Reply Memorandum in Further Support of its Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Daniel  J. Foster
                                        Daniel J. Foster (ct24975)