UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | JULY 16, 2007 |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
SEA RAY'S ALLEGED CONDUCT IN CONNECTION WITH THE
SALE AND PURCHASE OF THE SUBJECT BOAT**

**I.   INTRODUCTION**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this Reply Memorandum in further support of its motion in limine to exclude evidence of any alleged misrepresentation or other alleged unfair trade practice that Sea Ray allegedly engaged in prior to December 21, 1998, including any evidence of any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the boat that is the subject of this action (the "Boat").

**II.   ARGUMENT**

The Plaintiffs do not and cannot deny that, to the extent that their CUTPA claim is based on conduct that occurred more than three years before the filing of their Complaint, it is time-barred. It is true that the statute of limitations does not bar the introduction of evidence that is admissible for other purposes. In arguing that the disputed evidence is "otherwise admissible," however, the Plaintiffs can only state that "[a]ny evidence relating to the May 1998 sale of the Boat and the representations Sea Ray[ ] made at the time is relevant evidence to Count IV, the

CUTPA claim and should be admitted." Pl's. Obj. at 2. The Plaintiffs' argument is circular at best: they assert that, although the disputed evidence cannot be used to support their CUTPA claim, it is admissible for other purposes, namely, to support their CUTPA claim. This is absurd on its face.

Evidence of any alleged misconduct that Sea Ray engaged in prior to December 21, 1998, including any alleged misrepresentations made at or before the time of sale, cannot be relevant to the Plaintiffs' CUTPA claim because such evidence cannot legally form any part of the basis for any recovery under CUTPA. At most, introduction of evidence of alleged misconduct for which the Plaintiffs may not recover would serve to confuse the jury about the legal basis for the Plaintiffs' CUTPA claim.

Because the Plaintiffs have failed to identify any other alleged reason for which such evidence may properly be admitted, Sea Ray respectfully submits that such evidence is inadmissible.

### III.  CONCLUSION

For the reasons stated above, Sea Ray respectfully requests that the Court exclude all evidence of any alleged misrepresentation or other alleged unfair trade practice that Sea Ray allegedly engaged in prior to December 21, 1998, including any evidence of any alleged misrepresentation or other unfair trade practice that Sea Ray allegedly engaged in with respect to the sale or purchase of the Boat.

Respectfully submitted,

DEFENDANT, SEA RAY BOATS, INC.

By     /s/ Daniel J. Foster
    James H. Rotondo (ct05173)
    jhrotondo@daypitney.com
    Daniel J. Foster (ct24975)
    djfoster@daypitney.com
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    (860) 275-0100
    (860) 275-0343 fax
    Its Attorneys

## **CERTIFICATION**

I hereby certify that on this date a copy of foregoing **Defendant's Reply Memorandum in Further Support of its Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                        /s/ Daniel J. Foster
                        Daniel J. Foster (ct24975)