UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : | |
| v. | : | |
| SEA RAY BOATS, INC. | : | |
| Defendant. | : | JULY 16, 2007 |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO EXHIBIT "A" TO COMPLAINT**

**I.    INTRODUCTION**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this Reply Memorandum in further support of its motion in limine to exclude any and all evidence, including testimonial evidence, relating to Exhibit A to the Plaintiffs' Complaint, which is a release signed by Plaintiff Lori Mains prior to Sea Ray's performing of certain repairs to the boat that is the subject of this action (the "Release")(attached to Plaintiffs' Complaint as Ex. A).

The Plaintiffs' Objection to that motion in limine does not dispute Sea Ray's claim that, as a matter of law, the Plaintiffs cannot prevail on their claim that Sea Ray committed an unfair trade practice by requiring that the Plaintiffs sign the Release before the repairs were performed. Evidence relating to the Release is therefore not relevant to any of the Plaintiffs' claims. Accordingly, the Plaintiffs should not be permitted to circumvent Fed. R. Evid. 408, and the public policy underlying that Rule, by introducing evidence relating to the Release at trial.

## II. ARGUMENT

### A. Plaintiffs' Objection Demonstrates that Sea Ray's Request That They Sign the Release Cannot Constitute an Unfair Trade Practice

#### 1. The Meaning and Legal Effect of the Release

The Plaintiffs do not dispute Sea Ray's contention that, as a matter of law, the Release did not purport to require them "to accept [Sea Ray's] repairs, whether done properly or not, and whether the repairs resolved the problem or not" as they have previously claimed. Apparently, the Plaintiffs have abandoned the position that they took during discovery that Sea Ray sought to use the Release to deprive them of certain rights.

Instead, the Plaintiffs now contend that the terms and legal effect of the Release are irrelevant, because they are not making a claim for breach of contract. The Plaintiffs' failure to explain how the Release could possibly have the legal effect that they previously claimed constituted an unfair trade practice, however, demonstrates that the Release is irrelevant to their CUTPA claim. The *sole basis* for the Plaintiffs' claim that Sea Ray's request that they sign the Release prior to Sea Ray's taking possession of their boat constituted an unfair trade practice was that the Release purportedly had a specific meaning and legal effect. Because the Release did not have, or purport to have, the meaning or legal effect previously ascribed to it by the Plaintiffs, Sea Ray's request that the Plaintiffs sign the Release cannot constitute an unfair trade practice. In light of the position taken in their Objection, it does not even appear that the Plaintiffs still claim that it does constitute an unfair trade practice.

#### 2. Plaintiffs Are Not Entitled to Introduce Evidence of the Release Merely Because they Intend to Introduce Evidence of Different Alleged Misconduct

Similarly, Plaintiffs do not – and cannot – deny that they did not suffer any ascertainable loss as a result of Sea Ray's request that they sign the Release, nor do they deny that they did not

suffer any injury that they could not reasonably have avoided. For these additional reasons, Sea Ray's request that they sign the Release cannot constitute an unfair trade practice within the meaning of CUTPA. See Collins v. Anthem Health Plans, Inc., 275 Conn. 309, 334, 880 A.2d 106, 120 (2005)("[T]o be entitled to any relief under CUTPA, a plaintiff must first prove that he has suffered an 'ascertainable loss' due to a CUTPA violation.")(citation omitted); Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 592, 657 A.2d 212, 228 (1995) (to prevail on a CUTPA claim, plaintiffs must prove that "they could not reasonably have avoided any injury").

Instead, the Plaintiffs claim that they are entitled to present evidence relating to the Release because they claim that the Release, and all other alleged misconduct by Sea Ray, constitutes a single CUTPA violation as a result of which they suffered ascertainable harm and an unavoidable loss. Thus, Plaintiffs seek to offer evidence of otherwise irrelevant conduct that, as a matter of law, does not constitute a CUTPA violation merely by declaring that they wish to lump it in with other alleged conduct that allegedly does constitute such a violation. This is akin to arguing that the price of tea in China is relevant to the Plaintiffs' CUTPA claim because that price, when taken together with actual allegations of unfair trade practices, collectively includes actual allegations of unfair trade practices.

The parties' interactions with respect to the Release – i.e., Sea Ray's request that the Plaintiffs sign the Release, Plaintiff Lori Mains' deleting of some terms of the Release and addition of other terms, Sea Ray's acceptance of all of her edits to the Release, and her signing of the Release – constitute a distinct series of events, unrelated any other conduct by which Sea Ray allegedly violated CUTPA.[1] The Release is not even arguably related to any alleged misrepresentation made by Sea Ray – there can be no basis for any claim that Sea Ray made any

---

[1] See Compl. Count IV ¶ 63 (a) – (h) (alleging, inter alia, that Sea Ray misled Plaintiffs, failed to disclose defects in the boat, and exposed Plaintiffs to harm and risk).

misrepresentation to the Plaintiffs with respect to the Release, because they do not deny that, as a matter of law, the Release did not have the meaning or effect that they previously claimed.

In summary, the Plaintiffs should not be permitted to introduce evidence relating to a Release that does not even arguably constitute a CUTPA violation merely because they listed their allegations concerning the Release in the same Count of their Complaint as their allegations of unfair trade practices.

**B.     Evidence Relating to the Release is Inadmissible Evidence of an Offer to Compromise**

The Plaintiffs assert that they should be permitted to offer evidence of the Release, notwithstanding Rule 408 and the public policy against admission of evidence offers to compromise, because Rule 408 does not prohibit introduction of such evidence where used to prove matters other than "liability for or invalidity of the claim or its amount." Pl's. Obj. at 5 (citation omitted). The principal problem with the Plaintiffs' argument, of course, is that the only other purpose for which they seek to introduce that evidence is as support for their CUTPA claim. As set forth above, however, evidence relating to the Release is not relevant to the Plaintiffs' CUTPA claim, primarily because Sea Ray's request that they sign the Release does not constitute a CUTPA violation as a matter of law.

The Plaintiffs further assert that this evidence "is not within the scope of Rule 408 *or the policy considerations surrounding the [R]ule*." Id. at 6 (emphasis added). This statement is mere *ipse dixit*, unsupported by any argument or analysis. As set forth in Sea Ray's Motion in Limine, "[t]he primary purpose of Rule 408 is the 'promotion of the public policy favoring the compromise and settlement of disputes' that would otherwise be discouraged with the admission of such evidence. Rule 408, advisory committee's notes." Mot. in Limine at 6 (citations omitted). As also set forth in Sea Ray's Motion, this policy concern is relevant here, and

-4-

supports granting this motion.  Sea Ray agreed to perform certain repairs on the boat pursuant to the terms of the Release, which included that those terms would remain confidential.  See Ex. A to Compl.  Parties such as Sea Ray would be much less likely to enter into settlement agreements if they expected that such agreements would be used against them at trial.

Accordingly, evidence regarding the Release should also be excluded because admission would be contrary to the public policy favoring settlements.

### III.     CONCLUSION

For the reasons stated above, and those set forth in its Motion in Limine, Sea Ray respectfully requests that the Court exclude all evidence relating to the Release, including, but not limited to, the Release itself.

Respectfully submitted,

DEFENDANT, SEA RAY BOATS, INC.

By     /s/ Daniel J. Foster
James H. Rotondo (ct05173)
jhrotondo@daypitney.com
Daniel J. Foster (ct24975)
djfoster@daypitney.com
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
(860) 275-0100
(860) 275-0343 fax
Its Attorneys

### CERTIFICATION

I hereby certify that on this date a copy of foregoing **Defendant's Reply Memorandum in Further Support of its Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/ Daniel  J. Foster
Daniel J. Foster (ct24975)