UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 301cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : JULY 19, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND, OR, IN THE ALTERNATIVE, WITHDRAW, STIPULATIONS
IN JOINT TRIAL MEMORANDUM**

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully moves to amend the Stipulations of Fact and Law set forth in the Trial Memorandum of May 29, 2007. Specifically, Sea Ray moves to withdraw the first of the parties' two Stipulations, and to correct the date of the filing of this action as set forth in the second Stipulation. The Plaintiffs, through counsel, have consented to this motion in part. The Plaintiffs have not indicated whether they consent to the remainder of this motion, which relates to the manufacture of the vessel.

**I.    FACTUAL BACKGROUND**

The parties' Joint Trial Memorandum, which was filed on May 29, 2007, sets forth the following Stipulations:

> **5.    Stipulations of Fact and Law.**
>
>    1.  Sea Ray manufactured the vessel that is the subject of this case.
>
>    2.  This action was filed on December 21, 1998.

On June 6, 2007, counsel for Sea Ray spoke with Plaintiffs' counsel by telephone and proposed to amend each of these Stipulations. (Affidavit of Daniel J. Foster ¶¶ 4-5.) With respect to

**ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED**

Stipulation (1), counsel for Sea Ray explained that although Sea Ray assembled and sold the vessel, it manufactured the vessel only in part because it did not manufacture each of the components of the vessel. (Id. ¶ 6.) With respect to Stipulation (2), counsel for Sea Ray noted that this action was in fact filed on December 21, 2001, and not on December 18, 2001. (Id.) Counsel for Sea Ray proposed to amend the Stipulations to reflect these facts. (Id.)

During that telephone call, Plaintiffs' counsel indicated that the Plaintiffs had no objection to the proposed amendments to the Stipulations. (Id. ¶ 7.) The parties agreed that counsel for Sea Ray would provide a proposed Amendment to Joint Trial Memorandum for review by Plaintiffs' counsel. (Id.)

The following day, June 7, 2007, counsel for Sea Ray provided to Plaintiffs' counsel the following proposed amended Stipulations, and asked if they were acceptable to the Plaintiffs:

    **5.**     **Stipulations of Fact and Law**.

        1. Sea Ray manufactured in part, assembled and sold the vessel that is the subject of this case.

        2. This action was filed on December 21, 2001.

(Id. ¶ 8.) The undersigned sent the same request to Plaintiffs' counsel three times before receiving any response. (Id. ¶ 8-10.) On June 19, 2007, in an e-mail seeking Sea Ray's consent for an enlargement of time, Plaintiffs' counsel confirmed his consent to a correction of the date of filing, but asked counsel for Sea Ray to remind him of the reason for the other proposed change. (Id. ¶ 11.)

The undersigned complied with that request on that same date, but once again received no response indicating whether the Plaintiffs consented to the amended Stipulation. (Id. ¶ 12.) On June 27, 2007, the undersigned sent a fifth e-mail to Plaintiffs' counsel, again seeking the

Plaintiffs' position on the proposed amendment to the first Stipulation. (Id. ¶ 13.) Despite confirming that this amendment was acceptable by telephone, however, Plaintiffs' counsel has never indicated whether the Plaintiffs consent or object to the amendment as drafted by Sea Ray. (See id. ¶ 14.)

## II. ARGUMENT

There is no dispute that Sea Ray did not manufacture all of the components of the boat that is the subject of this action (the "Boat"). To the contrary, the Plaintiffs have affirmatively pled that the engines with which the boat that is the subject of this action were equipped were manufactured by MerCruiser, and not by Sea Ray, which they acknowledge was a separate entity. See Complaint ¶ 44 (alleging that Plaintiffs "requested that the engines be inspected by a representative of SeaRay and the engine manufacturer, MercCruiser")(emphasis added); Id. ¶ 45 (alleging that Plaintiffs undertook "repeated communications with Sea Ray and MerCruiser personnel"); Id. ¶ 46 (alleging that "[d]espite the Plaintiffs['] requests for assistance and service by Sea Ray and/or MerCruiser or their agents or representatives, neither Sea Ray nor MerCruiser" provided the requested assistance); Id. ¶ 53 (alleging that "the manner in which the retro-fit exhaust system was inconsistent with specifications previously recommended by the engines' manufacturer, MerCruiser")(emphasis added); Id. ¶ 54 (same).

The allegations in a party's Complaint are judicial admissions by which that party is "bound throughout the course of the proceeding." Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003)(citations omitted). Accordingly, the Plaintiffs would not now be entitled to deny that although Sea Ray assembled and sold the Boat, it did not in fact manufacture each of the Boat's component parts, even if that fact were relevant to any of the Plaintiffs' causes of action.

In fact, whether Sea Ray manufactured any particular component of the Boat is irrelevant to whether it may be liable for any of the Plaintiffs' claims.  The application of the Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m et seq. ("CPLA") depends on whether Sea Ray sold the Boat, which is undisputed, and not on whether it manufactured any particular component.  Accordingly, amending the Stipulations as proposed by Sea Ray to reflect the fact that Sea Ray manufactured in part and assembled and sold the Boat would not affect the Plaintiffs' CPLA claims any more than it would affect their claims that Sea Ray negligently damaged the Boat after the time of sale, that they are entitled to revoke their acceptance of the Boat, or that Sea Ray committed various alleged unfair trade practices.

Because the Plaintiffs have not indicated their consent to the amended Stipulation on this subject in the form drafted by Sea Ray, however, Sea Ray requests that Stipulation (1) of the parties' Joint Trial Memorandum be withdrawn rather than clarified and corrected as Sea Ray has proposed to the Plaintiffs.  By contrast, the Plaintiffs have indicated their consent to a correction of the date on which the Complaint was filed.  Accordingly, Sea Ray also requests that Stipulation (2) be amended to state that "This action was filed on December 21, 2001," rather than "This action was filed on December 21, 1998."

### III.   CONCLUSION

For the reasons set forth above, Sea Ray respectfully requests that the Stipulations in the parties' Joint Trial Memorandum be amended as set forth in its Motion.

-5-

                                                DEFENDANT,
                                                SEA RAY BOATS, INC.

                                                /s/ Daniel J. Foster
                                                James H. Rotondo (ct 05173)
                                                Daniel J. Foster (ct 24975)
                                                Day Pitney LLP
                                                242 Trumbull Street
                                                Hartford, Connecticut 06103-1212
                                                (860) 275 -0100
                                                (860) 275-0343 (fax)
                                                Its Attorneys

## **CERTIFICATION**

     I hereby certify that on this date a copy of foregoing **Memorandum of Law in Support of Motion to Amend, or, in the Alternative, Withdraw, Joint Trial Memorandum** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Daniel J. Foster
                                                Daniel J. Foster (ct24975)