UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
PETER D. MAINS and            :
LORI M. MAINS,                :
                              :
         Plaintiffs,          :
                              :
v.                            :    Civ No. 3:01CV02402 (AWT)
                              :
SEA-RAY BOATS,                :
                              :
         Defendant.           :
------------------------------x
```

### ORDER RE DEFENDANT'S MOTION IN LIMINE TO
### EXCLUDE EVIDENCE RELATING TO EXHIBIT "A" TO COMPLAINT

For the reasons set forth below, defendant Sea Ray Division of Brunswick Corporation's ("Sea Ray") motion in limine to exclude evidence relating to Exhibit "A" to the complaint is being granted.

Exhibit "A" to the complaint is a "Waiver and Release," executed by plaintiff Lori Mains in favor of defendant Sea Ray. The pertinent portion, for purposes of this motion, of the Waiver and Release reads as follows:

> If the repairs are completed and the boat is tendered to Releasor in conformance with Sea Ray's Express Limited Warranty, Releasor agrees to accept the repairs as compliance with Sea Ray's obligations under its Express Limited Warranty.  <u>If there are still problems, the Releasor does not have to accept repairs as compliance with Sea Ray's obligations.</u>

Complaint, (Doc. No. 1, Exhibit "A") (emphasis in original).

The plaintiffs claim that Sea Ray's requiring that they sign the Waiver and Release prior to Sea Ray taking possession of their boat constituted an unfair trade practice.  The sole basis for the claim that such conduct constituted an unfair trade practice is the plaintiffs' contention that the Waiver and Release requires the plaintiffs to accept repairs whether the repairs were done correctly or not, and that the plaintiffs were being required to give such a release before any work was done.

"The interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face . . . ." Gould v. Mellick & Sexton, 263 Conn. 140, 150 (2003).  As a matter of law, the Waiver and Release did not require the plaintiffs to accept repairs whether done correctly or not.  Rather, the Waiver and Release required the plaintiffs to accept repairs only if the repairs were completed in conformance with Sea Ray's Express Limited Warranty.

Because the Waiver and Release does not have the meaning or legal effect ascribed to it by the plaintiffs, it cannot be proffered by the plaintiffs as being relevant to an unfair trade practice claim.  Because the only purported relevance of the Waiver and Release is to the plaintiffs' unfair trade practice

claim, evidence with respect to the Waiver and Release should be excluded.

Accordingly, the Defendant's Motion in Limine to Exclude Evidence Relating to Exhibit "A" to Complaint (Doc. No. 106) is hereby GRANTED.

It is so ordered.

Dated this 5th day of March 2008 at Hartford, Connecticut.

                                                /s/AWT
                                      Alvin W. Thompson
                               United States District Judge