**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
PETER D. MAINS and             :
LORI M. MAINS,                 :
                               :
            Plaintiffs,        :
                               :
v.                             :      Civ No. 3:01CV02402 (AWT)
                               :
SEA-RAY BOATS,                 :
                               :
            Defendant.         :
-------------------------------x
```

**ORDER RE DEFENDANT'S MOTION IN LIMINE TO**
**EXCLUDE EVIDENCE OF COMPLAINTS BY OTHER CONSUMERS**

For the reasons set forth below, defendant Sea Ray Division

of Brunswick Corporation's ("Sea Ray") motion in limine to

exclude evidence of complaints by other consumers is being

granted.

Thomas Wicander has been identified by the plaintiffs as an

expert witness.  Wicander personally serviced and/or supervised

the service of the boat engines of approximately 27 Sea Ray

customers.  Defendant Sea Ray seeks to exclude evidence of

complaints by other customers.

The plaintiffs argue that Wicander should be permitted to

testify about other problems he observed in Sea Ray boats

because:

> His expert testimony is direct, relevant evidence of the
> existence of the exhaust system's design defect, the
> damage the design defect causes, the Defendant's ability

> to correct the defect, the magnitude of the danger of the
> defect, and the product's lack of safety for intended
> uses.

Plaintiffs' Memorandum (Doc. No. 116) at 2.  However, a review of

Wicander's expert report, dated October 7, 2003 shows that, as

contended by the defendant, Wicander has not been disclosed as an

expert, or offered any opinion, on any of these subjects.  See

Report of Thomas Wicander, Defendant's Reply (Doc. No. 122),

Exhibit A.  The plaintiffs cannot at this point expand the scope

of Wicander's expert testimony.  Also, to the extent that the

plaintiffs might seek at this juncture to have Wicander testify

as a fact witness with respect to the approximately 27 other Sea

Ray boat engines of which he has personal knowledge, he has not

been disclosed as a fact witness.

To the extent that the plaintiffs might seek to use

Wicander's knowledge of the 27 other Sea Ray boat engines to

establish notice to the defendant, the plaintiffs have not

demonstrated a basis for admission of such evidence for that

purpose because Wicander's testimony was that he notified Bassett

Boat Company, not defendant Sea Ray.

With respect to Russell Rackcliffe, the plaintiffs also

argue that evidence with respect to problems with Rackcliffe's

boat is admissible to prove notice to Sea Ray.  However, it

appears to be undisputed that Rackcliffe purchased his first Sea

Ray boat after the plaintiffs purchased the boat at issue here in

1998.  Thus, it does not appear the plaintiffs can establish that Sea Ray received notice of a complaint by Rackcliffe prior to the purchase by the plaintiffs of the boat that is the subject of this action.

Accordingly, the Defendant's Motion in Limine to Exclude Evidence of Complaints by Other Consumers (Doc. No. 107) is hereby GRANTED.

It is so ordered.

Dated this 5th day of March 2008 at Hartford, Connecticut.


                                    /s/AWT
                               Alvin W. Thompson
                            United States District Judge