UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | MARCH 12, 2008 |

**DEFENDANT'S REPLY TO PLAINTIFF'S SURREPLY TO
MOTION IN LIMINE TO PRECLUDE CUMULATIVE EXPERT TESTIMONY**

## I.      INTRODUCTION

Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the

Complaint as "Sea-Ray Boats, Inc.") ("Sea Ray") respectfully submits this Reply Memorandum

in further support of its motion in limine to preclude Plaintiffs from introducing the testimony of

multiple experts on the condition of the boat that is the subject of this action (the "Boat").

The proposal for addressing this issue set forth in Plaintiffs' Surreply of March 7, 2008,

should be rejected because (1) that proposal is materially different from the proposal that the

Court approved and directed Plaintiffs to submit during the teleconference of March 5, 2008, and

(2) Plaintiffs' new proposal would result in the very duplication of testimony that their proposal

was supposed to prevent.

## II.      PLAINTIFFS' NEW PROPOSAL WOULD NOT ELIMINATE DUPLICATION

### A.      Plaintiffs' First Proposal

During the March 5, 2008, teleconference with the Court, Plaintiff's counsel proposed to

avoid duplication of expert testimony by (1) offering the opinion of either Anthony Knowles or

Thomas Greaves as to the "structural condition" of the Boat's hull and deck, as well as water

ingestion or moisture issues, and perhaps other related issues, and (2) offering the opinion of

Bruce Pfund only as to "cosmetic issues" relating to the Boat's composite components, and specifically, as to whether repairs to the composite that Plaintiffs claim are necessary would be noticeable after they were performed.  The Court noted that this proposal would prevent duplication of expert testimony, and directed Plaintiff's counsel to file a Surreply to Sea Ray's Motion setting forth this proposal.[1]

### B.     Plaintiff's New Proposal

In their Surreply, however, Plaintiffs have actually proposed (1) that Mr. Greaves or Mr. Knowles offer testimony regarding the boat's "deficiencies and/or damaged condition," and (2) that Mr. Pfund testify about "'composite' issues and his findings with respect to the same including the 'repairability' of same."  Under this proposal, Mr. Pfund's testimony about composite issues would also include testimony regarding structural issues about which, as Plaintiff's counsel proposed at the hearing, either Mr. Knowles or Mr. Greaves will also testify.

While Plaintiffs' Surreply implies that their proposal would limit Mr. Pfund's testimony by restricting it to "composite issues," Mr. Pfund has been disclosed only as an expert on issues relating to composite Boat components.  See Report of Bruce Pfund at 2 ("Inspection was only of the vessel's composite construction.")(Ex. 3 to Mot. in Limine).  Thus, under the Plaintiff's new proposal, Mr. Pfund would testify at trial as to the full range of the opinions that he has offered, not only opinions that are outside the scope of the opinions of Mr. Greaves or Mr. Knowles.

### C.     Mr. Pfund Has Never Been Disclosed as an Expert on "Cosmetic Issues"

In fact, Mr. Pfund will not offer **any** opinions on subjects not covered by Mr. Greaves

---

[1] Counsel for Sea Ray agreed that this proposal would avoid unnecessary duplication. Sea Ray's counsel also stated that, to the best of his memory, Mr. Pfund had not offered any such opinion, and that Sea Ray might be required to object on that basis.

and Mr. Knowles.  Contrary to Plaintiffs' representation during the teleconference of March 5,

Mr. Pfund has never offered the opinions relating to "cosmetic issues" identified by Plaintiffs'

counsel, either in his expert report or at his deposition.  To the contrary, Mr. Pfund expressly

stated that his investigation was limited to alleged structural concerns, as opposed to cosmetic

issues:

> Q      . . . . Mr. Knowles talks about some of the same things that you do . . . .
> Is there a reason that you chose to document those but not some of Mr.
> Knowles' other concerns like things with gel cracks and loose stanchions?
>
> A      Yes, there is a very specific reason.  I would characterize composite
> problems in general in two very broad categories, those having structural
> consequences and those having cosmetic consequences. . . .  My concern
> was with investigating and documenting the problems on the Mains' boat
> that appeared to have structural considerations attached to them.

<u>Dep. of Bruce Pfund</u>, Feb. 10. 2004 ("Pfund Dep.") at 37:1-15.[2]

Mr. Pfund acknowledged that "the problems with the composites can be successfully

repaired to industry standards."  <u>Id.</u> at 110:9-11.  Although he testified that he thought that the

composite repairs he recommended would still affect the resale value of the Boat, he did **<u>not</u>**

state that this was due in any way to cosmetic issues such as whether the repairs would still be

noticeable:

> Q      Why would the repairs that you've recommended have an effect on the value of
> the boat?
>
> A      Were I to be retained by someone considering purchasing this vessel, after
> disclosure of the various problems that the vessel has had and the efforts made to
> repair it, I believe my advice to this hypothetical client would be that there are
> many other sister ships to this vessel that have not had these problems and these
> repairs and that might represent a more credible investment than this particular
> boat.

---

[2] Pertinent pages of Mr. Pfund's deposition are attached hereto as Ex. A.

Id. at 111:6-16.  Moreover, this hypothetical advice does not qualify as an expert opinion, in part because Mr. Pfund admittedly does not have the knowledge or experience necessary to qualify him as an expert on boat valuation:

> I don't do condition and valuation surveys or inspections.  I don't do appraisals.  I don't read the blue book or pay any attention to the values so I really have no perspective on what the market value of this individual boat is relative to sister ships of similar age and service history.

Id. at 112:11-17.

### D.    Plaintiffs Should Be Permitted to Offer Only One Expert on the Boat's General Condition

In summary, Plaintiffs persuaded the Court to sign off on their proposal to have Mr. Pfund testify, along with Mr. Knowles or Mr. Greaves, by representing that he would testify only as to certain opinions not offered by Mr. Knowles or Mr. Greaves.  Because Mr. Pfund's opinions in this case are in fact entirely duplicative of those offered by Plaintiffs' other experts, however, this required Plaintiffs to misrepresent the scope of the opinions with respect to which Mr. Pfund has been disclosed as an expert.

Plaintiffs evidently hope that the Court, having indicated its approval of Plaintiffs' proposal to offer both Mr. Pfund and either Mr. Knowles or Mr. Greaves, will not notice (1) that the only justification for that proposal was fictitious, and (2) that **all** of the opinions that Mr. Pfund has offered, and all of the opinions as to which Plaintiffs now wish for him to testify, are in fact duplicative of the opinions of Plaintiffs' other experts.

## III.    PLAINTIFFS' TESTIFYING EXPERT(S) SHOULD BE IDENTIFIED PROMPTLY

Plaintiffs' Surreply further proposes that Plaintiffs identify the expert (or experts) whom they intend to call at trial within five business days of the Court's approval of their proposal.  The Court, however, has already approved the Plaintiffs' proposal to the extent that they propose

to call either Mr. Knowles or Mr. Greaves.  There is no reason for them to delay their determination as to which of these two will testify at trial pending a further ruling by the Court. More importantly, trial is scheduled to begin in just under three weeks.  Under these circumstances, Plaintiffs' request for an additional week to identify their testifying expert or experts is unreasonable.

## IV.    CONCLUSION

Under the proposal presented by Plaintiffs during the teleconference, _none_ of Mr. Pfund's opinion testimony would have been duplicative of that of Plaintiffs' other experts. Under their new proposal, however, _all_ of Mr. Pfund's opinion testimony would be duplicative. By purporting to offer a proposal that would prevent any duplication of testimony, Plaintiffs implicitly concede that such duplication is not justified in this case.  For these reasons, and the reasons set forth in Sea Ray's Motion and its Reply in further support thereof, Sea Ray respectfully requests that the Court grant in its entirety Sea Ray's motion to limit Plaintiffs to a single expert on the Boat's non-mechanical aspects.

Respectfully submitted,

DEFENDANT, SEA RAY BOATS, INC.

By _____/s/ Daniel J. Foster_____
James H. Rotondo (ct05173)
jhrotondo@daypitney.com
Daniel J. Foster (ct24975)
djfoster@daypitney.com
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
(860) 275-0100
(860) 275-0343 fax
Its Attorneys

## <u>CERTIFICATION</u>

I hereby certify that on this date a copy of foregoing **Defendant's Reply to Plaintiff's to Defendant's Surreply Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel  J. Foster
Daniel J. Foster (ct24975)