UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : MARCH 25, 2008 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ITS MOTION IN LIMINE TO PRECLUDE CUMULATIVE EXPERT TESTIMONY**

I.   **INTRODUCTION**

Defendant Sea Ray respectfully submits this Motion for Reconsideration of the Court's Order granting in part and denying in part Sea Ray's Motion in Limine to Preclude Cumulative Expert Testimony. Sea Ray respectfully requests that the Court reconsider its Order to the extent that that Order denies Sea Ray's Motion in part.

The Court's Order, which is dated Wednesday, March 12, 2008, is based on Plaintiffs' representations during the Court's teleconference of March 5, 2008, and on Plaintiffs' Surreply of Friday, March 7, 2008. Sea Ray filed a further Reply to Plaintiffs' Surreply on March 12, three business days after Plaintiffs' Surreply was filed. Sea Ray now moves for reconsideration on the grounds that (1) the Court did not have the opportunity to consider the Reply that Sea Ray filed on the date of the Court's Order, and (2) the Court may reasonably have presumed that, as the Court had instructed, Plaintiffs filed a Surreply consistent with the proposal that they set forth during the teleconference. In fact, as set forth below and in Sea Ray's Reply of March 12, 2008, the Plaintiffs' new proposal would result in the very duplication of testimony that their earlier proposal was supposed to prevent.

## II. MR. PFUND'S OPINIONS ARE ENTIRELY DUPLICATIVE OF THOSE OF MR. GREAVES AND MR. KNOWLES

### A. During the Teleconference, Plaintiffs Proposed to Avoid Unnecessary Duplication

During the March 5, 2008, teleconference with the Court, Plaintiffs' counsel proposed to avoid duplication of expert testimony by (1) offering the opinion of either Anthony Knowles or Thomas Greaves[1] as to the "structural condition" of the Boat's hull and deck, as well as water ingestion or moisture issues, and perhaps other related issues, and (2) offering the opinion of Bruce Pfund only as to "cosmetic issues" relating to the Boat's composite components, and specifically, as to whether repairs to the composite components that Plaintiffs claim are necessary would be noticeable after they were performed. The Court noted that this proposal would prevent duplication of expert testimony, and directed Plaintiffs' counsel to file a Surreply to Sea Ray's Motion setting forth this proposal.[2] Instead, Plaintiffs filed a Surreply setting forth a different proposal, without noting that they had made substantial changes to their proposal.

### B. Plaintiffs Made A Different Proposal in Their Surreply

Plaintiffs' Surreply suggests that the opinions of Mr. Pfund identified therein would not be duplicative of those of Mr. Greaves or Mr. Knowles, just as would have been the case under the proposal they made during the teleconference. In their Surreply, Plaintiffs propose (1) that Mr. Greaves or Mr. Knowles testify regarding the boat's "deficiencies and/or damaged condition," and (2) that Mr. Pfund testify about "'composite' issues and his findings with respect

---

[1] In accordance with the Order that is the subject of this Motion, Plaintiffs have withdrawn Mr. Knowles as an expert in this case.

[2] During the teleconference, counsel for Sea Ray agreed that this proposal would avoid unnecessary duplication. Sea Ray's counsel also stated that, to the best of his memory, Mr. Pfund had not offered any such opinion, and that Sea Ray might be required to object on that basis.

to the same including the 'repairability' of same." Under this proposal, however, Mr. Pfund's testimony about composite issues would also include testimony regarding supposed structural issues about which, as Plaintiff's counsel noted at the hearing, either Mr. Knowles or Mr. Greaves is also expected to tesstify.

While Plaintiffs' Surreply implies that their proposal would limit Mr. Pfund's testimony by restricting it to "composite issues," Mr. Pfund has been disclosed only as an expert on issues relating to composite Boat components. See Report of Bruce Pfund at 2 ("Inspection was only of the vessel's composite construction.")(attached to Sea Ray's Motion in Limine as Ex. 3). Thus, under the Plaintiff's new proposal, Mr. Pfund would testify at trial as to the full range of the opinions that he has offered, not only opinions that are outside the scope of the opinions of Mr. Greaves as Plaintiffs proposed during the teleconference.

### C. Mr. Pfund Has Not Offered Opinions on Any Subject That Was Not Also Addressed by Mr. Greaves

In fact, Mr. Pfund will not offer **any** opinions on subjects not covered by Mr. Greaves. Contrary to Plaintiffs' representation during the teleconference of March 5, Mr. Pfund has never offered the opinions relating to "cosmetic issues" identified by Plaintiffs' counsel, either in his expert report or at his deposition, nor has he been disclosed as an expert on any such subject. To the contrary, Mr. Pfund expressly testified that his investigation was limited to alleged structural concerns relating to the subject vessel, as opposed to cosmetic issues:

> Q     . . . . Mr. Knowles talks about some of the same things that you do . . . . Is there a reason that you chose to document those but not some of Mr. Knowles' other concerns like things with gel cracks and loose stanchions?
>
> A     Yes, there is a very specific reason. I would characterize composite problems in general in two very broad categories, those having structural consequences and those having cosmetic consequences. . . . My concern was with investigating and documenting the problems on the Mains' boat that appeared to have structural considerations attached to them.

Dep. of Bruce Pfund, Feb. 10. 2004 ("Pfund Dep.") at 37:1-15.[3]

With respect to "repairability," Mr. Pfund acknowledged that "the problems with the composites can be successfully repaired to industry standards." Id. at 110:9-11. Although he testified that he thought that the composite repairs that he recommended would still affect the resale value of the Boat, Mr. Pfund did **not** state that this was due in any way to cosmetic issues such as whether the repairs would still be noticeable:

> Q     Why would the repairs that you've recommended have an effect on the value of the boat?
>
> A     Were I to be retained by someone considering purchasing this vessel, after disclosure of the various problems that the vessel has had and the efforts made to repair it, I believe my advice to this hypothetical client would be that there are many other sister ships to this vessel that have not had these problems and these repairs and that might represent a more credible investment than this particular boat.

Id. at 111:6-16. Moreover, Mr. Pfund was not disclosed to testify regarding the value of the boat, and his hypothetical advice does not qualify as an expert opinion, in part because Mr. Pfund admittedly does not have the knowledge or experience necessary to qualify him as an expert on boat valuation:

> I don't do condition and valuation surveys or inspections. I don't do appraisals. I don't read the blue book or pay any attention to the values so I really have no perspective on what the market value of this individual boat is relative to sister ships of similar age and service history.

Id. at 112:11-17.

---

[3] Pertinent pages of Mr. Pfund's deposition, each of which is also cited in Sea Ray's March 12, 2008 Reply to Plaintiffs' Surreply, are attached hereto as Exhibit A.

### D. **Plaintiffs Should Be Precluded From Offering More Than One Expert on the Boat's General Condition**

During the teleconference, Plaintiffs persuaded the Court to sign off on their proposal to have Mr. Pfund testify, along with Mr. Knowles or Mr. Greaves, by representing that Mr. Pfund would testify only as to certain opinions not offered by Mr. Knowles or Mr. Greaves. Because his opinions in this case are in fact entirely duplicative of those offered by Plaintiffs' other experts, however, this required that Plaintiffs misstate the scope of Mr. Pfund's opinions. In short, the sole justification that Plaintiffs have offered for permitting two experts to testify as to the non-mechanical features of the Boat was fictitious. Accordingly, as set forth in Sea Ray's Motion in Limine, permitting more than one expert to testify on this subject would be not only cumulative under Fed. R. Evid. 403 but also prejudicial, because it might lead the jury to decide contested issues based on the number of witnesses offered.

### III. **CONCLUSION**

Under the proposal presented by Plaintiffs during the teleconference, none of Mr. Pfund's opinion testimony would have been duplicative of that of Plaintiffs' other experts. Under the proposal set forth in their Surreply, however, all of Mr. Pfund's opinion testimony would be duplicative. By purporting to offer a proposal that would prevent any duplication of testimony, Plaintiffs have implicitly conceded that such duplication is not justified in this case. For these reasons, and the reasons set forth in Sea Ray's Motion and its Reply in further support thereof, Sea Ray respectfully requests that the Court grant in its entirety Sea Ray's motion to limit Plaintiffs to a single expert on the Boat's non-mechanical aspects.

        Respectfully submitted,

        DEFENDANT, SEA RAY BOATS, INC.

By      /s/ Daniel J. Foster
        James H. Rotondo (ct05173)
        jhrotondo@daypitney.com
        Daniel J. Foster (ct24975)
        djfoster@daypitney.com
        Day Pitney LLP
        242 Trumbull Street
        Hartford, CT 06103-1212
        (860) 275-0100
        (860) 275-0343 fax
        Its Attorneys

## **CERTIFICATION**

     I hereby certify that on this date a copy of foregoing **Defendant's Memorandum of Law in Support of Motion for Reconsideration** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        /s/ Daniel J. Foster
        Daniel J. Foster (ct24975)