UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO.  3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | | MARCH 26, 2008 |

**DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY OF MARK VERONE**

**I.     INTRODUCTION**

Defendant Sea Ray respectfully submits this motion in limine to preclude the proposed

testimony of Mr. Mark Verone, whom Plaintiffs have identified as a fact witness in this case.

Mr. Verone's proposed testimony consists entirely of alleged problems with other Sea Ray boats.

Plaintiffs describe that testimony as follows:

> Mr. Verrone [sic] has been Service Manager at Bassett Boats, Inc., an authorized Sea Ray
> boat dealer and has had substantial experience regarding water ingestion problems with
> Sea Ray Boats v-Drive models equipped with V6/V8 engines.  He was involved with Sea
> Ray and/or Bassett Boats engagement of Pilots Point Marina to perform engine
> replacements in over 20 Sea Ray boats that sustained damage due to water
> ingestion/resonance reversion problems.

Joint Trial Mem. at 23-24.  According to Plaintiffs' Complaint, the Bassett Boat dealership is

located at Brewer Pilot's Point Marina, where their expert Thomas Wicander is employed as East

Yard Manager.  Compl. ¶ 31; Report of T. Wicander.[1]  Thus, the other incidents about which Mr.

Verone proposes to testify are apparently the very same incidents as to which the Court has

already ruled that Mr. Wicander may not testify.

---

[1] A copy of Mr. Wicander's report, and the Plaintiffs' accompanying disclosure of him as
an expert, is attached hereto as Exhibit A.

Sea Ray respectfully submits that Mr. Verone's proposed testimony is within the scope of evidence precluded by the Court's Order granting Sea Ray's Motion in Limine to preclude evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by them.[2] See Sea Ray's Mot. in Limine, No. 107 (May 29, 2007); Order on Mot. in Limine, No. 131 (March 5, 2008). Even if Mr. Verone's proposed testimony is not within the scope of the Court's Order granting Sea Ray's Motion to preclude evidence of other alleged problems or incidents relating to Sea Ray boats, that testimony should be precluded for the same reasons set forth that Motion in Limine.

## II.    FACTUAL BACKGROUND

On or about May 21, 1998, Plaintiffs purchased a boat manufactured by Sea Ray (the "Boat"). Compl. ¶ 5. In their Complaint, the Plaintiffs assert that the Boat's engines were damaged because they became "hydrolocked" when Plaintiffs used an improper procedure to flush them. Id. Count 1 ¶¶ 38-47, 51; Count 2 ¶¶ 59-61. In addition, the Plaintiffs allege that the Boat is defective and unreasonably dangerous because, inter alia, it was subject to "instantaneous water ingestion with resulting hydro-locking." Id. Count 1 ¶ 60(b)(emphasis added). Plaintiffs have since suggested that this "instantaneous" water ingestion occurs as a result of water entering the engine through its exhaust system. In their Complaint, however, Plaintiffs attribute the alleged damage to the Boat's engines only to a hydrolocking incident that resulted from flushing the engines on a particular occasion, and Plaintiffs have not sought relief based on any harm allegedly caused by other forms of water ingestion.

---

[2] Sea Ray's Motion in Limine did not refer specifically to Mr. Verone because Sea Ray was not informed that Mr. Verone would be offered as an witness until May 29, 2007, the date on which both the Joint Trial Memorandum and Sea Ray's Motions in Limine were filed.

III.    **ARGUMENT**

    A.    **The Court Has Already Precluded Evidence of the Very Incidents as to which Mr. Verone Proposes to Testify**

In its March 5, 2008 Order, Docket No. 131, this Court granted Sea Ray's Motion in Limine to preclude evidence of other consumer complaints.  In that order,  the Court addressed the argument raised by Plaintiffs in opposition to the motion, and expressly precluded the testimony of Mr. Wicander as to the "approximately 27" other occasions on which he allegedly serviced or supervised the servicing of Sea Ray boat engines at Brewer Pilot's Point Marina, because he had not been disclosed as an expert with respect to pertinent issues.  These approximately twenty-seven engine repairs or replacements are apparently the same incidents as to which Mr. Verone proposes to testify, or must at the very least overlap extensively with those incidents.  See  Joint Trial Mem. at 23-24 (Mr. Verone "was involved with Sea Ray and/or Bassett Boats *engagement of Pilots Point Marina* to perform engine replacements in over 20 Sea Ray boats . . . ." (emphasis added)).

Since Mr. Wicander cannot testify as to those alleged incidents, Sea Ray respectfully submits that Mr. Verone, who has not even been disclosed as an expert, should not be permitted to testify as to those same incidents and their causes.  In the remainder of this Memorandum, Sea Ray essentially repeats, for the Court's convenience, the legal arguments set forth in its original Motion In Limine, and applies them to Mr. Verone.

    B.    **Plaintiffs Cannot Establish That The Other Alleged Incidents Were Substantially Similar to the Plaintiffs' Claims in this Case**

        1.    Plaintiffs Have the Burden of Establishing Substantial Similarity Before They May Introduce Evidence of Other Incidents for Any Purpose

The burden of establishing "substantial similarity" rests squarely on the Plaintiffs.  Black v. M & W Gear Co., 269 F.3d 1220, 1227 (10th Cir. 2001)("Before evidence of other accidents

is admissible for any purpose . . . the party seeking its admission must show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court."); Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir. 1993)("For [evidence of other incidents] to be admissible, the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar."); Hardy v. Chemetron Corp., 870 F.2d 1007, 1009 (5th Cir. 1989) (upholding trial court's refusal to admit evidence of other incidents because there was a "total lack of evidence on the crucial question of substantial similarity"); Lewy v. Remington Arms Co., 836 F.2d 1104, 1109 (8th Cir. 1988) (noting that plaintiff's counsel "failed to lay an adequate foundation" to establish that other incidents were substantially similar). The rule under which Plaintiffs "must present a factual foundation for the court to determine that the other accidents were 'substantially similar' to the accident at issue. . . . applies irrespective of whether the proponent attempts to introduce evidence of other accidents as proof of an alleged design defect, causation, or notice of a defect." Buckman v. Bombardier Corp., 893 F. Supp. at 552 (emphasis added).

Plaintiffs cannot meet their burden of showing substantial similarity in this case.

2.    Engines Can Ingest Water Through Numerous Means

The fact that engine water ingestion has allegedly occurred on certain occasions does not suggest that those incidents are substantially similar one another. As set forth in Sea Ray's prior Motion relating to other incidents – and as suggested by Plaintiffs' Complaint[3] – water may be present in a boat's engines for many different reasons. See Mot. in Limine at 3 (citing Aff. of David Marlow). There is no evidence that any water ingestion that occurred in any other alleged incident was caused by improper flushing, ingestion through the exhaust system, or any other

_____

[3] See supra Part II.

particular set of circumstances.  Accordingly, evidence of those incidents is irrelevant.  Cameron

v. Otto Bock Orthopedic Indus., 43 F.3d 14, 16-17 (1st Cir. 1994)("The reports of other incidents

would be probative evidence of the existence of a design defect only if the incidents occurred

under circumstances substantially similar to those surrounding [the plaintiff's] accident.").

> 3.    Mr. Verone Cannot Testify about the Alleged Causes of Water Ingestion
>        in Other Incidents

Mr. Verone could establish that other alleged incidents of engine water ingestion

involving Sea Ray boats were substantially similar to the incident alleged in the present case

only if he could testify as to the cause of water ingestion in particular cases.  Such testimony

would manifestly be expert testimony.  Mr. Verone, however, has not been disclosed as an

expert.  Because Plaintiffs cannot meet their burden of showing that other water ingestion

incidents about which Mr. Verone proposes to testify arose under conditions that are

substantially similar to those alleged by the Plaintiffs, that evidence should be excluded.

**C.    Evidence of Other Alleged Incidents is Hearsay**

In addition, any determination that the cause of any other incident of water ingestion was

substantially similar to that alleged in the present case would require information from the

individual consumer whose boat was involved in that other incident, particularly with respect to

whether and how the consumer attempted to flush the engines.  Such statements made by

consumers would constitute inadmissible hearsay.   See Fed. R. Evid 802.

Admission of this evidence would deny Sea Ray the opportunity to question the

declarants – i.e., the consumers who have made purportedly similar complaints or the individuals

who diagnosed any problems – concerning the true circumstances and extent of their alleged

problems.  For example, in the case of problems purportedly caused by ingestion of water into a

boat's engines, Sea Ray would be unable to ascertain through cross-examination what actual

evidence of ingestion prompted the complaint, whether any water ingestion that did occur was the result of improper flushing, whether any water was ingested through the boat's exhaust system, whether the engines were properly dewatered after ingestion, etc.  In short, if evidence concerning other incidents or complaints concerning Sea Ray boats were admitted, Sea Ray would suffer all of the prejudice that the hearsay rule is intended to avoid.

**D.      Any Probative Value of Other Incidents is Substantially Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury**

In the alternative, Mr. Verone's testimony should be excluded because any slight probative value it might otherwise have would be substantially outweighed by the likelihood of undue prejudice, confusion of the issues, and misleading the jury, and because it would result in waste of time and unnecessary delay.  See Fed. R. Evid. 402, 403.

Even where evidence of other incidents or complaints has some relevance, such evidence must still be excluded as unduly prejudicial where the plaintiff cannot establish a substantial similarity:

> Evidence of other accidents is highly prejudicial. Therefore, it is well settled that, before evidence of other accidents can be admitted into evidence, plaintiff must present a factual foundation for the court to determine that the other accidents were "substantially similar" to the accident at issue. . . . This rule applies irrespective of whether the proponent attempts to introduce evidence of other accidents as proof of an alleged design defect, causation, or notice of a defect.

Buckman v. Bombardier Corp., 893 F. Supp. 547, 552 (E.D.N.C. 1995)(citations omitted); see also, e.g., Nakajima v. General Motors Corp., 857 F. Supp. 100, 103 n.6 (D.D.C. 1994) (probative value outweighed by danger of unfair prejudice, confusion of the issues, and misleading the jury); J.B. Hunt Transport, Inc. v. General Motors Corp., 243 F.3d 441, 445 (8th Cir. 2001) ("'admitting similar-incident evidence . . . threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative'") (quoting Drabick, 997 F.2d

at 508).  Indeed, "[e]ven when substantial identity of the circumstances is proven . . . the trial

judge . . . must weigh the dangers of unfairness, confusion, and undue expenditure of time in the

trial of collateral issues against the factors favoring admissibility" of such evidence.  McKinnon

v. Skil Corp., 638 F.2d 270, 277 (1st Cir. 1981).  Even if Plaintiffs could offer some evidence

that any other incidents arose in circumstances substantially similar to those alleged in this case,

Sea Ray would be entitled to test and rebut that evidence, resulting in a side trial as to each such

allegedly similar incident.

Moreover, admission of evidence of other incidents in this case would result in unfair

prejudice to Sea Ray, because the jury may improperly infer from the mere existence of these

other incidents that Sea Ray is liable, even in the absence of competent proof relating to this

case.  Moreover, the jury may improperly inflate the amount of damages they award based on the

existence of other, unproven claims.  See, e.g., Drabik, 997 F.2d at 509 (admission of evidence

of other accidents was reversible error because unfair prejudice created by its admission was

"manifest").

IV.    **CONCLUSION**

Plaintiffs are trying to circumvent the Court's Order precluding evidence of other

incidents.  For the reasons stated above, Sea Ray respectfully renews its request that the Court

exclude all evidence of any alleged consumer complaints, or alleged problems with boats

manufactured by Sea Ray, other than those made by the Plaintiffs concerning boats owned by

them, and specifically requests that the Court exclude the proposed testimony of Mr. Verone.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.

By    /s/ Daniel J. Foster
     James H. Rotondo (ct05173)
     Daniel J. Foster (ct 24975)
     Day Pitney LLP
     242 Trumbull Street
     Hartford, Connecticut  06103-1212
     Phone: (860) 275-0100
     Fax: (860) 275-0343
     Its Attorney

### CERTIFICATION

I hereby certify that on this date a copy of foregoing **Defendant's Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel  J. Foster
Daniel J. Foster (ct24975)