UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : MARCH 27, 2008 |

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS

Defendant Sea Ray hereby respectfully submits its objections to the following exhibits identified by Plaintiffs in this matter.

**Plaintiff's Exhibit 1**: Release and Agreement in Settlement of all Claims dated 2/19/98

In 1996 plaintiffs purchased another Sea Ray boat from Surfside 3. This Release and Settlement of All Claims relates to the agreement by which Plaintiffs received a certain amount of credit in addition to the trade in of their 1996 Sea Ray boat toward the purchase of the 1998 boat that is the subject of this action (the "Boat"). The fact that the parties entered into a release and settlement agreement as part of that trade-in is irrelevant to any issue in this case. This exhibit should also be precluded under Fed. R. Evid. 408 as evidence of a settlement agreement between the parties relating to their disputes with respect to the 1996 Sea Ray boat owned by plaintiffs. This case does not involve a dispute about the settlement agreement reflected in Exhibit 1. In addition, the document itself indicates that it is to be kept confidential and not to be disclosed, which plaintiffs have done by listing it as an exhibit. Finally, this exhibit should be precluded under Fed. R. Evid. 403 because any probative value that this exhibit might have is substantially outweighed by the likelihood of unfair prejudice to Sea Ray. Specifically, this

exhibit may lead the jury improperly to infer from the existence of a Release and Settlement that Sea Ray was liable or responsible for alleged problems with the 1996 boat.

**Plaintiff's Exhibit 2**:  In-Service Checklist dated 5/21/98

The second page of this exhibit, which appears to be a communication from Plaintiff Lori Mains to Plaintiffs' counsel, is irrelevant and constitutes hearsay.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 12**:  Summary of Dates and Events, 7/16/01

This exhibit should be precluded under Fed. R. Evid. 802 because it constitutes hearsay. This exhibit constitutes double hearsay to the extent that it purports to describe statements made by persons other than Sea Ray employees, including alleged statements made by Plaintiffs, Plaintiffs' experts, and employees of non-party Mercury Marine, which manufactures MerCruiser brand boat engines.  The final page of this exhibit is a copy of the Waiver and Release that has already been precluded by this Court's Order of March 5, 2008.  See Docket No. 130.

**Plaintiff's Exhibit 15**:  Release dated 5/31/01

This exhibit is a copy of the Waiver and Release that has already been precluded by this Court's Order of March 5, 2008.  See Docket No. 130.

**Plaintiff's Exhibit 22**:  Brewer Pilots Point Marina Repair Estimate dated 9/10/01

This report by Plaintiff's expert Thomas Wicander constitutes hearsay and is cumulative of his testimony.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 23**:   Survey Report Prepared by Thomas P. Greaves dated 6/30/01

This report by Plaintiff's expert Thomas Greaves constitutes hearsay and is cumulative of his testimony.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 24**:   Survey Report of Anthony L. Knowles

This report by Plaintiff's expert Anthony Knowles should be precluded because Plaintiffs have withdrawn Mr. Knowles as an expert and because this report constitutes hearsay.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 25**:   Survey Report of Bruce Pfund

This report by Plaintiff's expert Bruce Pfund constitutes hearsay and is cumulative of his testimony.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 26**:   Inspection Report of Tom Wicander

This report by Plaintiff's expert Thomas Wicander constitutes hearsay and is cumulative of his testimony.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 27**:   Leak Down and Compression Tests Report of Tom Wicander

This report by Plaintiff's expert Thomas Wicander constitutes hearsay and is cumulative of his testimony.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 28**:   Excerpts from Mercury MerCruiser Manual

This exhibit, which appears to be an excerpt from a manual published by non-party Mercury Marine, should be precluded because it is incomplete and unauthenticated.  See Fed. R. Evid. 106, 901.  This exhibit should be precluded for the additional reason that it is irrelevant. Plaintiffs have asserted that, when Sea Ray installed a new engine exhaust system on the Boat in

2001, Sea Ray installed the system improperly, resulting in a potential for water to enter the engine through the exhaust system.  Plaintiffs do not, however, seek recovery for any damage allegedly caused by entry of water through the exhaust system, and there is no evidence that improper installation of the replacement exhaust system actually occurred or caused harm to the Boat.  See Compl. ¶¶ 38-42, 47, 51 (alleging that the engines were damaged as a result of water introduced by flushing of the engines).  Plaintiffs used the Boat only once after the replacement exhaust system was installed, and their mechanical expert Thomas Wicander testified that he had no way of knowing whether any significant water ingestion occurred on that occasion.  See id. ¶ 36-38, 41-42 (Plaintiffs used the Boat on only one occasion following installation of replacement exhaust system); Dep. of T. Wicander at 79:23-80:14.[1]  Finally, this exhibit should be precluded because evidence relating to the allegedly improper installation of the replacement exhaust system is substantially more prejudicial than probative, is likely to mislead the jury and confuse the issues, and would result in undue delay and waste of time.  See Fed. R. Evid. 403.

---

[1] Mr. Wicander testified as follows:

Q    So the only period that you're aware of that the boat had been run with this new exhaust system was on the trip to Brewers Pilots Point [on June 9, 2001]?
A    That's right, yes.
. . . .
Q    I think you characterized it as a short trip?
A    Yes.  It's not a long trip.
Q    Would a significant amount of water ingestion have occurred during that trip?
A    It certainly can.  I don't know the conditions, sea conditions or anything.
Q    It would all depend on --
A    Sure, how the boat was run, speeds it was run.  I have no way of knowing how much water ingestion could possibly happen.

Dep. of T. Wicander at 79:23-80:14.  Pertinent pages of the deposition of Thomas Wicander are attached hereto as Exhibit A.

**Plaintiff's Exhibit 29**:  Inboard Water Damage Worksheet

This exhibit constitutes hearsay.  See Fed. R. Evid. 802.  This exhibit should also be precluded under the best evidence rule it purports to describe the contents of a "Tech Manual."  See Fed. R. Evid. 1002.  Specifically, this document states that that "Tech Manual" includes flushing instructions.  This exhibit should also be precluded under Rule 403.  Because Plaintiffs claim that the Boat's engines were damaged when Sea Ray provided the wrong flushing instructions to Plaintiffs, Sea Ray would be unduly prejudiced by evidence that certain unspecified published flushing instructions were used.

**Plaintiff's Exhibit 30**:  Inboard Water Damage Worksheet

This exhibit should be precluded for the same reasons for which exhibit 29 should be precluded, and for the additional reason that parts of this exhibit are illegible.  This exhibit constitutes hearsay.  See Fed. R. Evid. 802.  This exhibit should also be precluded under the best evidence rule it purports to describe the contents of a "Supplied Manual."  See Fed. R. Evid. 1002. Specifically, this document states that that "Supplied Manual" includes flushing instructions.  This exhibit should also be precluded under Rule 403.  Because Plaintiffs claim that the Boat's engines were damaged when Sea Ray provided the wrong flushing instructions to Plaintiffs, Sea Ray would be unduly prejudiced by evidence that certain unspecified published flushing instructions were used.

**Plaintiff's Exhibit 31**:  Handwritten Notes

This exhibit constitutes hearsay.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 33**:   Mercury MerCruiser Service Bulletin No. 2001-13

This exhibit constitutes hearsay and is unauthenticated.  See Fed. R. Evid. 802, 901.  This document is also irrelevant because it is dated August, 2001, after Plaintiff's Boat engines became hydrolocked following the introduction of water while flushing the engines.

**Plaintiff's Exhibit 34**:   Mercury MerCruiser Service Bulletin No. 2001-10

This exhibit constitutes hearsay and is unauthenticated.  See Fed. R. Evid. 802, 901.  This document is also irrelevant because it is dated June, 2001.  The engines on the Boat allegedly became hydrolocked following the introduction of water while flushing the engines on June 9, 2001.  Compl. ¶ 38, 47, 51. There is no evidence that this document was created or distributed prior to that date.

**Plaintiff's Exhibit 35**:   Mercury MerCruiser Service Bulletin No. 99-10

This exhibit consists of two different documents, each of which constitutes hearsay and is unauthenticated.  See Fed. R. Evid. 802, 901.  In addition, the subject matter of these documents is not relevant to any of Plaintiffs' claims.

**Plaintiff's Exhibit 36**:   Sea Ray Info Gram No. 02-07

This exhibit is unauthenticated.  See Fed. R. Evid. 901.  This exhibit is also irrelevant, because it expressly concerns a limited number of specifically identified boat models, not including model 330DA, of the model years 1999-2001.  The Boat was a model 330DA boat of the 1998 model year.  Moreover, this document is dated October, 2001, after the incidents giving rise to this action.  This document expressly refers to reports received by Sea Ray in the "several months" leading up to October, 2001.   Finally, portions of this exhibit are improperly underscored.  This document should also be precluded under Fed. R. Evid. 403, because the

improper highlighting of certain portions is improperly prejudicial and presents the likelihood of confusing the issues and misleading the jury.

**Plaintiff's Exhibit 37**:  Videotape of Engine Disassembly

Sea Ray objects only to the sound component of this videotape.  The sound component constitutes hearsay.  See Fed. R. Evid. 802.

**Plaintiff's Exhibit 38**:  Excerpts of Mercury MerCruiser Manuals

This exhibit consists of portions of two different documents, each of which is incomplete, constitutes hearsay, and is unauthenticated.  See Fed. R. Evid. 106, 802, 901.  In addition, portions of this exhibit are improperly underscored and highlighted with asterisks.  This document should also be precluded under Fed. R. Evid. 403, because the improper highlighting of certain portions is improperly prejudicial and presents the likelihood of confusing the issues and misleading the jury.

**Plaintiff's Exhibit 39**:  American National Standard Quality Management Systems Requirements

This exhibit, which appears to set forth certain standards promulgated by the American Society for Quality ("ASQ"), is unauthenticated.  See Fed. R. Evid. 901.  This exhibit also constitutes hearsay to the extent that it purports to state that ASQ requires or recommends that any entity meet the standards described therein.  See Fed. R. Evid. 802.  This exhibit is irrelevant because Sea Ray is not a member of the ASQ and is therefore not subject to ASQ standards.  See Aff. of R. Bentley ¶¶ 4-7.[2]

---

[2] The Affidavit of Rebecca Bentley filed in connection with Plaintiffs' Motion to Compel is attached hereto as Exhibit B.

This exhibit would be irrelevant even if, for any reason, Sea Ray were required to meet the standards set forth therein.  In support of their Motion to Compel a further response to interrogatories seeking information on complaints made by other consumers, Plaintiffs have asserted that Sea Ray was required to meet ASQ recordkeeping standards for consumer complaints by virtue of its alleged membership in ASQ.  See Pl.'s Mot. to Compel, Docket Nos. 63 (June 30, 2006), 67 (Aug. 3, 2006).[3]  There was in fact no factual basis for this assertion.  In ruling on that motion to compel, the Court did not accept plaintiff's argument that there was any such obligation imposed on Sea Ray as a result of ASQ.  See Order, Docket No. 85 (Nov. 3, 2006).  Moreover, ASQ, if it applied, which it does not, only applies to the issue of consumer complaints, and the Court has already granted Sea Ray's Motion to preclude evidence of other consumer complaints.  See Sea Ray's Mot. in Limine, No. 107 (May 29, 2007); Order on Mot. in Limine, No. 131 (March 5, 2008).  Thus, even if evidence of other consumer complaints were relevant, which is expressly denied, the methods by which Sea Ray keeps track of consumer complaints would still be irrelevant.

In their Reply Brief in further support of their Motion to Compel, Plaintiffs specifically cited § 4.2.4 of this exhibit, which states that "[r]ecords shall remain legible, readily identifiable and retrievable."  See Pl.'s Reply in Support of Mot. to Compel at 14-15 (citing Ex. 39 § 4.2.4).  Sea Ray's consumer complaint records are in fact "legible, readily identifiable and retrievable."  See Aff. of P. Smith ¶ 4-9 (describing Sea Ray's computerized records of consumer

---

[3] Specifically, Plaintiffs asserted that the standards set forth in this exhibit required that Sea Ray be able to search, without undue burden, all of its customer service files to identify all complaints of particular kinds relating to boats of particular model years having particular engines and exhaust systems.  See Pl.'s Reply in Support of Mot. to Compel at 14.

complaints).[4]  Nothing in this exhibit suggests that ASQ members must maintain a computer database capable of searching all records based on any criterion that might happen to be of interest to Plaintiffs.

Finally, even if this exhibit did have any probative value, which is expressly denied, this exhibit should be excluded because that probative value would be substantially outweighed by the risk of unfair prejudice, misleading the jury, and confusion of the issues, and because it would result in undue delay and waster of time.  See Fed. R. Evid. 403.

**Plaintiff's Exhibit 40**:  Schedule of Expenses

This exhibit constitutes hearsay.  See Fed. R. Evid. 802.  This exhibit should also be precluded under the best evidence rule it purports to describe bills paid by Plaintiffs.  See Fed. R. Evid. 1002.  References to bills paid are also inadmissible to the extent that they have not been disclosed to Sea Ray in response to Sea Ray's request for production of "all documents that you claim support any of your claims of damages in this lawsuit."  See Fed. R. Civ. P. 37 (c)(1); Pls.' Response to Def.'s First Set of Requests for Production No. 15 (Dec. 20, 2002).[5]  Plaintiffs have not updated their disclosure of responsive documents since June 19, 2003, and therefore invoices for alleged expenses in 2003, 2004, 2005 and 2006 should not be allowed.  In addition, invoices for some listed items, including attorneys fees, were never provided at all.  Plaintiffs cannot now introduce evidence of expenses for which they seek reimbursement as to which they did not provide documentation in response to Sea Ray's discovery request.

---

[4] The Affidavit of Patrick Smith filed in connection with Plaintiffs' Motion to Compel is attached hereto as Exhibit C.

[5] A copy of Plaintiffs' written response to Sea Ray's Requests for Production is attached hereto as Exhibit D.

Finally, even if this exhibit were otherwise admissible, the references to its transmission by facsimile are irrelevant and should be deleted.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.


By    /s/ Daniel J. Foster
      James H. Rotondo (ct05173)
      Daniel J. Foster (ct 24975)
      Day Pitney LLP
      242 Trumbull Street
      Hartford, Connecticut  06103-1212
      (860) 275-0100
      (860) 275-0343 (fax)
      Its Attorney

## **CERTIFICATION**

I hereby certify that on this date a copy of foregoing **Defendant's Objections to Plaintiffs' Exhibits** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

   /s/ Daniel  J. Foster
Daniel J. Foster (ct24975)
