# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and<br>LORI M. MAINS | : CASE NO. 301 CV 2402 (AWT)<br>:<br>: |
| Plaintiffs, | : |
| vs. | :<br>: |
| SEA RAY BOATS, INC. | :<br>: |
| Defendants. | : DECEMBER 20, 2002 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION**

The Plaintiffs in the above captioned action by their attorneys hereby respond to the Defendant's First Set of Requests for Production as follows:

1. Any and all documents, records, receipts, or the like related to your purchase of the 1998 33' Sea Ray Model 330DA Power Boat, Hull Identification Number SERT3801C898 identified in the Complaint ("the subject boat").

RESPONSE: The Plaintiffs will produce any such documents in their possession or control for inspection and/or copying at the offices of their attorneys, Senning & Rieder at 16 Saybrook Road, Essex, Connecticut or at Eisenberg, Anderson, Michalik & Lynch at 136 West Main Street, New Britain, Connecticut at such time as mutually agreed with the attorneys for the Defendant.

2. Any and all correspondence, letters, notes of telephone conversations, or other communications reduced to writing that you have had with Sea Ray regarding the subject boat.

RESPONSE: See Response to Request #1.

3. Any and all documents, records, receipts, or the like related to repairs or maintenance to the subject boat.

RESPONSE: See Response to Request #1.

4. Any and all records, contracts, agreements, correspondence, or other documents reflecting assurances you claim were given to you by Sea Ray regarding the subject boat.

RESPONSE: See Response to Request #1.

5. Any and all records, contracts, agreements, correspondence, or other documents reflecting obligations or duties you claim were assumed by Sea Ray regarding you or the subject boat.

RESPONSE: See Response to Request #1.

6. Any and all reports, evaluations, estimates, or other documents reflecting repairs or maintenance that you claim is necessary with respect to the subject boat.

RESPONSE: See Response to Request #1.

7. Any and all correspondence, letters, notes of telephone conversations, or other communications reduced to writing that you have had with any other person or entity regarding the subject boat.

RESPONSE: See Response to Request #1.

8. Any and all instructions, warnings, warranties, manuals, or other documents or information supplied to you by Sea Ray or any other entity with respect to the subject boat or any of its component parts.

RESPONSE: See Response to Request #1.

9. Any and all photographs, videotapes, or the like documenting any of the alleged defects, "items requiring repair," and/or problems with the condition of the subject boat.

RESPONSE: See Response to Request #1.

10. Any and all photographs, videotapes, or the like depicting the subject boat or any of its component parts.

RESPONSE: See Response to Request #1.

11. Any and all consumer complaints, workers' compensation claims, lawsuits, or other claims brought on your behalf. For each, the formal document in which your claim was first made is a sufficient production.

RESPONSE: The Plaintiffs will produce copies of any documents still remaining in their possession and control with respect to prior consumer complaints which they made regarding Chris Craft and Sea Ray boats in the same manner as set forth in Response #1. The Plaintiffs have not previously made any workers compensation claims or other lawsuits, or claims which would be within the scope of this Request.

12. To the extent not already produced, all documents identified in your answers to the interrogatories served on you by Sea Ray on this date.

RESPONSE: See Response to Request #1.

13. To the extent not already produced, all documents that you referred to in connection with answering the interrogatories served on you by Sea Ray on this date.

RESPONSE: See Response to Request #1.

14. To the extent not already produced, all documents that you claim support any of the allegations in the Complaint.

RESPONSE: See Response to Request #1.

15. To the extent not already produced, all documents that you claim support any of your claims of damages in this lawsuit.

RESPONSE: See Response to Request #1.

16. To the extent not already produced, all documents relating to the subject boat or to any of the allegations in the Complaint.

RESPONSE: See Response to Request #1.

THE PLAINTIFFS
Peter D. Mains and
Lori M. Mains

By _____
John L. Senning ct#05807
Senning & Rieder
16 Saybrook Road
Essex, CT  06426
Phone: (860)767-2618
Fax:  (860)767-2740
jlssealaw@aol.com
Their Attorney

## CERTIFICATION

THIS IS TO CERTIFY that, on this date, a copy of the foregoing was mailed by first class mail, postage prepaid, to:

Maxwell Branson
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103-3499

Dated: December 23, 2002                    John L. Senning