UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC., | : | |
| | : | |
| Defendant. | : | March 27, 2008 |

**MOTION TO AMEND THE COMPLAINT
TO CORRECT PARTY IMPROPERLY DESIGNATED**

Plaintiffs Peter D. Mains and Lori M. Mains respectfully move this Court to amend their Complaint in this matter as follows:

(1) Amend the name of the Defendant from "Sea Ray Boats, Inc." to "Brunswick Corporation."

Counsel for Plaintiffs has inquired of opposing counsel who has withheld his consent for this amendment.

This Motion will be based upon this motion, the accompanying Memorandum of Points and Authorities in support thereof, all pleadings, papers and records on file in this action and such oral argument and other evidence as may be allowed at the hearing.

**ORAL ARGUMENT REQUESTED**

**TESTIMONY NOT REQUIRED**

        Respectfully submitted,

        PLAINTIFFS
        PETER D. MAINS and LORI M. MAINS

        By      /s/ Richard John Nikas
           Richard John Nikas, Esquire
           Connecticut Federal Bar Number 02528
           HERRICK NIKAS
           1201 Dove Street, Suite 560
           Newport Beach, California 92660
           Telephone:  (714) 546-1400
           Facsimile:   (714) 546-4111
           rnikas@herricknikas.com
           Their Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC., | : | |
| | : | |
| Defendant. | : | MARCH _____, 2008 |

## **[PROPOSED] ORDER**

Having considered the motion filed by Plaintiffs Peter D. Mains and Lori M. Mains to amend the Complaint to reflect Defendant's appropriate corporate designation as "Brunswick Corporation," the motion is hereby granted.

It is so ordered.

Dated this _____ day of _____ 2008 at Hartford, Connecticut.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| v. | : | |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | March 27, 2008 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND THE COMPLAINT**

**I.
INTRODUCTION**

In moving to amend the name of Defendants in the Complaint, Plaintiffs are merely asking the Court to use the corporate moniker - Brunswick Corporation - that Defendant has acknowledged in all of its pleadings.

Defendant has asserted at almost every opportunity that the name under which it was identified in the Complaint, Sea Ray Boats, Inc., is incorrect and improper as it is merely an unincorporated division of the Brunswick Corporation. Given Defendant's stance, Plaintiff requests that the Court recognize the error and allow this matter to proceed against Defendant under its proper name.

**II.
FACTUAL BACKGROUND**

On or about December 21, 2001, Plaintiffs filed their Complaint in the captioned matter against Defendant Sea Ray Boats, Inc.

4

In its Answer, Defendant has identified, and continues to do identify, itself in the pleadings as: "Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.")." See, e.g. Defendant's Answer and Affirmative Defenses, page 1; Defendant's Reply to Plaintiff's Surreply to Motion in Limine to Preclude Cumulative Expert Testimony (Document 135), page 1.

Accordingly, Plaintiffs seek to amend their Complaint to designate Defendant by its corporate name of "Brunswick Corporation."

### III.
### THE NAME OF DEFENDANT IN THIS MATTER SHOULD BE AMENDED TO REFLECT THE CORRECT NAME "BRUNSWICK CORPORATION"

Although the deadline for amendment of the pleadings is generally determined by Paragraph 1(b) of the Standing Order on Scheduling in Civil Cases or by the parties' agreement in Form 26(f), the Standing Order on Scheduling In Civil Cases issued by this Court allows the parties to modify these time limits as follows:

> This Order may be modified pursuant to a stipulation signed by all parties and approved by the presiding Judge, or on motion by any party for good cause shown or by the presiding Judge acting sua sponte.
> See Standing order on Scheduling in Civil Cases, Paragraph 3.

Additionally, Local Rule 7(e) of the United States District Court in and for the District of Connecticut provides that:

> Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall include a statement of the moving counsel that: (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion; or (2) despite diligent effort, he or she cannot ascertain opposing counsel's position.

5

Rule 15(a)(2) of the Federal Rules of Civil Procedure, in turn, provides that parties in Plaintiff's present position may amend their pleading with either (1) the written consent of the opposing party; or (2) the leave of the court.

"**The court should freely give leave (to amend) when justice so requires**. (Emphasis added.)" Fed. R. Civ. P. 15(a)(2).

This amendment will relate back to the date of the original pleading pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure because:

(1) The amendment changes the naming of the party against whom the claims are asserted pursuant to Rule 15(c)(1)(C);

(2) Brunswick Corporation, through its named Sea Ray Division, received notice of the action such that it will not be prejudiced in defending this action on the merits pursuant to Rule 15(c)(1)(C)(i);

(3) Brunswick Corporation knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity pursuant to Rule 15(c)(1)(C)(ii); and

(4) The amendment continues to assert the same claims arising out of the same conduct, transaction, or occurrence set forth in the original pleading pursuant to Rule 15(c)(1)(B).

Notably, Brunswick Corporation has admitted to having notice of the action and awareness that the action would have been brought against it but for an error concerning the proper party's identity. Indeed, Defendant has identified itself in each of its pleadings as "Defendant Sea Ray Division of Brunswick Corporation (improperly designated in the Complaint as "Sea-Ray Boats, Inc.")"  See, e.g. Defendant's Answer and Affirmative Defenses, page 1; Defendant's Reply to Plaintiff's Surreply to Motion in Limine to Preclude Cumulative Expert Testimony (Document 135), page 1.

This amendment does not purport to alter the claims or defenses in this matter or to refer to any conduct, transactions, or occurrences not originally set forth in the Complaint.

Justice requires the accurate designation of Defendant as Brunswick Corporation so as to eliminate any possible confusion as to the actual identity of the parties. As Defendant has consistently asserted that it should be properly identified as "Brunswick Corporation," no prejudice or surprise would result from the amendment, nor would it cause any delay in the proceedings.

## VII.
## CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that this Court grant this motion to amend the Complaint to properly identify Defendant as "Brunswick Corporation."

Respectfully submitted,

PLAINTIFFS,
PETER D. MAINS and LORI M. MAINS

By       /s/Richard J. Nikas
    Richard J. Nikas, Esq.
    (Connecticut Federal Bar Number 02528)
    HERRICK NIKAS
    1201 Dove Street, Suite 560
    Newport Beach, California 92660
    Telephone: (714) 546-1400
    Facsimile: (714) 546-4111
    rnikas@herricknikas.com
    Their Attorney

## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing **Motion to Amend Complaint** and accompanying **[Proposed] Order, and Memorandum of Points and Authorities in Support of Motion to Amend Complaint** were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              _____/s/ Richard J. Nikas_____
                                                              Richard J. Nikas
                                                              (Connecticut Federal Bar Number 02528)