UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS AND LORI M. MAINS | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 3:01 CV 2402 (AWT) |
| | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CUMULATIVE EXPERT TESTIMONY

The Plaintiffs', Peter D. Mains and Lori M. Mains, by their attorney John L.

Senning, Esq., respectfully submit this response to the Defendant's Motion for

Reconsideration of their Motion in Limine to Preclude Cumulative Expert testimony.

During the Court's teleconference of March 5, 2008 the substance of the Defendant's

Motion in Limine to Preclude Cumulative Expert Testimony was discussed. Pursuant to

that Motion the Defendant sought to preclude what it alleged would be cumulative

testimony of the Plaintiffs' disclosed expert witnesses, Thomas Greaves, Anthony

Knowles and Bruce Pfund. Plaintiffs' counsel summarized briefly the topic or aspects

which each expert addressed in his inspection of the vessel with respect to its condition

and/or the reparability of certain defects or deficiencies. In so doing, Plaintiffs' counsel

acknowledged without prejudice that the nature of the marine survey inspections of the

vessel in question performed by marine surveyors, Messrs. Greaves and Knowles were,

in a number of respects, similar in some respects and therefore their testimony as to same

could possibly be considered cumulative to some degree in some instances. Therefore, in order to resolve the issue raised by the Defendant, the Plaintiffs' offered to agree to limit their expert's testimony to that of either Mr. Greaves or Mr. Knowles with respect to the structural condition of the boat i.e. its hull and deck including water ingestion or moisture issues as well as other related defects or deficiencies.

The Plaintiffs' counsel further briefly summarized the different nature of Mr. Pfund's engagement as a marine composite expert, not as a marine survey, with respect to the reparability of the damaged or defective composite areas of the boat which he found or observed and whether the repairs to same would be noticeable thereafter. To this extent, limiting Mr. Pfund's testimony to his opinions regarding his finding of damaged composite areas, the reparability of same and resulting consequences would not result in any cumulative expert testimony with respect to the testimony of either Mr. Greaves or Mr. Knowles, whichever one the Plaintiffs' elected to call.

Following Plaintiffs' counsel's summary explanation of the perceived difference in the nature of the expert testimony between that of either Mr. Knowles or Mr. Greaves and that of Mr. Pfund, the Court indicated that it was understandably difficult to verbally articulate in detail what had been generally discussed and proposed in that teleconference and that therefore the Plaintiffs' counsel was requested to submit a Sur Reply setting forth in greater detail the Plaintiffs' proposal.

The Sur Reply prepared on behalf of the Plaintiffs' was intended to be in response to the Court's request that the Plaintiffs' proposal be set forth in more specific detail so

2

that it was clear as to what Plaintiffs' experts would testify to as between either Mr. Greaves or Mr. Knowles and Mr. Pfund.

The Plaintiffs' proposal as set forth in their Sur Reply dated March 7, 2008 essentially reflected that which was discussed in very general terms during the March 5, 2008 teleconference with the Court. The proposal set forth in Plaintiffs' Sur Reply which was essentially accepted by the Court as reflected by the Court's Order of March 12, 2008, was not a "new proposal" nor was it "inconsistent" with the proposal in general as discussed in the March 5, 2008 teleconference by the Defendant. Rather it was a more specific amplification of what was proposed in general terms during the teleconference and articulated in greater detail as such in Plaintiffs' Sur Reply at the request or direction of the Court. If there is any distinction between the two proposals as claimed by the Defendant, which the Plaintiffs' contend there is not, it is clearly a distinction without any substantive difference.

The scope and nature inspection of the Plaintiffs' boat by the marine surveyor Thomas Greaves was far broader and more comprehensive than that of Mr. Pfund's. This is reflected in Mr. Greaves report which specifically makes note of numerous defects and deficiencies with the subject boat including safety issues resulting from the Defendant's installation of a new exhaust system. See copy of Mr. Greaves Report dated June 30, 2001, annexed hereto as Exhibit A.  Mr. Pfund was not engaged or retained by the Plaintiffs' as a marine surveyor but rather as a marine composite expert. The focus of his engagement and opinion relates solely due to the nature of the damage to the boat's composite materials, the reparability of same and the resulting appearance of the vessel.

3

As such, the testimony of Messrs. Greaves and Pfund would not be cumulative, but rather would pertain to different issues involving the same boat.

Mr. Greaves' report does not mention any damage to the vessel's composite components, the extent of any repairs that would be required to be made to rectify same and/or the resulting appearance of the vessel thereafter. Mr. Greaves was admittedly asked questions in this regard by the Defendant during his deposition by the Defendant. To the extent that that testimony was "duplicative" of that give by Mr. Pfund during his deposition by the Defendant, any such duplication was affected or brought about by the Defendant itself and not by way of testimony proffered or proposed or anticipated to be proffered by the Plaintiffs'.

Mr. Greaves' report does mention numerous defects and deficiencies with the vessel's condition including elevated moisture levels in various areas of the boat including its deck and superstructure as well as possible issues regarding the installation of the replacement exhaust systems including their blocking access of various areas and mechanical equipment/apparatus located in the rear of the vessel's engine room. Mr. Pfund's report did not address these issues in particular and Plaintiffs' have agreed, as set forth in their Sur Reply, that Mr. Pfund would not be called as an expert marine surveyor but rather as an expert in the more specialized field of marine composite damage and repairs related to same.

While Mr. Pfund readily admitted that he was not a marine appraiser or an expert in the area of marine valuation, he would be fully competent to testify that the value of a boat having had to have such repairs would necessarily be less than that of a boat that did

4

not. Mr. Greaves as an experienced marine surveyor would be equally competent to testify similarly as well as with respect to the vessel's determination in value as a consequence. The Plaintiffs' do not intend to call Mr. Pfund to testify as to the value of the boat in question as that was not within the scope of his limited retention. To that extent, again, there is no duplicative or cumulative testimony as the scope and nature of the retention of Messrs. Greaves and Pfund was significantly different with respect to the other.

At the conclusion of the March 5, 2008 teleconference, the Court directed the Plaintiffs' to file the Sur Reply withing two (2) days, which Plaintiffs' did. The Defendant's did not file their Reply until five (5) days later on March 12, 2008. If the Defendant's were to be permitted to file a Reply at all, then the Defendant should have filed same within a similar two (2) day period to which the Plaintiffs' were held and not five (5) days later. As such the Defendant's Reply dated March 12, 2008 should not be included for consideration by this Court in making a ruling on the Defendant's Motion in Limine and therefore the Defendant's Motion for Reconsideration on the ground that the Court did not have the opportunity to review the Defendant's Reply dated March 12, 2008 in rendering its ruling and Order on that date should be denied.

For the reasons set forth above, the Plaintiffs' respectfully urge this honorable Court to deny the Defendant's Motion for Reconsideration.

Respectfully Submitted
PLAINTIFFS

PETER D. MAINS AND LORI MAINS

By:  ___/s/ John L. Senning_____
     John L. Senning (CT 05807)
     Essex Law Group Offices
     31 North Main Street, 2nd Floor
     Essex, CT  06426
     Phone:  (860) 767-2618
     Fax:     (860)767-2740
     Email:  jlssealaw@aol.com
     Their Attorney

## CERTIFICATION

I hereby certify that on **March 27, 2008**, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CUMULATIVE EXPERT TESTIMONY** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/ John L. Senning
John L. Senning (ct05807)

7

134



PLAINTIFF'S EXHIBIT
CASE NO.
EXHIBIT NO.

# Tom Greaves
## Marine Surveyors

36 Toby Hill Road
Westbrook, CT 06498
Tel: (860)399-6966

06/30/01

Mr. Peter Mains
5 Old Town Road
Avon, CT 06001

## CONDITION SURVEY REPORT ON 33' TWIN SCREW POWERBOAT "MAIN SQUEEZE III"

This is to certify that at the request of Mr. Peter Mains of 5 Old Town Road, Avon, CT 06001, a condition survey was carried out upon the 33' twin screw powerboat "Main Squeeze III." The survey was conducted for the purpose of ascertaining and reporting upon the general condition of the vessel and to make recommendations upon the findings. The vessel was returned to Sea Ray boats for deck and hull repairs along with modifications to engine exhausts prior to this inspection. At the time of inspection the vessel was afloat and later hauled at Pilots Point Marina, East Yard, Westbrook, CT 06498.

## GENERAL
The vessel "Main Squeeze III" is a 33' twin screw power boat built in 1998 by Sea Ray Boats, Knoxville, TN. Transom HIN #US-SERT3801C898-330DA-1526. Construction is hand layup glass reinforced plastic from two molds joined at deckline. Decks are fully cored. Design is Sea Ray 330 Sundancer with twin V/8 gas engines. The approximate dimensions are LOA-33'6", BEAM-11'5", DRAFT-2'3". Displacement 11,200 lbs Topsides are white, bottom; black and decks are white.

## TOPSIDES
The original gelcoating has not been painted and was found to be in overall good condition. Topsides were sounded out with a phonelic hammer with no delaminations noted. Gelcoat stress cracks noted around liftrings at transom and above stainless steel rubrails both sides. Dent noted in stainless steel rub rail at starboard liftring. Rubrails are plastic with stainless half-oval guards. Swim platform is fiberglass and found secure to transom.

EXHIBIT " A "

## BOTTOM

There was no evidence of any major grounding. Damage noted to bronze exhaust port on bottom portside. Bottom was sounded out with a metal hammer with no delaminations noted. All underwater thruhull fittings are bronze. All found tight and secure to hull with working shutoff valves. Moisture content meter reading of bottom laminate proved good with readings of 2 on a scale of 1 - 10 with use of a Novanex moisture meter. Shaft are 1-1/2" stainless steel and appeared straight on dial indicator. Props are 3-blade bronze 17" x 17" and found in good condition. Strut found secure to bottom. Cutlass bearings found serviceable. Rudders are bronze and found secure in rudder ports. Hull potential meter reading for stray current corrosion was good at .60 with no electrolytic deterioration of any underwater metals noted. Trim tabs are single cylinder hydraulic and found secure. Bottom paint found in poor condition with bare patches at this time. Two repair gouges noted on bottom forward and on middle lift strake starboard side.

## DECKS

Decks are fiberglass cored sandwich construction. Overall condition found good. Delaminations with high moisture noted in decks in area of windlass. Bowrail bases are undersized and found loose. Bridge is fitted with aluminum radar arch and full canvas enclosure. Repairs noted to paint finish on radar arch. Steering is single position and found to operate properly. Cockpit deck area was repaired for lack of coring. Repairs seems satisfactory with no delaminations noted. Cockpit hatches found in good condition. Bowrail is stainless steel and found loose on bases. High moisture readings noted in decks under windshield.

## INTERIOR

Interior was inspected only where accessible. Interior in general found clean with good housekeeping evident. Interior finish is plywood, Formica and fabric. All interior plywood bulkheads and stringers were found to be properly attached to hull with no delaminations noted. Bilges found clean and free from debris. Repairs were carried out to fore and aft stiffener between engine beds. Repair found to be satisfactory at this time. Stiffener should have covered entire area between engine stringers with relocation of thruhull fitting to outboard of stringer. All doors, drawers and lockers found to fit properly. There were no waterleaks evident around hatches or cabin windows. Interior upholstery found in good condition.

## ENGINE

Power is furnished by twin Horizon Mercruiser V/8 gas engines connected to vee drives. Engine serial numbers are port #OL007684 and starboard #OL007676. Cooling is by fresh water. Engine installation appears satisfactory. Beds and mounts found in good condition. Exhausts are rubber through fiberglass waterlift mufflers. Exhaust system was upgraded by Sea Ray from the original installation. New exhaust installation prohibits access to interior transom area, rudder ports, strut bolts and trim tab reservoir without system removal. At this time it was noted that exhaust hoses to mufflers are higher than manifolds and risers. Engines are fitted with fresh water flush

out system. At this time engines were inspected by yard mechanic at Pilots Point Marina and found to have water flow back into cylinders and oil pans with a separate report issued by Pilots Point Marina Transmissions are Borg Warner velvet drive. Shaft log stuffing box found in good condition. Shifts and throttles found to be operating properly. Port engine shaft found out of alignment. Engine in need of aligning.

## ELECTRICAL
Vessels system is 12-volt with 115-volt shore power. Circuit protection is by panel with breaker switches for both systems along with vapor tight battery switches. All wiring found in good condition and properly secured. Two 12-volt batteries are provided and found properly secured. Battery charging is by alternators on engines and auto battery charger. Navigation lights meet International Motor Boat Act requirements.

## FUEL SYSTEM
Two aluminum fuel tanks are provided. Capacity is 225 gallons. Installation conforms to ABYC standards.

## FIRE EXTINGUISHERS
Engine spaces are fitted with an auto Halon 1301 along with (2) hand units provided for portable use.

## VENTILATION
Ventilation conforms to Coast Guard standard requirements.

## RECOMMENDATIONS
1. Repair stainless rubrail damage and gel stress cracks aft at lift rings.
2. Repair gelcoat stress cracks above swim platform rubrails aft both sides.
3. Strip bottom paint and refinish.
4. Repair remote spotlight.
5. Repair windlass to operate properly.
6. Engine exhaust systems to be inspected by certified Mercruiser mechanic for proper installation and configuration.
7. Properly secure all bowrail bases after rebedding.
8. Rebed anchor windlass and deck fittings forward to stop water permeation into deck core.
9. Rebed windshield base.
10. Align port engine.
11. Replace damaged bronze exhaust outlet on bottom starboard side with new.
12. Stiffener between engine stringers should be run full length connecting both stringers with relocation of through hull fitting to outboard of starboard stringer.

"MAIN SQUEEZE"  - page - 4                                                   137

This report is issued on a visual examination of the vessel and its equipment.  It does not include latent defects or defects hidden by machinery, tanks, cabinets, hull liners or other items prohibiting access.  The main engines and auxiliaries were not surveyed by the undersigned other than mentioned in the enclosed report.   No warranty or guarantee is given nor liability assumed for errors or omissions.

SUBMITTED WITHOUT PREJUDICE:


Thomas P. Greaves   AMS
Marine Surveyors

TPG: pmg

Ref.  D/ 26



138

Tom Greaves
Marine Surveyors
36 Toby Hill Rd.
Westbrook, CT  06498



HIN # " MAIN SQUEEZE III "

## CERTIFICATION

     I hereby certify that on **March 27, 2008**, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CUMULATIVE EXPERT TESTIMONY** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                            /s/ John L. Senning
                            John L. Senning (ct05807)