UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | MARCH 28, 2008 |

## DEFENDANT'S OBJECTION TO MOTION TO AMEND COMPLAINT

### I.   INTRODUCTION

Sea Ray respectfully submits this Objection to Plaintiffs' Motion to Amend Complaint of March 27, 2008 (Docket No. 146). There is no good cause for this untimely Motion. Because the documentary and deposition evidence in this case refers to Sea Ray, and not to Brunswick Corporation, Plaintiffs' proposed amendment would create, not eliminate, confusion. Moreover, despite being advised throughout this case that Sea Ray is a Division of Brunswick Corporation, Plaintiffs elected not to add Brunswick Corporation itself as a defendant. Identifying the Defendant as "Brunswick Corporation" is therefore inaccurate and misleading, regardless of what relationship exists between Sea Ray and Brunswick.[1]

### II.   ARGUMENT

#### A.   The Court Has Already Determined that Defendant Would Be Referred to as "Sea Ray"

At the Pre-Trial conference held in this matter on March 25, 2008, the Court raised the issue of by what name Sea Ray was to be referred at trial. This issue was discussed for the very

---

[1] Thus, Plaintiffs' statement that "Defendant has consistently asserted that it should be properly identified as 'Brunswick Corporation'" – as opposed to a Division of Brunswick – is inaccurate. Even assuming that Brunswick would have been vicariously liable for the actions of Sea Ray or Sea Ray's employees, a Division such as Sea Ray is no more Brunswick itself than a group of individuals directly employed by Brunswick would be.

reason that Sea Ray's proper name had been identified as Sea Ray Division of Brunswick Corporation, rather than Sea Ray, Inc.  The Court and counsel agreed that the name "Sea Ray" would be used.  Plaintiffs indicated no objection to, or other concern with, the Court's resolution of this issue.

      **B.**      **There is No Good Cause for the Untimeliness of Plaintiffs' Motion**

Plaintiffs make no effort to justify their failure to file this Motion in a timely manner, because no such justification exists.  Plaintiffs have been aware for more than six years that Sea Ray's proper name was not Sea Ray, Inc.  See, e.g., Mot. to Dismiss at 1, Docket No. 4 (Feb. 28, 2002)(indicating Sea Ray's proper name).  Although they now assert that "justice requires" that the Complaint be amended to refer to Sea Ray as "Brunswick Corporation," they did not find it necessary to amend their Complaint until five days before trial.  Any Motion to Amend the Complaint was due on July 30, 2002.  See Order of June 24, 2002, approving Report of Parties' Planning Meeting, Docket No. 13 (June 20, 2002).

      **C.**      **There Is No Good Cause for Amending the Complaint**

The only purported basis for Plaintiffs' claim that there is good cause for this Motion is a bare assertion that "justice requires" their proposed amendment "so as to eliminate any possible confusion as to the actual identity of the parties."  Pls.' Mem. of Law at 7.  Plaintiffs can identify no possible source of confusion.  The name "Sea Ray" is no more confusing than the name "Brunswick Corporation" or "Brunswick," particularly because there is a single defendant in this case.  Plaintiffs point to no proposed exhibit,[2] no deposition transcript, no expert report, no

---

[2] At 11:49 p.m. on March 27, 2008, Plaintiffs filed a proposed Supplement to the Joint Trial Memorandum identifying 118 new exhibits.  See Docket No. 149.  Although those proposed exhibits have not yet been provided to Sea Ray, Plaintiffs' descriptions of those exhibits include no reference to Brunswick.  See Supp. to Joint Trial Mem. at 3-10, Docket No. 149 (Mar. 27, 2008).

discovery request or response, and no other evidence likely to come to the jury's attention that refers to Sea Ray as "Brunswick Corporation" or "Brunswick" as opposed to "Sea Ray." Finally, as noted above, Sea Ray – not Brunswick Corporation – has been named as the Defendant in this case. Sea Ray's corporate status is not relevant to this matter, and Plaintiffs themselves assert that their proposed amendment "does not purport to alter the claims or defenses in this matter or to refer to any conduct, transactions, or occurrences not originally set forth in the Complaint." Id. at 7.

In summary, Plaintiffs cannot substantiate their claim that the jury will be confused if Defendant is referred to as "Sea Ray." Accordingly, there is no good cause for this untimely Motion.

### D. The Proposed Amendment Would Create, Not Eliminate, Confusion

Not only has the Court already determined that Sea Ray would be referred to by that name at trial, but many exhibits identified by each party refer to the Defendant as "Sea Ray." Plaintiffs themselves have consistently referred to Sea Ray by that name, both before and after Sea Ray's status as a Division of Brunswick was expressly brought to their attention in February of 2002. All of the correspondence between Plaintiffs and Sea Ray identifies the sender or addressee as "Sea Ray." See, e.g., Pls.' Ex. 8-11, 13, 14, 16-19, 21. Even after Sea Ray's proper name was expressly brought to their attention in Sea Ray's first pleading, Plaintiffs continued to refer to Sea Ray by that name. Each of the Plaintiffs, and each of their expert witnesses, consistently referred to the Defendant as Sea Ray at their depositions, and made no mention of Brunswick.[3]

---

[3] No depositions any of Sea Ray's witnesses were taken.

### III. CONCLUSION

Plaintiffs can identify no good cause for their untimely proposed amendment. That amendment would tend to create, not eliminate, confusion. Accordingly, and for the reasons stated above, Sea Ray respectfully requests that the Plaintiffs' Motion to Amend be denied.

        Respectfully submitted,

        DEFENDANT,
        SEA RAY BOATS, INC.

        By   /s/ Daniel J. Foster
            James H. Rotondo (ct05173)
            Daniel J. Foster (ct24975)
            Day Pitney LLP
            242 Trumbull Street
            Hartford, Connecticut 06103-1212
            (860) 275-0100
            (860) 275-0343 (fax)
            Its Attorney

### CERTIFICATION

I hereby certify that on this date a copy of foregoing **Objection to Motion to Amend Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Daniel J. Foster
        Daniel J. Foster (ct24975)