UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : MARCH 31, 2008 |

**DEFENDANT'S OBJECTION TO PLAINTIFFS'
SUPPLEMENT TO JOINT TRIAL MEMORANDUM**

**I.   INTRODUCTION**

Shortly before midnight on Thursday, March 27, 2008, Plaintiffs, through their pro hac vice counsel admitted only days before, filed a Supplement to the Trial Memorandum identifying 118 new exhibits, as well as three deposition transcripts from other cases, and the expansion of the testimony of other witness, that they propose to introduce or call at trial. Sea Ray Objects to this Supplement in its entirety on the ground that it is wildly untimely, seeks to revisit issues already decided by this Court, and expand the case wildly beyond its current scope. Plaintiffs' Supplement is a transparent attempt to either prejudice Sea Ray by making it impossible for its counsel to assess all of the issues, documents, and witnesses raised in this Supplement, or to obtain a continuance. This Court made clear on Tuesday, March 25, 2008 that it would not be granting a continuance in light of the recent appearance of new counsel for Plaintiffs.

**II.   ARGUMENT**

   **A.   This Supplement is Wildly Untimely**

Plaintiffs' proposed Supplement to the Joint Trial Memorandum was filed at 11:49 p.m. on Thursday, March 27, the deadline for filing objections to exhibits. Unlabeled electronic copies of most of the proposed Exhibits were sent to defense counsel and to the Court in fifteen

separate e-mail between 8:24 p.m. and 11:24 p.m. on Friday night, March 28, 2008.[1] This objection is being filed as soon as possible after those exhibits were received this weekend, one business day after the Supplement itself was received, and the day before trial is scheduled to begin.

Counsel for Sea Ray has simply not been afforded enough time to review these 118 proposed new exhibits before trial, much less before Sea Ray's objections to individual exhibits were due. These documents fill up more than half a banker's box, and there is no way that Sea Ray's counsel will be able to review all of these documents, and be able to adequately respond to the issues raised in them, by either asking appropriate questions on cross examination or by identifying the correct witnesses to respond to the issues raised in the documents. This is particularly true with Exhibits 152, 153, and 154, which are full transcripts – attached to which are still more exhibits – of three depositions taken in another case in 2005.

The Court's Trial Memorandum Order requires that <u>labeled</u> copies of exhibits be provided to opposing counsel no later than fourteen days before jury selection, and that any objections be filed in writing no later than three days before jury selection. <u>Trial Memorandum Order</u> at 3.[2] As of the filing of this Objection, Plaintiffs still have not provided labeled copies of these exhibits or filed their Objections to Sea Ray's exhibits.

There is no reason for which Plaintiffs should be permitted to ambush Sea Ray with these eleventh hour tactics. It appears that Plaintiffs wish to identify new witnesses, and nearly quadruple their exhibits, because they have brought in new counsel a week before trial who wishes to change altogether the basis for Plaintiffs' case. Notwithstanding representations made

---

[1] As of this writing, no copies of Exhibits 44, 45, and 155 have been provided.

[2] Thus, Plaintiffs 118 proposed new exhibits on Friday night violate all three parts of the Court's Trial Memorandum Order. <u>See</u> <u>Trial Mem. Order</u> § 1, "Exhibits" ¶¶ (a), (b), (c).

in the Affidavits submitted by Attorneys Senning and Nikas in support of Plaintiffs' Motion to Admit Attorney Nikas pro hac vice that that Motion would not result in modification of scheduling orders in this case,[3] Plaintiffs have since filed an untimely Motion to Amend their Complaint and an untimely Motion for Reconsideration of the Court's Order on one of Sea Ray's Motions in Limine, as well as making untimely disclosures of witnesses and documents in this Supplement. Plaintiffs' untimely proposed Supplement would, as a practical matter, also require a continuance of trial. Accordingly, Sea Ray's objection to this Supplement should be sustained.

### B. Defendant's Limited and Timely Supplements Do Not Entitle Plaintiffs to File an Extensive Supplement at this Late Date

Plaintiffs apparently take the position that Sea Ray's earlier filing of Supplements to the Joint Trial Memorandum entitled to identify any number of new witnesses and exhibits on the eve of trial.[4] This is simply unreasonable.

---

[3] See Aff. of R. Nikas in Support of Motion to Admit Pro Hac Vice ¶ 10, Docket No. 140, Attachment 4 (Mar. 24, 2008):

> The Motion for my admission as counsel Pro Hac Vice in this case is not intended to delay the trial of same as presently scheduled and if granted would not require the modification of a scheduling order issued pursuant to Fed. R. Civ. P. 16 (b) or deadlines established by the Standing Order on scheduling in civil cases notwithstanding any concurrent request for continuance of trial based on other factors which will be brought to the attention of the Court.

(emphasis added); see also Aff. of J. Senning in Support of Motion to Admit Pro Hac Vice ¶¶ 7, 8, Docket No. 140, Attachment 3; Mem. of Law in Support of Mot. to Admit Pro Hac Vice at 3, Docket No. 140, Attachment 1. Similar statements are made in Affidavits supporting the Motion to Admit Attorney Rachel D. Lev Pro Hac Vice. See Motion to Admit Pro Hac Vice, Docket No. 139, and Attachments thereto (Mar. 24, 2008).

[4] In their Simultaneously filed Motion for Reconsideration of the Court's Order excluding evidence of other incidents, Plaintiffs note that "Sea ray as already filed **three** supplements to the Joint Trial Memorandum, some of which proposed the addition of fact witnesses. Plaintiffs respectfully request that Defendant grant them the same courtesy." Pls.' Mot. for Reconsideration at 36, Docket No. 148 (Mar. 28, 2008) (emphasis in original).

Sea Ray has filed a total of three Supplements to the Joint Trial Memorandum, beginning on July 19, 2007.  <u>See</u> Docket No. 126 (July 17, 2007), Docket No. 129 (Mar. 4, 2008), Docket No. 137 (Mar. 18, 2008).  Sea Ray's three Supplements include a total of 11 new exhibits, three of which were identified in Sea Ray's first Supplement as being offered only if the Court admitted the testimony of Russell Rackcliffe over Sea Ray's Objection.  The Court has precluded the testimony of Mr. Rackcliffe, and those three exhibits will therefore not be offered.  <u>See</u> <u>Order on Mot. in Limine</u>, Docket No. 131 (March 6, 2008).

The remaining eight exhibits were provided to Plaintiffs' counsel along with all of Sea Ray's other exhibits in a timely manner, so as to permit Plaintiffs to file any objections thereto by the March 27, 2008 deadline.  Moreover, all of these "new" exhibits were documents that had previously been designated as deposition exhibits, complete copies of documents that plaintiffs had designated only in part, or documents had previously been received by Plaintiffs in connection with the boat at issue in this case.  Sea Ray's first Supplement also identified additional testimony that would have been provided by a previously disclosed witness if Mr. Rackcliffe had been permitted to testify, and its second Supplement identified a witness who will be called only if the Court overrules Sea Ray's objection to an exhibit identified by Plaintiffs in the Trial Memorandum that involves standards for recordkeeping.  In short, Plaintiffs could not possibly have been prejudiced by these supplemental disclosures, all of which were made in a timely manner.

By contrast, Plaintiffs did not even identify their proposed supplemental witnesses and exhibits until eleven minutes before midnight on March 27, and still have not provided labeled copies of those exhibits..

### C. Plaintiffs Have Not Identified Those Portions of Deposition Transcripts That They Propose to Read into Evidence

Plaintiffs have attached the transcripts of three witnesses from another case in which Plaintiffs' pro hac vice apparently was involved, captioned Debis Financial Services v. Brunswick Corporation, et al., Cal. Super. Ct. No. 03CC14361, in which Sea Ray is named as defendant. Those witnesses, Blake Moore of Sea Ray and Bruce King and Dennis Linnert from Mercury, have not been identified by either party as a witness in this case, and Sea Ray's counsel has never communicated with any of them. In addition, the Linnert deposition transcript clearly indicates that it was taken pursuant to a confidentiality order.

The Standing Order Regarding Trial Memoranda in Civil Cases requires that Plaintiffs' list of witnesses who are expected to testify at trial by deposition "shall include designation by page references of the deposition transcript which [they] propose to read into evidence." Standing Order § 12. This is so that Sea Ray may designate any portions of proposed deposition testimony that it believes should in fairness be read along with portions identified by Plaintiffs and so that Sea Ray may identify all objections to the testimony designated by Plaintiffs. See id. (designation must include any cross-designations and objections).[5] Plaintiffs have failed to designate any portions of these transcripts that they propose to read into evidence. Sea Ray would therefore be unable to interpose objections to those transcripts, even if they had been

---

[5] Such Objections would include the fact that one of the deposition transcripts provided by Plaintiffs indicates on the first page that it has been marked "CONFIDENTIAL" pursuant to a Protective Order imposed in another action brought against Sea Ray in which certain plaintiffs were represented by Attorney Nikas. The other deposition transcripts indicate that they were also taken in the same action. Sea Ray's counsel has inquired with Plaintiffs' counsel as to whether that protective order has been modified or lifted, and whether any portions of the other two deposition transcripts were also designated "CONFIDENTIAL." As of this writing, counsel has not responded.

provided in a timely manner. Testimony by deposition should therefore not be allowed n this case.

### D. Plaintiffs Are Not Entitled to Call Witnesses or Introduce Exhibits for Any Reason Simply Because Those Witnesses and Exhibits Have Been Identified by Sea Ray

Plaintiffs' Supplement also proposes for the first time that Plaintiffs reserve the right to call any of Sea Ray's listed witnesses, and to introduce in their case in chief any documents identified as exhibits by Sea Ray, "regardless of the purpose for which Defendant listed the exhibits." Pls.' Supp. at 1, 10. Although the parties had previously listed some of the same exhibits and fact witnesses, Sea Ray objects to this blanket identification of witnesses and exhibits and reserves its right to object to the introduction of its exhibits on any grounds, including relevance. Some of these witnesses and exhibits were intended to be offered only for limited purposes and depending on what issues arose at trial. Plaintiffs may cross-examine any witnesses called by Sea Ray, but Sea Ray objects to producing any of its witnesses, who have made plans to travel from other states, out of order.

Certain of the witnesses and documents disclosed by Sea Ray were expressly identified as being designated only if certain of its Motions in Limine or other objections were overruled by the Court. Some of those Motions have already been granted. See Order on Mot. in Limine, Docket No. 130 (Mar. 8, 2008)(precluding Release identified as Exhibit A to Complaint); Order on Mot. in Limine, Docket No. 131 (Mar. 8, 2008)(precluding testimony of R. Rackcliffe). Plaintiffs are not entitled to introduce evidence that is relevant only to subject matter that has been precluded by the Court.

### III. CONCLUSION

The time in which Plaintiffs could legitimately have disclosed new witnesses and exhibits has passed, and Plaintiffs can identify no good cause for their untimely proposed Supplement. For this reason, and those set forth above, Sea Ray respectfully requests that this Objection be sustained and Plaintiffs be precluded from calling any witness, or introducing any document, identified in that Supplement.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.

By     /s/ Daniel J. Foster
James H. Rotondo (ct05173)
Daniel J. Foster (ct24975)
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut  06103-1212
(860) 275-0100
(860) 275-0343 (fax)
Its Attorney

### CERTIFICATION

I hereby certify that on this date a copy of foregoing **Objection to Motion to Amend Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

   /s/ Daniel  J. Foster
Daniel J. Foster (ct24975)
