UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | :  CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | :  MARCH 31, 2008 |

## DEFENDANT'S MOTION TO QUASH SUBPOENAS

Pursuant to Federal Rule of Civil Procedure 45 (c)(3), Defendant Sea Ray respectfully submits this motion to quash certain subpoenas that Plaintiffs have "served," or attempted to serve, on several individuals residing in Tennessee and Illinois who have been identified by Sea Ray as witnesses in this matter, including David Marlow, David Wade, Gregory Wilson, Todd Stooksbury, Allen McDonald,[1] and Gregory Davis. The subpoena addressed to Mr. Davis was served on Sunday, March 30, 2008, and directs him to appear and testify in the South Courtroom of the District Court, 450 Main Street, Hartford, Connecticut, on April 1, 2008. The undersigned first learned of these subpoenas today, and has not yet seen copies of subpoenas that Plaintiffs have served or attempted to serve on any of other listed individuals. The undersigned understands that each of these other subpoenas also commands that the recipients appear and testify in the trial of this matter.

Each of these subpoenas is improper on its face. None of these individuals resides within 100 miles of the Court. Service was made on Mr. Davis in the State of Illinois, and service was made or attempted on each of the other listed individuals in the State of Tennessee. Each of

---

[1] Mr. McDonald was identified as a witness to be called only if the Court overruled Sea Ray's objection to the Waiver and Release attached to the Complaint as Exhibit A. The Court has precluded that Exhibit pursuant to Sea Ray's Motion in Limine. See Order, Docket No. 130 (Mar. 5, 2008). Accordingly, Mr. McDonald will not be a witness in this matter.

these subpoenas "fails to allow a reasonable time to comply," and each "subjects a person to undue burden." Accordingly, each of these subpoenas should be quashed pursuant to Rule 45 (c)(3)(i), (ii), and (iv). To the extent that the subpoena directed to Attorney McDonald seeks "disclosure of privileged or other protected matter," it should also quashed pursuant to Rule 45 (c)(3)(iii).

Each of the individuals whom Sea Ray intends to call as witnesses in this case has already made travel arrangements, and none of Sea Ray's witnesses will arrive in Hartford by April 1. If Plaintiffs wished to introduce the testimony of persons who have never resided in or near Connecticut, they could have and should have noticed depositions at some point in the long history of this case. Their failure to do so does not justify serving facially invalid and unreasonable subpoenas on those individuals literally on the eve of trial.

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.


By    /s/ Daniel J. Foster
      James H. Rotondo (ct05173)
      Daniel J. Foster (ct 24975)
      Day Pitney LLP
      242 Trumbull Street
      Hartford, Connecticut  06103-1212
      Phone: (860) 275-0100
      Fax: (860) 275-0343
      Its Attorney

## **CERTIFICATION**

      I hereby certify that on this date a copy of foregoing **Defendant's Motion to Quash** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            /s/ Daniel  J. Foster
                                    Daniel J. Foster (ct24975)