UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| v. | : | |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | APRIL 1, 2008 |

## MOTION FOR SANCTIONS

Plaintiffs Peter D. Mains and Lori M. Mains respectfully move this Court to sanction Defendant for spoliation of evidence pursuant to Rule 37 of the Federal Rules of Civil Procedure by affording Plaintiffs the inference that the design, manufacture, and installation of the original exhaust system installed in the subject vessel was defective.

This Motion will be based upon this motion, the accompanying Memorandum of Points and Authorities in support thereof, all pleadings, papers and records on file in this action and such oral argument and other evidence as may be allowed at the hearing.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Respectfully submitted,

PLAINTIFFS,
PETER D. MAINS and LORI M. MAINS

By:___/s/ Richard J. Nikas_____
    Richard J. Nikas, Esq.
    Connecticut Federal Bar Number PHV02528
    HERRICK NIKAS
    1201 Dove Street, Suite 560
    Newport Beach, California 92660
    Telephone: (714) 546-1400
    Facsimile: (714) 546-4111
    rnikas@herricknikas.com
    Their Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| v. | : | |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | APRIL 1, 2008 |

## [PROPOSED] ORDER

Having considered the motion filed by Plaintiffs Peter D. Mains and Lori M. Mains to sanction Defendant for the spoliation of evidence of the installation of the original exhaust system in the subject vessel, the Motion for Sanctions is hereby granted.

Plaintiffs are hereby afforded the inference that the design, manufacture, and installation of the original exhaust system installed in the subject vessel was defective.

It is so ordered.

Dated this 1st day of April 2008 at Hartford, Connecticut.

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| v. | : | |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | APRIL 1, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

### I.
### INTRODUCTION

Defendant destroyed the only physical evidence demonstrating the defects in the design, manufacture, and installation of the subject vessel's original exhaust system while the vessel was at

### II.
### FACTUAL BACKGROUND

Defendant has been aware of defects and problems in the design, manufacture, and installation of the "collector style" exhaust systems found in its Sea Ray yachts since at least 1963. See MerCruiser Service Bulletin No. 63-13, Section C; MerCruiser Service Bulletin No. 71-08; MerCruiser Service Bulletin No. 82-3; 1998 MerCruiser Installation Manual for 5.7 L/7.4 L Bluewater Inboard Models, page 11; MerCruiser O.E.M. Service Bulletin No. 2000-9; Sea Ray InfoGram #02-07.

Nonetheless, Defendant has continued to distribute its defective products to consumers with assurances of operability and high quality.

Plaintiffs Peter and Lori Mains (hereinafter referred to as the "Mains") fell victim to this deception when, on or about May 21, 1998, they purchased a 1998 33-foot Sea Ray Model 330DA Power Boat yacht identified by Hull Identification Number SERT3801C898 which was designed and manufactured by Defendant Sea Ray (hereinafter referred to as the "Vessel").

This new yacht was plagued with problems and defects from the date of purchase and Plaintiffs and Defendant engaged in ongoing communications to remedy the Vessel's numerous shortcomings. These ongoing communications regarding claims of warranty and the need for repairs unequivocally placed Defendant on notice that a more formal legal dispute was imminent and would likely ensue were the product defects not cured.

After multiple failed attempts at repairs, the Vessel was transported to Defendant's factory in Tennessee for inspection and further efforts toward a permanent cure.

Although Plaintiffs had identified multiple problems with the Boat including water saturation of the bilge area, they were unaware of the defects in the design and installation of the Vessel's exhaust system. As such, Plaintiffs had not asked Defendant to replace the exhaust system, and the installation of a new exhaust system was not among the list of requests which Plaintiffs had sent to Sea Ray prior to the transportation of the Boat to the factory. Similarly, a different style or retrofit exhaust system had not been discussed between Plaintiffs and Sea Ray.

While their boat was at Defendant's factory for repairs in late 2000 and early 2001, Plaintiffs continued to check on the progress of the repairs via telephone

conferences with David Wade of Sea Ray. They requested and were informed that they would be given access to the factory to inspect the Boat before it was returned them from the factory.

Defendant did not follow through with this promise to provide Plaintiffs with an opportunity to inspect.

Instead, Defendant determined that the original exhaust system, as installed and manufactured on the brand new vessel, was sufficiently defective as to require a total "retrofit" and replacement.

In performing this overhaul to a new "water lift" exhaust system, Defendant disassembled the original exhaust system, effectively destroying the evidence of installation (including placement of the components and key angles).

Plaintiffs were never consulted as to whether they would consent to the complete overhaul of the exhaust system which they had purchased with their new Boat. They were not informed that it required replacement or the reasons therefore.

No opportunity was given to Plaintiffs to examine or document the placement, installation, or defects that had been revealed in the old exhaust system.

Rather, as the boat was being loaded onto a truck to be returned to Defendant, and after Defendant had made the unilateral decisions to dismantle the original exhaust system and replace it with a new one, Plaintiffs were greeted with the sudden and unexplained declaration that the original exhaust system was gone and had been replaced with a new model.

This spoliation of physical evidence of the installation and manufacture of the original exhaust system substantially interferes with Plaintiffs' right and ability to prove a defect in this matter.

Furthermore, this destruction of evidence prior to Plaintiffs' requested inspection coupled with Defendant's longstanding knowledge of their product defects reeks of bad faith and surreptitious motives.

It is especially telling that an infogram issued by Sea Ray on October 11, 2001, (the same year as the overhaul of the exhaust system and continuing repairs to Plaintiffs' boat) admits awareness of a water ingestion epidemic among its yachts.  See Sea Ray InfoGram #02-07.

Sea Ray and MerCruiser went so far as to establish a special response team for this particular defect, allocating a hiddent menu option in its customer service telephone system:

> **Should water ingestion occur**, the following process applies:
> 1. Contact MerCruiser OEM Customer Service @ 405-743-6555.  **A special phone access option has been set up for Sea Ray Dealers who have a water ingestion issue**.  You will not be prompted for this access option.  During the announcement, please identify yourself as a dealer.  The next announcement will offer you seven options to identify why you have called.  Please press "8" at anytime during this announcement and your call will be directed to a **specially designated MerCruiser service team**.
> 2. MerCruiser will assist Sea Ray dealers in diagnosis and proper repair procedures.  MerCruiser will contact Sea Ray if a retrofit exhaust kit is needed for the vessel in question.
> 3. MerCruiser and Sea Ray will handle dealer compensation separately.  All engine related claims will be submitted to MerCruiser for reimbursement and all boat exhaust system claims will be submitted to Sea Ray.
>
> Note: In order to qualify for this program, the boat has to be a 1999 model year boat (models noted in this infogram) or newer with a collector style exhaust.  The boat must be registered for less than 36 months from the time the dealer requests an exhaust system replacement.

See Sea Ray InfoGram #02-07, page 4 (emphasis added).

Therefore, and for the reasons set forth more fully below, Plaintiffs respectfully request that this Court sanction Defendant by declaring an inference that the design, manufacture, and installation of their boat's original exhaust system was defective. .

### III.
### PLAINTIFFS ARE ENTITLED TO AN INFERENCE OF DEFECT BECAUSE DEFENDANT DESTROYED CRUCIAL EVIDENCE OF THE ORIGINAL EXHAUST SYSTEM

The Second Circuit defines "spoliation of evidence" as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation," West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).

Courts commonly remedy the prejudicial effects of spoliation by invoking the adverse inference rule against the destroying party. It is well-established that intentional destruction of evidence relevant to proof of an issue at trial may support an adverse inference that the evidence would have been unfavorable to the spoliating party, Kronisch v. U.S., 150 F.3d 112, 126 (2d Cir. 1998).

Sanctions have been increasingly awarded where the destroying party caused the loss or destruction of its allegedly defective product parts, Thiele v. Oddy's Auto and Marine, Inc., 906 F.Supp. 158 (W.D.N.Y. 1995) (sanctioning plaintiff for destroying a defective boat before defendant could inspect). See also Brown v. Michelin Tire Corp., 204 A.D.2d 255 (N.Y. Sup. Ct. 1994); Marrocco v. General Motors Corp., 966 F.2d 220, decided together with Jones v. Goodyear Tire and Rubber Co., 966 F.2d 220 (7th Cir.1992); Shelbyville Mutual Ins. Co. v. Sunbeam Leisure Products Inc., 262 Ill.App.3d 636, (5th Dist. 1994).

The adverse inference will be permitted where the prejudiced party establishes that: (1) the spoliator had an obligation to preserve the evidence at the time it was destroyed; (2) the evidence was destroyed in bad faith, i.e., culpable state of mind; and (3) the destroyed evidence was relevant to the prejudiced party's claim or defense "such that a reasonable trier of fact could find that it would support that claim or defense," Rivera v. Nat'l. Passenger Railroad Service, 442 F.Supp.2d 164 (S.D.N.Y. 2006) citing Residential Funding Corp. v. Degeorge Financial Corp., 306 F.3d 99, 107 (2d Cir. 2002).

The obligation to preserve evidence arises when the destroying party has express or constructive knowledge that the evidence is relevant or would be relevant to litigation, Kronisch, 150 F.3d at 126, whether the spoliator is put on notice through discovery demands, service of the complaint or by mere anticipation of litigation, Barsoum, 202 F.R.D. at 400.

A "culpable state of mind" may be established where the spoliator merely destroys evidence "knowingly," Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93,109 (2d Cir. Ct. App. 2001).

In evaluating the relevance of the destroyed documents, the court is tasked with determining "whether there is any likelihood that the destroyed evidence would have been of the nature alleged by the party affected by its destruction," Kronisch, 150 F.3d at 127.

In the present case, Defendant had an obligation to preserve the evidence of the defective exhaust system because they were on notice of Plaintiffs' immense dissatisfaction with their product, making formal legal action foreseeable.

Defendant's bad faith is evidenced by the fact that it continued to sell its products to consumers despite four decades worth of knowledge of exhaust system problems necessitating a special team to answer customers' complaints and a secret telephone menu option.

Evidence of defects in the manufacture and design of the original exhaust system is clearly relevant to Plaintiffs' causes of action. In addition, Defendant's determination that the Vessel's original exhaust system required a complete overhaul demonstrates that the original exhaust system and inspection of its manufacture and design would have revealed defects.

## VII.
## CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that this Court prevent Defendant from profiting from its spoliation of key evidence and declare an inference that the Vessel's original exhaust system was defectively manufactured, designed, and installed.

Respectfully submitted,

PLAINTIFFS,
PETER  D.  MAINS  and  LORI  M.  MAINS


By _____/s/ Richard J. Nikas_____
    Richard J. Nikas, Esq.
    Connecticut Federal Bar Number PHV02528
    HERRICK NIKAS
    1201 Dove Street, Suite 560
    Newport Beach, California 92660
    Telephone:  (714) 546-1400
    Facsimile:  (714) 546-4111
    rnikas@herricknikas.com
    Their Attorney

## **CERTIFICATION**

  I hereby certify that on this date a copy of the foregoing **Motion for Sanctions** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

             /s/ Richard J. Nikas
             Richard J. Nikas
             Connecticut Federal Bar Number PHV02528