UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| v. | : | |
| SEA RAY BOATS, INC., | : | |
| Defendant. | : | APRIL 1, 2008 |

**PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTIONS
TO PLAINTIFFS' EXHIBITS**

Plaintiffs Peter and Lori Mains hereby respectfully submit their reply to Defendant's objection to their exhibits dated March 27, 2008.

**Plaintiffs' Exhibit 1**: Release and Agreement in Settlement of all Claims dated 2/19/98

Plaintiffs hereby agree withdraw their submission of Exhibit 1.

**Plaintiffs' Exhibit 2**: In-Service Checklist dated 5/21/98

Plaintiffs hereby agree to withdraw the second page of this exhibit, namely the facsimile cover sheet from Lori Mains.

**Plaintiffs' Exhibit 12**: Summary of Dates and Events, 7/16/01

This exhibit is not excluded by the hearsay rule because it constitutes a "present sense impression" in that the author, Mrs. Mains, was describing and explaining events while or immediately after she perceived them. Federal Rules of Evidence, Rule 803(1).

Additionally, this constitutes a record of regularly conducted activity and could serve as a recorded recollection pursuant to Rules 803(6) and (5), respectively.

1

Alternatively, this exhibit is not hearsay because it is not offered to prove the truth of the matter asserted, but rather to prove Plaintiff Lori Mains' diligence and Defendant and its representatives' knowledge of Plaintiffs' concerns.

This exhibit does not constitute double hearsay because statements described therein are offered for the non-hearsay purposes of proving notice and effect on the listener.

Plaintiffs do did not intend for the Waiver and Release to be included as the last page of this exhibit. To the extent that it was inadvertently included with Defendant's copy, Plaintiffs hereby agree to withdraw the final page of this exhibit, the Waiver and Release.

**Plaintiffs' Exhibit 15:** Release dated 5/31/01

Plaintiffs hereby agree to withdraw their submission of Exhibit 15.

**Plaintiffs' Exhibit 22:** Brewer Pilots Point Marina Repair Estimate dated 9/10/01

This report is a record of regularly conducted activity and it can also serve as recorded recollection. See Fed. R. Evidence 803(5)-(6).

In addition, this exhibit is admissible as a basis for expert testimony. See Fed. R. Evidence 703.

**Plaintiffs' Exhibit 23**: Survey Report Prepared by Thomas P. Greaves dated 6/30/01

This report is a record of regularly conducted activity and it can also serve as recorded recollection. See Fed. R. Evidence 803(5)-(6).

This exhibit constitutes the author's present sense impression of the condition of the vessel and the event of conducting the survey. See Fed. R. Evidence 803(1).

Furthermore, this exhibit is admissible as the basis of expert testimony. See Fed. R. Evidence 703.

**Plaintiffs' Exhibit 24**: Survey Report of Anthony L. Knowles

Plaintiffs hereby agree to withdraw their submission of Exhibit 24.

**Plaintiffs' Exhibit 25:** Survey Report of Bruce Pfund

Plaintiffs hereby agree to withdraw their submission of Exhibit 25 unless they deem it necessary to call Mr. Pfund as a rebuttal witness. Should this need arise, Plaintiffs reserve the right to present this exhibit into evidence. It is a present sense impression, a record of regularly conducted activity, and a basis for expert testimony. See Fed. R. Evidence 703, 803.

**Plaintiffs' Exhibit 26:** Inspection Report of Tom Wicander

This exhibit is admissible because it constitutes the author's present sense impression of the condition of the vessel and the event of conducting the survey. See Fed. R. Evidence 803(1).

It is a record of regularly conducted activity and it can serve as recorded recollection. See Fed. R. Evidence 803(5)-(6).

In addition, this report should come in as a basis for expert testimony. See Fed. R. Evidence 703.

**Plaintiffs' Exhibit 27:** <u>Leak Down and Compression Tests Report of Tom Wicander</u>

This exhibit is admissible because it constitutes the author's present sense impression of the condition of the vessel and the event of conducting the survey. See Fed. R. Evidence 803(1).

It is a record of regularly conducted activity and it can serve as recorded recollection. See Fed. R. Evidence 803(5)-(6).

In addition, this report should come in as a basis for expert testimony. See Fed. R. Evidence 703.

**Plaintiffs' Exhibit 28**: <u>Excerpts from Mercury MerCruiser Manual</u>

This exhibit is both relevant and probative and it should be admitted.

Plaintiffs will be able to authenticate this exhibit via the use of witnesses with knowledge. See Fed. R. Evidence 901(b)(1).

The exhibit is both relevant and highly probative. It will serve as a basis for expert testimony in that the opinion of Mr. Wicander relating to the improper design and installation of the retrofit exhaust system incorporates the methods and standards for measuring exhaust system components and their placement as set forth in this exhibit. See Fed. R. Evidence 703.

Defendant's characterization of Mr. Wicander's deposition testimony is both misleading and irrelevant to the issue of admissibility. Indeed, Mr. Wicander will testify, as explicitly indicated in his deposition, that he conducted measurements of the exhaust system as suggested in this exhibit. See Wicander deposition, page 77 (indicating that he used the "Clear hose method" described on page 3 of this exhibit in

4

determining the waterline and conducting the measurements which served as the basis for his expert opinion). He will also testify that this exhibit illustrates the nature and method of the measurements which led to his conclusion that the relative heights of the exhaust elbows and other components of the retrofit exhaust system indicate defective installation and manufacture.

> For example, on page 72 of his deposition, Mr. Wicander explains as follows:
>
> Q   . . . tell me what it says in the Mercury manuals. . . .
> A.   At no time should any part of the exhaust system be higher than the exhaust elbows.
> . . .
> A.   And the reason for that is it can cause water ingestion.

These issues are relevant both to Plaintiffs' claims of negligent repairs in installing this new exhaust system and the issue of defective manufacture and design, which are some of the bases for the damages claimed by Plaintiffs.

This exhibit would substantially assist the jury to evaluate Mr. Wicander's expert testimony as the illustrations and guidelines contained in the exhibit will help the jurors to comprehend and visualize the complex technical information which underlies the causes of action in this matter. See Fed. R. Evidence 703.

Furthermore, the exhibit is highly probative and relevant to show Defendant's knowledge and notice of exhaust system defects and water ingestion problems.

**Plaintiffs' Exhibit 29**: Inboard Water Damage Worksheet

This exhibit is one of Defendant's forms which is distributed to MerCruiser dealers and mechanics tasked with responding to the water ingestion problems found in Sea Ray yachts. In the present case, this form was forwarded from Defendant company

through Mr. Varrone to Mr. Wicander, who utilized this form, as he was instructed to do in all Sea Ray water ingestion cases to diagnose the problems.

The Inboard Water Damage Worksheet form is not hearsay as the categories themselves are not "assertions" so as to constitute statements for purposes of Federal Rule of Evidence 801(c).

Contrary to Defendant's assertions, this exhibit does not in any way purport to describe the contents of a "Tech Manual." Rather, the reference to a Tech Manual is merely the answer to the formulaic question of which flushing procedure was used.

Although Defendant's characterization of this exhibit discusses only the flushing procedures, this exhibit reflects much more than the flushing procedures referenced in only one of its answers.

This exhibit is admissible as a basis for Mr. Wicander's expert report pursuant to Rule 703. Its introduction will greatly assist the jury to understand the questions act and procedures followed by the expert in arriving at his conclusions in this matter and will demonstrate the system put into place by Defendant for such water ingestion cases.

**Plaintiffs' Exhibit 30**: Inboard Water Damage Worksheet

Plaintiffs reiterate their reply to Defendant's objections to Exhibit 29 above. Any issues of illegibility can be cured by a clean copy or via clarification by the witnesses familiar with its contents.

**Plaintiffs' Exhibit 31**: Handwritten Notes

6

This evidence is admissible as a basis for expert testimony, as it reflects calculations and measurements taken by Mr. Wicander in completing his report. See Fed. R. Evidence 703.

Furthermore, the exhibit falls under the hearsay exception of present sense impression. See Fed. R. Evidence 803(1). It is also a business record. See Fed. R. Evidence 803(6).

**Plaintiffs' Exhibit 33:** Mercury MerCruiser Service Bulletin No. 2001-13

This exhibit is admissible as a business record and as a "market report, commercial publication" in that it is a regular practice of Defendant company to issue such bulletins in response to and in warning relating to issues relating to its products and it is generally used and relied upon by persons in the particular occupations of dealers and mechanics involved in the present case. See Fed. R. Evidence 803(14) and 803(17).

Furthermore, the document is relevant to the issue of notice.

This exhibit can be authenticated on the stand by Mr. Wicander, Mr. Varrone, Mr. Wade, or any number of Defendants' witnesses. See Fed. R. Evidence 901(b)(1).

**Plaintiffs' Exhibit 34:** Mercury MerCruiser Service Bulletin No. 2001-10

This exhibit is admissible as a business record and as a "market report, commercial publication" in that it is a regular practice of Defendant company to issue such bulletins in response to and in warning relating to issues relating to its products and it is generally used and relied upon by persons in the particular occupations of dealers and mechanics involved in the present case. See Fed. R. Evidence 803(14) and 803(17).

Furthermore, the document is relevant to the issue of notice.

This exhibit can be authenticated on the stand by Mr. Wicander, Mr. Varrone, Mr. Wade, or any number of Defendants' witnesses. See Fed. R. Evidence 901(b)(1).

**Plaintiffs' Exhibit 35:** Mercury MerCruiser Service Bulletin No. 99-10

This exhibit is admissible as a business record and as a "market report, commercial publication" in that it is a regular practice of Defendant company to issue such bulletins in response to and in warning relating to issues relating to its products and it is generally used and relied upon by persons in the particular occupations of dealers and mechanics involved in the present case. See Fed. R. Evidence 803(14) and 803(17).

Furthermore, the document is relevant to the issue of notice.

This exhibit can be authenticated on the stand by Mr. Wicander, Mr. Varrone, Mr. Wade, or any number of Defendants' witnesses. See Fed. R. Evidence 901(b)(1).

**Plaintiffs' Exhibit 36:** Sea Ray Info Gram No. 02-07

This exhibit is admissible as a business record and as a "market report, commercial publication" in that it is a regular practice of Defendant company to issue such bulletins in response to and in warning relating to issues relating to its products and it is generally used and relied upon by persons in the particular occupations of dealers and mechanics involved in the present case. See Fed. R. Evidence 803(14) and 803(17).

Furthermore, the document is relevant to the issue of notice in that it demonstrates that MerCruiser and Sea Ray divisions of Brunswick Corporation were investigating and collaborating in response to an epidemic of water ingestion among Sea

Ray boats and exhaust systems <u>at the same time that Plaintiffs' vessel was overhauled at the Defendant's factory and as the subsequent problems and repairs were diagnosed and discussed</u>.

This exhibit can be authenticated on the stand by Mr. Wicander, Mr. Varrone, Mr. Wade, or any number of Defendants' witnesses.  See Fed. R. Evidence 901(b)(1).

**Plaintiffs' Exhibit 37**: Videotape of Engine Disassembly

This evidence – both audio and visual – is admissible as a present sense impression of the disassembly of the subject exhaust system.

**Plaintiffs' Exhibit 38:** Excerpts of Mercury MerCruiser Manuals

This exhibit is admissible as a business record and as a "market report, commercial publication" in that it is a regular practice of Defendant company to issue such manuals to the owners of new vessels and it is generally used and relied upon by persons in the particular occupations of dealers and mechanics involved in the present case.  See Fed. R. Evidence 803(14) and 803(17).

Furthermore, the document is relevant to the issue of notice.

This exhibit can be authenticated on the stand by Mr. Wicander, Mr. Varrone, Mr. Wade, or any number of Defendants' witnesses.  See Fed. R. Evidence 901(b)(1).

Plaintiffs will provide clean copies of this exhibit without markings to rectify Defendant's other concerns.

**Plaintiffs' Exhibit 39**: American National Standard Quality Management Systems Requirements

Plaintiffs hereby agree to withdraw their submission of Exhibit 39.

**Plaintiffs' Exhibit 40**: Schedule of Expenses

Plaintiffs hereby agree to withdraw their submission of Exhibit 40.

Respectfully submitted,

PLAINTIFFS,
PETER   D.   MAINS   and   LORI   M.   MAINS

By \_\_\_\_\_/s/ Richard J. Nikas_____
Richard J. Nikas, Esq.
Connecticut Federal Bar Number PHV02528
HERRICK NIKAS
1201 Dove Street, Suite 560
Newport Beach, California 92660
Telephone:  (714) 546-1400
Facsimile:   (714) 546-4111
rnikas@herricknikas.com
Their Attorney

**CERTIFICATION**

       I hereby certify that on this date a copy of the foregoing **Plaintiffs' Reply to Defendant's Objections to Plaintiffs' Exhibits** were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                   /s/ Richard J. Nikas
                                                    Richard J. Nikas
                                                    Connecticut Federal Bar Number  PHV02528