## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
PETER D. MAINS and            :
LORI M. MAINS,                :
                              :
            Plaintiffs,       :
                              :
v.                            :    Civ No. 3:01CV02402 (AWT)
                              :
SEA-RAY BOATS,                :
                              :
            Defendant.        :
-----------------------------x
```

## ORDER RE DEFENDANT'S MOTION IN LIMINE
## TO PRECLUDE TESTIMONY OF MARK VERONE

For the reasons set forth below, Defendant's Motion in Limine to Preclude Testimony of Mark Verone (Doc. No. 143) is hereby GRANTED in part and DENIED in part.

On May 29, 2007, the defendant filed a motion in limine, Defendant's Motion in Limine to Exclude Evidence of Complaints by Other Consumers (Doc. No. 107). By filing the motion, the defendant sought the following:

> Defendant Sea Ray Division of Brunswick Corporation . . . respectfully submits this motion in limine to exclude evidence of any alleged consumer complaints, or alleged problems with boats manufactured by Sea Ray, other than those made by Plaintiffs concerning boats owned by them. In addition, Sea Ray seeks an order of this Court prohibiting plaintiffs' counsel from inquiring regarding those complaints in his examination and cross examination of witnesses.

Def's Mot. in Limine to Exclude Evidence of Complaints by Other Consumers (Doc. No. 107) at 1.

In response to the motion, the plaintiffs pointed only to

the testimony that would be given by Thomas Wicander, and no other evidence.  After consideration of the parties' papers, the court granted the motion in limine; the court did not deny any of the relief being sought by the defendant.  In the order granting the motion in limine, the court addressed the most pertinent points raised by the plaintiffs in opposition to the motion.

The plaintiffs argue in connection with instant motion that Verone's testimony was not addressed in the motion in limine. Even although Verone was not named, to the extent any proposed testimony by him (or by any other witness) falls within the scope of the testimony excluded by virtue of the court's order granting the motion in limine, that testimony is precluded.  The motion in limine was not targeted to specific witnesses, but rather to areas of testimony.

In addition, during oral argument yesterday on this motion, counsel for the plaintiffs referred repeatedly to Verone's knowledge and experience about the water ingestion issue as qualifying him to testify on that issue.  However, to the extent the plaintiffs seek to offer Verone's testimony on this issue based on his specialized knowledge, that testimony would appear to be barred by Federal Rule of Evidence 701.

There are other matters as to which Verone could potentially testify, and this order does not preclude Verone from testifying as to those matters; nor is it a determination that he will be

permitted to do so.

It is so ordered.

Signed this 2nd day of April, 2008 at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge