UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS : | CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, : | |
| v. : | |
| SEA RAY BOATS, INC. : | |
| Defendant. : | APRIL 5, 2008 |

**DEFENDANT SEA RAY'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Request, Defendant Sea Ray submits herewith its comments on the Court's proposed jury charge:

**1.**   **Page 17: Duty to Warn**

Sea Ray submits that the Court should not give an instruction regarding failure to warn because there is no evidence that supports an instruction regarding failure to warn for Count 1, the Product Liability Count. In addition, Sea Ray submits that the instruction should not be given because there was no reference to the failure to warn claim in the Trial Memorandum submitted in May 2007. If the Court gives such an instruction, Sea Ray submits that:

a) the first sentence of the instruction should state at the end, after the word "instructions," the language "regarding the boat's allegedly unreasonably dangerous propensities." Sharp v. Wyatt, 31 Conn. App. 824, 833 (1993), aff'd, 230 Conn. 12 (1994); Gajewski v. Pavelo, 36 Conn. App. 601, 604 n. 2 (1994), aff'd, 236 Conn. 27 (1994).

b) the instruction should include the statement that "Sea Ray only a duty to warn of dangers of which it knew or should have known." Giglio v. Connecticut Light & Power Co., 180 Conn. 230, 235 (1980).

      c)      The proposed third paragraph of the failure to warn charge relates to causation and should be addressed as part of the Court's charge on Proximate Cause beginning on page 24. Sea Ray submits that plaintiffs must establish both cause in fact and proximate cause with respect to all of their claims. With respect to the failure to warn claim, the statutory language in Conn. Gen. Stat. 52-572q(c) constitutes the "proximate" portion of the test, but the general the "cause in fact" element still must be met.

      d)      The final paragraph of the proposed instruction is not relevant to the issues in this case.

**2.**      **Page 19-20: Comparative Responsibility**

In the second sentence after the word "liability" and before the comma, the word "and the damages resulting therefrom" should be added. This is consistent with the Court's instruction regarding Comparative Negligence.

**3.**      **Pages 22 and 24: Revocation**

On page 22, in the first sentence, Sea Ray submits that the instruction should be that the plaintiffs claim to have revoked their contract for purchase of the boat, not that they are seeking to do so in this lawsuit. On page 24, the instruction should include language on what constitutes a revocation. Sea Ray submits the following: "A revocation is an "an annulment, cancellation, or reversal. Revocation requires more than notifying the alleged seller that the goods are in breach of the purchase agreement. The notice of revocation must unequivocally notify the seller that the buyer is canceling his acceptance of the goods, and that the buyer is asserting a legal right to return the goods, and not merely requesting or recommending that the goods be returned or exchanged."

**4.    Page 25: Damages:**

The instruction should indicate that the plaintiffs have the burden of proving their claims of damages. Sir Speedy, Inc. v. L & P Graphics, 957 F.2d 1033, 1038 (2d Cir. 1992)

Respectfully submitted,

DEFENDANT,
SEA RAY BOATS, INC.

By    /s/ Daniel J. Foster
      James H. Rotondo (ct05173)
      Daniel J. Foster (ct 24975)
      Day Pitney LLP
      242 Trumbull Street
      Hartford, Connecticut  06103-1212
      Phone: (860) 275-0100
      Fax: (860) 275-0343
      Its Attorney

## CERTIFICATION

I hereby certify that on this date a copy of foregoing **Defendant's Objections to Jury Instructions** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ Daniel  J. Foster
      Daniel J. Foster (ct24975)