UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC., | : | |
| | : | |
| Defendant. | : | APRIL 7, 2008 |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

**I.**

**INTRODUCTION**

On Friday April 4, 2008 Defendant made an oral motion to this Court for a judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. A written motion for the same was filed on April 5, 2008.

For the reasons set forth more fully herein, Plaintiffs object to all arguments set forth in the motion and respectfully request that this Court deny Defendant's motion for judgment as a matter of law.

**II.**
**JUDGMENT AS A MATTER OF LAW SHOULD ONLY BE GRANTED IN VERY LIMITED CIRCUMSTANCES**

Plaintiffs' claims should survive judgment as a matter of law.

A directed verdict should only be granted when, under governing law, there can be "but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Doctor's Associates, Inc. v. Weible, 92 F.3d 108, 112 (discussing a judgment notwithstanding the verdict: "there must be either an utter

1

lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or the evidence must be 'so overwhelming that reasonable and fair-minded persons could only have reached the opposite result").

In deciding whether to grant judgment as a matter of law, the Court should review all of the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (noting that the court may not make credibility determinations or weigh the evidence). See also Anderson, 477 U.S. 242, 255 ("The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.").

> **Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.**
> (Emphasis added.)

Id.

In reviewing the record, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 477 U.S. 133, 151.

### III.
### JUDGMENT AS A MATTER OF LAW SHOULD NOT BE GRANTED AS TO PLAINTIFFS' PRODUCTS LIABILITY CLAIMS

A. **Judgment as a matter of law should not be granted as to Plaintiffs' claim of strict products liability.**

Defendant has based its motion the unfounded assertion that "Plaintiffs have offered no evidence that the boat was defective or unreasonably dangerous."

In making this argument, Defendant appears to have forgotten the testimony by Peter Mains, Lori Mains, David Wade, and Thomas Wicander, which given thoughtful consideration, lead to the reasonable inference that the boat was defective.

Peter and Lori Mains both referenced abnormal exhaust resonance noises coming from the exhaust system throughout the early years of the boat's operation which can be indicative of a defective exhaust system. They also testified to design defects which restricted their access to key exhaust system and engine components as well as water saturation in the bilge area. All of these observations support a reasonable inference that the exhaust system was defective at the time of purchase.

Plaintiffs' expert, Thomas Wicander indicated that the severe scoring found in the cylinders was indicative of a long-term, chronic, water ingestion problem which predated the short trip taken by the Plaintiffs upon the boat's return from the factory.

Although Defendant contends that all products wear out sooner or later, Mr. Wicander explained that the engines in question were being damaged at a faster rate than was expected by the industry, stating that this degree of scoring should not have occurred in an engine with so few hours of operation (at only ten percent of its expected life).

Mr. Wicander also reminded the jury that such scoring and continued water ingestion could be "catastrophic."

The testimony of Peter Mains, Lori Mains, and David Wade all indicate that the exhaust system overhaul was performed without prior warning, permission, or notice to Plaintiffs. Aside from the generic explanation that the exhaust system was replaced to remedy the exhaust resonance noises and to provide good customer service, neither Mr.

Wade nor any of Sea Ray's witnesses was able to explain how or why the retrofit exhaust system was expected to cure the exhaust resonance problem.

Furthermore, the jury is free to question the credibility of Mr. Wade's testimony, especially considering the unlikelihood that such extreme measures, valued at a significant percentage of the purchase price of the vessel, would be taken arbitrarily with no technical or engineering justification. Mr. Wade's multiple claims that he did "not recall" various interactions with the Plaintiffs and with other members of his organization as of late 2000 is also legitimate grounds for the jury to question his credibility, especially when coupled with his seemingly lucid memory of events predating the transportation of the vessel to the Sea Ray's factory in Tennessee.

The fact that Defendant did not preserve or provide any evidence of the state of the original exhaust system is also suspicious and should lead to the inference that the original exhaust system was defective.

The witnesses' testimony, coupled with the mysterious and unexplained overhaul of the exhaust system could lead the jury to reasonably conclude that the collector style exhaust system installed in Plaintiffs' vessel was defective.

These inferences and credibility determinations which the jury could reasonably draw from the above referenced testimony should not be preempted by a judicial ruling on Defendant's motion. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150.

**B. Judgment as a matter of law should not be granted as to Plaintiffs' claim of breach of express warranty of merchantability.**

During Plaintiffs' case in chief, the Sea Ray Express Limited Warranty was discussed and entered into evidence as Defense Exhibit 94.

4

In this warranty, Defendant expressly promised to repair any structural fiberglass deck or hull defect and to repair or replace any parts found to be defective in factory material or workmanship.

The evidence has shown that Plaintiffs preserved their warranty claims by regularly advising Defendant of their concerns regarding the vessel construction and exhaust resonance sounds.

Defendant waived time restrictions relating the warranty by providing Plaintiffs with repeated assurances that it would cure the previously discovered defects.

Furthermore, the cause of the water ingestion defects were not fully discoverable until 2001, when the exhaust system was dismantled following the hydrolocking incident.

As such, Plaintiffs' claim of breach of express warranty should survive a directed verdict.

### C. **Judgment as a matter of law should not be granted as to Plaintiffs' claim of failure to warn.**

The "failure to warn" cause of action under Connecticut General Statutes Section 52-572q was referenced in footnote six of page four (4) of the proposed jury instructions.

Both the complaint and the joint trial memorandum clearly demonstrate Plaintiffs' expectations that the jury would receive a "failure to warn" charge. See Complaint, page 14, paragraphs 60(b) and (c); Joint Trial Memorandum, page 5, last paragraph of subsection (a) of Plaintiffs' Contentions under the Connecticut Products Liability Act.

Furthermore, Plaintiffs' attorney, John L. Senning, has stated that through the course of his interactions with opposing counsel in preparing the proposed jury instructions attached to the Joint Trial Memorandum, he interpreted the reference to the failure to warn provisions of the Connecticut Product Liability Act as indicating a "failure to warn claim" and that he had expected Defendant to include a "failure to warn" claim in the final draft of these proposed jury instructions. See Declaration of John L. Senning in Support of Plaintiffs' Opposition to Defendant's Motion for Judgment as a Matter of Law, attached hereto as Exhibit "A."

The testimony of Peter and Lori Mains indicates that they did not receive any warning of the propensity of the original exhaust system to ingest water.

Furthermore, both they and Mr. Wade testified that they were not properly instructed as to the new flushing instructions for the retrofit exhaust system, causing the hydrolocking to occur in June of 2001.

### IV.
### JUDGEMENT AS A MATTER OF LAW SHOULD NOT BE GRANTED AS TO PLAINTIFFS' NEGLIGENCE CLAIMS

There is ample evidence of negligence on the part of Defendant.

For example, Plaintiffs' experts testified that the installation of the retrofit exhaust system was negligent in that (1) the height of the exhaust elbows in relation to the other components of the exhaust system did not conform to the standards set forth by Sea Ray and the engine manufacturer; and (2) the retrofit exhaust system created a dangerous situation by restricting Plaintiffs' access to the engine area during use.

6

Furthermore, Peter Mains, Lori Mains, and David Wade all testified that Defendant did not provide Plaintiffs with the appropriate flushing instructions for the new exhaust system until it was too late, resulting in the hydrolocking of both the port and starboard engines in June of 2001.

## V.
## JUDGMENT AS A MATTER OF LAW SHOULD NOT BE GRANTED AS TO PLAINTIFFS' CLAIM OF REVOCATION OF ACCEPTANCE

The testimony of Peter Mains established that the subject vessel was purchased as part of a trade-in orchestrated by Sea Ray in relation to problems with Plaintiffs' former Sea Ray boat.  As such, a buyer-seller relationship exists between Plaintiffs and Defendant.

Plaintiffs preserved their reservations regarding the acceptance of the product by regularly communicating their concerns regarding the condition of the boat to Sea Ray.

As addressed in the testimony of Peter Mains, they expressed their revocation of acceptance by requesting that Sea Ray buy back the boat.

Furthermore, Plaintiffs formally revoked their acceptance in 2001 in the filing of their Complaint in this matter, shortly after discovering the full extent of the problems with the vessel's exhaust system.

As such, Plaintiffs' claim of revocation of acceptance should survive judgment as a matter of law.

## VI.
## JUDGEMENT AS A MATTER OF LAW SHOULD NOT BE GRANTED AS TO PLAINTIFFS' CLAIMS UNDER THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

The jury could reasonably conclude that Defendant committed an "immoral, unethical, oppressive, or unscrupulous" practice when it overhauled the exhaust system on Plaintiffs' vessel without any explanation or warning. Defendant's failure to provide a credible explanation to either the Plaintiffs or the jury is indicative of a guilty mind.

## VII.
## SUFFICIENT EVIDENCE OF DAMAGES WAS SET FORTH BY PLAINTIFFS

There is sufficient evidence to provide the jury with a reasonable basis upon which to calculate the amount of damages.

Evidence was provided of the cost and purchase price of the vessel.

Peter Mains testified as to the replacement cost of the damaged engines.

Additionally, Plaintiffs' inability to use their boat as intended was addressed in the testimony of Peter of Lori Mains. Specific dates were provided (including the date of June 9, 2008) with regard to when the boat was non-operational or not in their possession.

As such, the jury can approximate the number of days that the vessel was unusable and can estimate the amount of damages with reasoned calculations.

## VIII.
## SUBSTANTIVE MARITIME LAW DOES NOT GOVERN THE CLAIMS IN THIS MATTER, AND DEFENDANT SHOULD BE ESTOPPED FROM RAISING THESE ARGUMENTS THAT IT LOST ON IN EARLIER PROCEEDINGS

The issue of the applicability of substantive maritime law to the claims in this case has already been decided by this Court. Defendant argued that maritime law should apply in its Motion to Dismiss dated February 28, 2002 which was denied by this Court on September 25, 2002. See Motion to Dismiss, pages 4-14; Minute Entry denying the Motion to Dismiss (Docket No. 20) dated September 25, 2002.

Defendant should not get a second bite at the apple at this late date.

As was argued at the time of Defendant's Motion to Dismiss, the legal arguments for the applicability of maritime law to Plaintiffs' claims is flawed. The cases cited in the instant motion merely address the admiralty jurisdiction of the federal courts to hear the present case. The jurisdiction of this Federal Court has already been established through diversity of citizenship, and is thus a moot issue. Furthermore, the jurisdiction of the District Court in maritime matters does not necessarily mean that substantive maritime law applies or preempts the Plaintiffs' claims under the Connecticut General Statutes.

## IX.
## CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that this Court deny Defendant's motion for judgment as a matter of law.

>Respectfully submitted,
>
>PLAINTIFFS,
>PETER D. MAINS and LORI M. MAINS
>
>By _____/s/ Rachel D. Lev_____
>Rachel D. Lev, Esq.
>Connecticut Federal Bar Number PHV02527
>HERRICK NIKAS
>1201 Dove Street, Suite 560
>Newport Beach, California 92660
>Telephone: (714) 546-1400
>Facsimile: (714) 546-4111
>rnikas@herricknikas.com
>Their Attorney

9

**CERTIFICATION**

       I hereby certify that on this date a copy of the foregoing **Plaintiffs' Opposition to Defendant's Motion for Judgment as a Matter of Law** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                               _____/s/ Rachel D. Lev_____
                                               Rachel D. Lev
                                               Connecticut Federal Bar Number  PHV02527