# Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiffs, | : | 3:01CV2402 (AWT) |
| | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC., | : | |
| | : | |
| Defendant. | : | APRIL 6, 2008 |

DECLARATION OF JOHN L. SENNING IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW

I, JOHN L. SENNING do hereby state and declare:

1. I am an attorney duly licensed and admitted to practice law before all courts of the State of Connecticut and am an attorney for Plaintiffs Peter and Lori Mains.

2. I have personal knowledge of the matter set forth in this declaration or have gained such knowledge from the legal files maintained by my firm, and if called as a witness to testify to any of the facts set forth herein, I could and would competently do so.

3. In the final stages of preparation of the Joint Trial Memorandum, various proposed sections were exchanged between counsel with Defendant

2

providing the form of the proposed jury instructions. This portion of Defendant's submissions for the Joint Trial Memorandum was not provided until approximately one hour before the document was due to be finalized and filed electronically.

4. The jury instructions proposed by Defendant were reviewed by me as quickly as possible and found to be generally acceptable.

5. With respect to Defendant's proposed instruction regarding Product Liability, Defendant made reference to the Connecticut Product Liability Act specifically citing Conn. Gen. Stat. §§521-572m – 52-572q. This latter section, 52-572q, is entitled "Liability of Product Seller Due to Lack of Adequate Warning or Instructions."

6. Based upon that specific reference being included in Defendant's own proposed jury instruction, I concluded that this particular basis of liability was included under the scope of the Defendant's instructions.

7. In discussing the finalization of all the various sections of the Joint Trial Memorandum with defense counsel, which still remained unconfirmed with the filing deadline rapidly approaching, I advised that Plaintiffs partially concurred with the form and content of the jury instructions proposed by the Defendant subject to certain concerns.

8. Among the concerns mentioned was the fact that page five (5) of Defendant's proposed instructions regarding the Connecticut Product Liability Act erroneously indicated that the Plaintiffs brought their claim on only three different grounds when the complaint clearly reflected four

3

      grounds (the fourth being duty to warn) and the expectation of an instruction under section 52-272q.

9. Reference was made to the Plaintiffs' allegations in the Complaint and in the Plaintiffs' contentions in the Joint Trial Memorandum which had been discussed earlier in the day.

10. Contemporaneously with these discussions, my office was in the process of moving and relocating and as a result we were having difficulty finalizing the documents.

11. It was agreed that the Defendant would finalize the final form of the Joint Trial Memorandum and file the same based upon our discussions and the form of the revisions forwarded to them for inclusion.

I declare under the penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

Executed this 6th day of April, 2008 at Essex Connecticut.


                                                                   /s/ John L. Senning
                                                             JOHN L. SENNING