UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
PETER D. MAINS and            :
LORI M. MAINS,                :
                              :
    Plaintiffs,               :
                              :  Civil No. 3:01CV02402(AWT)
v.                            :
                              :
SEA RAY,                      :
                              :
    Defendant.                :
                              :
------------------------------X
```

**ORDER RE PLAINTIFFS' ORAL MOTION TO ADMIT DOCUMENTS**
<u>**PURSUANT TO THE DOCTRINE OF CURATIVE ADMISSIBILITY**</u>

For the reasons set forth below, the plaintiffs' oral motion to admit certain exhibits pursuant to the doctrine of curative admissibility, made on April 3, 2008, was denied on April 4, 2008.

On April 3, 2008, at the beginning of the redirect examination of one of the plaintiff's expert witnesses, Thomas Wicander, a disagreement arose as to the scope of the defendant's cross-examination of the witness. The parties disagreed as to whether a particular question had been asked by the defendant. The court found it necessary to require the preparation of a transcript as an aid in determining what areas had been covered, and what specific questions had been asked, on cross-examination. After reviewing the transcript, the court met with counsel later that evening, off the record.

The plaintiffs took the position that the defendant had opened the door to admissibility of certain documents the plaintiff otherwise was unable to get into evidence, pursuant to the doctrine of curative admissibility. The plaintiff contended certain questions by the defendant had been misleading and that admission of Plaintiffs' Exhibit 33 (on the issue of "pickling"), Plaintiffs' Exhibits 74, 112, 113 and 150 and Defendant's Exhibit 95 (on the issue of compression tests), and Plaintiffs' Exhibits 28, 38, 47, 49, and 60 (on the issue of the location of the discharge hose vis-a-vis the exhaust elbow) was necessary in order to correct a misleading impression created by the questions on cross-examination. The plaintiffs also raised an argument with respect to a question that related to what the witness knew about who issued the flushing instructions.

The court found the argument presented by the plaintiffs that evening persuasive but gave the defendant an opportunity to review the exhibits at issue, which had not been reviewed by the court either, and fax a letter to the court if the defendant disagreed with the points made by the plaintiffs. After reviewing the defendant's letter, a copy of which was sent to the plaintiffs, and reviewing the exhibits at issue, the court changed course and concluded that the plaintiffs' request lacked merit.

> "Opening the door" to evidence that has previously been excluded "gives the trial court discretion to

> permit a party to introduce otherwise inadmissible evidence on an issue (a) when the opposing party has introduced inadmissible evidence on the same issue, and (b) when it is needed to rebut a false impression that may have resulted from the opposing party's evidence."

Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 66 (2d Cir. 1998) (quoting U.S. v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993)). In Rosa, the Second Circuit described this rule as the rule of "'opening the door' or 'curative admissibility.'" 11 F.3d at 335.

Thus, there are two conditions that must be satisfied before the doctrine of curative admissibility should be applied. The first condition is that the opposing party have introduced inadmissible evidence. That condition was not satisfied with respect to any of the areas put at issue by the plaintiffs, because the defendant did not introduce any inadmissible evidence.

In addition, a review of the exhibits at issue confirmed the defendant's position that no false impression was created by the cross-examination. Thus, the court informed the plaintiffs that they would only be allowed to inquire with respect to all of the exhibits at issue except Plaintiffs' Exhibit 150, which was incomplete. With respect to Plaintiffs' Exhibit 49, the court informed the plaintiffs that they could inquire only after the court received a representation from the plaintiffs that the document was no longer subject to a protective order.

The plaintiffs also argued that the scope of the redirect examination should be very broad, i.e. if a topic was touched upon during cross-examination, then the plaintiffs should be allowed to go into anything related to that topic. The court found this argument unpersuasive and informed the plaintiffs that they would only be allowed to inquire to the extent it was necessary "to meet what ha[d] been brought out . . . on cross-examination."  6 Wigmore, Evidence § 1896 (Chadbourn rev. 1976).

It is so ordered.

Signed this 8th day of April, 2008 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge