UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER D. MAINS and LORI M. MAINS | : CASE NO. 3:01cv2402 (AWT) |
| Plaintiffs, | : |
| v. | : |
| SEA RAY BOATS, INC. | : |
| Defendant. | : MAY 2, 2008 |

### DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50 (b), Sea Ray respectfully submits this Renewed Motion for Judgment as a Matter of Law. Plaintiffs failed to provide a "legally sufficient evidentiary basis" upon which the jury could reasonably find that Plaintiffs have proven their claims under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat § 52-572m et seq. See Fed. R. Civ. P. 50 (a). Accordingly, Sea Ray is entitled to judgment as a matter of law as to Count One of the Complaint. Sea Ray further submits that Plaintiffs are not entitled to interest in this case. Finally, Sea Ray submits that any amount awarded pursuant to the Judgment should be reduced by three percent (3%) to account for the jury's findings of comparative responsibility.

### I. Plaintiffs Have Not Provided a Legally Sufficient Evidentiary Basis for Their CPLA Claim

#### A. There Is No Evidence of Breach of Any Express Warranty

The jury found Sea Ray liable under the CPLA only for breach of express warranty, and not under a strict liability theory. The jury's finding that Sea Ray breached an express warranty that permits an award of damages is not supported by any evidence whatsoever.

The Court charged the jury that, to find for Plaintiffs on their product liability claim under the theory of breach of express warranty, the Plaintiffs must prove that Sea Ray made an express statement of fact or promise to the plaintiffs that the boat was safe and effective for its

**ORAL ARGUMENT REQUESTED**

intended use, and that, at the time of sale, the boat was not safe and effective for its intended use because it was defective and unreasonably dangerous. There was no evidence that Sea Ray made any such express warranty.

The only evidence of any express warranty is Sea Ray's Express Limited Transferable Warranty. See Def.'s Ex. 94.[1] That Warranty did not warrant that the boat at issue (the "Boat") would be was safe and effective for its intended use. It merely warranted that certain **repairs** would be made if necessary, subject to pertinent exclusions:

> Sea Ray Boats, Inc. ("SEA RAY") warrants to the original retail purchasers of its 1998 model boats if purchased from an authorized SEA RAY dealer . . . that the selling dealer will: (a) repair any structural fiberglass deck or hull deck which occurs within five (5) years of the date of delivery; (b) repair or replace any parts found to be defective in factory material or workmanship within one (1) year of date of delivery, and (c) repair any gel coat surface of the hull that has laminate blisters which occurred as a result of defects in factory material or workmanship within five (5) years of date of delivery . . . .

Id.[2]

There was no evidence that Sea Ray failed to make any repairs required under its Express Limited Transferable Warranty, and there was no evidence of any other express warranty made by Sea Ray. Accordingly, there is no legally sufficient evidentiary basis for the jury's finding that Sea Ray violated the CPLA by breaching an express warranty. Sea Ray therefore respectfully submits that it is entitled to judgment as a matter of law on Plaintiffs' CPLA claim.

---

[1] The engines were covered under a warranty issued by MerCruiser, not Sea Ray. Plaintiffs presented no evidence based upon which Sea Ray could be found liable for breach of a warranty issued by MerCruiser. Plaintiffs introduced no evidence that MerCruiser was controlled by, or was otherwise the agent of, Sea Ray.

[2] Notwithstanding Plaintiffs' contrary assertion during oral argument on Sea Ray's Rule 50 (a) Motion, Sea Ray's express Warranty was not tolled or extended until such time as alleged problems with the product at issue have been discovered by the buyer. "The general rule is that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." Abraham v. Volkswagen of America, Inc., 795 F.2d 238, 250 (2d Cir. 1986).

**B.     There Is No Evidence That the Boat Was Defective or Unreasonably Dangerous**

"Under Connecticut's product liability statute, General Statutes § 52-572m et seq., the plaintiffs must plead and prove that the [Boat was] defective and that the defect proximately caused [damages]. . . .  A product is defective when it is unreasonably dangerous to the consumer or user."  Sharp v. Wyatt, Inc., 31 Conn. App. 824, 833, 627 A.2d 1347 (1993).

In some cases, whether a product is unreasonably dangerous is determined by the expectations of an ordinary consumer, and therefore may be proven without expert opinion. Connecticut law, however, also recognizes that there are "instances in which an ordinary consumer may not be able to form expectations of safety.  In such cases, a consumer's expectations may be viewed in light of various factors that balance the utility of the product's design with the magnitude of its risks."  Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 694 A.2d 1319 (1997).  Connecticut has therefore adopted "the reasoning of those jurisdictions that have modified their formulation of the consumer expectation test by incorporating risk-utility factors into the ordinary consumer expectation analysis."  Id. at 220.[3]

Mechanical issues, and limitations involved in the design of marine engines and exhaust systems, are subjects as to which an ordinary consumer is not able to form expectations of safety. Plaintiffs allege that the Boat is defective because, if the hydrolock had not occurred, the design of the Boat's exhaust system might have caused the engines to fail, or to stop working properly, after a substantial (but unspecified) period of time.  The fact that the Boat has not been designed

---

[3] Although the Potter Court held that the modified consumer expectations test that it adopted did not require proof of a feasible alternative design, the Restatement 3d of Torts notes that "this holding inevitably steers Connecticut toward the reasonable alternative design requirement set forth in this Restatement."  Restat. 3d of Torts: Products Liability, § 2, Reporter's Notes Part II.C ("Jurisdictions That Apply a Consumer Expectations Test Based on Risk-Utility, Thereby Implicitly Requiring Proof of a Reasonable Alternative Design in Most Cases").  No such evidence has been introduced in this case.

in such a way as to prevent the engines from eventually wearing out does not, by itself, render the Boat unreasonably dangerous. To the contrary, "[a]ll parts will wear out sooner or later and thus have a limited effective life." Abraham v. Volkswagen of America, Inc., 238, 250 (2d Cir. 1986). Accordingly, expert testimony that the Boat was unreasonably dangerous in light of the risk-utility factors set forth in Potter is required in order for Plaintiffs to prove any claim under the CPLA. See Potter, 241 Conn. at 217-21; Estate of Lepage v. Horne, 262 Conn. 116, 125, 809 A.2d 505 (2002) ("Expert testimony is *required* 'when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors.'" (emphasis in original; citation omitted)).

Plaintiffs offered no expert opinion that the Boat was unreasonably dangerous. Plaintiffs did not even offer any evidence from which the jury could have inferred (a) that it is possible to make a marine engine that is not subject to water ingestion, including ingestion of water through the exhaust system; (b) that it is possible to make an exhaust system that is any less susceptible to water ingestion than either the original or the replacement exhaust systems installed on the Boat; or (c) that it is possible to make marine engines or exhaust systems any safer than those that were installed on the Boat.

Thus, even assuming that Sea Ray had made an express, rather than implied, warranty that the Boat was not defective or unreasonably dangerous at the time of sale, there is no evidence that any such warranty was breached in this case. For this additional reason, Sea Ray is entitled to Judgment as a Matter of Law as to Plaintiffs' CPLA claim.

### III. PLAINTIFFS ARE NOT ENTITLED TO INTEREST

The Judgment entered by the Court states, in pertinent part, that "[t]he Jury awarded the plaintiffs compensatory damages of $15,500.00 on the Connecticut Product Liability Act claim, and $15,500.00 on the Negligence claim, for a total amount of $31,000.00 plus statutory

interest." Docket No. 188 (Apr. 18, 2008).  Plaintiffs cannot be entitled to postjudgment interest, because Sea Ray cannot have wrongfully withheld payment of the judgment either as of date that judgment was entered or in the days that have since elapsed.  Plaintiffs are not entitled to prejudgment interest for the reasons set forth herein.

### A.     Sea Ray Did Not Withhold Any Sum Owed to Plaintiffs

"When the court's jurisdiction is based upon diversity, an award of prejudgment interest is governed by state law."  Brandewiede v. Emery Worldwide, 890 F. Supp. 79, 82 (D. Conn. 1994) (citation omitted).  Under Connecticut law, "prejudgment interest may be awarded if the trier of fact determines that past due amounts are payable and wrongfully withheld."  Blakeslee Arpaia Chapman, Inc. v. Dept. of Transportation, 273 Conn. 746, 752 (2005) (citing Conn. Gen. Stat. § 37-3a).

In the present case, there was no evidence that the sum awarded by the jury was withheld by Sea Ray, much less that it was wrongfully withheld.  To the contrary, the evidence at trial demonstrated that the Plaintiffs had refused to accept from Sea Ray any sum less than $175,000, or far more than the Boat had cost three years earlier when it was brand new.  The evidence further demonstrated that, even after Thomas Wicander had performed a survey of repairs that he deemed necessary or appropriate in May of 2001, Plaintiffs affirmatively refused Sea Ray's offer (1) to pay Mr. Wicander to perform those repairs; (2) to pay for the hull bottom to be repainted; (3) to pay for the Boat to be cleaned and detailed following repairs; and (4) to pay two months' slip fees and two months' payments on the loan by which the Boat was financed.

### B.     The Damages Awarded to Plaintiffs Were Not Liquidated

Under Section 37-3a, "the claim to which the prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully withheld."  Ceci Bros., Inc. v. Five Twenty-One Corp., 81 Conn. App. 419, 428, 840 A.2d 578 (2004).  Connecticut law "does not allow

-5-

prejudgment interest . . . on claims that do not involve the wrongful detention of money . . . ." Foley v. Huntington Co., 42 Conn. App. 712, 739, 682 A.2d 1026 (1996). Prejudgment interest on non-liquidated sums is appropriate only when "the sums were not so uncertain that a defendant could not have been on notice as to the amount it was required to pay." White Oak Corp. v. DOT, 217 Conn. 281, 302 n.18, 585 A.2d 1199 (1991).[4]

The jury did not find Plaintiffs to be entitled to any sum as liquidated damages; its verdict in favor of the plaintiff related to the product liability and negligence counts. For this additional reason, they may not recover prejudgment interest.

### C. Sea Ray's Failure to Pay the Sum Awarded Was Not Wrongful

The Connecticut Supreme Court "ha[s] construed the statute to make the allowance of interest depend upon whether the detention of the money is or is not wrongful under the circumstances." O'Hara v. State, 218 Conn. 628, 643, 590 A.2d 948 (1991) (citation and internal quotation marks omitted); see also Prime Management Co. v. Steinegger, 904 F.2d 811, 817 (1990) (same). The fact that Sea Ray was found liable does not show that its failure to pay damages was wrongful:

> A plaintiff's burden of demonstrating that the retention of money is wrongful requires more than demonstrating that the opposing party detained money when it should not have done so. The fact that an award of such interest is discretionary

---

[4] See also Tang v. Bou-Fakhreddine, 75 Conn. App. 334, 349, 815 A.2d 1276 (2003):

> The prejudgment interest statute does not apply when the essence of the action is the recovery of damages to compensate a plaintiff for injury, damage or costs incurred as a result of a defendant's negligence. It ordinarily does not apply to contract actions in which the plaintiff is not seeking the recovery of liquidated damages or the recovery of money advanced under a contract and wrongfully withheld after a breach of that contract. The prejudgment interest statute does not apply to such actions because they do not advance claims based on the wrongful withholding of money, but rather seek damages to compensate for losses incurred as a result of a defendant's negligence. Moreover, such damages are not considered due and payable until after a judgment in favor of the plaintiff has been rendered.

> and subject to equitable considerations, rather than automatic, reflects the reality
> that not all improper detentions of money are wrongful.

Maloney v. PCRE, LLC, 68 Conn. App. 727, 756, 793 A.2d 1118 (2002).

Whether funds have been wrongfully withheld "is dependent on the circumstances in each case and is, consequently, inherently fact bound." Id. As set forth above, the evidence presented at trial demonstrates that Sea Ray offered to repair damages to the Boat and to make other payments as well to compensate Plaintiffs for any inconvenience. When Plaintiffs subsequently refused to permit any repairs to be performed, Sea Ray made a reasonable offer to repurchase the Boat. Plaintiffs, however, unreasonably refused to accept any payment in an amount not substantially greater than the original purchase price of the Boat. Sea Ray could not have withheld the sum awarded wrongfully, because Plaintiffs had indicated that thery were unwilling to accept any such sum.

### D.    Plaintiffs Failed to Diligently Pursue their Claims

Even if Plaintiffs met the requirements for an award of prejudgment interest, such an award would be discretionary, not mandatory. Blakeslee Arpaia Chapman, Inc. v. Dept. of Transportation, 273 Conn. at 752 (under § 37-3a, "prejudgment interest **may** be awarded if the trier of fact determines that past due amounts are payable and wrongfully withheld." (emphasis added)); Maloney v. PCRE, LLC, 68 Conn. App. at 755 ("An award of such interest is an equitable determination lying within the trier's sound discretion."). The equities in this case do not justify an award of prejudgment interest.

The Second Circuit has recognized that "factors to be considered [under § 37-3a] include . . . whether the party seeking prejudgment interest has 'diligently presented' the claim throughout the course of the proceedings." Prime Management Co. v. Steinegger, 904 F.2d 811, 817 (2d Cir. 1990) (citing Alderman v. RPM of New Haven, Inc., 20 Conn. App. 566, 570-71,

-7-

568 A.2d 1068 (1990)). Plaintiffs in this matter also failed to diligently pursue their claims after filing this action in December of 2001, delaying for years the adjudication of this straightforward dispute.

This case did not involve extensive fact investigation or discovery. Plaintiffs served one set of Interrogatories on December 23, 2002, which were not accompanied by any Requests for Production.[5] They took no depositions in this case. When the Court, following a long period of inactivity by the parties, issued an Order that the Joint Trial Memorandum be submitted by April 3, 2006, Plaintiffs responded by filing no less than six extensions of time for the submission of the Joint Trial Memorandum. See Docket No. 50 (Mar. 20, 2006); Docket No. 58 (June 2, 2006); Docket No. 75 (August 15, 2006); Docket No. 89 (Jan. 24, 2007); Docket No. 94 (Mar. 29, 2007); Docket No. 99 (Apr. 26, 2007). The fact that Plaintiffs did not pursue this case with reasonable diligence in the years preceding trial is perhaps most clearly demonstrated by their efforts to change the entire case five days before trial by filing an untimely motion to amend the Complaint and an untimely motion for reconsideration of a ruling on a Motion in Limine and by seeking to disclose 118 new exhibits, three new witnesses to testify by deposition, and expanded testimony of other witnesses previously disclosed in the Joint Trial Memorandum of May 29, 2007. See Motion to Amend, Docket No. 146 (Mar 27, 2008); Motion for Reconsideration, Docket No. 148 (Mar 27, 2008); First Supplement to Trial Memorandum, Docket No. 149 (Mar 27, 2008).

**E.    Summary**

Plaintiffs should not be awarded prejudgment interest because they do not meet the

---

[5] When Plaintiffs purported to serve additional discovery in January of 2007, more than two and a half years after the close of discovery in May of 2004, the Court granted in its entirety Sea Ray's Motion for a protective order that that discovery not be had. Order, Docket No. 112 (June 12, 2007).

criteria required for an award of such interest under Connecticut law, and because the equities in this case do not justify any such award. In the alternative, if prejudgment interest is awarded, Sea Ray respectfully requests an opportunity to provide evidence of the rates prevailing during this dispute. See Sears, Roebuck & Co. v. Bd. of Tax Review, 241 Conn. 749, 765-66, 699 A.2d 81 (1997) (trial court abused its discretion by disregarding evidence of prevailing rates and awarding interest at the statutory maximum of 10 per cent) (emphasis added).

### IV.    ANY AWARD MUST BE REDUCED BY THREE PERCENT

As to each Count on which it found for Plaintiffs, the jury found that Plaintiffs were responsible in part for their own damages, and that the portion of those damages for which Plaintiffs were responsible was three percent. The jury was not asked to, and did not, perform any calculations to reduce the verdict by the amount of the plaintiffs' comparative negligence. Accordingly, Judgment in favor of Plaintiffs must be reduced by three percent. If Judgment is entered on behalf of Sea Ray as to the Plaintiffs' CPLA claim, the $15,500.00 awarded to them as damages on their negligence claim should be reduced by 3% to $15,035.00. If Sea Ray's Motion is denied to the extent that it seeks judgment as a matter of law on Plaintiffs' CPLA claim, the total Judgment $31,000.00 should be reduced by 3% to $30,070.00.

### V.    CONCLUSION

For the reasons set forth above, Sea Ray respectfully requests that judgment be entered in its favor as Count One, and that Judgment be vacated to the extent that it finds for Plaintiffs as to that Count. Sea Ray further respectfully requests that Judgment be vacated to the extent that it awards interest to Plaintiffs. Finally, Sea Ray respectfully requests that any amount awarded to Plaintiffs be reduced by three percent (3%) to account for the jury's finding of Plaintiffs comparative responsibility.

>Respectfully submitted,
>
>DEFENDANT,
>SEA RAY BOATS, INC.
>
>
>By   /s/ Daniel J. Foster
> James H. Rotondo (ct05173)
> Daniel J. Foster (ct24975)
> Day Pitney LLP
> 242 Trumbull Street
> Hartford, Connecticut  06103-1212
> (860) 275-0100
> (860) 275-0343 (fax)
> Its Attorneys

## CERTIFICATION

I hereby certify that on this date a copy of foregoing **Renewed Motion for Judgment as a Matter of Law** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>   /s/ Daniel  J. Foster
> Daniel J. Foster (ct24975)