```
 1                UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF CONNECTICUT

 3

 4   - - - - - - - - - - - - - - - - - x
                                       :
 5   PETER D. MAINS and LORI M. MAINS:  No. 3:01CV2402(AWT)
                                       :
 6                Plaintiffs,           :
                                       :
 7            vs                        :
                                       :
 8   SEA RAY BOATS, INC.                :
                                       :  HARTFORD, CONNECTICUT
 9                Defendant.            :  APRIL 8, 2008
                                       :
10   - - - - - - - - - - - - - - - - - x

11

12

13                     **JURY TRIAL**

14                     **VOLUME VI**

15

16      BEFORE:

17
             HON. ALVIN W. THOMPSON, U.S.D.J.
18

19               and a Jury of Nine

20

21

22

23                          Diana Huntington, RDR-CRR
                            Official Court Reporter
24

25
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   APPEARANCES:

 2      FOR THE PLAINTIFFS:

 3           JOHN L. SENNING, ESQ.
                16 Saybrook Road
 4              Essex, Connecticut 06426

 5           HERRICK NIKAS, LLP-CA
                1201 Dove Street, Suite 560
 6              Newport Beach, California 92660
             BY: RACHEL D. LEV, ESQ.
 7               RICHARD J. NIKAS, ESQ.

 8      FOR THE DEFENDANT:

 9           DAY PITNEY, LLP
                CityPlace I
10              Hartford, Connecticut 06103-3499
             BY: JAMES H. ROTONDO, ESQ.
11               DANIEL J. FOSTER, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PDF created with pdfFactory trial version www.pdffactory.com

1                       TABLE OF CONTENTS

2

3                                                        <u>PAGE</u>

4    QUESTION FROM THE JURY......................... 926

5    VERDICT........................................ 930

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com

1 **10:05 A.M.**

2 THE COURT: We have a note from the jury. It's
3 been marked as Court Exhibit 5.

4 It says: "Under Connecticut Liability Act do
5 both strict liability and breach of express warranty need
6 to be satisfied, or will either substantiate the claim?"

7 I believe the answer is either will substantiate
8 the claim.

9 The only concern I would have is I would like
10 them to answer both questions. I would like under I.B for
11 them to answer both questions and that's what I would
12 intend to say.

13 MR. NIKAS: That's fine.

14 Given the fact that this arises under the
15 Connecticut Liability Act, Your Honor, we'd like to repeat
16 our request from yesterday regarding the definition of
17 "product seller" under that Act which includes
18 manufacturer in both the definition of 52-572m and also
19 52-572m(e) just to be sure that there is no
20 misunderstanding as to what the statute provides.

21 THE COURT: Are you concerned because of the
22 issue that was argued with respect to revocation?

23 MR. NIKAS: No. This has nothing to do with the
24 revocation argument, Your Honor. In the charge under the
25 Connecticut Product Liability Act it uses the generic term

PDF created with pdfFactory trial version www.pdffactory.com

1  "seller."  My concern is that they would confuse that for
2  the description of the term "seller" contained in the
3  revocation argument.
4          THE COURT:  That's what I asked.  So it does
5  have something to do with that.  My question was:  Were
6  you concerned that there would be confusion with the
7  Revocation Act?
8          MR. NIKAS:  That's correct.  Because the statute
9  is very clear that the seller in the statute encompasses a
10 manufacturer because subsection (e) states --
11         THE COURT:  That's obvious.
12         I think the second element makes it clear
13 enough.  It says that the boat was expected to and did
14 reach the plaintiffs without substantial change in its
15 condition from the time of its sale by the defendant.
16         MR. NIKAS:  I'm not sure it does, Your Honor, if
17 they conclude, for purposes of revocation, that the
18 defendant was not the seller.  They might be led to
19 believe that since it's not the seller, there's no
20 liability that arises under the Act.
21         THE COURT:  Well, I'm reluctant to give a
22 supplemental charge at this time, especially with a
23 question pending.  Yesterday I thought your point went to
24 revocation, and I didn't understand what point you were
25 making.

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              MR. NIKAS:  Specifically, Your Honor --
 2              THE COURT:  I know what you said yesterday.  I
 3  thought it went to revocation.  And it is that you're
 4  concerned about confusion with revocation.  I'm not going
 5  to give a supplemental charge at this time because they're
 6  in the middle of deliberations and I don't want to be
 7  perceived as suggesting something to them.  And I think
 8  the fact that they are asking this question signals to me
 9  that they don't have a concern about that issue.
10              We'll bring the jury in.
11                   (Whereupon, the jury entered the
12                    courtroom.)
13              THE COURT:  Good morning, ladies and gentlemen.
14              Please be seated everyone.
15              Ladies and gentlemen, I've received a question
16  from the jury.  It reads as follows:
17              "Under Connecticut Liability Act do both strict
18  liability and breach of express warranty need to be
19  satisfied, or will either substantiate the claim?"
20              The answer is:  Either.
21              Is that clear?
22              However, it will be helpful if you answer both
23  questions in Part I.B of the verdict form.
24              And it looks like I've responded to your
25  inquiry.  If you have a follow-up question, please send
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  another note out.
 2           Okay, thank you very much.
 3              (Whereupon the jury left the courtroom.)
 4           THE COURT:  We'll recess.  We'll wait to hear
 5  from the jury again.  Thank you.
 6              (Whereupon, a recess followed.)
 7
 8           THE COURT:  Good afternoon.  Please be seated.
 9           We've received a note from the jury.  It has
10  been marked as Court Exhibit 6.
11           It reads as follows:  "A unanimous verdict has
12  been reached."
13           So we'll bring the jury in.
14              (Whereupon, the jury entered the
15               courtroom.)
16           THE COURT:  Good afternoon, ladies and
17  gentlemen.
18           Please be seated everyone.
19           Mr. Foreperson, has the jury unanimously agreed
20  upon its verdict?
21           THE FOREPERSON:  They have.
22           THE COURT:  Would you please deliver the verdict
23  form to the courtroom deputy.
24              (Pause.)
25           THE COURT:  I'm going to confirm on the record
```

PDF created with pdfFactory trial version www.pdffactory.com

1   one thing with respect to the verdict form.
2       There is one question where the foreperson had
3   one response marked and then crossed that out, initialed
4   it, and put in the opposite response.  And I read that as
5   you mean the response that you have not initialed.
6       THE FOREPERSON:  Correct.
7       THE COURT:  Okay.
8       Ladies and gentlemen, at this time your verdict
9   will be published.  That means it will be read aloud in
10  open court.
11      You should pay close attention as the verdict is
12  published.  Following publication, I will ask whether any
13  party would like to have the jury polled.
14      If the jury is polled, that means that each one
15  of you would be asked whether the verdict, as published by
16  the courtroom deputy, constitutes your individual verdict
17  in all respects.
18      Madam Clerk, would you please publish the
19  verdict.
20      THE CLERK:  The case is Peter D. Mains and Lori
21  M. Mains, Plaintiffs, v. Sea Ray Boats, Defendant,
22  Civil No. 3:01CV2402(AWT).
23      Special Verdict Form reads as follows:
24      We the jury unanimously find as follows:
25      Part I.  Connecticut Product Liability Act.

PDF created with pdfFactory trial version www.pdffactory.com

1                A.  Have the plaintiffs proven by a
2    preponderance of the evidence that the defendant is liable
3    to them pursuant to the Connecticut Product Liability Act?
4                The jury's response is:  Yes.
5                B.  Under which of their theories have the
6    plaintiffs proven the defendant is liable to them?
7                Strict liability.  And the jury's response is:
8    No.
9                Breach of express warranty.  The jury's response
10   is:  Yes.
11               C.  Have the plaintiffs proven that the boat was
12   defective and unreasonably dangerous at the time they
13   purchased it?
14               The jury's response is:  Yes.
15               Part II.  Comparative Responsibility.
16               A.  Has the defendant proven that the plaintiffs
17   were comparatively responsible for the damages they
18   sustained?
19               The jury's response is:  Yes.
20               B.  If the answer to the preceding question was
21   "yes," what is the percentage of the plaintiffs'
22   responsibility for their own injuries?
23               The jury's response is:  3 percent.
24               Part III.  Negligence.
25               Have the plaintiffs proven by a preponderance of

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  the evidence that the defendant was negligent during the
 2  course of making repairs to the boat and that the
 3  defendant's negligence caused them to suffer damages?
 4            The jury's response is:  Yes.
 5            Part IV.  Comparative Negligence.
 6            A.  Has the defendant proven by a preponderance
 7  of the evidence that any damages suffered by the
 8  plaintiffs were caused in whole or in part by their own
 9  negligence?
10            The jury's response is:  Yes.
11            Part B.  If the answer to the preceding question
12  was "yes," is the plaintiffs' share of responsibility for
13  causing those damages 51 percent or more?
14            The jury's response is:  No.
15            Part C.  If the answer to the preceding question
16  was "no," what percentage is the plaintiffs' share of the
17  responsibility for the damages they sustained?
18            And the jury's response is:  3 percent.
19            Part V.  Revocation of Acceptance.
20            Have the plaintiffs proven by a preponderance of
21  the evidence that they revoked their contract for purchase
22  of the boat?
23            The jury's response is:  No.
24            And I'm going to go to Part VII.  Compensatory
25  Damages.
```

PDF created with pdfFactory trial version www.pdffactory.com

1              What is the total amount of compensatory damages
2  you determine to be fair, just and reasonable?
3              Connecticut Product Liability Act.  And the
4  jury's response is:  $15,500.
5              Negligence.  The jury's response is:  $15,500.
6              If you awarded damages on both claims, please
7  state the total amount of damages awarded without double
8  counting any particular item of damage.
9              The jury's response is:  $31,000.
10             And it's all signed and dated by the foreperson,
11 Your Honor, on today's date.
12             THE COURT:  Thank you.
13             Would either side like the jury polled?
14             MR. NIKAS:  No, Your Honor.
15             MR. ROTONDO:  No, Your Honor.
16             THE COURT:  Thank you.
17             Ladies and gentlemen, you have now done your
18 duty.  It is inevitable that a decision by a jury will
19 gratify one party and disappoint the other.  Making
20 decisions such as those that you've made, decisions which
21 are important to the parties but also important to our
22 society, is not easy.  All of us know that and all of us
23 understand that.  So all of us, the Court and the parties,
24 must be grateful to you for performing this important and
25 very difficult assignment.  And the reason that we must be

PDF created with pdfFactory trial version www.pdffactory.com

Vol. VI - Page 934

1  grateful to you is really quite simple.  All of us believe
2  in a system of law that places in our fellow citizens the
3  responsibility for administering justice.  All of us
4  believe in a system of self government, and that is a
5  system in which jurors drawn from our community play a
6  central role.
7           So I thank you on behalf of the court system and
8  the parties in this case for your contribution to our
9  American system of justice.
10          You are now discharged.  Please note that you
11 are under no obligation to discuss this case with anyone,
12 including the parties, the lawyers, or any members of the
13 press.
14          And in a moment after court adjourns or actually
15 recesses, because I have something else scheduled, I'm
16 going to come back so I can thank each of you
17 individually.
18          You may retire to the jury room.
19              (Whereupon the jury left the courtroom.)
20          THE COURT:  Please be seated everyone.
21          Any questions from counsel?
22          MR. ROTONDO:  No, Your Honor.
23          MR. NIKAS:  No, Your Honor.
24          THE COURT:  Well, thank you all very much.  I
25 hope you get home soon.

PDF created with pdfFactory trial version www.pdffactory.com

Vol. VI - Page 935

1        The courtroom deputy will work on the judgment
2   probably by Monday.  Thank you.
3           We'll recess.
4              (Proceedings adjourned at 3:04 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PDF created with pdfFactory trial version www.pdffactory.com

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5
 6
 7         I, Diana Huntington, RDR, CRR, Official Court
 8   Reporter for the United States District Court for the
 9   District of Connecticut, do hereby certify that the
10   foregoing pages are a true and accurate transcription of
11   my shorthand notes taken in the aforementioned matter to
12   the best of my skill and ability.
13
14
15
16
17              /s/_____
                  DIANA HUNTINGTON, RDR, CRR
18                  Official Court Reporter
                  450 Main Street, Room #225
19               Hartford, Connecticut 06103
                       (860) 547-0580
20
21
22
23
24
25
```

PDF created with pdfFactory trial version www.pdffactory.com