UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER D. MAINS and LORI M. MAINS | : | CASE NO. 3:01cv2402 (AWT) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEA RAY BOATS, INC. | : | |
| | : | |
| Defendant. | : | JUNE 17, 2008 |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to L. Civ. R. 7 (d), Sea Ray respectfully submits this Reply to Plaintiffs' Objection to Sea Ray's Renewed Motion for Judgment as a Matter of Law. Judgment should be entered in Sea Ray's favor on Plaintiffs' claims under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat § 52-572m et seq., because (1) Plaintiffs have failed to identify any express warranty that is relevant to their CPLA claim; (2) under Connecticut law, Plaintiffs have not provided a "legally sufficient evidentiary basis" upon which the jury could have found that the boat at issue (the "Boat") was defective and unreasonably dangerous; and (3) Sea Ray's Motion was timely under the plain language of the pertinent Federal Rules. See Fed. R. Civ. P. 6 (a)(2), 50 (b). Sea Ray further submits that its Motion should be granted as unopposed to the extent that Sea Ray asserts that the Judgment in this case should not include interest and should be reduced by the amount of Plaintiffs' comparative responsibility as found by the jury.

**I.      Sea Ray's Motion Was Timely**

Rule 50 (b) expressly states that a renewed motion for judgment as a matter of law may be filed "[n]o later than 10 days after the *entry of judgment*." Fed. R. Civ. P. 50 (b) (emphasis added). The Court's docket in this case is equally clear that *judgment was entered in this case on April 18, 2008*. See Docket No. 188 ("Signed by Clerk on 4/14/08. (Smith, S.) (Blue, A.).

**ORAL ARGUMENT REQUESTED**

(Entered: 04/18/2008)"). When calculating periods of less than eleven days, intermediate Saturdays and Sundays are excluded. Fed. R. Civ. P. 6 (a)(2). Accordingly, Sea Ray's Renewed Motion for Judgment as a Matter of Law was due on Friday, May 2, 2008. Sea Ray's Renewed Motion was filed on May 2, 2008, and was therefore timely.

II. **Sea Ray Made No Statement of Fact Or Promise to the Plaintiffs that the Boat Was Safe and Effective for Its Intended Use**

The Court correctly instructed the jury that

> To prevail on their product liability claim under the theory of breach of express warranty, the plaintiffs must prove the following elements by a preponderance of the evidence:
>
> First, that the defendant made a statement of fact or a promise to the plaintiffs that the boat was safe and effective for its intended use . . . .

Tr. Vol. V p.; 895:20 – 896:2 (Apr. 7, 2008). Plaintiffs can point to no evidence that Sea Ray ever made any such statement or promise. See Pl.'s Obj. at 12-15.

Plaintiffs can identify only one express warranty made by Sea Ray – the Express Limited Transferable Warranty entered into evidence as Defense Exhibit 94. Id. at 13. Plaintiffs do not, and cannot, assert that that Warranty contained any "statement of fact or a promise to the plaintiffs that the boat was safe and effective for its intended use." To the contrary, Plaintiffs concede that that Warranty was a service warranty. See id. ("Therein [Sea Ray] expressly promised to repair any structural fiberglass deck or hull defect and to replace any parts found to be defective in factory material or workmanship.").

Plaintiffs' Objection asserts that Sea Ray breached its express warranty "[b]y failing to satisfactorily remedy . . . defects in the hull, fiberglass deck, parts, and workmanship." Id. at 15. That alleged breach, however, is not relevant to Plaintiffs' CPLA claim. "[N]egligent repairs and service performed after the product was placed in the stream of commerce are not covered . .

. by the CPLA."[1]  American Nat'l Fire Ins. Co. v. A. Secondino & Sons, 832 F. Supp. 40, 42 (D. Conn. 1993); see also Palmieri v. Hi-Way Campers, No. CV 93 0349111, 1995 Conn. Super. LEXIS 630, *5 (Conn. Super. Ct. Feb. 27, 1995) (striking CPLA claims based on alleged breach of service warranties).[2]

Since there was no evidence that Sea Ray made any express warranty that the boat was safe and effective for its intended use, Sea Ray respectfully submits that it is entitled to judgment on Plaintiffs' CPLA claim.

## III.	There Is No Evidence That the Boat Was Defective And Unreasonably Dangerous

### A.	The Evidence Presented Does Not Support Any Such Finding

Plaintiffs assert that evidence that the Boat's engines might eventually have failed even if they had not been improperly flushed, coupled with the fact that failure of a boat's engines while at sea could conceivably place the boat's occupants in peril, is enough to support a finding that the Boat was defective and unreasonably dangerous under Connecticut product liability law. E.g., Pl.'s Obj. at 8.  Plaintiffs are incorrect.

Based on the evidence, the jury could have found that the Boat's engines ingested water prior to the flushing incident in June of 2001 that caused the engines to hydrolock.  The jury also could have found that such water ingestion might eventually have led to engine failure while at sea, thus exposing Plaintiffs to danger, even if the engines had not become hydrolocked due to improper flushing.  The jury could not, however, properly have found that the Boat's engines, or any other marine engines, were ***unreasonably*** dangerous under Connecticut product liability law.

---

[1] Indeed, Plaintiffs asserted that Sea Ray failed to make satisfactory repairs as part of their ***negligence*** claim.  See Compl. Count II ¶ 58.  The jury found for Plaintiffs on that claim and awarded damages to them for harm allegedly caused by Sea Ray's negligence.

[2] A copy of this unpublished opinion is attached hereto as Exhibit 1.

There was no evidence that would have enabled the jury to "balance the utility of the product's design with the magnitude of its risks" as required in this case.  See Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 220, 694 A.2d 1319 (1997).  Based on the evidence, and specifically given the lack of expert testimony as to whether the Boat was defective and unreasonably dangerous, the jury could not properly have found that the likelihood that the Boat's engines might eventually, at some unknown time in the future, have failed was any greater than the inherent likelihood that any engine may breakdown.  Nor could the jury properly have found that the inherent danger of engine breakdown in the use of internal combustion engines in a marine environment outweighs the safety and other benefits that such engines provide to boaters, because there was no expert opinion or other evidence to support such a finding.  Accordingly, while the jury could properly *identify* a potential danger to which the Boat may have been subject, the evidence did not suffice to permit a finding that the Boat was *unreasonably* dangerous under Connecticut law.

Other "evidence" referred to in Plaintiff's Objection does not support their position.  Plaintiffs note that the jury was entitled to discredit the testimony of David Wade that Sea Ray replaced the Boat's exhaust system in response to Plaintiffs' complaints about the noise level.  Pl.'s Obj. at 10-12.  The jury's discretion to discredit evidence that Sea Ray was motivated by customer satisfaction does not constitute evidence that the Boat was defective and unreasonably dangerous.  See, e.g., Bose Corp. v. Consumers Union, 466 U.S. 485, 512 (1984) ("Normally the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion.")  Plaintiffs also point to testimony that, as a general matter, problems with a boat's exhaust system "could be potentially dangerous because of carbon monoxide."  Id. at 11.  There was, however,

no evidence that the Boat's engines or exhaust system posed any danger relating to carbon monoxide.

### B. Plaintiffs Are Not Entitled to an Adverse Inference

Finally, Plaintiffs reassert their earlier claim that Sea Ray's alleged spoliation of evidence relating to the replacement of the Boat's exhaust system gives rise to an inference that the Boat was defective and unreasonably dangerous. See id. 12, 16-17. Plaintiffs, however, abandoned their request for an adverse inference instruction by withdrawing their untimely and unmeritorious Motion for Sanctions seeking such an instruction the day after it was filed. See Mot. For Sanctions, Docket No. 156 (Apr. 1, 2008); Notice Re Mot. For Sanctions, Docket No. 162 (Apr. 2, 2008). That withdrawal was apparently prompted by Sea Ray's objection to Plaintiffs' Motion to Reconsider the Court's Order on Sea Ray's motion to preclude evidence of other incidents, in which Plaintiffs first alleged that "Sea Ray has failed to preserve any evidence, including any records related to the repairs it performed on the Vessel or even keep for use at trial the exhaust system that was replaced without the knowledge or consent of Plaintiffs." Mot. to Reconsider, Docket No. 148 (Mar. 27, 2008) at 13 (underscore omitted); see also id. at 22 ("As Plaintiffs have not been provided access to this key evidence to date, they can only presume that it has been intentionally withheld or destroyed."). As noted in Sea Ray's Objection to that Motion, Plaintiffs had no basis for "presum[ing]" that Sea Ray had failed to preserve any such evidence, because Plaintiffs never requested, inquired about, or even mentioned any such evidence before filing their Motion to Reconsider. See Def.'s Obj. to Mot. to Reconsider, Docket No. 153 (Mar. 31, 2008) at 6-7.

Plaintiffs literally seek to make something out of nothing, asserting that the very lack of evidence itself constitutes evidence on an issue as to which they bear the burden of proof. Because Plaintiffs abandoned their request for an adverse inference instruction, and because their

allegations of spoliation were based entirely on improper speculation in the first place, this lack of evidence cannot support a finding that the Boat was defective and unreasonably dangerous.

## IV. Conclusion

For the reasons set forth above, Sea Ray respectfully requests that judgment be entered in its favor as to Plaintiffs' CPLA claim, and that judgment for the Plaintiffs be reduced by an amount equal to the amount awarded to Plaintiffs under their CPLA claim. Sea Ray further respectfully requests that the judgment in this matter be vacated to the extent that it awards interest to Plaintiffs. Finally, Sea Ray respectfully requests that any amount awarded to Plaintiffs be reduced by three percent (3%) to account for the jury's finding of Plaintiffs comparative responsibility.

Respectfully submitted,

DEFENDANT, SEA RAY BOATS, INC.

By   /s/ Daniel J. Foster
      James H. Rotondo (ct05173)
      Daniel J. Foster (ct24975)
      Day Pitney LLP
      242 Trumbull Street
      Hartford, Connecticut  06103-1212
      (860) 275-0100
      (860) 275-0343 (fax)
      Its Attorneys

## CERTIFICATION

I hereby certify that on this date a copy of foregoing **Defendant's Reply in Further Support of Its Renewed Motion for Judgment as a Matter of Law** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ Daniel J. Foster
Daniel J. Foster (ct24975)