LEXSEE 1995 CONN. SUPER LEXIS 630

**DOMENICK PALMIERI, ET AL v. HI-WAY CAMPERS, INC., ET AL**

NO. CV 93 0349111

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW HAVEN, AT NEW HAVEN

*1995 Conn. Super. LEXIS 630*

**February 27, 1995, Decided
February 28, 1995, FILED**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff purchasers filed an action against defendants, a manufacturer and a seller, alleging common law breach of warranty, violation of the Connecticut Unfair Trade Practices Act (CUTPA), violation of the Product Liability Act (PLA), and loss of consortium. Defendants filed a motion to strike the common law breach of warranty and CUTPA counts on the ground that they violated the exclusivity provision of the PLA, *Conn. Gen. Stat. § 52-572n*.

**OVERVIEW:** Plaintiffs sought to recover damages for injuries alleged to have been sustained as a result of their purchase and use of a trailer which they claimed was built by the manufacturer and sold by the seller. Defendants argued that plaintiffs' breach of warranty and CUTPA claims violated *§ 52-572n* because there was also a PLA claim. Defendants' motion to strike was denied. The court found that plaintiffs' allegations of breach of warranty were based upon the claimed failure of defendants to make repairs to their trailer in accordance with applicable warranties, rather than any claim for relief based upon personal injury or property damage resulting from a defective product. Plaintiffs' CUTPA allegations dealt with a course of conduct by defendants towards plaintiffs that had no bearing on the product but was directed, rather, at unfair acts in the conduct of trade or commerce. The allegations of wrongful conduct were therefore, beyond the scope of the product liability claims in considering the motion to strike.

**OUTCOME:** The court denied defendants' motion to strike.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Strike > General Overview*
[HN1] The purpose of a motion to strike is to challenge the legal sufficiency of the allegation of any complaint to state a claim upon which relief can be granted. The sole inquiry in reviewing the motion is whether the plaintiffs' allegations, if proved, would state a claim upon which relief could be granted. In ruling upon a motion to strike, the court is limited to considering the grounds specified in the motion. The motion admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Facts set forth in the complaint must be construed most favorably to the plaintiffs. If any facts alleged in the complaint would support a cause of action, the motion to strike must fail.

*Torts > Damages > Compensatory Damages > Property Damage > General Overview*
*Torts > Products Liability > General Overview*
[HN2] The Product Liability Act expressly applies to all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. *Conn. Gen. Stat. § 52-572m(b)*. The scope of coverage shall include, but is not limited to,

all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent. *§ 52-572m(b)*.

*Governments > Courts > Common Law*
*Torts > Procedure > Preemption > General Overview*
*Torts > Products Liability > General Overview*
[HN3] The Product Liability Act (PLA) is the exclusive remedy for claims falling within its scope. Thus, a plaintiff cannot bring a common law cause of action for a claim within the scope of the statute. Clearly, however, claims arising beyond the defined scope of the PLA may be asserted as common law actions or pursuant to alternative statutory provisions.

*Torts > Procedure > Preemption > General Overview*
*Torts > Products Liability > Negligence*
[HN4] Any claims addressed to negligent repairs and service performed after the product was placed in the stream of commerce are not covered and hence not barred by the Product Liability Act.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > General Overview*
*Torts > Products Liability > Negligence*
[HN5] A Connecticut Unfair Trade Practices Act (CUTPA) claim is not automatically precluded by a product liability claim since the purposes for which the two statutes were enacted are distinctly differently. The principal purpose of the Product Liability Act is to provide a remedy for people who have been harmed by defective products. In contrast, CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence.

**JUDGES:** LEANDER C. GRAY, JUDGE

**OPINION BY:** LEANDER C. GRAY

**OPINION**

*MEMORANDUM OF DECISION*

Husband and wife plaintiffs, Domenick and Louise Palmieri, revised their complaint to allege four separate causes of action against each defendant: common law breach of warranty; violation of CUTPA; product liability; and loss of consortium. Counts one through four pertain to the defendant Cobra Industries, Inc. ("Cobra") and counts five through eight pertain to the defendant Hi-Way Campers, Inc. ("HWCI").

The plaintiffs seek to recover damages for injuries alleged to have been sustained as a result of their purchase and use of a trailer which they claim was manufactured by Cobra and sold to them by HWCI. Each defendant has filed a motion to strike the applicable counts of common law breach of warranty and CUTPA violations on the ground that the plaintiffs have pleaded causes of action simultaneously with their action under the Product Liability Act, in violation of the exclusivity provision of *§ 52-572n of the General Statutes*.

[*2] [HN1] The purpose of a motion to strike is to challenge the legal sufficiency of the allegation of any complaint to state a claim upon which relief can be granted. *Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185*, (1988). The sole inquiry in reviewing the motion is whether the plaintiffs' allegations, if proved, would state a claim upon which relief could be granted. *Doyle v. A&P Realty Corp., 36 Conn. Sup. 126, 127, 414 A.2d 204*, (Super. Ct. 1980).

In ruling upon a motion to strike, the court is limited to considering the grounds specified in the motion. *Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980)*. The motion admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. *Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1980)*. Facts set forth in the complaint must be construed most favorably to the plaintiffs. *Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 170*. If any facts alleged in the complaint would support a cause of action, the motion to strike must fail. *Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn.* [*3] *541, 545, 427 A.2d 822 (1980)*.

Counts one and five allege that the defendants breached express and implied warranties regarding a trailer sold to the plaintiffs. Counts two and six allege unfair and deceptive trade practices within the meaning of *§ 42-110b of the General Statutes*. Counts three and seven, however, allege a product liability claim pursuant to *General Statutes, § 52-572m et seq*. Loss of consortium is alleged in the remaining counts, four and eight.

The defendants contend that breach of warranty and unfair trade practices claims cannot stand where there is also a product liability claim. [HN2] The PLA expressly applies to "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." *General Statutes, § 52-572m (b)*. The scope of coverage:

"...shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent [*4] or innocent; misrepresentation or nondisclosure, whether negligent or innocent."

Id.

"[A] product liability claim...may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." *General Statutes, § 52-572n (a)*.

"The purpose behind the act is to merge the numerous causes of actions and to create one statutory cause of action embracing the various theories of liability." (Citation omitted). *Utica Mutual Insurance Co. V. Denwat Corp., 778 F. Sup. 592, 596-97 (D. Conn. 1991)*. Also, see *Lynn v. Haybuster Manufacturing, Inc., 226 Conn. 282, 22, 627 A.2d 1288 (1993)*. [HN3] The PLA is therefore the "exclusive remedy for claims falling within its scope." *Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989)*. Thus, plaintiff "cannot bring a common law cause of action for a claim within the scope of the statute."

Clearly, however, claims arising beyond the defined scope of the product liability statute may be asserted as common law actions or pursuant to alternative statutory provisions. See *Burkert v. Petrol Plus of Naugatuck, Inc.,* [*5] *216 Conn. 65, 73, 579 A.2d 26 (1990)* (the statute does not foreclose common law claims against those who are not product sellers); *Mechtronics v. ECM Motors Co.,* United States District Court, District of Connecticut at Bridgeport, Docket No. B-90-00253 (November 20, 1990) ("claims for commercial loss fall outside the scope of the Act and therefore may be brought along with a products liability claim.").

Counts one and five allege a "contract claim for breach of warranty" as opposed to a "product liability." Where "counts do not seek to recover for 'personal injury, death or property damage,'"...they "are not product liability claims," as defined by *General Statutes § 52-572m (b)*, thereby rendering inapplicable the exclusive remedy provision of *General Statutes § 52-572n. Riccio v. Roadway Package Systems, Inc.,* 2 CSCR 1057, 1057-58 (September 15, 1987, Aronson, J.). The plaintiffs' allegations of breach of warranty are based upon the claimed failure of the defendants to make repairs to their trailer in accordance with applicable warranties, rather than any claim for relief based upon personal injury or property damage resulting from a defective product.

[HN4] Any "claims addressed [*6] to negligent repairs and service performed after the product was placed in the stream of commerce are not covered - and hence not barred - by the [product liability statute]." *American National Fire Insurance Co. v. A. Secondino & Sons, 832 F. Sup. 40, 42 (D. Conn. 1993)*. Also, see *Zichichi v Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987)* ("once a particular transaction is labeled a 'service,' as opposed to a 'sale' of a 'product,' it is outside the purview of our product liability statute"; thus, the transfer of blood by a hospital to a patient is not a "sale" of a "product" within the purview of *General Statutes, § 52-572m et seq.*); *Campbell v. Sound Rigging Services, Inc.,* 8CSCR 680, 681 (June 9 1993, Arena, J.) (even if a defendant is a "product seller" within the Product Liability Act for the purposes of one of the plaintiff's claims, it still may be a repairer, and hence not covered by the Product Liability Act, for the purposes of other claims set forth in the complaint); *Royal Ins. Co. v. Belle Camperland,* Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 366545 (October 24, 1990, Mulcahy, J.) (allegations [*7] concerning repairs to a motor home subsequent to its sale not covered by the Product Liability Act); *Community Lumber & Hardware, Inc. v. City Answering Service,* 5 CSCR 84, 84-85 (December 19, 1989, Moraghan, J.) (allowing plaintiff to plead the negligent performance of a service which, under the pleadings, was not attributable to the product, in addition to a Product Liability Act Claim).

In counts one and five of their complaint, the plaintiffs set forth in detail specifications of negligent performance of service and repairs for which damages are sought. Accordingly, the motions to strike counts one and five are denied.

[HN5] A CUTPA claim is not automatically precluded by a product liability claim since the purposes for which the two statutes were enacted are distinctly differently. "The principal purpose of the product liability statute is to provide a remedy for people who have been harmed by defective products." *Estate of Notman v. Ford Motor Co.,* 6 Conn. L. Rptr. 117, 118 (March 4, 1994, Burns J.), citing *Rodia v. Tesco Corp., 11 Conn. App., 391, 396, 527 A.2d 721 (1987)*. In contrast, CUTPA deals with actions that cause unjustified consumer injury rather than a personal [*8] injury based upon negligence." *Estate of Notman v. Ford Motor Co.,* supra.

Counts two and six of the complaint allege that the defendants were engaged in "trade" or "commerce" as those terms are defined in *§ 42-110a (4), General Statutes*, and that the defendants' conduct in the manufacture, sale and negligent repair of the plaintiffs' camper fall

within the provisions of *§ 42-110b*. Those counts incorporate the detailed specifications of negligent service and repair set forth in counts one and five and which further allege a loss of use and enjoyment, "severe reduction in...value of [the] trailer and "out-of-pocket expenditures for repairs" after delivery of the vehicle. Fairly stated, these allegations deal with a course of conduct by the defendants towards the plaintiffs that has no bearing on the product but is directed, rather, at unfair acts in the conduct of trade or commerce.

The allegations of CUTPA violations with the resultant infliction of emotional distress and harm occasioned by the loss of use and enjoyment of the trailer fall within the class of actions that "cause" the "unjustified consumer injury" contemplated by CUTPA and which, if proven, constitute "substantial [*9] aggravating circumstances attending the breach." *Habetz v. Condon,* 5 Conn. L. Rptr. 37, 41 (September 27, 1991, Fuller, J.), aff'd, *224 Conn. 231, 618 A.2d 501 (1992)*. The allegations of wrongful conduct are, therefore, beyond the scope of the product liability claims in considering the motions to strike. Accordingly, the motions to strike counts two and six are denied.

BY THE COURT

LEANDER C. GRAY, JUDGE